| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**<br>Edmond M. George, Esquire<br>Michael D. Vagnoni, Esquire<br>(pro hac vice pending)<br>Turner Falk, Esquire<br>1120 Route 73, Suite 420<br>Mount Laurel, NJ 08054-5108<br>Telephone: (856) 795-3300<br>Facsimile: (856) 482-0504<br>E-mail:   edmond.george@obermayer.com<br>          michael.vagnoni@obermayer.com<br>          turner.falk@obermayer.com<br><br>Proposed Counsel to the Debtor<br>and Debtor in Possession |

| | |
|---|---|
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 21- _____ - (  ) |

## APPLICATION FOR RETENTION OF PROFESSIONAL

1. The applicant, <u>Aluminum Shapes, L.L.C. (the "Applicant" or "Debtor")</u>, is the (check all that apply):

   ☐ Trustee:   ☐ Chap. 7   ☐ Chap. 11   ☐ Chap. 13.

   ☒ Debtor:    ☒ Chap. 11   ☐ Chap. 13

   ☐ Official Committee of _____

2. The Applicants seek to retain the following professional, <u>Winter Harbor LLC, part of Riveron Consulting ("Winter Harbor"), Dalton Edgecomb, and Jordan Meyers</u>, to serve as (check all that apply):

   ☐ Attorney for:   ☐ Trustee   ☐ Debtor-in-Possession

   ☐ Official Committee of _____

☐ Accountant for: ☐ Trustee ☐ Debtor-in-possession

☐ Official Committee of _____

☒ Other Professional:

    ☐ Realtor ☐ Appraiser ☐ Special Counsel

    ☐ Auctioneer ☒ Other (specify): <u>Winter Harbor as Interim Company Management, Dalton Edgecomb as Chief Restructuring Officer, and Jordan Meyers as Interim Chief Financial Officer.</u>

3. The employment of the professionals is necessary because:

<u>Applicant's desire to retain Winter Harbor as Interim Company Management, Designate Dalton Edgecomb as Chief Restructuring Officer, and Designate Jordan Meyers as Interim Chief Financial Officer is necessary for its bankruptcy reorganization and to assist Applicant in its financial and operational restructuring.</u>

4. The professional has been selected because:

<u>Winter Harbor specializes in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operational restructurings. Winter Harbor's services have included a wide range of activities targeted at stabilizing and improving a company's financial position. These services include developing or validating forecasts, business plans, and related assessments of a business's strategic position; monitoring and managing cash, cash flow, and supplier relationships; assessing and recommending cost reduction strategies; and designing and negotiating financial restructuring packages.</u>
<u>Winter Harbor has significant qualifications and experience in providing the services contemplated herein. Winter Harbor's practice consists of senior financial, management consulting, accounting, and other professionals who specialize in providing financial, business, and strategic assistance in distressed business settings. Winter Harbor serves</u>

troubled companies, debtors, secured and unsecured creditors, equity holders, and other parties in both in-court and out- of-court engagements similar to the Debtor's. Winter Harbor's professionals have experience working on cases with similar companies and in similar positions to that of the Debtor, in which they were presented with issues and performed analyses similar to the work at hand in this Chapter 11 case.

The Debtor believes that Winter Harbor is well qualified to provide Interim Company Management services to it in its Chapter 11 case as required.

5. The professional services to be rendered are as follows:

   a) Prepare data and analyses necessary to meet the requirements and requests of management related to the Debtor's restructuring.

   b) Evaluate the Debtor's existing financial and operational condition, and evaluate strategic alternatives available to the Debtor.

   c) Manage the Debtor's cash and prepare ongoing forecasting of the cash flows, and preparation of claims pools and estimated creditor recoveries, in consultation with the Debtor's management.

   d) Identify business improvement opportunities, cost rationalization opportunities and develop, and implement a turnaround plan to realize such opportunities, including, without limitation, (a) determinations regarding retention or rationalization of employees, and (b) determination regarding scope of continuing operations and divestitures of assets and/or operations of the Debtor.

   e) Conduct negotiations with key vendors, creditors, and other constituents of the Debtor.

   f) Advise the Board on restructuring matters.

g)    Manage the Debtor's day to day business activities, including, but not limited to, disbursements, sales, personnel and other operational matters.

h)    Compile and format data and analyses necessary to meet the financial reporting requirements mandated by the United States Bankruptcy Code and the United States Trustee's office including, but not limited to, the petition, statements of financial affairs, schedules of assets and liabilities, and monthly operating reports.

i)    Prepare analyses and data required under the Debtor's financing documents.

j)    Manage analyses and reconciliation of claims against the Debtor and bankruptcy avoidance actions.

k)    Prepare for court hearings, the argument of motions, objections asserted by the Debtor, and provide expert testimony as required.

l)    Prepare analyses in support of, and preparation of a plan of, reorganization and disclosure statement.

m)    Manage the Debtor's negotiations with its creditor constituencies, including negotiations relating to the Debtor's plan of reorganization.

n)    Provide such other services as requested or directed by the Board.

6. The proposed arrangement for compensation is as follows:

Winter Harbor will be compensated for its services at an hourly rate of $325.00 to $595.00 for professionals, depending upon the level of seniority of the individual performing the service. Specifically, I, Dalton Edgecomb, will be compensated at an hourly rate of $595.00 for my services as Chief Restructuring Officer, and Jordan Meyers will be compensated at an hourly rate of $450.00 for his services as Interim Chief Financial Officer. Additionally, Winter Harbor will recieve a retainer in the amount of

<u>$50,000.00, and reimbursement for all actual out-of-pocket expenses incurred in connection with this engagement, as approved by the Court upon application. Winter Harbor is not being retained as a professional under Bankruptcy Code section 327. Therefore, Winter Harbor will not be submitting fee applications pursuant to Bankruptcy Code sections 330 and 331. Instead, the Debtor intends for the fees and expenses incurred by Winter Harbor in completion of its services under the Engagement Letter to be treated as administrative expenses of the Debtor's estate and paid by the Debtor on a weekly basis in the ordinary course of business. Winter Harbor will be entitled to be paid in full immediately upon invoicing the Debtor, but it will file with the Court and provide notice of reports of compensation and expenses monthly, or as required by any order of this Court governing compensation procedures. Such reports shall include the names and functions of the individuals assigned to this matter, and shall include detailed time entries describing the task(s) performed, recorded in 1/10/half hour increments, and organized by project category. All compensation shall be subject to the review by the Court in the event an objection is filed. The Debtor believes that Winter Harbor's fees and compensation as set forth herein are reasonable and justified under the circumstances.</u>

7. To the best of the Applicant's knowledge, the professional's connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

　　☒　None.

　　☐　Describe connection:

8. To the best of the Applicant's knowledge, the professional (check all that apply):

　　☒　does not hold an adverse interest to the estate.

☒ does not represent an adverse interest to the estate.

☒ is a disinterested person under 11 U.S.C. § 101(14).

☒ does not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

☐ Other; explain:

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows:

The Applicant respectfully requests authorization to employ the professional to render services in accordance with this application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Date: 8/15/2021

DocuSigned by:
A0D7EEA717344D6...
Solomon Rosenthal
Chief Executive Officer