**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(b)*
**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
(pro hac vice pending)
Turner Falk, Esquire
1120 Route 73, Suite 420
Mount Laurel, NJ 08054-5108
Telephone: (856) 795-3300
Facsimile: (856) 482-0504
E-mail:  edmond.george@obermayer.com
          michael.vagnoni@obermayer.com
          turner.falk@obermayer.com

Proposed Counsel to the Debtor
and Debtor in Possession

| | |
|---|---|
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 21- _____ - (  ) |

**CERTIFICATION OF PROFESSIONAL IN SUPPORT OF**
**APPLICATION FOR RETENTION OF PROFESSIONAL**

I, Dalton Edgecomb, being of full age, certify as follows:

1. I am seeking authorization for Winter Harbor LLC, part of Riveron Consulting ("Winter Harbor") to be retained as Interim Company Management, to designate myself, Dalton Edgecomb, as Chief Restructuring Officer, and to designate Jordan Meyers as Interim Chief Financial Officer.

2. My professional credentials include: I have worked at Winter Harbor since I helped found the firm in 2012. I have more than twenty-five (25) years of experience in the practice of turnarounds, restructurings, executive management, and certified auditing. I specialize in advising boards, executives, and management teams. I also specialize in serving in interim management roles such as chief restructuring officer, chief executive

officer, and chief financial officer for companies in both bankruptcy proceedings and out-of-court restructurings. I have advised on over one hundred (100) successful turnaround engagements across a variety of industries. I am a Certified Turnaround Professional, Certified Insolvency Restructuring Advisor, and have served on the board of directors for the New York Chapter of the Turnaround Management Association.

3. I am a Senior Managing Director of Winter Harbor LLC.

4. The proposed arrangement for compensation, including hourly rates, if applicable, is as follows:

Winter Harbor will be compensated for its services at an hourly rate of $325.00 to $595.00 for professionals, depending upon the level of seniority of the individual performing the service. Specifically, I, Dalton Edgecomb, will be compensated at an hourly rate of $595.00 for my services as Chief Restructuring Officer, and Jordan Meyers will be compensated at an hourly rate of $450.00 for his services as Interim Chief Financial Officer. Additionally, Winter Harbor will recieve a retainer in the amount of $50,000.00, and reimbursement for all actual out-of-pocket expenses incurred in connection with this engagement, as approved by the Court upon application.

☐ Pursuant to D.N.J. LBR 2014-3, I request a waiver of the requirements of D.N.J. LBR 2016-1.

5. To the best of my knowledge, after reasonable and diligent investigation, my connection with the Debtor, Aluminum Shapes, L.L.C. (the "Debtor" or "Applicant"), creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

    ☒    None
    ☐    Describe connection:

6. To the best of my knowledge, after reasonable and diligent investigation, the connection of my firm, its members, shareholders, partners, associates, officers and/or employees with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

☒ None

☐ Describe connection:

7. To the best of my knowledge, my firm, its members, shareholders, partners, associates, officers and/or employees and I (check all that apply):

☒ do not hold an adverse interest to the estate.

☒ do not represent an adverse interest to the estate.

☒ are disinterested under 11 U.S.C. § 101(14).

☒ do not represent or hold any interest adverse to the Debtor or the estate with respect to the matter for which I will be retained under 11 U.S.C. § 327(e).

☐ Other. Explain:

8. If the professional is an auctioneer,

The following are my qualification and experience with the liquidation or sale of similar property:

_____

b. The proposed method of calculation of my compensation, including rates and formulas, is:

_____

Pursuant to D.N.J. 2014-2, I ☐ do or ☐ do not request a waiver of the requirements of D.N.J. LBR 2016-1.

c. The following is an estimate of all costs and expenses, including labor, security advertising, delivery, mailing, and insurance, for which I will seek reimbursement from the sale proceeds:

_____

    d.    Have you or a principal of your firm, been convicted of a criminal offense?

☐ No      ☐ Yes (explain below)

_____

    e.    I certify that a surety bond as described in D.N.J. LBR 2014-2(a)(6) is in effect and will remain so through the turnover of the auction proceeds.

9.    If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows:

I certify under penalty of perjury that the above information is true.

Date: August 12, 2021

_____
Dalton Edgecomb
Managing Partner