| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br> **OBERMAYER REBMANN MAXWELL & HIPPEL LLP** <br> Edmond M. George, Esquire <br> Michael D. Vagnoni, Esquire <br> (pro hac vice pending) <br> Turner Falk, Esquire <br> 1120 Route 73, Suite 420 <br> Mount Laurel, NJ 08054-5108 <br> Telephone: (856) 795-3300 <br> Facsimile: (856) 482-0504 <br> E-mail:   edmond.george@obermayer.com <br>            michael.vagnoni@obermayer.com <br>            turner.falk@obermayer.com <br><br> Proposed Counsel to the Debtor <br> and Debtor in Possession | |
| In re: <br><br> ALUMINUM SHAPES, L.L.C., <br><br>                  Debtor. | Chapter 11 <br><br> Case No. 21- _____ - (   ) |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 521(a) AND FED. R. BANKR. P. 1007(c) FOR ENTRY OF AN ORDER EXTENDING THE TIME TO FILE ITS SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

       Aluminum Shapes, L.L.C., as debtor and debtor in possession in the above-captioned chapter 11 case ("Debtor"), respectfully represents as follows:

**I.      JURISDICTION**

       1.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle,

C.J.). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 105(a) and 521(a)(1)(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

4. Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the Declaration of Jordan Meyers in Support of Debtor's Chapter 11 Petition and First Day Pleadings, sworn to on the date hereof (the "First Day Declaration"), which has been filed with the Court contemporaneously herewith.

## III. RELIEF REQUESTED

5. Pursuant to sections 105(a) and 521(a)(1)(B) of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtor requests that the Court extend the fourteen (14) day period to file its schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") by an additional fourteen (14) days, through and including September 12, 2021, without prejudice to its right to request additional time should it become necessary.

## IV.    BASIS FOR RELIEF REQUESTED

6. Section 521 of the Bankruptcy Code requires debtors to file, inter alia, "a schedule of assets and liabilities" and "a statement of . . . financial affairs." 11 U.S.C. § 521(a)(1)(B). Bankruptcy Rule 1007(c) provides that "in a voluntary case, the schedules, statements and other documents required by subdivision (b)(1), (4), (5), and (6)," which include the Schedules, "shall be filed with the petition or within 14 days thereafter." Fed. R. Bankr. P. 1007(c).

7. The Court may grant the relief requested herein pursuant to Bankruptcy Rule 1007(c), which provides that "[a]ny extension of time to file schedules [and] statements . . . may be granted only on motion for cause shown and on notice to the United States trustee, any committee . . . appointed under § 1102 of the Code, [and any] trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c).  Moreover, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

8. The Debtor has an aggregate of approximately $109 million in assets and approximately $133 million in liabilities and estimates that it has more than 200 creditors and other parties-in-interest on a combined basis. Given the size and complexity of the Debtor's operations, the Debtor anticipates that it will be unable to complete its Schedules in the fourteen (14) days provided under Bankruptcy Rule 1007(c).

9. To prepare the Schedules, the Debtor must review and compile information from its books and records and from other documents relating to, among other things, accounts payable and receivable, real estate, employee wages and benefits, intercompany transactions, and vendor and supplier agreements. Collecting the necessary information to prepare the Schedules requires an enormous expenditure of time and effort from the Debtor, its employees, and its professionals.

10. While the Debtor, its employees, and its professionals, are working diligently to prepare the Schedules, their resources are limited and strained. Moreover, they are facing competing demands to prepare the Schedules, stabilize business operations during this critical post-petition period, and provide continued support to the Debtor's efforts to maximize value through the restructuring process. Accordingly, they are unlikely to be able to properly and accurately complete the Schedules within the statutory fourteen (14) day period and anticipate that they will require at least fourteen (14) additional days to complete the Schedules.

11. It is within the Court's equitable powers under section 105 of the Bankruptcy Code to extend the deadline to file the Schedules as requested herein. The Debtor respectfully submits that the relief requested herein is appropriate in light of the vast amount of information it must review and compile in order to complete the Schedules and the number of hours required to complete the task. Moreover, the magnitude of the task constitutes good and sufficient cause for granting the requested extension of time.

12. This Court has granted the relief requested herein in large, complex chapter 11 cases such as this. See, e.g., In re Modell's Sporting Goods, Inc., Case No. 20-14179 (VFP) (Bankr. D.N.J. March 13, 2020); In re Hollister Construction Services, LLC, Case No. 19-27439 (MBK) (Bankr. D.N.J. Sept. 16, 2019); In re Mountain Creek Resort, Inc., Case No. 17-19899 (SLM) (Bankr. D.N.J. May 17, 2017); In re C. Wonder LLC, Case No. 15-11127 (MBK) (Bankr. D.N.J. Jan. 28, 2015); In re Crumbs Bake Shop, Inc., Case No. 14-24287 (MBK) (Bankr. D.N.J. July 16, 2014); In re MEE Apparel LLC, Case No. 14-16484 (CMG) (Bankr. D.N.J. Apr. 7, 2014); In re Ashley Stewart Holdings, Inc., Case No. 14-14383 (MBK) (Bankr. D.N.J. Mar. 11, 2014).

13. Accordingly, the Debtor requests that the Court extend the fourteen (14) day period for an additional fourteen (14) days, without prejudice to its right to request further extensions, for

cause shown.  The relief requested herein will not prejudice any party-in-interest.  The Debtor intends to cooperate with the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") and other parties in interest to provide access to relevant information regarding the Debtor's business and financial affairs.

## V.   NO PRIOR REQUEST

14.   No prior request for the relief sought in this Motion has been made to this Court or any other court.

## VI.   NOTICE

15.   Notice of this Motion has been provided to (i) the U.S. Trustee; (ii) the holders of the twenty (20) largest unsecured claims against the Debtor; (iii) counsel for the administrative agent under the Debtor's prepetition secured lender, Tiger Finance, LLC c/o Reimer Braunstein, Attn: Anthony B. Stumbo, Esquire, Time Square Tower, Suite 2506, Seven Times Square, New York, NY  10036; (iv) the Internal Revenue Service; and (v) the United States Attorney's Office for the District of New Jersey.  The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

OMC\4817-6396-7220.v2-8/15/21

WHEREFORE the Debtor respectfully requests entry of the proposed order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Respectfully Submitted,

Dated: August 15, 2021        By:    */s/ Edmond M. George*
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire (*pro hac vice* pending)
Turner N. Falk, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
1120 Route 73, Suite 420
Mount Laurel, NJ 08054-5108
Telephone: (856) 795-3300
Facsimile: (856) 482-0504
E-mail: edmond.george@obermayer.com
michael.vagnoni@obermayer.com
turner.falk@obermayer.com
*Proposed Counsel to Chapter 11 Debtor Aluminum Shapes, L.L.C.*