| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**<br>Edmond M. George, Esquire<br>Michael D. Vagnoni, Esquire<br>(pro hac vice pending)<br>Turner N. Falk, Esquire<br>1120 Route 73, Suite 420<br>Mount Laurel, NJ 08054-5108<br>Telephone: (856) 795-3300<br>Facsimile: (856) 482-0504<br>E-mail:  edmond.george@obermayer.com<br>          michael.vagnoni@obermayer.com<br>          turner.falk@obermayer.com<br><br>Proposed Counsel to the Debtor<br>and Debtor in Possession |

| | |
|---|---|
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 21- _____ - (   ) |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), 506(b), 507(a), AND 541
AUTHORIZING, BUT NOT DIRECTING,
THE DEBTOR TO MAKE POST-PETITION PAYMENTS AND
<u>DISBURSEMENTS WITH RESPECT TO CERTAIN PREPETITION TAXES</u>**

The relief set forth on the following pages, numbered two (2) through four (4) is hereby

**ORDERED**.

Page -2-
**Debtor:**       **Aluminum Shapes, L.L.C.**
**Case No:**      **21-_____  (    )**
**Caption of Order:**  **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. Authorizing, But Not Directing, The Debtor To Make Post-Petition Payments And Disbursements With Respect To Certain Prepetition Taxes**

---

**AND NOW**, upon: (i) consideration of the Debtor's Motion (the "Motion")[1] pursuant to sections 105(a), 363(b), 506(b), 507(a), and 541 of Title 11 of the United States Code (the "Bankruptcy Code") (a) authorizing, but not directing, the Debtor to pay the Prepetition Property Taxes along with any associated interest and penalties that may accrue or be incurred due to non-payment of the Prepetition Property Taxes, and (b) authorizing, but not directing, the Debtor to disburse the Prepetition Withholdings to the IRS; (ii) the Declaration of Jordan Meyers in Support of First Day Motions and the evidentiary support contained therein; (iii) the Court finding cause for the emergent relief requested in the Motion; (iv) the Court having found that the relief requested is authorized under sections 105(a), 363(b), 506(b), 507(a), and 541 of the Bankruptcy Code; (v) examination of any responses to the Motion having been withdrawn or overruled; (vi) and after notice and opportunity for a hearing, it is hereby **ORDERED** and **DECREED** as follows:

1. The Motion is **GRANTED**.

2. The Debtor is authorized, but not required, to pay the Prepetition Property Taxes due and payable as of the Petition Date and amounts that are or become due and payable between the Petition Date and the date that a final order on the Motion is entered, including any associated interest and penalties that may accrue or be incurred due to non-payment of the Prepetition Property Taxes, unless otherwise ordered by this Court.

3. The Debtor is authorized, but not required, to disburse the Prepetition Withholdings in the amount of $504,382.12, held in trust by the Debtor, to the IRS, as the Prepetition

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2781307.2\59872.00007-8/13/21
4844-9471-0518.v1-8/15/21

**Page -3-**
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-_____ (  )**
**Caption of Order:** **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. Authorizing, But Not Directing, The Debtor To Make Post-Petition Payments And Disbursements With Respect To Certain Prepetition Taxes**

---

Withholdings are not property of the Debtor's estate.

4. The Debtor shall serve a copy of the Motion (if not already served) and this Order upon (i) the Office of the United States Trustee; (ii) the holders of the twenty (20) largest unsecured claims against the Debtor (on a consolidated basis); (iii) the Debtor's prepetition Lender, Tiger Finance, LLC, and its counsel.; (v) the United States Attorney's Office for the District of New Jersey; (vi) Pennsauken Township; and (vii) the IRS, by first-class mail, postage prepaid, no later than five (5) business days after the entry of Order.

5. In view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

6. This Court retains jurisdiction to construe and enforce this Order.

7. The Debtor is hereby authorized and empowered to take such steps and perform such acts as may be necessary to effectuate the terms of this Order.

8. Notwithstanding Bankruptcy Rule 6003, this Order shall be effective and enforceable immediately upon entry; the Court expressly finds that there is no reason for delay in the implementation of this Order.

9. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

10. The requirements of Bankruptcy Rule 6004(a) are waived.

11. Any party may move for modification of this Order in accordance with D.N.J. LBR 9013-5(e).

12. Unless otherwise authorized by further order of this Court, advances under the DIP

**Page -4-**
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-_____ ( )**
**Caption of Order:** **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. Authorizing, But Not Directing, The Debtor To Make Post-Petition Payments And Disbursements With Respect To Certain Prepetition Taxes**

---

will not be used to pay the Prepetition Withholding. To avoid any doubt, this paragraph 12 shall not apply to any withholdings referenced in the Debtor's Prepetiton Wage Motion.

13. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

14. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any party.