| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br> **OBERMAYER REBMANN MAXWELL & HIPPEL LLP** <br> Edmond M. George, Esquire <br> Michael D. Vagnoni, Esquire <br> (pro hac vice pending) <br> Turner N. Falk, Esquire <br> 1120 Route 73, Suite 420 <br> Mount Laurel, NJ 08054-5108 <br> Telephone: (856) 795-3300 <br> Facsimile: (856) 482-0504 <br> E-mail:   edmond.george@obermayer.com <br>             michael.vagnoni@obermayer.com <br>             turner.falk@obermayer.com <br><br> Proposed Counsel to the Debtor <br> and Debtor in Possession |
| In re: <br><br> ALUMINUM SHAPES, L.L.C., <br><br> Debtor. |

Chapter 11

Case No. 21- _____ - (   )

**ORDER PURSUANT TO 11 U.S.C. §§ 105, 366 PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION CLAIMS AND ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

The relief set forth on the following pages, numbered two (2) through six (6) is hereby

**ORDERED.**

Page -2-
**Debtor:**        **Aluminum Shapes, L.L.C.**
**Case No:**       **21-_____ (   )**
**Caption of Order:**  **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. Prohibiting Utility Companies from Discontinuing Services, Establishing Procedures for Determining Adequate Assurances and Related Relief**

---

AND NOW, upon consideration of the Debtor's Motion (the "Motion")[1] pursuant to sections 105(a), 366 of Title 11 of the United States Code (the "Bankruptcy Code"), (a) prohibiting the Debtor's utility service providers, including, but not limited to the Utility Companies listed on Exhibit "A"[2] attached to the Motion, from altering, refusing, or discontinuing services on account of outstanding prepetition claims, and (b) establishing procedures for determining requests for additional adequate assurances of payment for future utility services, and any responses to the Motion, and after notice and hearing, it is hereby ORDERED and DECREED as follows:

1.   The Motion is GRANTED.

2.   The Debtor is authorized to pay on a timely basis, in accordance with its pre-petition practices, all undisputed invoices with respect to post-petition Utility Services rendered by the Utility Companies.

3.   The Debtor is authorized, but not required, to pay pre-petition amounts owing to a Utility Company.  Any Utility Company accepting such payment shall be deemed to be adequately assured of future payment and to have waived any right to seek additional adequate assurances in the form of a deposit or otherwise.

4.   Absent any further order of this Court, no Utility Company shall (a) alter, refuse, or discontinue service to, or discriminate against the Debtor, solely on the basis of the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.
[2] Nothing contained in Exhibit "A" shall constitute an admission by the Debtor that an entity contained in such nonexclusive list is a utility entitled to the protections afforded by section 366 of the Bankruptcy Code or any other provision of the Bankruptcy Code.

Page -3-
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-_____ (   )**
**Caption of Order:** **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. Prohibiting Utility Companies from Discontinuing Services, Establishing Procedures for Determining Adequate Assurances and Related Relief**

---

commencement of this case or on account of any unpaid amount for utility service provided prior to the Petition Date, or (b) discontinue service on account of any unpaid pre-petition charges or require additional adequate assurance of payment other than the Debtor's ability to pay for future utility services in the ordinary course.

5.  The Debtor's pre-petition deposits, bonds, letters of credit or other assurances of payment are deemed to constitute adequate assurance of future payment for future utility services, pursuant to section 366(b) of the Bankruptcy Code.

6.  The Debtor may, in the exercise of its business judgment, make additional deposits with Utility Companies, pay prepetition claims of Utility Companies, or by agreement with the Utility Company, apply any prepetition deposits, bonds, letters of credit or other assurances of payment to any amount due or that may become due in order to provide assurance of payment.

7.  Unless otherwise agreed by the Debtor and Utility Company, any deposits, bonds, letters of credit or other assurances of payment that were in place prior to the Petition Date shall remain in place and shall continue to be held by each Utility Company holding the same, except upon the entry of further order of this Court.

