| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* |
| **OBERMAYER REBMANN MAXWELL & HIPPEL LLP** |
| Edmond M. George, Esquire |
| Michael D. Vagnoni, Esquire |
| (pro hac vice pending) |
| Turner Falk, Esquire |
| 1120 Route 73, Suite 420 |
| Mount Laurel, NJ 08054-5108 |
| Telephone: (856) 795-3300 |
| Facsimile: (856) 482-0504 |
| E-mail:  edmond.george@obermayer.com |
|     michael.vagnoni@obermayer.com |
|     turner.falk@obermayer.com |
| |
| Proposed Counsel to the Debtor and Debtor in Possession |

| | |
|---|---|
| In re: | Chapter 11 |
| ALUMINUM SHAPES, L.L.C., | Case No. 21- _____ - (  ) |
| Debtor. | |

### DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND FOR RELATED RELIEF

Aluminum Shapes, L.L.C. (the "Debtor"), by and through its undersigned proposed counsel, hereby moves this Court for an order authorizing the Debtor to continue using its existing Bank Accounts and Business Forms (the "Motion"), and represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105, 345363 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code").

## BACKGROUND

3. On August 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the District of New Jersey, Camden Vicinage (the "Court").

4. No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been established in this case.

5. Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Case is set forth in the Declaration of Jordan Meyers in Support of Debtor's Chapter 11 Petition and First Day Motions, sworn to on the date hereof (the "First Day Declaration"), which has been filed with the Court contemporaneously herewith.

6. The Debtor is an industry leader in the fabrication, processing, and extruding of aluminum metals and operates out of a single facility located at 9000 River Road, Delair, New Jersey, consisting of approximately 500,000 square feet, including a cast house, foundry, and processing area.

7. In the ordinary course of business, the Debtor utilizes various bank accounts at various financial institutions (the "Banks") for operations, checking and environmental escrow (collectively, the "Bank Accounts"). A schedule of each of the Debtor's Bank Accounts is attached hereto as **Exhibit A**.

8. The Debtor requests that the Banks be authorized and directed to continue to administer the Bank Accounts as they were maintained and administered prepetition, without interruption and in the ordinary course, and to honor all representations from the Debtor as to which checks should be honored or dishonored.  The Banks also should be authorized and directed to pay all checks, drafts, wires, and Automated Clearing House payments ("ACH Payment") drawn from the Bank Accounts for payment of any claims authorized by the Debtor arising on or after the Petition Date so long as those accounts contain sufficient funds.  To the extent that the Debtor has directed that any prepetition checks be dishonored, it reserves the right to issue replacement checks to pay the amounts related to any dishonored checks, consistent with orders of this Court.

9. The Bank Accounts are located at Banks designated as authorized depositories by the Office of the United States Trustee for Region 3 (the "U.S. Trustee"), pursuant to the U.S. Trustee's Operating Guidelines for Chapter 11 Cases (the "UST Guidelines"). Therefore, the Banks are each party to a uniform depository agreement with the U.S. Trustee such that the Bank Accounts will be collateralized in a manner consistent with the requirements of section 345 of the Bankruptcy Code.

10. In the ordinary course of business, the Debtor uses several types of checks. Additionally, the Debtor uses a variety of correspondence and business forms, including, but not limited to, letterhead, purchase orders, and invoices (collectively, the "Business Forms").

11. To minimize expenses, the Debtor seeks authorization to continue using existing checks substantially in the forms used immediately prior to the Petition Date, without reference to the Debtor's status as a debtor-in-possession; provided that in the event that the Debtor generates new checks during the pendency of this case other than from its existing stock of checks, such checks will include a legend referring to the Debtor as "DIP" or "Debtor In Possession." To the

extent practicable, the Debtor also will print such legend on any checks electronically generated during this case. Additionally, the Debtor seeks authority to use all other Business Forms without reference to the Debtor's status as debtor-in-possession.

