**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(b)*
**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
(pro hac vice pending)
Turner N. Falk, Esquire
1120 Route 73, Suite 420
Mount Laurel, NJ 08054-5108
Telephone: (856) 795-3300
Facsimile: (856) 482-0504
E-mail:  edmond.george@obermayer.com
         michael.vagnoni@obermayer.com
         turner.falk@obermayer.com

Proposed Counsel to the Debtor
and Debtor in Possession

In re:

ALUMINUM SHAPES, L.L.C.,

Debtor.

Chapter 11

Case No. 21- _____ - (  )

## ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND FOR RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through six (6) is hereby

**ORDERED.**

Page -2-
**Debtor:**     **Aluminum Shapes, L.L.C.**
**Case No:**    **21-_____ (   )**
**Caption of Order:**    **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. Authorizing the Debtor to Continue Using Existing Bank Accounts and Business Forms and Related Relief**

---

AND NOW, upon consideration of the Debtor's Motion (the "Motion")[1] pursuant to sections 105(a), 363 of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to continue using its existing Bank Accounts and Business Forms, and any responses to the Motion, and after notice and hearing, it is hereby ORDERED and DECREED as follows:

1. The Motion is GRANTED.

2. The Debtor is authorized, but not required, to (i) continue to use, with the same account numbers, all of the Bank Accounts in existence as of the Petition Date, including, without limitation, those accounts identified on Exhibit A to the Motion; (ii) treat the Bank Accounts for all purposes as accounts of the Debtor as debtor-in-possession; (iii) use, in their present form, all correspondence and Business Forms (including, but not limited to, letterhead, purchase orders and invoices), as well as checks and all other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtor's status as debtor-in-possession; provided that in the event the Debtor generates new checks during the pendency of this Chapter 11 Case, such checks shall include a legend referring to the Debtor as "Debtor-In Possession."

3. The Banks are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtor as debtor-in-possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, and ACH Payments issued by the Debtor and drawn on the Bank Accounts after the Petition Date to the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2781322.2\59872.00007-8/13/21
4814-1969-5862.v1-8/15/21

Page -3-
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-_____ (  )**
**Caption of Order:** **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. Authorizing the Debtor to Continue Using Existing Bank Accounts and Business Forms and Related Relief**

---

extent the Debtor has sufficient funds standing to its credit with such Bank; provided that any payments drawn, issued, or made prior to the Petition Date shall not be honored absent direction of the Debtor and a separate order of the Court authorizing such payment.

4. Each of the Banks is authorized to debit the Debtor's Bank Accounts in the ordinary course of business without need for further order of this Court for: (i) all checks, items, and other payment orders drawn on the Debtor's Bank Accounts that are cashed at such Bank's counters or exchanged for cashiers' checks by the payees thereof prior to the Bank's receipt of notice of the commencement of this Chapter 11 Case; (ii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtor's Bank Accounts with such Bank prior to the Petition Date that have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such costs and fees prior to the Petition Date.

5. The Banks may rely on the representations of the Debtor with respect to whether any check, item, or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein, and shall not be liable to any party on account of (i) following the Debtor's representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry), (ii) honoring of any pre-petition checks, drafts, wires, or ACH Payments in a good faith belief or upon a representation by the Debtor that the Court has authorized such pre-petition check, draft, wire, or ACH Payment, or (iii) an innocent mistake made despite implementation of reasonable handling

**Page -4-**
**Debtor:**         **Aluminum Shapes, L.L.C.**
**Case No:**        **21-_____ (   )**
**Caption of Order:** **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. Authorizing the Debtor to Continue Using Existing Bank Accounts and Business Forms and Related Relief**

procedures.

6.  The requirements of section 345(b) of the Bankruptcy Code are hereby waived for the next sixty (60) days as to the Debtor's Bank Accounts and the Banks.

