**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-1(b)*

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**

Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
(pro hac vice pending)
Turner Falk, Esquire
1120 Route 73, Suite 420
Mount Laurel, NJ 08054-5108
Telephone: (856) 795-3300
Facsimile: (856) 482-0504
E-mail:   edmond.george@obermayer.com
          michael.vagnoni@obermayer.com
          turner.falk@obermayer.com

Proposed Counsel to the Debtor
and Debtor in Possession

| | |
|---|---|
| In re: | Chapter 11 |
| ALUMINUM SHAPES, L.L.C., | Case No. 21- _____ - (   ) |
| Debtor. | |

### CERTIFICATION OF PROFESSIONAL IN SUPPORT OF APPLICATION FOR RETENTION OF PROFESSIONAL

I, Edmond M. George, being of full age, certify as follows:

1.      I am seeking authorization to be retained as <u>counsel to Aluminum Shapes, L.L.C., the Debtor.</u>

2.      My professional credentials include:  <u>I am duly admitted to practice in the State of New Jersey; the Commonwealth of Pennsylvania; the District of Columbia; the United States District Court for the District of New Jersey, Eastern District of Pennsylvania, and Middle District of Pennsylvania; and the Third Circuit Court of Appeals.</u>

3.      I am a Partner in the firm of: <u>Obermayer Rebmann Maxwell & Hippel LLP ("Obermayer"), 1120 Route 73, Suite 420 Mount Laurel, New Jersey 08054-5108.</u>

4.      The proposed arrangement for compensation, including hourly rates, if applicable
is as follows:

Partners:      $410.00 -550.00

Associates:    $295.00 - $400.00

Paralegals:    $125.00

Obermayer commenced its representation of the Debtor on June 23, 2021.  During the ninety
(90) days prior to the Petition Date, the Debtor paid Obermayer an advance fee retainer in the
amount of $50,000.00 (the "Advance Fee Retainer") and has paid Obermayer in the ordinary
course of business on its invoices as follows:

a)  On or about July 28, 2021, Obermayer issued an invoice to the Debtor in the amount of
    $9,230.00 for fees, services and costs which bill was paid in full on or about the same day
    from the Advance Fee Retainer, the balance of which was reduced from $50,000 to
    $40,770;

b)  On or about August 6, 2021, Obermayer issued an invoice to the Debtor in the amount of
    $119,826.65 for fees, services and costs which bill was paid in full on or about August 9,
    2021 from a wire transfer from the Debtor.  The Advance Fee retainer was not used to
    pay any portion of this bill;

c)  On or about August 13, 2021, Obermayer issued an invoice to the Debtor in the amount
    of $142,086.00 for fees, services and costs which bill was paid in full on the same day
    through (i) a wire transfer from the Debtor in the amount of $125,000.00 and (ii) the
    remaining $17,086.00 from the Advance Fee Retainer, the balance of which was reduced
    from $40,770.00 to $23,684.00.

d)

☐ Pursuant to D.N.J. LBR 2014-3, I request a waiver of the requirements of D.N.J. LBR
2016-1.

5.      To the best of my knowledge, after reasonable and diligent investigation, my
connection with the debtor(s), creditors, any other party in interest, their respective
attorneys and accountants, the United States trustee, or any person employed in the office
of the United States trustee, is as follows:

☒      None

☐    Describe connection:

6.    To the best of my knowledge, after reasonable and diligent investigation, the connection of my firm, its members, shareholders, partners, associates, officers and/or employees with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

☐    None

☒    Describe connection:

Insofar as I have been able to ascertain through diligent inquiry, neither I, Obermayer, nor any professional employee of Obermayer is related professionally to the Debtor, its creditors or any other party-in-interest herein or their respective attorneys or professionals.  In addition, based upon the results of Obermayer's Conflict Check and by making inquires of Obermayer personnel, insofar as I have been able to ascertain after diligent inquiry, neither I, nor Obermayer, nor any partner, counsel or associate thereof have any connection with the Debtor, its  creditors, any other party-in-interest, their current respective attorneys or professionals, the United States Trustee or any person employed in the Office of the United States Trustee, nor do we hold or represent any entity having an adverse interest in the Debtor's Chapter 11 case except as set forth in the attached Exhibit A.

Exhibit A reflects that (i) an entity is a "Current Client: if Obermayer has any open matters for such entity and has billed attorneys fees on any such matters in the past three (3) years; and (ii) an entity is a "Former Client" if Obermayer represented such entity within the past three (3) years and such matter is closed.  Except as set forth on Exhibit A, Obermayer has not represented, does not represent and will not represent any of the Debtor's creditors or parties in interest in matters directly related to the Debtor or this Chapter 11 case.  Moreover, Obermayer will not commence a cause of action against any entity on Exhibit A (nor has the Debtor disclosed any cause of action ) unless it receives a waiver of any conflict from such entity and the Debtor and to the extent such a waiver cannot be obtained and it is necessary for the Debtor to commence an action against such entity, the Debtors will be represented by conflict counsel.

Despite Obermayer's conflict check, its connections with the Debtor's numerous creditors, Obermayer is unable to state with absolute certainty that every client relationship or other connection has been disclosed. If Obermayer discovers additional information that requires disclosure, it will file a supplemental disclosure with the Court as promptly as possible.

Therefore, pursuant to 11 U.S.C. § 327(a), Obermayer does not hold or represent any interests adverse to the Debtor, its creditors or its estate. In addition, Obermayer is a disinterested person within the meaning of 11 U.S.C. § 101(14), in that Obermayer, its partners, counsel and associates:

a) Are not creditors, equity  security holders, or insiders of the Debtor;

b) Are not and were not, within two years before Petition Date, a director, officer or employee of the Debtor; and

c) Do not hold any interest materially adverse to the interest of the estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason.

7.      To the best of my knowledge, my firm, its members, shareholders, partners, associates, officers and/or employees and I (check all that apply):

⊠      do not hold an adverse interest to the estate.

⊠      do not represent an adverse interest to the estate.

⊠      are disinterested under 11 U.S.C. § 101(14).

⊠      do not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which I will be retained under 11 U.S.C. § 327(e).

⊠      Other. Explain:  Brett Wiltsey, Partner at Obermayer, previously represented Aluminum Shapes, L.L.C. in various litigation matters at his prior firm.  None of these litigation matters were active when Mr. Wiltsey recently joined Obermayer.

8.      If the professional is an auctioneer,

The following are my qualification and experience with the liquidation or sale of similar property:

_____

b.      The proposed method of calculation of my compensation, including rates and formulas, is:

_____

Pursuant to D.N.J. 2014-2, I ☐ do or ☐ do not request a waiver of the requirements of D.N.J. LBR 2016-1.

c.      The following is an estimate of all costs and expenses, including labor, security advertising, delivery, mailing, and insurance, for which I will seek reimbursement from the sale proceeds:

_____

d.      Have you or a principal of your firm, been convicted of a criminal offense?

      ☐ No      ☐ Yes (explain below)

_____

e.      I certify that a surety bond as described in D.N.J. LBR 2014-2(a)(6) is in effect and will remain so through the turnover of the auction proceeds.

9.      If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows:

_____

I certify under penalty of perjury that the above information is true.

Date: <u>August 15, 2021</u>      */s/ Edmond M. George*
                                 Edmond M. George, Esq.
                                 Partner

**Exhibit A**

| Name of Entity | Status of Representation |
|---|---|
| Archer & Greiner, P.C. | Former Client |
| Camden County Municipal Utility | Former Client |
| UGI Energy Services, LLC | Former Client |