| |
|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**<br>Edmond M. George, Esquire<br>Michael D. Vagnoni, Esquire<br>(pro hac vice pending)<br>Turner N. Falk, Esquire<br>1120 Route 73, Suite 420<br>Mount Laurel, NJ 08054-5108<br>Telephone: (856) 795-3300<br>Facsimile: (856) 482-0504<br>E-mail:  edmond.george@obermayer.com<br>           michael.vagnoni@obermayer.com<br>           turner.falk@obermayer.com<br><br>Proposed Counsel to the Debtor<br>and Debtor in Possession |

| | |
|---|---|
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>                                          Debtor. | Chapter 11<br><br>Case No. 21- _____ - (   ) |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b)
FOR AUTHORITY TO (I) MAINTAIN, RENEW AND CONTINUE INSURANCE
POLICIES AND PROGRAMS AND (II) HONOR ALL INSURANCE OBLIGATIONS**

The relief set forth on the following pages two (2) through five (5) is hereby **ORDERED.**

Page -2-

**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-_____ (  )**
**Caption of Order:** **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. For Authority To (I) Maintain, Renew And Continue Insurance Policies And Programs And (II) Honor All Insurance Obligations**

---

AND NOW, upon consideration of the Debtor's Motion (the "Motion")[1] Pursuant to Sections 105(a), 363, 503 of Title 11 of the United States Code (the "Bankruptcy Code"), Authorizing the Debtor to (i) Maintain, Renew and Continue Insurance Policies and Programs and (ii) Honor all Insurance Obligations, and any responses to the Motion, and after notice and hearing, it is hereby ORDERED and DECREED as follows:

1. The Motion is GRANTED.

2. The Debtor is authorized, but not directed, pursuant to sections 105(a), 363(b), and 503(b) of the Bankruptcy Code, to maintain, renew, and continue, in accordance with practices and procedures that were in effect before the commencement of this Chapter 11 Case, (i) the Insurance Policies and Programs and (ii) any collateral or other security related to the Insurance Policies and Programs.

3. The Debtor is further authorized, but not directed, pursuant to sections 105(a), 363(b), and 503(b) of the Bankruptcy Code, to pay, in the ordinary course of business and not on an accelerated basis, all Insurance Obligations relating to the Insurance Policies and Programs (including, without limitation, amounts owed to the insurance service providers and assessments, broker's fees, taxes or other fees arising under or relating to the Insurance Policies and Programs, regardless of whether accruing or relating to the period before or after the Petition Date).

4. The Debtor is further authorized, but not directed, to revise, extend, supplement, and/or modify its insurance coverage as needed, including without limitation, through the revision,

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Page -3-
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-_____ ( )**
**Caption of Order:** **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. For Authority To (I) Maintain, Renew And Continue Insurance Policies And Programs And (II) Honor All Insurance Obligations**

_____

modification, purchase, or renewal of new or existing Insurance Policies and Programs.

5. To the extent the Debtor subsequently becomes aware of additional Insurance Policies and Programs that have not previously been disclosed, or to the extent the Debtor enters into new Insurance Policies and Programs, the Debtor shall disclose these additional Insurance Policies and Programs to the U.S. Trustee and the professional advisors to any official creditors' committee(s) appointed in this Chapter 11 Case.

6. In accordance with this Order (or any other order of this Court), each of the financial institutions at which the Debtor maintains its accounts relating to the payment of the Insurance Obligations described in the Motion is authorized and directed to (i) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtor related thereto, to the extent that sufficient funds are on deposit in those accounts and (ii) accept and rely on all representations made by the Debtor with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

7. The Debtor is authorized, but not directed, to issue new post-petition checks, or effect new electronic funds transfers, on account of prepetition Insurance Obligations to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtor's Chapter 11 case.

8. Any payment made or to be made under this Order, and any authorization contained in this Order, shall be subject to the terms of any orders authorizing the use of cash collateral

Page -4-
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-_____ (  )**
**Caption of Order:** **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. For Authority To (I) Maintain, Renew And Continue Insurance Policies And Programs And (II) Honor All Insurance Obligations**

___

entered by this Court in this Chapter 11 Case.

9. Except for those rights expressly granted in this Order, nothing contained in the Motion or this Order, nor any action taken or payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (i) an admission as to the validity, amount, classification, or priority of any claim or lien against the Debtor, (ii) a waiver of the Debtor's or any party-in-interest's rights to dispute the validity, amount, classification, or priority of any claim or lien against the Debtor, (iii) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate, (iv) a waiver of any claims or causes of action that may exist against any entity, or (v) an approval or assumption of any agreement, contract, program, policy, executory contract or lease under section 365 of the Bankruptcy Code.

10. Except for those rights expressly granted in this Order, nothing herein shall create, or is intended to create, any rights in favor of or enhance the status of any claim held by any claimant.

11. This Court retains jurisdiction to construe and enforce this Order.

12. The Debtor is hereby authorized and empowered to take such steps and perform such acts as may be necessary to effectuate the terms of this Order.

13. Notwithstanding Bankruptcy Rules 6003, 6004, this Order shall be effective and enforceable immediately upon entry. The Court expressly finds that there is no reason for delay in the implementation of this Order.

14. The Debtor shall serve a copy of the Motion (if not already served) and this Order

**Page -5-**
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-_____ (  )**
**Caption of Order:** **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. For Authority To (I) Maintain, Renew And Continue Insurance Policies And Programs And (II) Honor All Insurance Obligations**

_____

upon (i) the Office of the United States Trustee; (ii) the holders of the twenty (20) largest unsecured claims against the Debtor (on a consolidated basis); (iii) the Debtor's prepetition Lender, Tiger Finance, LLC, and its counsel.; (v) the United States Attorney's Office for the District of New Jersey; (vi) Pennsauken Township; (vii) the I.R.S.; and (viii) the Insurance Carriers, by first-class mail, postage prepaid, no later than five (5) business days after the entry of Order.