| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**<br>Edmond M. George, Esquire<br>Michael D. Vagnoni, Esquire<br>(pro hac vice pending)<br>Turner N. Falk, Esquire<br>1120 Route 73, Suite 420<br>Mount Laurel, NJ 08054-5108<br>Telephone: (856) 795-3300<br>Facsimile: (856) 482-0504<br>E-mail:   edmond.george@obermayer.com<br>           michael.vagnoni@obermayer.com<br>           turner.falk@obermayer.com<br><br>Proposed Counsel to the Debtor<br>and Debtor in Possession | |
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>                              Debtor. | Chapter 11<br><br>Case No. 21- _____ - (   ) |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 507(a) FOR AUTHORITY TO (I) PAY CERTAIN PREPETITION WAGES, SALARIES AND REIMBURSABLE EMPLOYEE EXPENSES; (II) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS; (III) CONTINUE EMPLOYEE BENEFIT PROGRAMS; AND (IV) <u>FOR RELATED RELIEF</u>**

The relief set forth on the following pages, numbered two (2) through four (4) is hereby

**ORDERED.**

Page -2-
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-_____ ( )**
**Caption of Order:** **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. for Authority to (I) Pay Certain Prepetition Wages, Salaries and Reimbursable Employee Expenses; (II) Pay and Honor Employee Medical and Other Benefits; (III) Continue Employee Benefit Programs; and (IV) for Related Relief**

_____

AND NOW, upon consideration of the Debtor's Motion (the "Motion")[1] pursuant to sections 105, 363 and 507(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing, but not directing, the Debtor to (i) pay certain prepetition wages (and associated taxes) and reimbursable employee expenses, (ii) pay and honor employee medical and other benefits, (iii) continue employee benefit programs and (iv) other related relief, and any responses to the Motion, and after notice and hearing, it is hereby ORDERED and DECREED as follows:

1. The Motion is GRANTED.

2. The Debtor is authorized, but not directed, pursuant to sections 105(a), 363, and 507 of the Bankruptcy Code, to pay and honor all prepetition obligations associated with the Employee Obligations (defined below) and to continue the programs and maintain funding in the ordinary course of business, to the extent requested in the Motion, relating to: (i) Unpaid Compensation, Payroll Maintenance, Deductions, Withholdings, Union Dues and Employer Payroll Taxes; (ii) Employee Benefits; (iii) Worker's Compensation Policies and Programs; and (iv) payments to the Union 401(k); <u>provided</u> that payments for payments for wages, salaries, severance, and paid time off shall not exceed $13,650.00 for each individual unless otherwise ordered by this Court (collectively, the "Employee Obligations").

3. The Debtor and any applicable third parties are authorized to continue to allocate

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

OMC\4824-7337-0358.v1-8/15/21

Page -3-

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-_____ (   )** |
| **Caption of Order:** | **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. for Authority to (I) Pay Certain Prepetition Wages, Salaries and Reimbursable Employee Expenses; (II) Pay and Honor Employee Medical and Other Benefits; (III) Continue Employee Benefit Programs; and (IV) for Related Relief** |

_____

and distribute Withholdings, Deductions and Employer Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtor's stated policies and prepetition practices.

4. The Debtor is further authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Employee Obligations.

5. In accordance with this Order (or other Order of this Court), each of the financial institutions at which the Debtor maintains its accounts relating to the payment of the Employee Obligations described in the Motion is authorized and directed to (i) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtor related thereto, to the extent that sufficient funds are on deposit in those accounts and (ii) accept and rely on all representations made by the Debtor with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on or subsequent to the Petition Date, without any duty to inquire otherwise.

6. The Debtor is authorized, but not directed, to issue new post-petition checks, or effect new electronic funds transfers, on account of prepetition Employee Obligations and claims to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtor's Chapter 11 case.

7. Any payment made or to be made under this Order, and any authorization contained

Page -4-
**Debtor:**         **Aluminum Shapes, L.L.C.**
**Case No:**        **21-\_\_\_\_\_ (   )**
**Caption of Order:** **Order Granting Motion of Debtor Aluminum Shapes, L.L.C. for Authority to (I) Pay Certain Prepetition Wages, Salaries and Reimbursable Employee Expenses; (II) Pay and Honor Employee Medical and Other Benefits; (III) Continue Employee Benefit Programs; and (IV) for Related Relief**

_____

in this Order, shall be subject to the terms of any orders authorizing the use of cash collateral entered by this Court in this Chapter 11 case.

8.  Except for those rights expressly granted in this Order, nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

9.  Except for those rights expressly granted in this Order, nothing herein shall create, or is intended to create, any rights in favor of or enhance the status of any claim held by any claimant.

10. This Court retains jurisdiction to construe and enforce this Order.

11. The Debtor is hereby authorized and empowered to take such steps and perform such acts as may be necessary to effectuate the terms of this Order.

12. Notwithstanding Bankruptcy Rules 6003, 6004, this Order shall be effective and enforceable immediately upon entry. The Court expressly finds that there is no reason for delay in the implementation of this Order.

OMC\4824-7337-0358.v1-8/15/21