**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| ALUMINUM SHAPES, L.L.C., | Case No. 21-16520 (JNP) |
| Debtor. | |
| | Ref. Docket nos. 2-5, 7–13, 15–18, 24, and 28 |

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                           ) ss.:
COUNTY OF NEW YORK   )

DIANE STREANY, being duly sworn, deposes and says:

1. I am employed as a Senior Case Manager by Epiq Corporate Restructuring, LLC, located at 777 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2. On August 16, 2021, I caused to be served the following:

   a. "Application for Retention of Professional," dated August 15, 2021 [Docket No. 2], (the "Winter Harbor Retention"),

   b. "Application for Retention of Professional," dated August 15, 2021 [Docket No. 3], (the "Cowen Retention"),

   c. "Application for Retention of Professional," dated August 15, 2021 [Docket No. 4], (the "Berwyn Retention"),

   d. "Application for Retention of Professional," dated August 15, 2021 [Docket No. 5], (the "Epiq Retention"),

   e. "Debtor's Motion Pursuant to 11 U.S.C. §§ 105(a) and 521(a) and Fed. R. Bankr. P. 1007(c) for Entry of an Order Extending the Time to File its Schedules of Assets and Liabilities and Statements of Financial Affairs," dated August 15, 2021 [Docket No. 7], (the "Schedule Extension Motion"),

   f. "Debtor's Motion Pursuant to 11 U.S.C. §§ 105(a), 363(b), 506(b), 507(a), and 541 for Entry of an Order Authorizing, but not Directing, the Debtor to Make Post-Petition Payments and Disbursements with Respect to Certain Prepetition Taxes," dated August 15, 2021, [Docket No. 8], (the "Tax Motion"),

g.  "Debtor's Motion Pursuant to 11 U.S.C. §§ 105 and 366 Prohibiting Utilities from Altering, Refusing, or Discontinuing Services on Account of Prepetition Claims, Establishing Procedures for Determining Requests for Additional Adequate Assurance and for Related Relief," dated August 15, 2021 [Docket No. 9], (the "Utilities Motion"),

h.  "Debtor's Motion Pursuant to 11 U.S.C. §§ 105 and 363 Authorizing the Debtor to Continue Using Existing Bank Accounts and Business Forms and for Related Relief," dated August 15, 2021 [Docket No. 10], (the "Cash Management Motion"),

i.  "Application for Retention of Professional," dated August 15, 2021 [Docket No. 11], (the "Obermayer Retention"),

j.  "Debtor's Motion Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(b) for Authority to (I) Maintain, Renew and Continue Insurance Policies and Programs and (II) Honor all Insurance Obligations," dated August 15, 2021 [*related to Docket No. 12*], annexed hereto as <u>Exhibit A</u>, (the "Insurance Motion with Slip-Sheet,")

k.  "Motion of Aluminum Shapes, L.L.C. for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a), 363 and 507(a) for Authority to (I) Pay Certain Prepetition Wages, Salaries and Reimbursable Employee Expenses; (II) Pay and Honor Employee Medical and Other Benefits; (III) Continue Employee Benefit Programs; and (IV) for Related Relief," dated August 15, 2021 [Docket No. 13], (the "Wage Motion"),

l.  "Combined Motion of Aluminum Shapes, L.L.C. for the Entry of an Order Granting (A) Authority to Obtain Post-Petition Financing, (B) Liens and Super Priority Administrative Expense Status Pursuant to 11 U.S.C. §§ 364(c)(1), (2) and (3) and 364(d)(1), (C) Relief from the Automatic Stay (D) Authority to Enter into Agreements with Tiger Finance, LLC, (E) Authorization to Use Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363, Bankruptcy Rule 4001 and D.N.J. LBR 4001-4 and to Provide Adequate Protection to Parties with an Interest in Cash Collateral and (F) Related Relief," dated August 15, 2021 [Docket No. 15], (the "Combined DIP & Cash Collateral Motion"),

m.  "Declaration of Justin Magner of Cowen and Company, LLC in Support of Combined Motion of Aluminum Shapes, L.L.C. for the Entry of an Order Granting (A) Authority to Obtain Post-Petition Financing, (B) Liens and Super Priority Administrative Expense Status Pursuant to 11 U.S.C. §§ 364(c)(1), (2) and (3) and 364(d)(1), (C) Relief from the Automatic Stay (D) Authority to Enter into Agreements with Tiger Finance, LLC, (E) Authorization to Use Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363, Bankruptcy Rule 4001 and D.N.J. LBR 4001-4 and to Provide Adequate Protection to Parties with an Interest in Cash Collateral and (F) Related Relief," dated August 15, 2021 [Docket No. 16], (the "Magner Declaration"),

n.  "Declaration of Jordan Meyers in Support of Debtor's Chapter 11 Petition and First Day Motions," dated August 15, 2021 [Docket No. 17], (the "Meyers Declaration"),

o.  "Debtor's Application for Expedited Consideration of First Day Matters," dated August 15, 2021 [Docket No. 18], (the "Expedited Consideration Application"),

p.  "Order Regarding Debtor's Application for Expedited Consideration of First Day Motions," dated August 16, 2021 [Docket No. 24], (the "Expedited Consideration Order"), and

q.  "Notice of Debtor's Motion Pursuant to 11 U.S.C. §§ 105(a), 327, and 330 for Authority to Employ Professionals used in the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date", dated August 16, 2021 [Docket No. 28], (the "OCP Motion"),

