**<u>EXHIBIT C</u>**
**Sale Order**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| ***Caption in Compliance with D.N.J. LBR 9004-1(b)***<br>OBERMAYER REBMANN MAXWELL & HIPPEL LLP<br>Edmond M. George, Esquire<br>Michael D. Vagnoni, Esquire (pro hac vice)<br>Turner Falk, Esquire<br>1120 Route 73, Suite 420<br>Mount Laurel, NJ 08054-5108<br>Telephone: (856) 795-3300<br>Facsimile: (856) 482-0504<br>E-mail:   edmond.george@obermayer.com<br>          michael.vagnoni@obermayer.com<br>          turner.falk@obermayer.com<br><br>Proposed Counsel to the Debtor<br>and Debtor in Possession |

| | |
|---|---|
| In re:<br><br>ALUMINUM SHAPES, LLC,<br><br>                           Debtor. | Chapter 11<br><br>Case No. 21-16520 (JNP) |

**ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (B) AUTHORIZING THE DEBTOR TO ENTER INTO AND PERFORM ITS OBLIGATIONS UNDER THE ASSET PURCHASE AGREEMENT, (C) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (D) GRANTING RELATED RELIEF**

       The relief set forth on the following pages, numbered two (2) through thirty-one (31) is

hereby **ORDERED.**

**Page 2**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

Upon the motion (the "**Motion**"),[1] of the above-captioned debtor and debtor in possession (collectively, the "**Debtor**"), for entry of an order (this "**Sale Order**") (a) authorizing and approving the entry into and performance under the terms and conditions of that certain Asset Purchase Agreement, substantially in the form attached hereto as **Exhibit 1** (as may be amended, supplemented or restated, the "**Asset Purchase Agreement**"), and all other ancillary agreements (collectively, the "**Transaction Documents**"), by and among the Debtor and _____ (the "**Purchaser**"), (b) authorizing and approving the sale of those Assets set forth in the Asset Purchase Agreement (the "**Assets**") free and clear of all liens, claims, encumbrances, and other interests, except to the extent set forth in the Asset Purchase Agreement, and the assumption of certain assumed liabilities set forth in the Asset Purchase Agreement (the "**Assumed Liabilities**") pursuant to the Asset Purchase Agreement upon the closing of the Sale (the "**Closing**"), (c) authorizing the assumption and assignment of executory contracts and unexpired leases set forth on **Exhibit 2** attached hereto, as the same may be subsequently modified pursuant to the terms of the Asset Purchase Agreement (each, an "**Assigned Contract**," and, collectively, the "**Assigned Contracts**"), upon the Closing, subject to the payment by the Purchaser of any payments to cure any defaults arising under any Assigned Contract (the "**Cure Payments**"), the provision of adequate assurance by the Purchaser, as applicable, that it will promptly cure any non-monetary

---

[1] Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Motion or the Bidding Procedures Order (as defined herein), as applicable.

**Page 3**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

defaults existing prior to the Closing under the Assigned Contracts, and the provision of adequate assurance of future performance by the Purchaser under the Assigned Contracts, and (d) granting related relief, all as more fully set forth in the Motion; and this Court having entered the Order (A) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assignment and Assumption of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief [Docket No. _____] (the "**Bidding Procedures Order**");[2] and the Debtor having conducted an auction (the "Auction") for the Business or Assets; and the Debtor having determined that the Purchaser has submitted the highest or otherwise best bid for the Assets and determined that the Purchaser is the Successful Bidder and that _____ is the Back-Up Bidder (as defined in the Bidding Procedures), in accordance with the Bidding Procedures; and the Court having conducted a hearing on the Motion (the "**Sale Hearing**"), at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and the Court having reviewed and considered the Motion, the Asset Purchase Agreement, and any and all objections to the Sale and the Transaction Documents filed in accordance with the Bidding Procedures Order; and the Court having heard statements of counsel and the evidence presented in support of the relief requested in the Motion at the Sale Hearing and in the Declaration of Justin Magner, of Cowen and Company, LLC the Debtor's

---

[2] All references herein to the Bidding Procedures Order shall also be deemed to be references to the bidding procedures approved thereby (the "**Bidding Procedures**").

Page 4

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

Investment Bankers submitted in support of the Sale (the "**Magner Declaration**"); and it appearing that due notice of the Motion, the Sale Hearing, the Asset Purchase Agreement, and the Sale has been provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, stakeholders, and all other parties in interest; and it appearing that the Court has jurisdiction over this matter; and it appearing that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation, it is hereby FOUND, CONCLUDED, AND DETERMINED THAT:

### Jurisdiction, Venue, and Final Order

A.      This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

C.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding

Page 5

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute

conclusions of law, they are adopted as such.

### Notice of the Motion, Auction, Sale Hearing, Asset Purchase Agreement and Sale  and the Cure Payments

D.      As evidenced by the affidavits of service and publication previously filed with this

Court, proper, timely, adequate, and sufficient notice of the Motion, the Auction, the Sale Hearing,

the Asset Purchase Agreement, and the Sale has been provided in accordance with sections 102(1),

363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014.

The Debtor has complied with all obligations to provide notice of the Motion, the Auction, the

Sale Hearing, the Asset Purchase Agreement, and the Sale as required by the Bidding Procedures

Order. The foregoing notice was good, sufficient, and appropriate under the circumstances, and no

other or further notice of the Motion, the Auction, the Sale Hearing, the Asset Purchase Agreement,

or the Sale is required. With respect to entities whose identities are not reasonably ascertained by

the Debtor, publication of the Sale Notice (as defined in the Motion) was sufficient and reasonably

calculated under the circumstances to reach such entities.

