| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>OBERMAYER REBMANN MAXWELL & HIPPEL LLP<br>Edmond M. George, Esquire<br>Michael D. Vagnoni, Esquire (pro hac vice)<br>Turner Falk, Esquire<br>1120 Route 73, Suite 420<br>Mount Laurel, NJ 08054-5108<br>Telephone: (856) 795-3300<br>Facsimile: (856) 482-0504<br>E-mail:  edmond.george@obermayer.com<br>          michael.vagnoni@obermayer.com<br>          turner.falk@obermayer.com<br><br>Proposed Counsel to the Debtor<br>and Debtor in Possession |

| | |
|---|---|
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-16520 (JNP) |

**DEBTOR'S MOTION FOR THE ENTRY OF AN ORDER EXTENDING THE
DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY PURSUANT TO SECTION 365(d)(4) OF THE
BANKRUPTCY CODE AND FOR RELATED RELIEF**

Aluminum Shapes, L.L.C., the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), by and through its undersigned proposed counsel, hereby files this motion for entry of an Order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), (a) extending the Debtor's deadline to assume or reject unexpired leases of nonresidential real property (collectively, the "**Unexpired Leases**") pursuant to section 365(d)(4) of title 11 of the United States Code, 11 U.S.C. Section 101, *et seq*. (the "**Bankruptcy Code**") for an additional 90 days, from March 13, 2022 through and including June 11, 2022, without prejudice to the Debtor's right to seek additional extensions of the period within which the Debtor may assume

4838-5473-9962.v1

or reject the Unexpired Leases and (b) for such other relief as this Court deems just and equitable (the "**Motion**"). In support of the Motion, the Debtor relies upon and incorporates by reference the *Declaration of Jordan Meyers in Support of Chapter 11 Petitions and First-Day Relief* [Docket No. 17] (the "**First Day Declaration**"). In further support of the Motion, the Debtor respectfully represents as follows:

## RELIEF REQUESTED

1. Pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtor seeks the entry of an Order, substantially in the attached form attached hereto, (a) extending the time within which the Debtor may assume or reject Unexpired Leases of nonresidential real property for an additional 90 days, from March 13, 2022 through and including June 11, 2022, without prejudice to the Debtor's right to seek further extensions of the time to assume or reject the Unexpired Leases as contemplated under section 365(d)(4)(B)(ii) of the Bankruptcy Code; and (b) granting related relief.[1]

2. For the reasons set forth below, the Debtor submits that cause exists for the relief requested and is in the best interest of the Debtor, its estate, creditors, stakeholders, and all other parties-in-interest. Respectfully, the Motion, therefore, should be granted.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] Notwithstanding anything to the contrary, the Debtor is not seeking a determination that any particular lease, contract, instrument, or other document constitutes an unexpired lease of nonresidential real property subject to the provisions of section 365(d)(4) of the Bankruptcy Code and all parties' rights are reserved with respect to such determination.

2

4838-5473-9962.v1

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The basis for the relief requested herein is section 365(d)(4) of the Bankruptcy Code.

## BACKGROUND

6. On August 15, 2021 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its assets as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On September 1, 2021, the Office of the United States Trustee for the District of New Jersey (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") in this chapter 11 case. No trustee or examiner has been appointed.

8. Information regarding the Debtor's business, assets, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the First Day Declaration.

9. The Debtor is an aluminum processor and is one of only a few processors in the country capable of and in possession of a completely vertically integrated plant and operations for the processing, annealing, cutting, fabricating, welding and extruding of aluminum.

10. The Debtor owns and operates a single location at 9000 River Road, Delair, NJ consisting of approximately 500,000 square feet of industrial space, including a cast house, foundry and processing area (the "**Real Property**"). The Real Property consists of buildings, substantial machinery, fixtures and equipment, including a valuable cast house and foundry furnace, several presses and processing equipment ("**FFE**" with the Real Property the "**Assets**"). At present, the Debtor is not operating the cast house or foundry.

