**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-1(b)*
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire (pro hac vice)
Turner Falk, Esquire
1120 Route 73, Suite 420
Mount Laurel, NJ 08054-5108
Telephone: (856) 795-3300
Facsimile: (856) 482-0504
E-mail:   edmond.george@obermayer.com
             michael.vagnoni@obermayer.com
             turner.falk@obermayer.com

Proposed Counsel to the Debtor
and Debtor in Possession

Order Filed on September 23, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| ALUMINUM SHAPES, L.L.C., | Case No. 21-16520-JNP |
| Debtor. | |

### ORDER AUTHORIZING RETENTION OF
### EPIQ CORPORATE RESTRUCTURING, LLC AS CLAIMS AND NOTICING AGENT

The relief set forth on the following pages numbered two (2) through six (6) is hereby

**ORDERED.**

**DATED: September 23, 2021**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

OMC\4824-1915-6988.v2-9/22/21

Page -2-

**Debtor:**              **Aluminum Shapes, L.L.C.**
**Case No:**             **21-16520-JNP**
**Caption of Order:**    **Order Authorizing Retention of Epiq Corporate Restructuring, LLC
                          as Claims and Noticing Agent**

___

Upon the applicant, Aluminum Shapes, L.L.C.'s (the "Debtor" or "Applicant"), request for authorization to retain Epiq Corporate Restructuring, LLC as Claims and Noticing Agent ("Epiq"), it is hereby ORDERED:

1.      The Application is approved as set forth herein.

2.      The Debtor is authorized to retain Epiq as Claims and Noticing Agent effective as of the Petition Date under the terms of the Epiq Corporate Restructuring Standard Services Agreement (the "Agreement"), and Epiq is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in this chapter 11 case, and all related tasks, all as described in the Application.  Notwithstanding the foregoing, the U.S. Trustee reserves all rights to seek removal of Epiq if, upon further disclosures (in connection with its retention application under Section 327(a) of the Bankruptcy Code), the U.S. Trustee determines that Epiq has connections that create a conflict with regard to its retention.  In the event the Section 327(a) application is not filed within fourteen (14) days from the date of this Order, Epiq must supplement this retention with further disclosures.

3.      Epiq shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in this chapter 11 case and is authorized and directed to maintain official claims registers for the Debtor, to provide public access to every proof of claim filed in this chapter 11 case unless otherwise ordered by the Court and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk

4.      The Debtor is authorized to compensate Epiq in accordance with the terms of the Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by

Page -3-
Debtor:              **Aluminum Shapes, L.L.C.**
Case No:             **21-16520-JNP**
Caption of Order:    **Order Authorizing Retention of Epiq Corporate Restructuring, LLC
as Claims and Noticing Agent**

---

Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

5.    Epiq shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtor, the United States Trustee, counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor, and any party in interest who specifically requests service of the monthly invoices.

6.    Parties shall have fourteen (14) days from receipt of an invoice from Epiq to review such invoice and raise any objections, either formally through the filing of an objection with the Court or informally through a writing served on Epiq, to the fees and expenses being requested by Epiq. If an objection is interposed, the parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Agreement or monthly invoices; provided, however, that the parties may seek resolution of the matter from this Court if resolution is not achieved.  If no objection has been raised, the Debtor is authorized to pay Epiq the full amount of the requested fees and expenses upon expiration of the fourteen (14) day review without further order of the Court.  If an objection has been raised, the Debtor shall not pay the objected to amount pending agreement of the parties or entry of an order of this Court authorizing payment.

7.    Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtor's estate.

OMC\4824-1915-6988.v2-9/22/21

**Page -4-**
**Debtor:**            **Aluminum Shapes, L.L.C.**
**Case No:**           **21-16520-JNP**
**Caption of Order:**  **Order Authorizing Retention of Epiq Corporate Restructuring, LLC**
                       **as Claims and Noticing Agent**

---

8.     Epiq may apply its advance to all prepetition invoices, which advance shall be replenished to the original advance amount, and thereafter, Epiq may hold its advance under the Agreement during the chapter 11 case as security for the payment of fees and expenses incurred under the Agreement

9.     The Debtor shall indemnify Epiq under the terms of the Agreement, as modified pursuant to this Order.

10.    Epiq shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services other than the services provided under the Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

11.    Notwithstanding anything to the contrary in the Agreement, the Debtor shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtor alleges the breach of Epiq's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.), 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Epiq should not receive indemnity, contribution, or reimbursement under the terms of the Agreement, as modified by this Order.

**Page -5-**
**Debtor:**           **Aluminum Shapes, L.L.C.**
**Case No:**          **21-16520-JNP**
**Caption of Order:** **Order Authorizing Retention of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent**

---

12.     If, before the earlier of the entry of an order (i) confirming a chapter 11 plan in this chapter 11 case (that determination having become final) or (ii) closing this chapter 11 case, Epiq believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Agreement, as modified by this Order, including the advancement of defense costs, Epiq must file an application therefor in this Court, and the Debtor may not pay any such amounts to Epiq before the entry of an order of this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution, or reimbursement and is not intended to limit the duration of the Debtor's obligation to indemnify Epiq.  All parties-in-interest shall retain the right to object to any demand by Epiq for indemnification, contribution, or reimbursement.

13.     Notwithstanding anything to the contrary in the Agreement, the limitations of liability provision set forth in paragraph 8 thereof shall not be enforceable during the pendency of the chapter 11 case.

14.     In the event Epiq is unable to provide the services set out in this Order, Epiq will immediately notify the Clerk and the Debtor's attorney and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtor's attorney.

15.     The Debtor may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by Epiq but is not specifically authorized by this Order.

OMC\4824-1915-6988.v2-9/22/21

**Page -6-**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order Authorizing Retention of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent** |

16.      Epiq shall not cease providing claims processing services during this chapter 11 case for any reason, including nonpayment, without an order of this Court; provided, however, that Epiq may seek such an order on expedited notice by filing a request with this Court with notice of such request to be served on the Debtor, the United States Trustee, and any official committee of creditors appointed in this chapter 11 case by facsimile or overnight delivery; provided, further, that except as expressly provided herein, the Debtor and Epiq may otherwise terminate or suspend other services as provided under the Agreement.

17.      After entry of an order terminating Epiq's services as the Claims and Noticing Agent, upon the closing of this chapter 11 case, or for any other reason, Epiq shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable.

18.      Notwithstanding anything to the contrary in the Agreement, the Court shall have exclusive jurisdiction over Epiq's engagement during the pendency of this chapter 11 case.

19.      In the event of any inconsistency between the Agreement, the Application and this Order, this Order shall govern.