8.  This Order is without prejudice to the rights of any Utility Company to request from the Debtor additional assurance in the form of deposits or other security, provided however, that any such request must (a) be made in writing; (b) include a summary of the Debtor's monthly usage and payment history relevant to the affected account; and (c) be received by the Debtor within thirty (30) days of the date of service of this Order. Any Utility Company that does not timely and in writing request additional adequate assurance of payment shall be deemed to be

Page -4-
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-\_\_\_\_\_  (   )**
**Caption of Order:** **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. Prohibiting Utility Companies from Discontinuing Services, Establishing Procedures for Determining Adequate Assurances and Related Relief**

---

adequately assured of payment under section 366(b) of the Bankruptcy Code, and to have waived any right to claim an additional deposit.

9. If the Debtor believes that a request for additional adequate assurance made by a Utility Company, which otherwise satisfies the requirements set forth above, is unreasonable and the Debtor is unable to resolve the request consensually with the Utility Company, then upon the written request of the Utility Company (the "Request") the Debtor shall file a motion for determination of adequate assurance of payment and set such motion for hearing (the "Determination Hearing") at the next regularly-scheduled hearing occurring more than twenty (20) days after the date of such request, unless another hearing date is agreed to by the parties or ordered by this Court.

10. Any Utility Company having made a request for additional adequate assurance of payment shall be deemed to have adequate assurance of payment until the Court enters a final order in connection with such a request finding that the Utility Company is not adequately assured of future payment.

11. Any utility company that is not currently listed on Exhibit A to the Motion, but subsequently identified by the Debtor, shall be served with the Motion and any orders entered with respect thereto and shall be afforded thirty (30) days from the date of service of the Notice Package to such utility company to make a Request.

12. Substantially contemporaneously with such service, the Debtor shall file with the Court a supplement to Exhibit A adding the name of the utility company or companies so served and not listed on the Exhibit A attached to the Motion and this Order shall be deemed to apply to

Page -5-
Debtor: **Aluminum Shapes, L.L.C.**
Case No: **21-_____ (   )**
Caption of Order: **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. Prohibiting Utility Companies from Discontinuing Services, Establishing Procedures for Determining Adequate Assurances and Related Relief**

---

such utility company or companies from the date of such service, subject to a later order of this Court on a motion for determination of adequate assurance, if any.

13. The Debtor shall serve a copy of the Motion (if not already served) and this Order (the "Notice Package") upon each of the Utility Companies listed on Exhibit A attached to the Motion at the addresses listed thereon, by first-class mail, postage prepaid, no later than five (5) business days after the entry of Order.

14. Nothing in this Order or the Motion shall be deemed to affect any burden of proof that either the Debtor or any Utility Company may have in a Determination Hearing or to confer upon the Utility Companies listed in Exhibit A to the Motion the status of a "utility" within the meaning of section 366 of the Bankruptcy Code.

15. Notwithstanding anything contained in the Motion or this Order, any payment, obligation or other relief authorized by this Order shall be subject to and limited by the applicable DIP financing budget and/or cash collateral authorization requirements imposed on the Debtor under the terms of any orders authorizing the incurrence of postpetition financing and/or the use of cash collateral, or any approved budget in connection therewith, entered by this Court in this chapter 11 case.

16. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

17. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to

| | |
|---|---|
| **Page -6-** | |
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-_____  (   )** |
| **Caption of Order:** | **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. Prohibiting Utility Companies from Discontinuing Services, Establishing Procedures for Determining Adequate Assurances and Related Relief** |

create, any rights in favor of, or enhance the status of, any claim held by any party.

      18.    This Court retains jurisdiction to construe and enforce this Order.

      19.    The Debtor is hereby authorized and empowered to take such steps and perform such acts as may be necessary to effectuate the terms of this Order.

      20.    Notwithstanding Bankruptcy Rule 6003 this Order shall be effective and enforceable immediately upon entry; The Court expressly finds that there is no reason for delay in the implementation of this Order.