12. The Debtor has prepared communication materials to distribute to the various parties with whom it conducts business, which will, among other things, notify such parties of the commencement of this Chapter 11 Case. The vast majority of such parties will be included in the Debtor's Matrix either as creditors or for notice purposes, and will be fully-informed regarding the bankruptcy filing. The Debtor believes that these direct communications, plus notifications to Matrix parties, will provide adequate notice of the Debtor's status as debtor-in-possession.

## SUMMARY OF RELIEF REQUESTED

13. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Debtor requests authority to continue the maintenance and use of its existing Bank Accounts and Business Forms, in the ordinary course of business, in its business judgment and at its sole discretion.

14. The Debtor further requests that the Court authorize and direct the financial institutions at which the Debtor maintains various Bank Accounts to (i) continue to maintain, service, and administer the Debtor's Bank Accounts, and (ii) debit the Bank Accounts in the ordinary course of business on account of (a) wire transfers or checks drawn on the Bank Accounts, provided that any payments drawn, issued, or made prior to the Petition Date shall not be honored absent direction of the Debtor and a separate order of the Court authorizing such prepetition payment.

15. The Debtor further requests that the Court authorize and direct financial institutions to receive, process, honor, and pay certain checks presented for payment and

electronic payment requests relating to the foregoing to the extent the Debtor has sufficient funds standing to its credit with such Bank, whether such checks were presented or electronic requests were submitted before or after the Petition Date, and provide that all such financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as appropriate pursuant to this Motion or any other Order of this Court without any duty of further inquiry and without liability for following the Debtor's instructions.

### BASIS FOR RELIEF REQUESTED

**A.  Approval Continued Use of Existing Bank Accounts is in the Best Interests of the Debtor, Its Creditors, and All Other Parties-in-Interest**

16.  Upon the filing of this Chapter 11 Case, the Debtor became bound by the UST Guidelines promulgated by the U.S. Trustee. Pursuant to the UST Guidelines, the Debtor's "failure to comply with the operating and/or reporting requirements . . . may result in the dismissal or conversion of this case to a case under Chapter 7 of the Bankruptcy Code." The UST Guidelines state that, upon filing its Chapter 11 petition, the Debtor:

> must immediately close all of its existing bank accounts and open new bank accounts which must be (i) designated as debtor in possession accounts ("DIP Accounts") and (ii) maintained subject to the following conditions:
>
> a.  <u>All</u> money of the bankruptcy estate must be deposited in the DIP Accounts . . . .

UST Guidelines at ¶¶ 1-2 (emphasis in the original).

17.  The Debtor respectfully requests that the Court enter an Order authorizing its continued use of the Bank Accounts, waiving the requirement that the Debtor open new debtor-in-possession accounts, and authorizing the Debtor to continue use Business Forms as set forth above.

18. The relief requested herein is authorized pursuant to section 363(c)(1) of the Bankruptcy Code which provides that a debtor-in-possession may "use property of the estate in the ordinary course of business without notice or a hearing." The purpose of section 363(c)(1) is to provide a debtor-in-possession with the flexibility to engage in the ordinary transactions required to operate its business without unneeded oversight by its creditors or the court. Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne), 114 F.3d 379, 384 (2d Cir. 1997); Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.), 207 B.R. 406, 409 (S.D.N.Y. 1997).

19. Courts in this district have long recognized that strict enforcement of bank account closing requirements does not serve the purposes of Chapter 11 and have approved motions seeking relief similar to that sought by this Motion. See, e.g., In re New England Motor Freight, Inc., Case No. 19-12809 (Bankr. D.N.J. Feb. 13, 2019); In re Aceto Corporation, Case No. 19-13448 (Bankr. D.N.J. Feb. 21, 2019); In re Icon Eyewear, Inc., Case No. 18-34902 (Bankr. D.N.J. Dec. 21, 2018); In re Mountain Creek Resort, Inc., et al., Case No. 17-19899 (Bankr. D.N.J. May 17, 2017).