7.  The US Trustee shall have sixty (60) days from the date of entry of this Order, or such additional time as may be extended through consent of the Debtors and the US Trustee or for "cause," to object to the relief granted herein. If the U.S. Trustee does not file a written objection within sixty (60) days from the date of entry of this Order, or such additional time as may be extended through consent of the Debtor and the U.S. Trustee or by order of the Court for "cause," the Debtor shall be authorized to maintain and utilize the Bank Accounts on a permanent basis, without compliance with the investment guidelines set forth in section 345(b) of the Bankruptcy Code. If the U.S. Trustee files an objection within the sixty (60) day period, as the same may be extended, the Court shall schedule the matter for a hearing. In such event, the Debtor shall be authorized to maintain the Bank Accounts, and shall be excused from opening new debtor-in-possession accounts, pending further Order of the Court.

8.  The Debtor is further authorized to (i) continue to use, with the same account numbers, all of the Bank Accounts in existence as of the Petition Date, including, without limitation, those accounts identified on Exhibit A to the Motion; (ii) treat the Bank Accounts for all purposes as accounts of the Debtor as debtor in possession; (iii) use, in their present form, all correspondence and business forms (including, but not limited to, letterhead, purchase orders, and invoices), without reference to the Debtor's status as a debtor in possession; *provided* that in the event the Debtor generated new business forms during the pendency of this chapter 11 case, such

Page -5-
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-_____ ( )**
**Caption of Order:** **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. Authorizing the Debtor to Continue Using Existing Bank Accounts and Business Forms and Related Relief**

---

business forms shall include a legend referring to the Debtor as "Debtor-In-Possession." The Debtor shall advise the Banks immediately to restyle the Bank Accounts as "Debtor-In-Possession" Accounts.

9.  Subject to applicable bankruptcy law or other law, (i) those certain existing deposit agreements between the Debtor and the Banks shall continue to govern the post-petition cash management relationship between the Debtor and the Banks and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect and (ii) either the Debtor or the Banks may, without further order of this Court, implement changes to the Debtor's cash management system and procedures in the ordinary course of business pursuant to the terms of those certain existing deposit agreements, including, without limitation, the opening and closing of Bank Accounts. Any changes to the cash management system and procedures must be disclosed in writing by the Debtor to the DIP Lenders, the U.S. Trustee, any statutory committee, if formed, within five (5) business days prior to any such action.

10. This Court retains jurisdiction to construe and enforce this Order.

11. The Debtor is hereby authorized and empowered to take such steps and perform such acts as may be necessary to effectuate the terms of this Order.

12. Notwithstanding Bankruptcy Rules 6003, 6004 this Order shall be effective and enforceable immediately upon entry; The Court expressly finds that there is no reason for delay in the implementation of this Order.

13. The Debtor shall serve a copy of the Motion (if not already served) and this Order upon (i) the Office of the United States Trustee; (ii) the holders of the twenty (20) largest unsecured

Page -6-
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-_____ ( )**
**Caption of Order:** **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. Authorizing the Debtor to Continue Using Existing Bank Accounts and Business Forms and Related Relief**

---

claims against the Debtor; (iii) the Debtor's prepetition Lender, Tiger Finance, LLC, and its counsel.; (v) the United States Attorney's Office for the District of New Jersey; (vi) Pennsauken Township; and (vii) the IRS, by first-class mail, postage prepaid, no later than five (5) business days after the entry of Order.

14. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

15. Nothing in this Order shall prejudice the Debtors' right to seek recovery of any payments from any payee of a check as permitted under section 547, 548, 549 or any other applicable provision of the Bankruptcy Code or applicable non-bankruptcy law.

16. The Debtor is directed to maintain records of all transfers within its existing cash management system so that all transfers and transactions shall be adequately and promptly documented, and readily ascertainable from, its books and records, to the same extent maintained by Debtor prior to commencement of this chapter 11 case. The Debtor also is directed to maintain its books and records so as to provide a clear line of demarcation between prepetition and post-petition transactions and operations.