by causing true and correct copies of the:

i.  Winter Harbor Retention, Cowen Retention, Berwyn Retention, Epiq Retention, Schedule Extension Motion, Tax Motion, Utilities Motion, Cash Management Motion, Obermayer Retention, Insurance Motion with Slip-Sheet, Wage Motion, Combined DIP & Cash Collateral Motion, Magner Declaration, Meyers Declaration, Expedited Consideration Application, Expedited Consideration Order and OCP Motion to be enclosed securely in separate postage pre-paid envelopes and delivered via overnight mail to those parties listed on the annexed <u>Exhibit B</u>,

ii.  Cash Management Motion and Combined DIP & Cash Collateral Motion to be enclosed securely in separate postage pre-paid envelopes and delivered via overnight mail to those parties listed on the annexed <u>Exhibit C</u>,

iii.  Insurance Motion with Slip-Sheet to be enclosed securely in separate postage pre-paid envelopes and delivered via overnight mail to those parties listed on the annexed <u>Exhibit D</u>,

iv.  Tax Motion to be enclosed securely in a separate postage pre-paid envelope and delivered via overnight mail to the party listed on the annexed <u>Exhibit E</u>,

v.  Utilities Motion to be enclosed securely in separate postage pre-paid envelopes and delivered via overnight mail to those parties listed on the annexed <u>Exhibit F</u>,

vi.  Combined DIP & Cash Collateral Motion to be enclosed securely in separate postage pre-paid envelopes and delivered via overnight mail to those parties listed on the annexed <u>Exhibit G</u>,

vii.  OCP Motion to be enclosed securely in separate postage pre-paid envelopes and delivered via overnight mail to those parties listed on the annexed <u>Exhibit H</u>,

viii.  Winter Harbor Retention, Cowen Retention, Berwyn Retention, Epiq Retention, Schedule Extension Motion, Tax Motion, Utilities Motion, Cash Management Motion, Obermayer Retention, Insurance Motion with Slip-Sheet, Wage Motion, Combined DIP & Cash Collateral Motion, Magner Declaration, Meyers Declaration, Expedited Consideration Application, Expedited Consideration Order and OCP Motion to be delivered via electronic mail to those parties listed on the annexed <u>Exhibit I</u>,

    ix.    Cash Management Motion and Combined DIP & Cash Collateral Motion to be delivered via electronic mail to the party listed on the annexed <u>Exhibit J,</u>

    x.    Insurance Motion with Slip-Sheet to be delivered via electronic mail to those parties listed on the annexed <u>Exhibit K,</u>

    xi.    Tax Motion to be delivered via electronic mail to the party listed on the annexed <u>Exhibit L,</u>

    xii.    Utilities Motion to be delivered via electronic mail to those parties listed on the annexed <u>Exhibit M,</u>

    xiii.    Combined DIP & Cash Collateral Motion to be delivered via electronic mail to those parties listed on the annexed <u>Exhibit N</u>, and

    xiv.    OCP Motion to be delivered via electronic mail to: *mhorn@salawus.com.*

3.  All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED.  PLEASE DIRECT TO THE ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

<u>*/s/ Diane Streany*</u>
Diane Streany

Sworn to before me this
17th day of August, 2021
<u>*/s/ Cassandra Murray*</u>
Notary Public, State of New York
No. 01MU6220179
Qualified in Queens County
Commission Expires April 12, 2022

# EXHIBIT A

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-1(b)*

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**

Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
(pro hac vice pending)
Turner Falk, Esquire
1120 Route 73, Suite 420
Mount Laurel, NJ 08054-5108
Telephone: (856) 795-3300
Facsimile: (856) 482-0504
E-mail:   edmond.george@obermayer.com
          michael.vagnoni@obermayer.com
          turner.falk@obermayer.com

Proposed Counsel to the Debtor
and Debtor in Possession

</td></tr>
</table>

| | |
|---|---|
| In re: | Chapter 11 |
| ALUMINUM SHAPES, L.L.C., | Case No. 21- _____ - (   ) |
| Debtor. | |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b)
FOR AUTHORITY TO (I) MAINTAIN, RENEW AND CONTINUE INSURANCE
POLICIES AND PROGRAMS AND (II) HONOR ALL INSURANCE OBLIGATIONS**

Aluminum Shapes, L.L.C. (the "Debtor"), by and through its undersigned proposed

counsel, hereby moves this Court for an order authorizing, but not directing, the Debtor to

maintain, renew and continue its insurance policies and programs and honor all insurance

obligations (the "Motion"), and represents as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §1334, which is a core

proceeding within the meaning of 28 U.S.C. §157(b)(2).  Venue of this proceeding is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105(a), 363(b), 507(a), and 541 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code").

## BACKGROUND

3.      On August 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the District of New Jersey, Camden Vicinage (the "Court").

4.      The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been established in this case.

6.      Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Case is set forth in the Declaration of Jordan Meyers in Support of Debtor's Chapter 11 Petition and First Day Motions, sworn to on the date hereof (the "First Day Declaration"), which has been filed with the Court contemporaneously herewith.[1]

7.      In summary, the Debtor is an industry leader in the fabrication, processing, and extruding of aluminum metals for use in, *inter alia*, the swimming pool, trucking, trailer, and outdoor storage industries (the "Business"). See First Day Declaration. The Debtor operates its Business out of a single facility located at 9000 River Road, Delair, New Jersey, consisting of approximately 500,000 square feet, including a cast house, foundry, and processing area.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

8.      The Debtor employs approximately 111 employees and a number of sophisticated Managers appropriate for a large manufacturing business that purchases inventory and ships products internationally.