E.      A reasonable opportunity to object or to be heard regarding the relief requested in

the Motion was afforded to all interested persons and entities.

F.      In accordance with the Bidding Procedures Order, the Debtor has served a notice

of their intent to assume and assign the Assigned Contracts and of the Cure Payments upon each

counterparty to an Assigned Contract. The service and provision of such notice was good,

**Page 6**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

sufficient, and appropriate under the circumstances and no further notice need be given in respect of the assumption and assignment of the Assigned Contracts or establishing a Cure Payment for the respective Assigned Contracts. Counterparties to the Assigned Contracts have had an adequate opportunity to object to the assumption and assignment of the applicable Assigned Contracts and the Cure Payments set forth in the notice (including objections related to the adequate assurance of future performance and objections based on whether applicable law excuses the counterparty from accepting performance by, or rendering performance to, the Purchaser (or its designee) for purposes of section 365(c)(1) of the Bankruptcy Code). All objections, responses, or requests for adequate assurance, if any, have been resolved, overruled, or denied, as applicable.

## Highest and Best Offer

G.      As demonstrated by the Magner Declaration, the evidence proffered or adduced at the Sale Hearing, and the representations of counsel made on the record at the Sale Hearing, the Debtor conducted a sale process in accordance with, and have, along with the Purchaser, complied in all respects with, the Bidding Procedures Order and afforded a full, fair, and reasonable opportunity for any interested party to make a higher or otherwise better offer to purchase the Business or Assets and assume the Assumed Liabilities.

H.      The Debtor and its advisors engaged in a robust and extensive marketing and sale process in accordance with the Bidding Procedures Order and the sound exercise of the Debtor's business judgment

**Page 7**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

I.     The Debtor and the Purchaser have negotiated and undertaken their roles leading to the entry into the Asset Purchase Agreement in a diligent, non-collusive, fair, reasonable, and good faith manner.

J.     The Debtor conducted a fair and open sale process and the sale process, the Bidding Procedures, and the Auction were non-collusive, duly noticed, and provided a full, fair, reasonable, and adequate opportunity for any entity that either expressed an interest in acquiring the Business or Assets, or who the Debtor believed may have had an interest in acquiring the Assets, to make an offer to purchase the Debtor's Assets.

K.     The sale process conducted by the Debtor pursuant to the Bidding Procedures Order and the Bidding Procedures resulted in the highest or otherwise best value for the Business or Assets for the Debtor and its estate, its creditors, and all parties in interest, and any other transaction would not have yielded as favorable a result.

L.     The Debtor has demonstrated good, sufficient, and sound business reasons and justifications for entering into the Sale and the performance of its obligations under the Asset Purchase Agreement.

M.     The Debtor has also determined, in a valid and sound exercise of their business judgment and in consultation with their advisors and the Consultation Parties, that the next highest or otherwise best Qualified Bid (as defined in the Bidding Procedures) (the "**Back-Up Bid**") for all or substantially all of the Assets was _____, as the Back-Up Bidder.

**Page 8**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

N.     The consummation of the Sale outside a plan of reorganization pursuant to the Asset Purchase Agreement neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a plan of reorganization or liquidation for the Debtor. The Sale does not constitute a sub rosa plan for which approval has been sought without the protections that a disclosure statement would afford.

O.     Entry of an order approving the Asset Purchase Agreement and all the provisions thereof is a necessary condition precedent to Purchaser's consummation of the Sale, as set forth in and pursuant to the Asset Purchase Agreement.

## Personal Identifiable Information

P.     The Debtor does not use personal information and therefore a confidential information ombudsman is not necessary or required.

## Good Faith of Purchaser

Q.     The consideration to be paid by the Purchaser under the Asset Purchase Agreement was negotiated at arm's-length, in good faith and without collusion pursuant to section 363(m) of the Bankruptcy Code and constitutes reasonably equivalent value and fair and adequate consideration for the Assets. Specifically: (i) the Purchaser recognizes that the Debtor was free to deal with any other party interested in purchasing the Business or Assets; (ii) the Purchaser complied in all respects with the provisions in the Bidding Procedures Order in negotiating and entering into the Transaction Documents, and the transactions described therein comply with the

Page 9

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

Bidding Procedures Order; (iii) the Purchaser agreed to subject any bid to the competitive bid

procedures set forth in the Bidding Procedures Order; (iv) all payments made by the Purchaser in

connection with the Sale have been disclosed in the Asset Purchase Agreement; (v) no common

identity of directors, officers or controlling member exists among the Purchaser and the Debtor;

(vi) the negotiation and execution of the Asset Purchase Agreement and the other Transaction

Documents were at arm's-length and in good faith, and at all times each of the Purchaser and the

Debtor was represented by competent counsel of their choosing; (vii) the Purchaser did not in any

way induce or cause the chapter 11 filing of the Debtor; and (viii) the Purchaser has not acted in a

collusive manner with any person. The Purchaser will be acting in good faith within the meaning

of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Asset

Purchase Agreement and the other Transaction Documents. The terms and conditions set forth in

the Asset Purchase Agreement are fair and reasonable under the circumstances and were not

entered into for the purpose of, nor do they have the effect of, hindering, delaying, or defrauding

the Debtor or its creditors under any applicable laws.