4838-5473-9962.v1

11. In the approximately 30 days since the Petition Date, the Debtor has made significant, good-faith progress toward achieving its restructuring goals in this chapter 11 case. The Debtor, among other things, has successfully moved for and/or has obtained various forms of "first" and "second day relief" that have enabled the Debtor to continue operating its business without disruption, including securing interim access to up to $15,500,000.00 in debtor-in-possession financing, pursuant to and in accordance with the terms of that certain *Senior Secured Super-Priority Debtor-In-Possession Credit Agreement,* as may be amended, modified, or supplemented and in effect from time-to-time (the "**DIP Credit Agreement**"). Additionally, the Debtor has been working diligently and has complied with all applicable orders, UST Guidelines, and chapter 11 procedures. The Debtor has also paid all its post-petition debts as they come due.

12. Among other things, the DIP Credit Agreement requires the Debtor to file a motion under section 365 of the Bankruptcy Code requesting the extension of the date on which the Debtor must assume or reject leases.

13. The Debtor anticipates seeking authorization and approval of Bid Procedures in connection with the going concern sale of its business, Assets or any component parts. The Debtor's intention is to find a strategic purchaser for its Assets to preserve value and employment for its 111 employees.

14. Because the Debtor has been focused on addressing these time-critical and significant matters, the Debtor has not had the opportunity to fully analyze the Unexpired Leases and make the appropriate determinations concerning their assumption or rejection. While the Debtor does not believe that there are any Unexpired Leases other than the one detailed below, evaluating this issue and determining whether additional Unexpired Leases exist and whether to assume or reject them is critical and should not be made prematurely. Absent the requested relief,

4838-5473-9962.v1

the Debtor would be forced to make premature and less than fully-informed decisions regarding the assumption or rejection of the Unexpired Leases, which may have a detrimental impact on the Debtor's business and reorganization efforts.

### A. The Unexpired Leases.

15. The Debtor is a party to one or more Unexpired Leases, including a Lease Agreement dated October 2, 2020 (the "**Weigh Station Lease**"), by and between PS8600 LLC, a Pennsylvania limited liability company, and VVP8600 LLC, a Pennsylvania limited liability company (as landlord), and the Debtor (as tenant), for the lease of a weigh station and guard house, together with the non-exclusive right to use the common areas on property located 8600 River Road, Pennsauken, Camden County, New Jersey.[2] The Weigh Station Lease is important to the Debtor's business. Pursuant to its terms, the Weigh Station Lease is scheduled to expire on October 1, 2030.

16. While the Debtor and its advisors have diligently evaluated the Unexpired Leases since the Petition Date, the Debtor has not yet completed its analysis or determined which of the Unexpired Leases it will reject or assume. The Debtor is also considering whether it will seek to assume or reject Unexpired Leases in connection with confirmation of a chapter 11 plan or the sale of its Assets pursuant to section 363 of the Bankruptcy Code.

17. The Debtor seeks a 90-day extension of the initial 210-day period provided by section 365(d)(4) of the Bankruptcy Code (*i.e.*, through and including June 11, 2022) to continue to evaluate the Unexpired Leases. As further discussed herein, an extension of the period during

---

[2] The Debtor has not yet made a determination as to whether the Weigh Station Lease qualifies as a "nonresidential real property lease" under section 365 of the Bankruptcy Code. While this Motion attempts to describe all of the Debtor's leases of nonresidential real property, the Debtor may later become aware of additional leases through, among other things, the claims process and the Debtor's continuing review of its books and records. To the extent that the Debtor is a party to any leases of nonresidential property not described in this Motion, out of an abundance of caution, the Debtor seeks the extension of the initial 210-day period requested herein with regard to such leases notwithstanding such inadvertent omission.

4838-5473-9962.v1

which the Debtor may assume or reject the Unexpired Leases is necessary and warranted under the facts and circumstances of this chapter 11 case. The Debtor submits that all parties will be best served by the requested extension by avoiding needless distraction and providing the appropriate environment for stakeholders in this chapter 11 case to work collaboratively regarding the treatment of, among other things, the Unexpired Leases. Therefore, cause exists to extend the section 365(d)(4) deadline, subject to any further consensual extensions negotiated with any applicable lease counterparties.