20. The Debtor requests that the Court waive the requirements of the UST Guidelines, which require, among other things, the closure of the Debtor's prepetition Bank Accounts, the opening of new bank accounts, and the immediate printing of new Business Forms, including new checks referencing the Debtor as "Debtor-In-Possession." The Debtor seeks an order authorizing and directing the Banks, including, but not limited to those listed on Exhibit A, to continue to treat, service, and administer the Bank Accounts as accounts of the Debtor as debtor-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor, and pay all checks, drafts, wires, or ACH Payments drawn on the Bank Accounts after the Petition Date by

the holders or makers thereof, as the case may be; provided that any payments issued or made prior to the Petition Date will not be honored absent direction of the Debtor and an order of the Court.

21. The Debtor believes that its Chapter 11 Case will be more orderly if it is permitted to maintain all Bank Accounts with the same account numbers during this Chapter 11 Case. By preserving business continuity and avoiding any disruption and/or delay to the Debtor's disbursement obligations, all parties-in-interest, including employees, vendors, and customers, will be best served by the relief requested.

22. To minimize expenses, the Debtor further requests that it be authorized to continue to use its Business Forms, substantially in the forms existing immediately before the Petition Date, without reference to its status as debtor-in-possession. The Debtor requests authority to utilize its existing checks and electronically generated forms, rather than obtain new checks and implement new electronic forms reflecting its status as debtor in possession. To the extent the Debtor uses all existing checks, any new checks ordered will reflect its status as debtor-in-possession. The Debtor will work with its systems personnel and outside consultants to determine what computer system changes are required to reflect its status as debtor-in-possession on electronically generated checks and will implement such changes as soon as reasonably practicable.

23. By virtue of the nature and scope of the Debtor's business operations and the large number of suppliers of goods and services with which the Debtor transacts, it is important that the Debtor be permitted to continue to use its existing Business Forms without alteration or change, except as requested herein.

24. To the extent the amount deposited with any Bank exceeds the FDIC coverage limit, the Debtor requests waiver of the requirements of section 345(b) for cause. In re Service Merch. Co., Inc., 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999).

25. The Debtor anticipates that any balance above the FDIC coverage limit will on remain on deposit for a short time before being spent pursuant to the budget attached to the Debtor's contemporaneous motion for debtor-in-possession financing and authorization to use cash collateral.

26. Requiring the Debtor to obtain a bond or additional insurance coverage for deposits that may exceed the limit for only days or hours would impose needless costs and complexities on the Debtor that far exceed the investment potential of such short-term overages. Fair to waive the requirements of section 345(b) would impose a net cost on the Debtor without commensurate benefit. Cause exists to waive the requirements of section 345.

27. Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting a "motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before twenty-one (21) days after filing of the petition. Fed. R. Bankr. P. 6003(b). Disruptions regarding the Bank Accounts – or the lack of clarity as to whether the Debtor must open new accounts – would cause delays in receipt or disbursement of funds. Late payments could frustrate the Debtor's relationships with employees and cause other severe and irreparable disruptions to the Debtor's business which would have a negative impact on all parties-in-interest. Accordingly, the Debtor has satisfied the requirements of Bankruptcy Rule 6003.

28. To implement the foregoing successfully, the Debtor requests a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent such stay applies.

WHEREFORE, the Debtor respectfully requests that this Court enter the Proposed Order authorizing the Debtor to continue the use of its Bank Accounts and Business Forms, and grant such further relief as is just and proper.

                Respectfully Submitted,

Dated: August 15, 2021      By: */s/ Edmond M. George*
                                   Edmond M. George, Esquire
                                   Michael D. Vagnoni, Esquire (*pro hac vice* pending)
                                   Turner N. Falk, Esquire
                                   OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
                                   1120 Route 73, Suite 420
                                   Mount Laurel, NJ 08054-5108
                                   Telephone: (856) 795-3300
                                   Facsimile: (856) 482-0504
                                   E-mail: edmond.george@obermayer.com
                                                 michael.vagnoni@obermayer.com
                                                 turner.falk@obermayer.com

                                   *Proposed Counsel to Chapter 11 Debtor,*
                                   *Aluminum Shapes, L.L.C.*