## THE INSURANCE POLICIES

9.      In connection with the operation of the Debtor's Business, the Debtor maintains various insurance policies and workers' compensation programs (as renewed, amended, modified, endorsed, and/or supplemented from time to time, and including any exhibit or addenda thereto, collectively, the "Insurance Policies and Programs" and all insurance premiums, assessments, service providers' fees or broker's fees and other obligations related thereto, including any taxes or other fees, collectively, the "Insurance Obligations") through several different insurance carriers (the "Insurance Carriers").  A list of the Debtor's Insurance Policies and Programs by Insurance Carrier and coverage type is attached as **Exhibit A**.

10.      The Insurance Policies and Programs include various liability, property, and other insurance policies, which provide the Debtor with insurance coverage related to, among other things, general liability, excess liability, directors' and officers' liability, employment practices liability, workers' compensation, property, crime, automobile, international commercial, environmental and umbrella policies (including several excess layers).  True and correct copies of the Insurance Policies and Programs are attached as **Exhibits B through K**.

11.      The Debtor maintains the Insurance Policies and Programs to help manage and limit the risks associated with operating its Business. The Insurance Policies and Programs are essential to the preservation of the value of the Debtor's Business and property.

12.      Some of the Insurance Policies and Programs are required by the various regulations, laws, and contracts that govern the Debtor's commercial activities.

3

13.     Pursuant to the Insurance Policies and Programs, the Debtor pays premiums based upon a fixed rate established and billed by each Insurance Carrier (collectively, the "Insurance Premiums"). At times, the Debtor pays the Insurance Premiums in installments. For example, the commercial general liability policy is paid twenty-five percent (25%) upfront, and then in nine (9) monthly installment payments thereafter.

14.     The Debtor does not believe any pre-petition amounts are currently due and owing on account of the Insurance Premiums. Nevertheless, out of an abundance of caution, the Debtor seeks authority to pay any such pre-petition Insurance Premiums when they become aware of them.

15.     Included in its Insurance Policies and Programs, the Debtor maintains workers' compensation insurance as required by statute in each of the states in which it operates (the "Workers' Compensation Programs").

16.     Although the Debtor does not believe any such amounts are outstanding, out of an abundance of caution, the Debtor seeks approval to pay any Insurance Obligation related to the pre-petition period that may be owed to an insurance broker.

## SUMMARY OF RELIEF REQUESTED

17.     Pursuant to sections 105(a), 363(b), and 503(b) of the Bankruptcy Code, the Debtor seeks entry of an order authorizing, but not directing, it to (i) continue to maintain, renew, and continue its Insurance Policies and Programs and honor its Insurance Obligations in the ordinary course of business during the administration of this Chapter 11 Case and (ii) pay any pre-petition Insurance Obligations.

## BASIS FOR RELIEF

18.     Section 1112(b)(4)(C) of the Bankruptcy Code provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public" is "cause" for mandatory

4

conversion or dismissal of a Chapter 11 case. 11 U.S.C. §1112(b)(4)(C). Furthermore, the

Guidelines of the Office of the United States Trustee for Region 3 (the "U.S. Trustee") require

debtors to maintain insurance coverage throughout their Chapter 11 cases.

19.    The Court has authority pursuant to sections 105(a), 363(b), and 503(b) of the

Bankruptcy Code to grant the relief requested by the Debtor.  Section 503(b)(1) of the Bankruptcy

Code provides that: "After notice and a hearing, there shall be allowed, administrative

expenses…including…the actual, necessary costs and expenses of preserving the estate." 11 U.S.C.

§503(b)(1)(A). The Court, therefore, can authorize the Debtor to use estate funds to pay any

Insurance Obligations arising or relating to the period after the Petition Date.

20.    The Court may also grant the relief requested herein with respect to pre-petition

obligations pursuant to sections 105(a) and 363(b) of the Bankruptcy Code. Section 363(b)(1) of

the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may

use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C.

§363(b)(1). This provision grants a court broad flexibility to authorize a debtor to pay pre-petition

claims where a sound business purpose exists. See, In re Ionosphere Clubs, Inc., 98 B.R. 174, 175

(Bankr. S.D.N.Y. 1989).

21.    Further, section 105(a) provides, in relevant part, that, "[t]he court may issue any

order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

11 U.S.C. §105(a). This provision codifies the inherent equitable powers of the bankruptcy court,

including the power to authorize payment of pre-petition claims, under the "necessity of payment"

doctrine, when such payment is critical to a debtor's reorganization or necessary for the

preservation of the value of the debtor's estate. See, e.g., In re Lehigh & N. E. Ry. Co., 657 F.2d

570, 581 (3d Cir. 1981) (stating that "the sine qua non for the application of the 'necessity of

payment' doctrine is the possibility that the creditor will employ an immediate economic sanction

failing such payment).