R.      The Debtor and the Purchaser, and each of their respective management, boards of

directors, members, officers, directors, managers, employees, agents, and representatives, have

acted in good faith. The Asset Purchase Agreement and the other Transaction Documents, and

each of the transactions contemplated therein, were negotiated, proposed, and entered into by the

Debtor and the Purchaser in good faith, without collusion or fraud, and from arm's-length

**Page 10**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

---

bargaining positions. The Purchaser is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code, and, as such, is entitled to all the protections afforded thereby.

### No Fraudulent Transfer

S.      The consideration provided by the Purchaser pursuant to the Asset Purchase Agreement for its purchase of the Assets and the assumption of the Assumed Liabilities constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and under the laws of the United States, any state, territory, possession, or the State of New Jersey.

T.      Neither the Purchaser nor its past, present and future subsidiaries, parents, divisions, affiliates, agents, representatives, insurers, attorneys, successors and assigns, nor any of its nor their respective directors, managers, officers, employees, shareholders, members, agents, representatives, attorneys, contractors, subcontractors, independent contractors, owners, insurance companies or partners (each, a "**Purchaser Party**" and collectively, the "**Purchaser Parties**") is a continuation of the Debtor or its estate and no Purchaser Party is holding itself out to the public as a continuation of the Debtor or its estate simply by closing the Sale, and the Sale does not amount to a consolidation, merger, or de facto merger of the Purchaser (or any other Purchaser Party) and the Debtor.

**Page 11**
**Debtor:**          **Aluminum Shapes, L.L.C.**
**Case No:**         **21-16520-JNP**
**Caption of Order:**  **Order (A) Approving the Sale of Substantially All of the Debtor's
                      Assets Free and Clear of All Liens, Claims, Encumbrances and
                      Interests, (B) Authorizing the Debtor to Enter into and Perform its
                      Obligations Under the Asset Purchase Agreement, (C) Approving
                      Assumption and Assignment of Certain Executory Contracts and
                      Unexpired Leases, and (D) Granting Related Relief**

---

### Validity of Transfer

U.      The Debtor's Managers have authorized the execution and delivery of the Asset
Purchase Agreement and the Sale of the Assets to the Purchaser (or its designee). The Debtor (i)
has full corporate power and authority to execute and deliver the Asset Purchase Agreement and
all other documents contemplated thereby, as applicable, (ii) have all of the power and authority
necessary to consummate the Sale, and (iii) have taken all action necessary to authorize and
approve the Asset Purchase Agreement and to consummate the Sale, and no further consents or
approvals, other than those expressly provided for in the Asset Purchase Agreement, are required
for the Debtor to consummate the transactions contemplated by the Asset Purchase Agreement,
except as otherwise set forth in the Asset Purchase Agreement. The Assets constitute property of
the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code and title thereto
is presently vested in the Debtor's estate.

### Section 363(f) of the Bankruptcy Code is Satisfied

V.      The Sale of the Assets to the Purchaser (or its designee) and the assumption and
assignment to the Purchaser of the Assigned Contracts under the terms of the Asset Purchase
Agreement meets the applicable provisions of section 363(f) of the Bankruptcy Code such that the
Sale of the Assets will be free and clear of any and all liens, claims, encumbrances, and interests,
and will not subject any Purchaser Party to any liability for any liens, claims, encumbrances, and
interests whatsoever (including, without limitation, under any theory of equitable law, antitrust, or

Page 12
Debtor:            **Aluminum Shapes, L.L.C.**
Case No:          **21-16520-JNP**
Caption of Order:  **Order (A) Approving the Sale of Substantially All of the Debtor's
                   Assets Free and Clear of All Liens, Claims, Encumbrances and
                   Interests, (B) Authorizing the Debtor to Enter into and Perform its
                   Obligations Under the Asset Purchase Agreement, (C) Approving
                   Assumption and Assignment of Certain Executory Contracts and
                   Unexpired Leases, and (D) Granting Related Relief**

---

successor or transferee liability), except as expressly provided in the Asset Purchase Agreement

with respect to the Assumed Liabilities (as defined in the Asset Purchase Agreement). All holders

of liens, claims, encumbrances, and interests who did not object, or withdrew their objections to

the Sale, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy

Code, and all holders of liens, claims, encumbrances, and interests are adequately protected

thereby satisfying section 363(e) of the Bankruptcy Code by having their liens, claims,

encumbrances, and interests, if any, attach to the proceeds of the Sale ultimately attributable to the

property against or in which they assert liens, claims, encumbrances, and interests, or other

specifically dedicated funds, in the same order of priority and with the same validity, force, and

effect that such holder had prior to the Sale, subject to any rights, claims, and defenses of the

Debtor or its estate, as applicable. Those holders of claims who did object and that have an interest

in the Assets fall within one or more of the other subsections of section 363(f) of the Bankruptcy

Code.

W.     The transfer of the Assets to the Purchaser (or its designee) under the Asset

Purchase Agreement will be a legal, valid, and effective transfer of all of the legal, equitable, and

beneficial right, title, and interest in and to the Assets free and clear of all liens, claims,

encumbrances, and interests, except as expressly provided in the Asset Purchase Agreement with

respect to the Assumed Liabilities. The Debtor may sell interests in the Assets free and clear of all

liens, claims, encumbrances, and interests because, in each case, one or more of the standards set

**Page 13**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

---

forth in section 363(f) have been satisfied. The Purchaser would not have entered into the Transaction Documents and would not consummate the transactions contemplated thereby, including, without limitation, the Sale and the assumption and assignment of the Assigned Contracts (i) if the transfer of the Assets were not free and clear of all interest of any kind or nature whatsoever, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory and/or applicable state or federal law or otherwise or (ii) if the Purchaser or any of its affiliates or designees would, or in the future could, be liable for any interests, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory and/or applicable state or federal law or otherwise, in each case subject only to the Assumed Liabilities. Not transferring the Assets free and clear of all interests of any kind or nature whatsoever, including, without limitation, rights or claims based on any successor, transferee, derivative or vicarious liability or any similar theory and/or applicable state or federal law or otherwise (subject only to the Assumed Liabilities), would adversely impact the Debtor's efforts to maximize the value of its estate.