## BASIS FOR RELIEF REQUESTED

18. Pursuant to the Consolidated Appropriations Act, 2021, the Debtor's initial period to assume or reject the Unexpired Leases expires 210 days after the Petition Date.[3] The Debtor files this Motion seeking to extend the initial deadline of March 13, 2022 an additional 90 days through and including June 11, 2022.

19. The period during which the Debtor may assume or reject the Unexpired Leases should be extended an additional 90 days. Section 365(d)(4) of the Bankruptcy Code provides that an unexpired lease of nonresidential real property under which a debtor is the lessee shall be deemed rejected if the debtor does not assume or reject the unexpired lease by the earlier of 210 days after the petition date or before plan confirmation. 11 U.S.C. § 365(d)(4)(A) (modified by Consolidated Appropriations Act, 2021, Pub. L. No. 115-72, Sec. 1001). A court may extend the period for 90 days on the motion of the debtor in possession or lessor for "cause." 11 U.S.C. § 365(d)(4)(B)(i).

---

[3] On December 27, 2020, the Consolidated Appropriations Act, 2021 (the "CAA") was signed into law. The CAA amended section 365(d)(4) of the Bankruptcy Code to extend the initial deadline to assume unexpired leases of nonresidential real property from 120 days after the petition date to 210 days. *See* Consolidated Appropriations Act, 2021, Pub. L. No. 115-72, Sec. 1001.

4838-5473-9962.v1

20. Courts have considered the particular needs of the debtor in considering whether to grant an extension. See, e.g., *In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) ("[N]othing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop."); see also *In re GST Telecom Inc.*, No. 00-1982-GMS, 2001 U.S. Dist. LEXIS 8817, at *9 (D. Del. June 8, 2001) (stating that "equity dictates that courts can grant debtors additional time in which to decide whether to assume or reject a particular lease"). The purpose of this additional time is to allow the debtor an opportunity to carefully evaluate all of the leases so that decisions can be made to maximize the value of the estate.

21. A court can grant an extension under section 365(d)(4)(B) for cause shown. 11 U.S.C. § 365(d)(4)(B)(i). While the Bankruptcy Code does not define what constitutes "cause" for the approval of an extension, courts have articulated certain factors that indicate whether there is "cause" for the approval of an extension. These factors include:

    i. whether the debtor is paying for the use of the property;

    ii. whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

    iii. whether the lease is the debtor's primary asset;

    iv. whether the debtor has had sufficient time to formulate a plan of reorganization; and

    v. the complexity of the case facing the debtor and the number of leases the debtor must evaluate.

See *S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760–61 (2d Cir. 1996); see also *Vt. Partners, Ltd. v. Thaler (In re Poseidon Pool & Spa*

*Recreational, Inc.)*, 377 B.R. 52, 61 (E.D.N.Y. 2007); *In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987).

22. First, the Debtor has timely paid all of its post-petition obligations and intends to continue to do so. This would include any post-petition rent due under the Unexpired Leases and to the extent required by section 365(d)(3) of the Bankruptcy Code. The Debtor continues to honor all of its undisputed post-petition rental obligations under its Unexpired Leases in the ordinary course, and the assumption or rejection of the Unexpired Leases may be resolved through the implementation of a chapter 11 plan or the sale of its assets under section 363 of the Bankruptcy Code. Neither harm to the lessors nor damage to the properties will result from the Debtor continuing to use the leased properties while working towards emergence.

23. Second, based on the foregoing, the 90-day extension will not prejudice any landlords. *See In re Bon Ton Restaurant & Pastry Shop, Inc.*, 52 B.R. 850, 854-55 (Bankr. N.D. Ill. 1985) (concluding that a lessor who received continuing monthly rent payments was not prejudiced by an extension of the section 365(d)(4) deadline).