22.     In such a circumstance, "it is evident that the payment made under the 'necessity

of payment' rule is in the interest of all parties . . . because such payment will facilitate the [debtor's]

continued operation."     In re Penn Cent. Transp. Co., 467 F.2d 100, 102, n.1 (3d Cir. 1972)

(citations omitted) ("A number of cases declare a so-called 'necessity of payment' exception to

the normal deferment of the payment of pre-reorganization claims until their disposition can be

made part of a plan of reorganization. These cases permit immediate payment of claims of creditors

where those creditors will not supply services or material essential to the conduct of the business

until their pre-reorganization claims shall have been paid."); In re Motor Coach Indus. Int'l, Inc.,

No. 08-12136-BLS, 2009 WL 330993, at *2, n.5 (D. Del. Feb. 10, 2009) (citing Lehigh, *inter alia*¸

for the proposition that "[t]he 'doctrine of necessity' or 'necessity of payment' doctrine is a general

rubric for the proposition that a court can authorize the payment of pre-petition claims if such

payment is essential to the continued operation of the debtor"); see also In re CoServ, L.L.C., 273

B.R. 487, 497 (Bankr. N.D. Tex. 2002) (stating "it is only logical that the bankruptcy court be able

to use Section 105(a) of the Code to authorize satisfaction of the pre-petition claim in aid of

preservation or enhancement of the estate").

23.     The payment of pre-petition claims under the doctrine of necessity is consistent

with the "two recognized policies" of Chapter 11 of the Bankruptcy Code: preserving going

concern value and maximizing property available to satisfy creditors. See Bank of Am. Nat'l Trust

& Savs. Ass'n. v. 203 N. LaSalle St. P'ship, 526 U.S. 434, 453 (1999). It is consistent with

Bankruptcy Rule 6003, which implies that the payment of pre-petition obligations may be

permissible within the first twenty-one (21) days of a case where doing so is "necessary to avoid immediate and irreparable harm."

24.    The relief requested by this Motion represents a sound exercise of the Debtor's business judgment, is necessary to avoid immediate and irreparable harm to the Debtor's estate and is justified under sections 105(a), 363(b), and 503(b) of the Bankruptcy Code. As noted herein, the Debtor is required legally and contractually to maintain certain Insurance Policies and Programs and the nature of the Debtor's Business makes it essential for it to maintain all Insurance Policies and Programs on an ongoing and uninterrupted basis. If any of the Debtor's Insurance Policies and Programs are terminated or lapse, the Debtor could be exposed to substantial liability to the detriment of all parties-in-interest. Additionally, the Debtor must maintain most of the Insurance Policies and Programs to comply with the guidelines of the U.S. Trustee.

25.    Similarly, pursuant to state law, the Debtor must maintain the Workers' Compensation Program. If the Debtor fails to maintain the Workers' Compensation Program, among other things, state law may prohibit it from operating. Granting authority to pay all Workers' Compensation Program obligations, therefore, is crucial to the continued operation of the Debtor's Business.

26.    In sum, the continuation of the Insurance Policies and Programs and the authority to pay, in the Debtor's discretion, all Insurance Obligations, including any unpaid pre-petition Insurance Obligations, is essential to preserve the Debtor's Business and the value of the Debtor's estate for all parties-in-interest.

27.    Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting a "motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to

7

pay all or part of a claim that arose before the filing of the petition" before twenty-one (21) days

after filing of the petition. Fed. R. Bankr. P. 6003(b). Disruptions regarding the Insurance Policies

and Programs could severely prejudice the Debtor's chance for reorganization, cause the Debtor

to violate state law or applicable U.S. Trustee guidelines, harm the Debtor's ability to retain

employees, and expose the Debtor to risks from uninsured liabilities.

28.    Late payments could frustrate the Debtor's relationships with employees and

cause other severe and irreparable disruptions to the Debtor's Business which would have a

negative impact on all parties-in-interest. Accordingly, the Debtor has satisfied the requirements

of Bankruptcy Rule 6003.

29.    To implement the foregoing successfully, the Debtor requests a waiver of the notice

requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy

Rule 6004(h), to the extent such stay applies.

WHEREFORE the Debtor respectfully requests entry of the Proposed Order granting the

relief requested herein and such other and further relief as the Court may deem just and appropriate.

Respectfully Submitted,


Dated: August 15, 2021            By: */s/ Edmond M. George*
                                  Edmond M. George, Esquire
                                  Michael D. Vagnoni, Esquire (*pro hac vice* pending)
                                  Turner N. Falk, Esquire
                                  OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
                                  1120 Route 73, Suite 420
                                  Mount Laurel, NJ 08054-5108
                                  Telephone: (856) 795-3300
                                  Facsimile: (856) 482-0504
                                  E-mail:  edmond.george@obermayer.com
                                       michael.vagnoni@obermayer.com
                                       turner.falk@obermayer.com

                                  *Proposed Counsel to Chapter 11 Debtor, Aluminum
                                  Shapes, L.L.C.*

8

## EXHIBIT A: INSURANCE POLICIES

Fireman's Fund Insurance Company (An Allianz Company)
Policy No. USC010400200
Property Insurance

Chubb Insurance Company Of New Jersey
Policy No. 7819-25-91
Commercial Umbrella Insurance

Chubb Insurance Company Of New Jersey
Policy No. (20) 9949-99-79
Business Auto Insurance

Chubb Insurance Company Of New Jersey
Policy No. 3603-87-65 EUC
Commercial General Liability Insurance

Chubb Insurance Company Of New Jersey
Policy No. 8255-5284
Primary Insurance: Directors and Officers, Employment Practices, Fiduciary Liability, Crime,
Kidnapping Ransom and Extortion

Great Northern Insurance Company
Policy No. 9950-35-95 PHL
International Commercial Insurance