<u>**Assumption and Assignment of the Assigned Contracts**</u>

X.    The assumption and assignment of the Assigned Contracts pursuant to the terms of this Sale Order are integral to the Asset Purchase Agreement, are in the best interests of the Debtor and their estates, creditors, and other parties in interest, and represent the reasonable exercise of sound business judgment by the Debtor.

**Page 14**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

Y.      The Debtor has met all the requirements of section 365(b) of the Bankruptcy Code for each of the Assigned Contracts. The Purchaser (or its designee) and/or the Debtor have (i) cured and/or provided adequate assurance of prompt cure of any default existing prior to the Closing under all of the Assigned Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code, (ii) provided compensation or adequate assurance of compensation to any counterparty for actual pecuniary loss to such party resulting from a default prior to the Closing under any of the Assigned Contracts, and (iii) provided adequate assurance of future performance, all within the meaning of sections 365(b)(1)(B) and (C) of the Bankruptcy Code. The Purchaser has provided adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(b)(2)(B) and in accordance with the Bidding Procedures to the extent that any such assurance is required and not waived by the counterparties to such Assigned Contracts.

Z.      At any time prior to the rejection of an executory contract or unexpired lease, the Debtor shall have the right, in accordance with the Bidding Procedures Order, to serve a Supplemental Assumption Notice upon any non-Debtor counterparty thereto indicating the Debtor's intent to assume and assign such executory contract or unexpired lease. The objection deadline for all Assigned Contracts, other than those subject to a Supplemental Assumption Notice, lapsed on                    , 2021. Objections, if any, to the proposed assumption and assignment or the Cure Payment proposed in any Supplemental Assumption Notice with respect thereto, must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules

**Page 15**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

and the Local Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Payment, the correct Cure Payment alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon, so as to be actually received by, counsel to the Debtor. If the parties cannot agree on a resolution, the Debtor will seek an expedited hearing before the Court to determine the Cure Payment and approve the assumption and assignment to Purchaser. If there is no objection prior to the applicable objection deadline, then the counterparties will be deemed to have consented to the assumption and assignment to Purchaser and the Cure Payment, and such assumption and assignment to Purchaser and the Cure Payment shall be deemed approved by this Sale Order without further order of this Court.

AA.    The (i) transfer of the Assets to the Purchaser and (ii) assignment to the Purchaser of the Assigned Contracts, will not subject the Purchaser or any of its affiliates or designees to any liability whatsoever that arises prior to the Closing or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the State of New Jersey, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law, any theory of antitrust, successor, transferee, derivative, or vicarious liability or any similar theory and/or applicable state or federal law or otherwise, except for the Assumed Liabilities.

Page 16

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

---

### Consummation of the Sale

BB.      Based on the record of the Sale Hearing, and for the reasons stated on the record at the Sale Hearing, the sale of the Assets must be approved and consummated promptly to preserve the value of the Assets. Time, therefore, is of the essence in effectuating the Asset Purchase Agreement. As such, the Debtor and the Purchaser intend to close the sale of the Assets as soon as reasonably practicable. The Debtor has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the Asset Purchase Agreement. Accordingly, there is sufficient cause to waive the stay provided in the Bankruptcy Rules 6004(h) and 6006(d).

### NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

### General Provisions

1.      The Motion is GRANTED to the extent set forth herein.

2.      All objections to or reservation of rights with respect to the Motion or the relief requested therein that have not been withdrawn or resolved are overruled. All persons and entities who did not object or withdraw their objections to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

3.      The Asset Purchase Agreement and the other Transaction Documents, and all terms and conditions thereof, are hereby approved, and the Debtor is authorized to take any and all steps to attain Closing.

**Page 17**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

4.      The Back-Up Bidder is hereby approved as the Back-Up Bidder (as defined in the Bidding Procedures), and the Back-Up Bid is hereby approved and authorized as the Back-Up Bid (as defined in the Bidding Procedures). To the extent necessary, the terms and conditions of the Back-Up Bid will be fully determined and approved at a later date pursuant to a separate sale order consistent with the terms of the Back-Up Bid.

**Transfer of the Assets as set forth in the Asset Purchase Agreement**

5.      The Debtor is authorized and directed to (a) take any and all actions necessary or appropriate to perform, consummate, implement, and close the Sale in accordance with the terms and conditions set forth in the Transaction Documents and this Sale Order, (b) assume and assign any and all Assigned Contracts, and (c) take all further actions and execute and deliver the Transaction Documents and any and all additional instruments and documents that may be necessary or appropriate to implement the Asset Purchase Agreement and the other Transaction Documents and consummate the Sale in accordance with the terms thereof, all without further order of the Court.

6.      The Purchaser is not acquiring any of the Excluded Assets or assuming any of the Excluded Liabilities (as defined in the Asset Purchase Agreement).