24. Third, each of the Unexpired Leases could be an important asset for the continued operations of the Debtor. Accordingly, the Debtor's ability to maximize value for its estate and creditors could be jeopardized if any of the Unexpired Leases are statutorily rejected by operation of the deadline imposed by section 365(d)(4)(A) of the Bankruptcy Code. For example, the Debtor relies on the Weigh Station Lease to operate its aluminum processing business. The requested 90-day extension will enable the Debtor to make a fully informed decision regarding these vital elements of its business operations. Therefore, the Unexpired Leases are primary assets of the Debtor's business.

25. Fourth, as noted above, the Debtor has been diligently complying with its obligations under the Bankruptcy Code. However, at this early stage of this case, the Debtor has not had sufficient time to fully analyze its options, engage in negotiations with all major stakeholders, and formulate and submit a plan of reorganization or consummate a § 363 Asset Sale. See e.g., *In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 687-89 (3d Cir. 1993) ("nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for the by the plan of reorganization that it is attempting to develop."). Given the numerous other tasks required of the Debtor's personnel and professional advisors in the early stages of this case, the Debtor has not yet had an opportunity to determine which Unexpired Leases it intends to assume or reject, if any.

26. Fifth, this chapter 11 case is complex and the Debtor is a party to one or more Unexpired Leases. Further, the Debtor is involved in numerous complicated matters critical to its restructuring efforts. Considering the tasks the Debtor has addressed thus far during this chapter 11 case, and continues to address, and the Debtor's need to evaluate all strategic options and potential restructuring alternatives, extending the section 365(d)(4) deadline by 90 days is appropriate.

27. Courts within this District and Circuit frequently grant debtors additional time to assume or reject unexpired nonresidential leases pursuant to section 365(d)(4) of the Bankruptcy Code, particularly in complex matters such as this chapter 11 case. See, e.g., *In re Mountain Creek Resort, Inc.*, Case No. 17-19899 (SLM) (Bankr. D.N.J. Sept. 6, 2017) [Docket No. 274]; *In re Vestis Retail Grp., LLC*, Case No. 16-10971 (LSS) (Bankr. D. Del. June 6, 2016) [Docket No. 447]; *In re Newbury Common Assocs., LLC*, Case No. 15-12507 (LSS) (Bankr. D. Del. May 17,

4838-5473-9962.v1

2016) [Docket No. 738]; *In re Pacific Sunwear of Ca., Inc.*, Case No. 16-10882 (LSS) (Bankr. D. Del. May 16, 2016) [Docket No. 354].

28. Accordingly, the Debtor submits that cause exists for the extension sought herein and is in the best interest of the estate.

## WAIVER OF BRIEF

29. As no novel issue of law is raised in this Motion and the relevant authorities relied upon by the Debtor are set forth herein, the Debtor respectfully requests that the requirement of D.N.J. LBR 9013-1(3) of filing a brief be waived.

## RESERVATION OF RIGHTS

30. Nothing in this Motion should be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation of the Debtor's ability to contest same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim; or (d) granting third-party-beneficiary status or bestowing any additional rights on any third party.

## NOTICE

31. Notice of this Motion will be given to: (i) the Office of the United States Trustee for Region 3; (ii) counsel to the Committee; (iii) CM/ECF users registered for this case; and (iv) Lessors. The Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

32. No previous request for the relief sought herein has been made to this Court or any other court.

4838-5473-9962.v1

## CONCLUSION

33. The Debtor respectfully requests that this Court enter the Order approving the Motion, granting the relief requested herein and such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: September 14, 2021    By: */s/ Edmond M. George*
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire (*pro hac vice*)
Turner N. Falk, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
1120 Route 73, Suite 420
Mount Laurel, NJ 08054-5108
Telephone: (856) 795-3300
Facsimile: (856) 482-0504
E-mail:  edmond.george@obermayer.com
         michael.vagnoni@obermayer.com
         turner.falk@obermayer.com

*Proposed Counsel to Chapter 11 Debtor, Aluminum Shapes, L.L.C.*

4838-5473-9962.v1