ACE American Insurance Company
Policy No. PPL G24870388 014
Premises Pollution Liability Insurance

XL Specialty Insurance Company
Policy No. ELU172175-20
Excess Criminal Liability Insurance

XL Specialty Insurance Company
Policy No. ELU172149-20
Excess D&O Insurance

Insurance Company Of The West
Policy No. WPH-5038375-03
Worker's Compensation and Employers Liability Insurance

**ALUMINIUM SHAPES, L.L.C.**

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b) FOR AUTHORITY TO (I) MAINTAIN, RENEW AND CONTINUE INSURANCE POLICIES AND PROGRAMS AND (II) HONOR ALL INSURANCE OBLIGATIONS (the "Insurance Motion")**

**The Exhibits B - K to the Debtor's Insurance Motion have been excluded from service due to their size.**

**Exhibits B - K are available for review and downloaded free of charge at the website of the Debtors' proposed Claims and Noticing Agent, Epiq Corporate Restructuring, LLC ("Epiq") at https://dm.epiq11.com/aluminiumshapes. The Exhibits are located within Docket No. 12.**

**You may also request a copy of the excluded attachments by contacting Epiq via email at AluminumShapesInfo@epiqglobal.com.**

**EXHIBIT B**

| Claim Name | Address Information |
|---|---|
| AIRGAS SAFETY | 120 WHARTON ROAD BRISTOL PA 19007 |
| ALLIED MINERAL PRODUCTS, INC. | ATTN: MIKE GAVIN 2700 SCIOTO PARKWAY COLUMBUS OH 43221-4660 |
| AMERICAN EXPRESS | ATTN: STEPHEN J. SQUERI THREE WORLD FINANCIAL CENTER 200 VESEY STREET NEW YORK NY 10285-4803 |
| ATTAR METALS INC. | ATTN: DONNA MUSSEL 6290 NETHERHARD ROAD MISSISSAUGA ON L5T 1B7 CANADA |
| COVENTYA, INC | ATTN: JASON POTTS 4639 VAN EPPS RD BROOKLYN  HEIGHTS OH 44131 |
| ENERGY POWER INVESTMENT CO, LLC | ATTN: STEVEN GABRIELLE 1605 N. CEDAR CREST BLVD SUITE 509 ALLENTOWN PA 18104 |
| GREANEY CONSULTING LLC | ATTN: CHRIS GREANEY 800 VILLAGE WALK GUILFORD CT 06437 |
| HARRIS, BAIO & MCCULLOUGH | ATTN: GEORGE HARRIS 520 S. FRONT STREET PHILADELPHIA PA 19147 |
| HOUSE OF METALS | 45 COMMERCIAL ROAD TORONTO ON M4G 1Z3 CANADA |
| INDIGO GLOBAL | ATTN: MELISSA ANAGNOSTAKOS 1500 MARKET STREET SUITE 3500E PHILADELPHIA PA 19107 |
| INDILAW LLP | ATTN: BHANU B. ILINDRA, ESQ. TWO LIBERTY PLACE 50 S. 16TH STREET, SUITE 2710 PHILADELPHIA PA 19102 |
| INTERNAL REVENUE SERVICE | 600 ARCH STREET PHILADELPHIA PA 19106 |
| INTERNAL REVENUE SERVICES | CENTRALIZED INSOLVENCY OPERATION PO BOX 7346 PHILADELPHIA PA 19101-7346 |
| INTERNAL REVENUE SERVICES | LOCAL OFFICE 600 ARCH STREET PHILADELPHIA PA 19106 |
| INTERNAL REVENUE SERVICES | DEPARTMENT OF THE TREASURY 1500 PENNSYLVANIA AVENUE, N.W. WASHINGTON DC 20220 |
| LABRADOR RECYCLING | ATTN: FABIO FOLINO 115 STEVENS STREET SPRINGFIELD MA 01104 |
| MCCARTER & ENGLISH, LLP | (COUNSEL TO TIGER FINANCE, LLC) ATTN: JOSEPH LUBERTAZZI, JR., ESQ. FOUR GATEWAY CENTER 100 MULBERRY STREET NEWARK NJ 07102 |
| MCCARTER & ENGLISH, LLP | (COUNSEL TO TIGER FINANCE, LLC) ATTN: FRANKLIN BARBOSE, JR., ESQ. FOUR GATEWAY CENTER 100 MULBERRY STREET NEWARK NJ 07102 |
| NATHAN H KELMAN, INC | ATTN: NATHAN H. KELMAN 41 EUCLID STREET COHOES NY 12047 |
| NORTHEAST METAL TRADERS | ATTN: MITCHELL GOLDBERG 7345 MILNOR STREET PHILADELPHIA PA 19136 |
| OFFICE OF THE UNITED STATES TRUSTEE | ONE NEWARK CENTER 1085 RAYMOND BOULEVARD, SUITE 2100 NEWARK NJ 07102 |
| OFFICE OF THE US ATTORNEY GENERAL | U.S. DEPARTMENT OF JUSTICE ATTN: MATTHEW G. WHITAKER 950 PENNSYLVANIA AVENUE, N.W. WASHINGTON DC 20530-0001 |
| P.S.E. & G. | ATTN: RALPH IZZO 150 HOW LN NEW BRUNSWICK NJ 08901 |
| RIEMER & BRAUNSTEIN LLP | (COUNSEL TO SECURED LENDER TIGER FINANCE, LLC) ATTN: ANTHONY B. STUMBO, ESQ. TIMES SQUARE TOWER SEVEN TIMES SQUARE, SUITE 2506 NEW YORK NY 10036 |
| SENTRY INSURANCE | ATTN: PETER G. MCPARTLAND 1800 NORTH POINT DRIVE STEVENS POINT WI 54481 |
| SOUTHEASTERN EXTRUSION TOOL | ATTN: JOE HANDBACK 50 STAPLES DR. FLORENCE AL 35630 |
| STATE OF NEW JERSEY | DEPT. OF ENVIRONMENTAL PROTECTION 401 E STATE ST. TRENTON NJ 08625 |
| SYNCHRONY BANK | C/O PRA RECEIVABLES MANAGEMENT, LLC ATTN: VALERIE SMITH, SR. MANAGER PO BOX 41021 NORFOLK VA 23541 |
| THE UNITED STATES ATTORNEY GENERAL | FOR THE STATE OF NEW JERSEY ATTN: ANDREW J. BRUCK 25 MARKET ST. TRENTON NJ 08611 |
| THE UNITED STATES ATTORNEY'S OFFICE | FOR THE DISTRICT OF NEW JERSEY PETER RODINO FEDERAL BUILDING 970 BROAD STREET, SUITE 700 NEWARK NJ 07102 |
| U.S. SMALL BUSINESS ADMINISTRATION | REGION II ATTN: MATT COLEMAN, REGIONAL COMMS DIR. 26 FEDERAL PLAZA, SUITE 3108 NEW YORK NY 10278 |
| US ENVIRONMENTAL PROTECTION AGENCY | REGION 2 290 BROADWAY, 17TH FLOOR 2 NEW YORK NY 10007-1866 |
| US ENVIRONMENTAL PROTECTION AGENCY | ATTN: SCOTT PRUITT, ADMINISTRATOR ARIEL RIOS BUILDING 1200 PENNSYLVANIA AVENUE, N.W. WASHINGTON DC 20460 |
| WABASH NATIONAL | P.O. BOX 6129 LAFAYETTE IN 47903 |
| WABASH NATIONAL | 1000 SAGAMORE PKWY S. LAFAYETTE IN 47905 |