7.      All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with, or which would be inconsistent with, the ability of the Debtor to

**Page 18**
**Debtor:**          **Aluminum Shapes, L.L.C.**
**Case No:**         **21-16520-JNP**
**Caption of Order:** **Order (A) Approving the Sale of Substantially All of the Debtor's
Assets Free and Clear of All Liens, Claims, Encumbrances and
Interests, (B) Authorizing the Debtor to Enter into and Perform its
Obligations Under the Asset Purchase Agreement, (C) Approving
Assumption and Assignment of Certain Executory Contracts and
Unexpired Leases, and (D) Granting Related Relief**

---

transfer the Assets to the Purchaser (or its designee) in accordance with the Asset Purchase

Agreement, the other Transaction Documents and this Sale Order.

8.     At Closing, all of the Debtor's right, title, and interest in and to, and possession of,

the Assets shall be immediately vested in the Purchaser (or its designee) pursuant to sections 105(a),

363(b), 363(f), and 365 of the Bankruptcy Code. Such transfer shall constitute a legal, valid,

enforceable, and effective transfer of the Assets. All persons or entities, presently or at or after the

Closing, in possession of some or all of the Assets, are directed to surrender possession of any and

all portions of the Assets to the Purchaser (or its designee) or its respective designees on the

Closing or at such time thereafter as the Purchaser (or its designee) may request.

9.     This Sale Order (a) shall be effective as a determination that, as of the Closing, (i)

no claims other than the Assumed Liabilities will be assertable against any Purchaser Party or any

of its respective assets, (ii) the Assets shall have been transferred to the Purchaser (or its designee)

free and clear of all liens, claims, encumbrances and interests, subject only to the Assumed

Liabilities, and (iii) the conveyances described herein have been effected, and (b) is and shall be

binding upon and govern the acts of all entities, including, without limitation, all filing agents,

filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars

of deeds, registrars of patents, trademarks, or other intellectual property, administrative agencies,

governmental departments, secretaries of state, federal and local officials, and all other persons

and entities who may be required by operation of law, the duties of their office, or contract, to

**Page 19**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and the other Transaction Documents. The Assets are sold free and clear of any reclamation rights. All liens, claims, encumbrances and interests on the Assets shall attach to the proceeds of the Sale ultimately attributable to the property against which such liens, claims, encumbrances and interests applied or other specifically dedicated funds, in the same order of priority and with the same validity, force, and effect that such liens, claims, encumbrances and interests applied prior to the Sale, subject to any rights, claims, and defenses of the Debtor or its estate, as applicable, or as otherwise provided herein. Notwithstanding anything to the contrary in this Order, the Asset Purchase Agreement, or any related agreements, documents, or other instruments, or otherwise all cash proceeds of the Sale shall be paid at the time of Closing to the DIP Lender (as defined in the "*Final Order Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 364, And 507 And Fed. R. Bankr. P. 2002, 4001 And 9014 (I) Authorizing Debtors And Debtors In Possession To Obtain Postpetition Financing, (II) Authorizing Use Of Cash Collateral, (III) Granting Liens And Super-Priority Claims, (IV) Granting Adequate Protection To Prepetition Secured Lenders; and (V) Modifying the Automatic Stay*", dated September [__], 2021 [D.R. No. __] (the **"Final DIP Order"**) for application against and the indefeasible payment of outstanding

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

DIP Obligations (as defined in the Final DIP Order) owing by the Debtors to the DIP Lender, in accordance with the Final DIP Order, until such time as all such obligations have been fully repaid and satisfied in full.

10.    Except as otherwise provided in the Asset Purchase Agreement (including with respect to the Assumed Liabilities), all persons and entities (and their respective successors and assigns), including, but not limited to, all debt security holders, equity security holders, affiliates, governmental, tax, and regulatory authorities, lenders, customers, vendors, employees, trade creditors, litigation claimants, and other creditors holding claims arising under or out of, in connection with, or in any way relating to, the Debtor, the Assets, and the ownership, sale, or operation of the Assets prior to Closing or the transfer of the Assets to the Purchaser (or its designee), are hereby forever barred, estopped, and permanently enjoined from asserting such claims against any Purchaser Party and its property. Following the Closing, no holder of any claim or interest shall interfere with the Purchaser's (or its designee's) title to or use and enjoyment of the Assets based on or related to any such claim or interest, or based on any action the Debtor may take in their Chapter 11 case.

11.    If any person or entity that has filed financing statements, mortgages, mechanic's claims, lis pendens, or other documents or agreements evidencing claims against the Debtor or in the Assets shall not have delivered to the Debtor prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of

**Page 21**
**Debtor:**              **Aluminum Shapes, L.L.C.**
**Case No:**             **21-16520-JNP**
**Caption of Order:**    **Order (A) Approving the Sale of Substantially All of the Debtor's
                         Assets Free and Clear of All Liens, Claims, Encumbrances and
                         Interests, (B) Authorizing the Debtor to Enter into and Perform its
                         Obligations Under the Asset Purchase Agreement, (C) Approving
                         Assumption and Assignment of Certain Executory Contracts and
                         Unexpired Leases, and (D) Granting Related Relief**

satisfaction, and/or releases of all liens, claims, encumbrances and interests that the person or entity

has with respect to the Debtor or Assets or otherwise, then only with regard to the Assets that are

purchased by the Purchaser (or its designee) pursuant to the Asset Purchase Agreement and this

Sale Order, (a) the Debtor is hereby authorized and directed to execute and file such statements,

instruments, releases, and other documents on behalf of the person or entity with respect to the