ALUMINUM SHAPES
SERVICE List

| Claim Name | Address Information |
| --- | --- |

Total Creditor count  35

**EXHIBIT C**

ALUMINUM SHAPES

SERVICE List

| Claim Name | Address Information |
|---|---|
| M&T BANK | ATTN: JHITEA MULLEN ONE MALL NORTH 10025 GOVERNOR WARFIELD PKWY, SUITE 107 COLUMBIA MD 21044 |
| M&T BANK | ONE LIGHT STREET 16TH FLOOR BALTIMORE MD 21202 |
| PROVIDENT BANK | 239 WASHINGTON STREET JERSEY CITY NJ 07302 |
| PROVIDENT BANK | PO BOX 1001 ISELIN NJ 08830 |

**Total Creditor count  4**

**EXHIBIT D**

| Claim Name | Address Information |
|---|---|
| ACE AMERICAN INSURANCE COMPANY | 436 WALNUT STREET PO BOX 1000 PHILADELPHIA PA 19106 |
| CHUBB ENVIRONMENTAL RISK CLAIMS MANAGER | PO BOX 5103 SCRANTON PA 18505 |
| CHUBB INSURANCE COMPANY OF NJ | 202B HALLS MILL ROAD WHITEHOUSE STATION NJ 08889 |
| FIREMANS FUND INSURANCE COMPANY | (AN ALLIANZ COMPANY) 225 W. WASHINGTON STREET SUITE 1800 CHICAGO IL 60606 |
| GREAT NORTHERN INSURANCE COMPANY | 3618 WEST 26TH STREET CHICAGO IL 60623 |
| INSURANCE COMPANY OF THE WEST | 15025 INNOVATION DRIVE SAN DIEGO CA 92128-3455 |
| INSURANCE COMPANY OF THE WEST | PO BOX 509039 SAN DIEGO CA 92150 |
| XL PROFESSIONAL INSURANCE | 100 CONSTITUTION PLAZA 13TH FLOOR HARTFORD CT 06103 |
| XL SPECIALTY INSURANCE COMPANY | 70 SEAVIEW AVE STAMFORD CT 06902 |

**Total Creditor count  9**

**EXHIBIT E**

ALUMINUM SHAPES

SERVICE List

| Claim Name | Address Information |
|---|---|
| PENNSAUKEN TOWNSHIP | ATTN: DANA SURGNER MUNICIPAL BUILDING 5605 N. CRESCENT BLVD PENNSAUKEN NJ 08110 |

**Total Creditor count  1**

**EXHIBIT F**

ALUMINUM SHAPES
SERVICE List

| Claim Name | Address Information |
|---|---|
| ENERGY POWER INVESTMENT CO, LLC | 1605 N. CEDAR CREST BLVD SUITE 509 ALLENTOWN PA 18104 |
| MERCHANTVILLE-PENNSAUKEN WATER | ATTN: KARL N. MCCONNELL 6751 WESTFIELD AVE PENNSAUKEN NJ 08110 |
| MERCHANTVILLE-PENNSAUKEN WATER | ATTN: JACK KILLION 6751 WESTFIELD AVE PENNSAUKEN NJ 08110 |
| P.S.E. & G. | 150 HOW LN NEW BRUNSWICK NJ 08901 |
| P.S.E. & G. | P.O. BOX 14444 NEW BRUNSWICK NJ 08906 |
| XTEL COMMUNICATIONS | 10 LAKE CENTER EXECUTIVE PARK, SUITE 106 401 ROUTE 73 NORTH MARLTON NJ 08053 |
| XTEL COMMUNICATIONS | PO BOX 71402 PHILADELPHIA PA 19176-1402 |