Assets, (b) the Purchaser (or its designee) is hereby authorized to file, register, or otherwise record

a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall

constitute conclusive evidence of the release of all liens, claims, interests, and encumbrances

against the Purchaser and the Assets, and (c) upon consummation of the Sale, the Purchaser (or its

designee) may seek in this Court or any other court to compel appropriate parties to execute

termination statements, instruments of satisfaction, and releases of all liens, claims, encumbrances

and interests that are extinguished or otherwise released pursuant to this Sale Order under section

363 of the Bankruptcy Code, and any other provisions of the Bankruptcy Code, with respect to the

Assets. This Sale Order is deemed to be in a recordable form sufficient to be placed in the filing

or recording system of each and every federal, state, or local government agency, department, or

office. Notwithstanding the foregoing, the provisions of this Sale Order authorizing the Sale and

assignment of the Assets free and clear of liens, claims, encumbrances and interests shall be self-

executing and neither the Debtor nor the Purchaser (or its designee) shall be required to execute or

**Page 22**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Sale Order.

### <u>No Successor or Transferee Liability</u>

12.      No Purchaser Party shall be deemed, as a result of any action taken in connection with the Asset Purchase Agreement, the consummation of the Sale contemplated by the Asset Purchase Agreement, or the transfer, operation, or use of the Assets to (a) be a legal successor, or otherwise be deemed a successor to the Debtor (other than, for the Purchaser, with respect to any Assumed Liabilities), (b) have, de facto or otherwise, merged with or into the Debtor, or (c) be an alter ego or a mere continuation or substantial continuation of the Debtor including, without limitation, within the meaning of any foreign, federal, state, or local revenue law, pension law, the Employee Retirement Income Security Act of 1974 ("**ERISA**") , tax law, labor law, products liability law, employment law, environmental law, or other law, rule, or regulation (including, without limitation, filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to the Debtor's liability under such law, rule, or regulation.

13.      Other than as expressly set forth in the Asset Purchase Agreement (including with respect to the Assumed Liabilities), no Purchaser Party shall have any responsibility for (a) any liability or other obligation of the Debtor or related to the Assets or (b) any claims against the Debtor. Except as expressly provided in the Asset Purchase Agreement (including with respect to

**Page 23**
**Debtor:** Aluminum Shapes, L.L.C.
**Case No:** 21-16520-JNP
**Caption of Order:** Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief

---

the Assumed Liabilities) with respect to the Purchaser, no Purchaser Party shall have any liability

whatsoever with respect to the Debtor operations or any of the Debtor's (or their predecessors' or

affiliates') obligations (as defined herein, "**Successor Liability**") based, in whole or part, directly

or indirectly, on any theory of successor or vicarious liability of any kind or character, or based

upon any theory of antitrust, environmental, successor, or transferee liability, de facto merger or

substantial continuity, labor and employment or products liability, whether known or unknown as

of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent,

liquidated or unliquidated, including, without limitation, liabilities on account of (a) any taxes

arising, accruing, or payable under, out of, in connection with, or in any way relating to the Assets

or the Assumed Liabilities prior to the Closing or in respect of pre-Closing periods or (b) any plan,

agreement, practice, policy, or program, whether written or unwritten, providing for pension,

retirement, health, welfare, compensation or other employee benefits which is or has been

sponsored, maintained or contributed to by the Debtor or with respect to which the Debtor has any

liability, whether or not contingent, including, without limitation, any "multiemployer plan" (as

defined in Section 3(37) of ERISA) or "pension plan" (as defined in Section 3(2) of ERISA) to

which the Debtor have at any time contributed, or had any obligation to contribute. Except to the

extent expressly included in the Assumed Liabilities with respect to the Purchaser or as otherwise

expressly set forth in the Asset Purchase Agreement, no Purchaser Party shall have any liability or

obligation under any applicable law, including, without limitation, (a) the WARN Act (29 U.S.C.

**Page 24**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

§§ 2101 et seq.), (b) the Comprehensive Environmental Response Compensation and Liability Act, (c) the Age Discrimination and Employment Act of 1967 (as amended), (d) the Federal Rehabilitation Act of 1973 (as amended), (e) the National Labor Relations Act, 29 U.S.C. § 151 et seq. (the "**NLRA**"), (f) the New Jersey Industrial Site Recovery Act ("ISRA"), or (g) any foreign, federal, state, or local labor, employment or environmental law, by virtue of the Purchaser's purchase of the Assets, assumption of the Assumed Liabilities, or hiring of certain employees of the Debtor pursuant to the terms of the Asset Purchase Agreement. Without limiting the foregoing, no Purchaser Party shall have any liability or obligation with respect to any environmental liabilities of the Debtor or any environmental liabilities associated with the Assets except to the extent they are Assumed Liabilities set forth in the Asset Purchase Agreement.

14.    Immediately prior to the Closing, the Purchaser was not an "insider" or "affiliate" of the Debtor, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors or controlling members existed between the Purchaser and the Debtor.