**Total Creditor count  7**

**EXHIBIT G**

| Claim Name | Address Information |
|---|---|
| A.C. SHULTES, INC. | ATTN: MICHAEL G. SCHULTES 664 S EVERGREEN AVE WOODBURY HEIGHTS NJ 08097 |
| COMBINED METAL INDUSTRIES INC. | 454 DOBBIE DRIVE CAMBRIDGE ON N1T 1S7 CANADA |
| COMBINED METAL INDUSTRIES INC. | C/O HEITNER & BREITSTEIN ATTN: CARY R. STERNBACK 28 N MAIN ST 1429 MARLBORO NJ 07746 |
| DIRECT ENERGY BUSINESS MARKETING LLC | C/O FISHKINLUCKS ATTN: STEVEN MILES LUCKS ONE RIVERFRONT PLAZA, SUITE 410 NEWARK NJ 07102 |
| DIRECT ENERGY BUSINESS MARKETING LLC | 194 WOOD AVENUE SOUTH, SUITE 200 ISELIN NJ 08830 |
| DIRECT ENERGY BUSINESS MARKETING LLC | C/O MCDOWELL HETHERINGTON LLP ATTN: KATE H. EASTERLING 1001 FANNIN STREET, SUITE 2700 HOUSTON TX 77002 |
| EASTERN LIFT TRUCK CO INC. | 549 E LINWOOD AVENUE MAPLE SHADE NJ 08052 |
| EASTERN LIFT TRUCK CO. | C/O SALDUTTI LAW GROUP ATTN: ROBERT L. SALDUTTI 800 KINGS HWY N CHERRY HILL NJ 08034 |
| EQUIPMENT DEPOT PENNSYLVANIA, INC. | 741 INDEPENDENCE AVENUE MECHANICSBURG PA 17055 |
| EQUIPMENT DEPOT PENNSYLVANIA, INC. | C/O GREGORY SHIELDS LAW ATTN: GREGORY S. SHIELDS 107 CHESLEY DR STE 5 MEDIA PA 19063 |
| EULER HERMES NORTH AMERICA INSURANCE CO. | C/O HEITNER & BREITSTEIN ATTN: CARY R. STERNBACK 28 N MAIN ST 1429 MARLBORO NJ 07746 |
| EULER HERMES NORTH AMERICA INSURANCE CO. | 800 RED BROOK BLVD. OWINGS MILLS MD 21117 |
| GENERAL CHEMICAL & SUPPLY | ATTN: DAVID MCDONOUGH 858 N. LENOLA RD, UNIT 1A MOORESTOWN NJ 08057 |
| IFM EFECTOR INC. | C/O HEITNER & BREITSTEIN ATTN: CARY R. STERNBACK 28 N MAIN ST 1429 MARLBORO NJ 07746 |
| IFM EFECTOR INC. | 1100 ATWATER DRIVE MALVERN PA 19355 |
| MARDINLY INDUSTRIAL POWER, LLC | 701 PARKWAY DR BROOMALL PA 19008 |
| MELTON TRUCK LINES, INC. | 808 N. 161ST EAST AVE. TULSA OK 74116 |
| MELTON TRUCK LINES, INC. | C/O HEATH E. HARDCASTLE 15 WEST 6TH STREET SUITE 2600 TULSA OK 74119 |
| PYROTEK INC. | C/O LEWIS BRISBOIS BISGAARD & SMITH, LLP ATTN: JONATHAN M. PREZIOSI ONE RIVERFRONT PLAZA, SUITE 800 NEWARK NJ 07102 |
| PYROTEK INC. | 1285 CLAREMONT ROAD CARSLILE PA 17015 |
| TALEN ENERGY MARKETING, LLC | 600 HAMILTON ST., SUITE 600 ALLENTOWN PA 18101 |
| TALEN ENERGY MARKETING, LLC | C/O FITZPATRICK LENTZ & BUBBA, P.C. ATTN: JUAN P. CAMACHO 645 WEST HAMILTON STREET, SUITE 800 ALLENTOWN NJ 18101 |
| TALEN ENERGY MARKETING, LLC | C/O FITZPATRICK LENTZ & BUBBA, P.C. ATTN: JOSEPH S. DAMICO, JR. 645 WEST HAMILTON STREET, SUITE 800 ALLENTOWN NJ 18101 |
| TALEN ENERGY MARKETING, LLC | 2 NORTH 9TH STREET ALLENTOWN PA 18101 |
| TEAMSTERS LOCAL 837 401(K) PLAN | C/O MARKOWITZ & RICHMAN ATTN: THOMAS HERMAN KOHN 123 S. BROAD STREET, SUITE 2020 PHILADELPHIA PA 19109 |
| TEAMSTERS LOCAL 837 401(K) PLAN | 12275 TOWNSEND ROAD PHILADELPHIA PA 19154 |
| TEAMSTERS LOCAL 837 HEALTH AND WELFARE FUND | C/O MARKOWITZ & RICHMAN ATTN: THOMAS HERMAN KOHN 123 S. BROAD STREET, SUITE 2020 PHILADELPHIA PA 19109 |
| TEAMSTERS LOCAL 837 HEALTH AND WELFARE FUND | C/O MARKOWITZ & RICHMAN ATTN: MATTHEW D. AREMAN 123 S. BROAD STREET, SUITE 2020 PHILADELPHIA PA 19109 |
| UGI ENERGY SERVICES, LLC | C/O DYER PETERSON ATTN: GREGORY EDWIN PETERSON 322 U.S. HIGHWAY 46, SUITE 220E PARSIPPANY NJ 07054 |
| UGI ENERGY SERVICES, LLC | 835 KNITTING MILLS WAY WYOMISSING PA 19610 |