15.    Effective upon the Closing, all persons and entities are forever prohibited and enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against any Purchaser Party or their respective assets (including, without limitation, the Assets), with respect to any (a) claim in these Chapter 11 cases or in connection with or related to the Sale or the Debtor or (b) Successor Liability including, without limitation, the following actions with respect to clauses (a)

**Page 25**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

and (b): (i) commencing or continuing any action or other proceeding pending or threatened; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any lien, claim, interest, or encumbrance; (iv) asserting any setoff, right of subrogation, or recoupment of any kind; (v) commencing or continuing any action, in any manner or place, that does not comply with, or is inconsistent with, the provisions of this Sale Order or other orders of this Court, or the agreements or actions contemplated or taken in respect hereof; or (vi) revoking, terminating, failing, or refusing to renew any license, permit, or authorization to operate any business in connection with the Assets or conduct any of the businesses operated with respect to such assets. For the avoidance of doubt, nothing in this paragraph shall affect the post-Closing rights and remedies of counterparties to Assigned Contracts.

**<u>Good Faith of Purchaser</u>**

16.     The Sale contemplated by the Asset Purchase Agreement is undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including, without limitation, the assumption and assignment of the Assigned Contracts), unless such authorization and consummation of such Sale are duly and properly stayed pending such appeal.

4851-8471-7562.v1

**Page 26**
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-16520-JNP**
**Caption of Order:** **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief**

17. Neither the Debtor nor the Purchaser have engaged in any action or inaction that would cause or permit the Sale to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code.

## Assumption and Assignment of Assigned Contracts

18. The Debtor is authorized and directed at the Closing to assume and assign each of the Assigned Contracts to the Purchaser (or its designee) pursuant to sections 105(a) and 365 of the Bankruptcy Code and to execute and deliver to the Purchaser (or its designee) such documents or other instruments as may be necessary to assign and transfer the Assigned Contracts to the Purchaser (or its designee). The payment of the applicable Cure Payments (if any), the provision of adequate assurance by the Purchaser, as applicable, that it will promptly cure any non-monetary defaults existing prior to Closing under the Assigned Contracts, and the provision of adequate assurance of future performance by the Purchaser under the Assigned Contracts shall (a) effect a cure of all defaults existing thereunder as of the Closing and (b) compensate for any actual pecuniary loss to such counterparty resulting from such default.

19. Pursuant to section 365(f) of the Bankruptcy Code, subject to the payment of the applicable Cure Payments, the provision of adequate assurance by the Purchaser, as applicable, that it will promptly cure any non-monetary defaults existing prior to the Closing under the Assigned Contracts, and the provision of adequate assurance of future performance by the Purchaser under the Assigned Contracts, the Assigned Contracts to be assumed and assigned under

**Page 27**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Authorizing the Debtor to Enter into and Perform its Obligations Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief** |

the Asset Purchase Agreement shall be assigned and transferred to and remain in full force and effect for the benefit of, the Purchaser (or its designee) notwithstanding any provision in the contracts or other restrictions prohibiting their assignment or transfer. Any provisions in any Assigned Contract that prohibit or condition the assignment of such Assigned Contract to the Purchaser (or its designee) or allow the counterparty to such Assigned Contract to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Assigned Contract to the Purchaser (or its designee), constitute unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to the Purchaser (or its designee) of the Assigned Contracts have been satisfied. Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser (or its designee) shall be fully and irrevocably vested with all right, title, and interest of the Debtor under the Assigned Contracts, and such Assigned Contracts shall remain in full force and effect for the benefit of the Purchaser (or its designee). Each counterparty to the Assigned Contracts shall be forever barred, estopped, and permanently enjoined from (a) asserting against the Debtor or any Purchaser Party or their respective property any assignment fee, acceleration, default, breach or claim or pecuniary loss, or condition to assignment existing, arising or accruing as of the Closing or arising by reason of the Closing, including, without limitation, any breach related to or arising out of change-in-control provisions

**Debtor:**          **Aluminum Shapes, L.L.C.**
**Case No:**         **21-16520-JNP**
**Caption of Order:**   **Order (A) Approving the Sale of Substantially All of the Debtor's
Assets Free and Clear of All Liens, Claims, Encumbrances and
Interests, (B) Authorizing the Debtor to Enter into and Perform its
Obligations Under the Asset Purchase Agreement, (C) Approving
Assumption and Assignment of Certain Executory Contracts and
Unexpired Leases, and (D) Granting Related Relief**

---

in such Assigned Contracts, or any purported written or oral modification to the Assigned

Contracts and (b) asserting against any Purchaser Party (or its respective property, including,

without limitation, the Assets) any claim, counterclaim, defense, breach, condition, or setoff

asserted, or assertable against the Debtor existing as of the Closing or arising by reason of the

Closing except for the Assumed Liabilities.

20.     Upon the Closing and the payment of the relevant Cure Payments, if any, the

provision of adequate assurance by the Debtor or the Purchaser, as applicable, that it will promptly

cure any non-monetary defaults existing prior to the Closing under the Assigned Contracts, and

the provision of adequate assurance of future performance by the Purchaser under the Assigned

Contracts, the Purchaser (or its designee) shall be deemed to be substituted for the Debtor as a

party to the applicable Assigned Contracts and the Debtor shall be released, pursuant to section

365(k) of the Bankruptcy Code, from any liability under the Assigned Contracts. The failure of

the Debtor or the Purchaser (or its designee) to enforce at any time one or more terms or conditions

of any Assigned Contract shall not be a waiver of such terms or conditions or of the right of the

Debtor or the Purchaser (or its designee), as the case may be, to enforce every term and condition

of such Assigned Contract. Any party that may have had the right to consent to the assignment of

any Assigned Contract is deemed to have consented for the purposes of section 365(e)(2)(A) of

the Bankruptcy Code.