Total Creditor count  30

**EXHIBIT H**

Aluminum Shapes, L.L.C.
Case No. 21-16520
OCP Overnight Mail Service

CROWE LLP
ATTN: CHARLES HOLLINGSWORTH
485 LEXINGTON AVENUE
11TH FLOOR
NEW YORK, NY 10017

SMITHAMUNDSEN LLC
ATTN: MATTHEW W. HORN, ESQ.
150 NORTH MICHIGAN AVENUE
SUITE 3300
CHICAGO, IL 60601

**EXHIBIT I**

Case No. 21-16520

Core-2002-Top 20 Email Service List

| Name | Email Address |
|------|---------------|
| ATTAR METALS INC. | info@attarmetals.com |
| COVENTYA, INC | j.potts@coventya.com |
| ENERGY POWER INVESTMENT CO, LLC | sgabrielle@eppservice.com |
| GREANEY CONSULTING LLC | chris.greaney@greaneyconsulting.com |
| HARRIS, BAIO & MCCULLOUGH | george@hbmadv.com |
| INDIGO GLOBAL | info@indigoglobalcorp.com |
| INDILAW LLP | bhanu@bbilawgroup.com |
| INDILAW LLP | araju@rajullp.com |
| LABRADOR RECYCLING | oz@labrecy.com |
| MCCARTER & ENGLISH LLP | jlubertazzi@mccarter.com |
| MCCARTER & ENGLISH LLP | fbarbosa@mccarter.com |
| NATHAN H KELMAN, INC | nate.kelman@nhkelman.com |
| NORTHEAST METAL TRADERS | nemt@metaltrader.com |
| PRA RECEIVABLES MANAGEMENT, LLC | claims_rmsc@pragroup.com |
| RIEMER & BRAUNSTEIN LLP | astumbo@riemerlaw.com |
| SENTRY INSURANCE | natacctspremiumservices@sentry.com |
| SOUTHEASTERN EXTRUSION TOOL | jhanback@set-tool.com |
| U.S. SMALL BUSINESS ADMINISTRATION | disastercustomerservice@sba.gov |

Count: 18

**EXHIBIT J**

Aluminum Shapes, LLC
Case No. 21-16520
Banks Email Service List

| Name | Email Address |
|------|---------------|
| M&T BANK | jmullen1@mtb.com |

Count: 1

**EXHIBIT K**

Aluminum Shapes, LLC
Case No. 21-16520
Insurance Email Service List

| Name | Email Address |
|------|---------------|
| CHUBB ENVIRONMENTAL RISK CLAIMS MANAGER | casualtyriskenvironmentfirstnotice@chubb.com |
| XL PROFESSIONAL INSURANCE | proclaimnewnotices@xlcatlin.com |

Count: 2

**EXHIBIT L**

Case No. 21-16520

Tax Authorities Email Service List

| Name | Email Address |
| --- | --- |
| PENNSAUKEN TOWNSHIP | dsurgner@twp.pennsauken.nj.us |

Count: 1

**EXHIBIT M**

Case No. 21-16520

Utilities Email Service List

| Name | Email Address |
|---|---|
| MERCHANTVILLE-PENNSAUKEN WATER | kmcconnell@mpwc.com |
| MERCHANTVILLE-PENNSAUKEN WATER | jkillion@mpwc.com |
| P.S.E. & G. | pseg-baandr@pseg.com |
| XTEL COMMUNICATIONS | contact@xtel.net |

Count: 4

**EXHIBIT N**

Aluminum Shapes, LLC
Case No. 21-16520
DIP Email Service List

| Name | Email Address |
|---|---|
| A.C. SHULTES, INC. | schultesmg@gmail.com |
| COMBINED METAL INDUSTRIES INC.; EULER HERMES NORTH AMERICA INS; IFM EFECTOR INC. | crs@nycnjlaw.com |
| DIRECT ENERGY BUSINESS MARKETING LLC | slucks@fishkinlucks.com |
| EASTERN LIFT TRUCK CO. | rsaldutti@slgcollect.com |
| EQUIPMENT DEPOT PENNSYLVANIA, INC. | gshields@gshieldslaw.com |
| PYROTEK INC. | jonathan.preziosi@lewisbrisbois.com |
| TALEN ENERGY MARKETING, LLC | jsdamico@flblaw.com |
| TALEN ENERGY MARKETING, LLC | jcamacho@flblaw.com |
| TEAMSTERS LOCAL 837 HEALTH AND WELFARE FUND | mareman@markowitzandrichman.com |
| TEAMSTERS LOCAL 837 401(K) PLAN; TEAMSTERS LOCAL 837 HEALTH AND WELFARE FUND | tkohn@markowitzandrichman.com |
| UGI ENERGY SERVICES, LLC | ecourtsgep@dyerpeterson.com |

Count: 11