**Page 29**
**Debtor:**            **Aluminum Shapes, L.L.C.**
**Case No:**           **21-16520-JNP**
**Caption of Order:**  **Order (A) Approving the Sale of Substantially All of the Debtor's
                       Assets Free and Clear of All Liens, Claims, Encumbrances and
                       Interests, (B) Authorizing the Debtor to Enter into and Perform its
                       Obligations Under the Asset Purchase Agreement, (C) Approving
                       Assumption and Assignment of Certain Executory Contracts and
                       Unexpired Leases, and (D) Granting Related Relief**

21.     All defaults or other obligations of the Debtor under the Assigned Contracts arising
or accruing after the Sale Objection Deadline and prior to the Closing (without giving effect to any
acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the
Bankruptcy Code) shall be cured on the Closing, or as soon thereafter as reasonably practicable.

22.     The assignments of each of the Assigned Contracts are made in good faith under
sections 363(b) and 363(m) of the Bankruptcy Code.

### Other Miscellaneous Provisions

23.     Purchaser shall not be required to seek or obtain relief from the automatic stay
under section 362 of the Bankruptcy Code to enforce any of its remedies under the Asset Purchase
Agreement or any other Sale-related document. The automatic stay imposed by section 362 of the
Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence,
provided, however, that this Court shall retain exclusive jurisdiction over any and all disputes with
respect thereto.

24.     The terms and provisions of the Asset Purchase Agreement, the other Transaction
Documents and this Sale Order shall be binding in all respects upon the Debtor, its estate, all
creditors of (whether known or unknown) and holders of equity or member interests in the Debtor,
any holders of claims against or on all or any portion of the Assets, all counterparties to the
Assigned Contracts, and the Purchaser, and all of their respective successors and assigns including,
but not limited to, any subsequent trustee(s), examiner(s), or receiver(s) appointed in any of the

**Page 30**
**Debtor:**            **Aluminum Shapes, L.L.C.**
**Case No:**           **21-16520-JNP**
**Caption of Order:**  **Order (A) Approving the Sale of Substantially All of the Debtor's
                       Assets Free and Clear of All Liens, Claims, Encumbrances and
                       Interests, (B) Authorizing the Debtor to Enter into and Perform its
                       Obligations Under the Asset Purchase Agreement, (C) Approving
                       Assumption and Assignment of Certain Executory Contracts and
                       Unexpired Leases, and (D) Granting Related Relief**

---

Debtor's Chapter 11 case or upon conversion to Chapter 7 under the Bankruptcy Code, as to which

trustee(s), examiner(s), or receiver(s) such terms and provisions likewise shall be binding. The

Asset Purchase Agreement shall not be subject to rejection or avoidance by the Debtor, its estate,

its creditors, members, or any trustee(s), examiner(s), or receiver(s).

25.    The terms and provisions of this Sale Order and any actions taken pursuant hereto

shall survive entry of an order which may be entered: (a) confirming any chapter 11 plan in any of

this Chapter 11 case; (b) converting the Chapter 11 case to a case under chapter 7 of the Bankruptcy

Code; (c) dismissing the Chapter 11 case; or (d) pursuant to which this Court abstains from hearing

the Chapter 11 case. The terms and provisions of this Sale Order, notwithstanding the entry of any

such orders described in (a)-(d) above, shall continue in this Chapter 11 case, or following

dismissal of this Chapter 11 case.

26.    Each and every federal, state, and local governmental agency, department, or

official is hereby directed to accept any and all documents and instruments necessary and

appropriate to consummate the transactions contemplated by the Asset Purchase Agreement.

27.    The Asset Purchase Agreement may be modified, amended, or supplemented by

the parties thereto in accordance with the terms thereof, without further order of the Court,

provided that any such modification, amendment, or supplement does not, based on the Debtor's

business judgment, and in consultation with the Consultation Parties, have a material adverse effect

on the Debtor's estate or its creditors. The Debtor shall provide the Consultation Parties with prior

**Page 31**
**Debtor:**          **Aluminum Shapes, L.L.C.**
**Case No:**        **21-16520-JNP**
**Caption of Order:**   **Order (A) Approving the Sale of Substantially All of the Debtor's**
**Assets Free and Clear of All Liens, Claims, Encumbrances and**
**Interests, (B) Authorizing the Debtor to Enter into and Perform its**
**Obligations Under the Asset Purchase Agreement, (C) Approving**
**Assumption and Assignment of Certain Executory Contracts and**
**Unexpired Leases, and (D) Granting Related Relief**

---

notice of any such modification, amendment, or supplement of the Asset Purchase Agreement. For the avoidance of doubt, all other modifications, amendments, or supplements that have a material adverse effect on the Debtor's estate or their creditors shall require Court approval.

28.    The Asset Purchase Agreement and the Sale contemplated hereunder shall not be subject to any bulk sales laws or any similar law of any state or jurisdiction.

29.    All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

30.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014 or otherwise, the terms and conditions of this Sale Order shall be effective immediately upon entry and the Debtor and the Purchaser are authorized to close the Sale immediately upon entry of this Sale Order.

31.    To the extent there is any conflict between the terms of this Sale Order and the Asset Purchase Agreement, the terms of this Sale Order shall control. Nothing contained in any chapter 11 plan hereinafter confirmed in this Chapter 11 case or any order confirming such chapter 11 plan, or any other order of the Court, shall conflict with or derogate from the provisions of the Asset Purchase Agreement or any other Transaction Document or the terms of this Sale Order.

32.    The Court shall retain exclusive jurisdiction with respect to the terms and provisions of this Sale Order and the Asset Purchase Agreement.