**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-1(b)*

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

Edmond M. George, Esquire
Michael D. Vagnoni, Esquire (pro hac vice)
Turner Falk, Esquire
1120 Route 73, Suite 420
Mount Laurel, NJ 08054-5108
Telephone: (856) 795-3300
Facsimile: (856) 482-0504
E-mail:   edmond.george@obermayer.com
          michael.vagnoni@obermayer.com
          turner.falk@obermayer.com

Proposed Counsel to the Debtor
and Debtor in Possession

**Order Filed on September 30, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re: | Chapter 11 |
| ALUMINUM SHAPES, LLC, | Case No. 21-16520 (JNP) |
| Debtor. | |

**ORDER (A) APPROVING BIDDING PROCEDURES AND FORM OF ASSET
PURCHASE AGREEMENT IN CONNECTION WITH THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) APPROVING
PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES, (C) APPROVING PROCEDURES FOR
SELECTION OF A STALKING HORSE BIDDER AND BID PROTECTIONS, AND (D)
GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through fifteen (15) is hereby

**ORDERED.**

 **DATED: September 30, 2021**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Page 2

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of a Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief** |

Upon the motion (the "**Sale Motion**") of Aluminum Shapes, L.L.C., the above-captioned debtor and debtor in possession (the "**Debtor**"), seeking entry of an order (this **"Order"**), (a) authorizing and approving the bidding procedures attached hereto as Exhibit 1 (the "**Bidding Procedures**")[1] in connection with the sale of the Business or Assets of the Debtor, and the form of Asset Purchase Agreement in connection with the Sale, (b) approving the form and manner of notice of the Auction and the Sale Hearing, (c) scheduling the Sale Hearing and setting other related dates, (d) approving procedures for the assumption and assignment of executory contracts and unexpired leases and noticing of related Cure Payments, and (e) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and this Court having

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration, as applicable.

**Page 3**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of a Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief** |

determined that the relief requested by the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and upon all of the proceedings in this Chapter 11 case conducted before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby FOUND, CONCLUDED AND DETERMINED THAT:

    A.    <u>Bidding Procedures</u>. The Debtor has articulated good and sufficient reasons for authorizing and approving the Bidding Procedures attached hereto as **<u>Exhibit 1</u>**, which are fair, reasonable, and appropriate under the circumstances and designed to maximize the value of the Business or Assets.

    B.    <u>Asset Purchase Agreement</u>. The form of Asset Purchase Agreement attached to the Motion as **Exhibit B** (the "**Asset Purchase Agreement**") is reasonable and appropriate for soliciting bids for the Business or Assets.

    C.    <u>Sale Notice</u>. The notice, substantially in the form attached hereto as **<u>Exhibit 2</u>**, provided by the Debtor regarding the Sale of Business or Assets by the Auction and Sale Hearing (the "**Sale Notice**") is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including: (i) the date, time, and place of the Auction; (ii) the Bidding Procedures and certain dates and deadlines related thereto; (iii) the objection deadline for the Motion and the date, time, and place of the Sale Hearing; (iv) specific identification of the Assets for sale; (v) instructions for promptly obtaining a copy of the Asset Purchase Agreement; (vi) representations describing the Sale as being free and clear of liens, claims, interests, and other

**Page 4**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of a Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief** |

---

encumbrances, with all such liens, claims, interests, and other encumbrances attaching to the sale proceeds with the same validity and priority; and (vii) notice of the proposed assumption and assignment of the Assigned Contracts to the Successful Bidder and the right, procedures, and deadlines for objecting thereto, and no further notice of the Sale shall be required.

D.    <u>Assumption and Assignment Procedures</u>. The Motion and the Contract Assumption Notice (as defined herein) are reasonably calculated to provide counterparties to the Assigned Contracts with proper notice of the intended assumption and assignment of their executory contracts and any Cure Payments (as defined herein). The Assumption Procedures (as defined herein) are appropriate.

E.    <u>Other Findings</u>. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the preceding findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the preceding conclusions of law constitute findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT**:

The Motion is GRANTED as set forth herein.

**I.    Important Dates and Deadlines**

**Page 5**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of a Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief** |

The Debtor, the Committee and the DIP Lender agree to the sale timeline set forth below, provided that the Milestones contained in the Final DIP Order are met, including the Milestone of a designated Stalking Horse Bidder by September 30, 3021.

**Sale Hearing**. The Sale Hearing will commence on **October 28, 2021, at 1:00 p.m. (prevailing Eastern Time)**, before the Honorable Jerrold N. Poslusny, Jr., United States Bankruptcy Judge, in **Courtroom 4C** of the United States Bankruptcy Court for the District of New Jersey, Mitchel H. Cohen U.S. Courthouse, 400 Cooper Street, 4th Floor, Camden, New Jersey, 08101 or by Court Solutions if in person hearings have not resumed. The Sale Hearing may be adjourned by the Debtor without further notice other than by announcement in open Court or on the Court's calendar.

**Sale Objection Deadline**. Objections, if any, to the Motion and the Sale of the Business or Assets to a Successful Bidder, including objections solely related to the identity of the Successful Bidder and adequate assurance of future performance by a Successful Bidder, must be made by **October 27, 2021, at 12:00 p.m. (prevailing Eastern Time)** (the "**Sale Objection Deadline**"). All objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court no later than the Sale Objection Deadline and served on (i) proposed counsel to the Debtor, and (ii) any other entity on the Master Service List.

**Page 6**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of a Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief** |

**Response Deadline**. Responses or replies, if any, to timely filed objections to entry of the Sale Order approving a Sale to the Successful Bidder must be filed prior to commencement of the Sale Hearing, provided that such deadline may be extended by agreement of the Debtor and the affected objecting party. Responses or replies, if any, to timely filed objections to the identity of the Successful Bidder and/or adequate assurance of future performance may be presented at the Sale Hearing.

**Competitive Bidding**. The following dates regarding the competitive bidding process are hereby established and approved:

**Bid Deadline: October 22, 2021, at 4:00 p.m. (prevailing Eastern Time)**, the deadline by which all Qualified Bids (as defined in the Bidding Procedures) must be actually received in writing in electronic format by the parties specified in the Bidding Procedures (the "Bid Deadline"); and

**Auction: October 25, 2021, at 10:00 a.m. (prevailing Eastern Time)**, is the date and time the Auction, which will be held at the offices of proposed counsel to the Debtor, Obermayer Rebmann  Maxwell & Hippel LLP, 1500 Market Street, Suite 3400 Philadelphia, PA, 19102 or such other place and time as the Debtor shall notify all Qualified Bidders that have submitted Qualified Bids, the Debtor's post-petition lender and its counsel, and the Official Committee of Unsecured Creditors appointed in the Debtor's chapter 11 case and its counsel.

**Page 7**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of a Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief** |

**Stalking Horse and Bid Protections**. The Break-Up Fee requested in the Motion be and hereby is denied without prejudice. However, within two (2) days of any designation of a Stalking Horse Bidder, the Debtor may seek to have a break-up fee for such Stalking Horse Bidder approved by the Court. Any break-up fee that is approved by the Court may be paid at Closing and be deemed an administrative expense claim. In addition, the Debtor may, but is not obligated to, reimburse the reasonable and documented out-of-pocket fees and expenses of the Stalking Horse Bidder, if one is selected, up to $75,000, which expenses must be filed with the Court for review and subject to Court approval (the "Expense Reimbursement" and together with any break-up fee, the "**Bid Protections**"). The aggregate amount that may be paid to any or all Stalking Horse Bidders on account of the Bid Protections, if approved by the Court, shall not exceed three percent (3%) of the proposed Purchase Price.

**Bidding Procedures and Related Relief**

    **A.**    **Bidding Procedures.**

The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1** and incorporated by reference as though fully set forth herein, are hereby approved in their entirety. The Bidding Procedures shall govern the submission, receipt, and analysis of all bids relating to the proposed Sale, and any party desiring to submit an offer for the Business or Assets must comply with the terms of the Bidding Procedures and this Order. The Bidding Procedures shall also govern the terms on which the Debtor will proceed with the Auction and/or the Sale. The Debtor is authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

No person or entity shall be entitled to any expense reimbursement, break-up fee, "topping," or other similar fee or payment, except for any Stalking Horse Bidder selected by the Debtor upon consultation with the DIP Lender and the Committee, if any, upon approval of this Court pursuant

Page 8

| Debtor: | Aluminum Shapes, L.L.C. |
|---|---|
| Case No: | 21-16520-JNP |
| Caption of Order: | **Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of a Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief** |

to Court Order. Upon Selection of a Stalking Horse Bidder, the Debtor shall file Notice of said selection and serve said Notice upon all creditors, and any Qualified Bidders. To the extent the Stalking Horse Bidder seeks any Bid Protections, the Notice shall also request a hearing date to approve the Bid Protections to the extent the Debtor seeks to have the Bid Protections approved prior to the sale. In addition, the Notice must contain information about the Stalking Horse Bidder, the Stalking Horse Bid, and attach the proposed Stalking Horse Agreement.

The deposits provided by all Qualified Bidders shall be held in an escrow account by the Debtor, or its agent, and shall not become property of the Debtor's bankruptcy estate unless and until released from escrow to the Debtor pursuant to the terms of the applicable escrow agreement or Order of this Court and shall not be required to be placed in an interest bearing account.

**Auction**

The Debtor is authorized, subject to the terms of this Order and the Bidding Procedures, to take actions reasonably necessary, in the discretion of the Debtor upon consultation with the DIP Lender and the Committee, to select a Stalking Horse, and conduct and implement the Auction.

Only the Debtor (and its professionals and advisors), the Consultation Parties (as defined in the Motion), and any Qualified Bidder, in each case, along with their representatives and counsel, or such other parties as the Debtor shall determine, in consultation with the Committee, shall attend the Auction and only such Qualified Bidders will be entitled to make Bids at the Auction. Pursuant to the Final DIP Order (as defined in the Motion), the Debtor's DIP Lender (as defined in the

Page 9

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of a Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief** |

Motion) shall be deemed to be a Qualified Bidder for all purposes under the Bidding Procedures.

The Debtor and its professionals shall direct and preside over the Auction and the Auction shall be transcribed. Other than as expressly set forth in this Order or the Bidding Procedures, the Debtor, in consultation with the Consultation Parties and its advisors, may conduct the Auction in the manner it reasonably determines will result in the highest or otherwise best Qualified Bid.

Each Qualified Bidder participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the assets described herein, (b) has reviewed, understands and accepts the Bidding Procedures; and (c) has consented to the core jurisdiction of this Court and to the entry of a final order by this Court on any matter related to this Order, the Sale, or the Auction if it is determined that this Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

The Debtor may, in consultation with the Consultation Parties, (a) select, in its business judgment, pursuant to the Bidding Procedures, the overall highest or otherwise best Qualified Bid and the Successful Bidder, and (b) reject any bid that, in the Debtor's business judgment, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Bidding Procedures, or (iii) contrary to the best interests of the Debtor and its estate, its creditors, and parties-in-interest, in each case following consultation with the Consultation Parties.

**Sale Hearing Notice and Related Relief**

**Page 10**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of a Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief** |

The Sale Notice is hereby approved.  Within three (3) business days following the entry of this Order, or as soon as reasonably practicable thereafter (the "**Mailing Date**"), the Debtor will cause the Sale Notice to be served on: (a) any party that has filed a notice of appearance in this Chapter 11 Case; (b) any entity on the Master Service List; (c) any parties known or reasonably believed to have expressed an interest in the Business or Assets or any portion thereof; (d) all entities known or reasonably believed to have asserted a lien, encumbrance, claim, or other interest in the Business or Assets; (e) all parties to executory contracts and unexpired leases to be assumed and assigned, or rejected as part of the Sale; (f) all applicable state and local taxing authorities; and (g) any governmental agency that has a reasonably known interest with respect to the Sale and transactions proposed thereunder.

In addition, on the Mailing Date, the Debtor shall publish a notice, substantially in the form of the Sale Notice (as may be modified for publication purposes), on one occasion, in the paper of general circulation chosen by the Debtor and its professionals and advisors.  Such publication notice shall be deemed sufficient and proper notice of the Sale to any other interested parties whose identities are unknown to the Debtor.

**Assumption and Assignment Procedures**

The procedures set forth below regarding the assumption and assignment of the executory contracts and unexpired leases proposed to be assumed by the Debtor pursuant to section 365(b)

| | |
|---|---|
| **Page 11** | |
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of a Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief** |

of the Bankruptcy Code and assigned to the Successful Bidder pursuant to section 365(f) of the Bankruptcy Code in connection with the Sale (the "**Assumption Procedures**") are hereby approved to the extent set forth herein.

The Assumption Procedures shall govern the assumption and assignment of all of the Debtor's executory contracts and unexpired leases to be assumed and assigned in connection with the Sale under the Asset Purchase Agreement (each, an "**Assigned Contract**," and, collectively, the "**Assigned Contracts**"), subject to the payment of any payments necessary to cure any defaults arising under any Assigned Contract (the "**Cure Payments**"), the provision of adequate assurance by the Debtor or the Successful Bidder, as applicable, that Purchaser will promptly cure any non-monetary defaults existing prior to the Closing under the Assigned Contracts, and the provision of adequate assurance of future performance by the Successful Bidder under the Assigned Contracts.

**Contract Assumption Notice**: No less than twenty-eight (28) days prior to the Sale Objection Deadline (the "**Assumption and Assignment Service Deadline**"), the Debtor shall serve a notice of contract assumption in substantially the form attached hereto as **Exhibit 3** (the "**Contract Assumption Notice**") via overnight delivery on all counterparties to all potential Assigned Contracts and provide a copy of the same to the Consultation Parties. The Contract Assumption Notice shall inform each recipient of the timing and procedures relating to such assumption and assignment, and, to the extent applicable, (i) the title of the executory contract or unexpired lease, as applicable, (ii) the name of the counterparty to the executory contract or

**Page 12**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of a Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief** |

---

unexpired lease, as applicable, (iii) the Debtor's good faith estimates of the Cure Payments required in connection with the executory contract or unexpired lease, as applicable, and (iv) the Sale Objection Deadline; provided, however, that service of a Contract Assumption Notice does not constitute an admission that any contract is an executory contract or unexpired lease, as applicable, or that the stated Cure Payment related to any executory contract or unexpired lease constitutes a claim against the Debtor.  Further, the inclusion of an executory contract or unexpired lease, as applicable, on the Contract Assumption Notice is not a guarantee that such executory contract or unexpired lease, as applicable, will ultimately be assumed and assigned.

**Cure Payments and Adequate Assurance of Future Performance**: The payment of the applicable Cure Payments by the Successful Bidder, as applicable, the provision of adequate assurance by the Successful Bidder, as applicable, that they will promptly cure any non-monetary defaults existing prior to the Closing under the Assigned Contracts, and the provision of adequate assurance of future performance by the Successful Bidder under the Assigned Contracts shall (i) effect a cure of all defaults existing thereunder, and (ii) compensate for any actual pecuniary loss to such counterparty resulting from such default.

**Supplemental Contract Assumption Notice**: Pursuant to the terms of the Asset Purchase Agreement or the Modified Asset Purchase Agreement, as applicable, or as otherwise agreed by the Debtor and the Successful Bidder, at any time after the Assumption and Assignment Service Deadline and prior to one (1) business day before Closing, the Successful Bidder has the

**Page 13**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of a Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief** |

---

right to designate a (i) supplement the list of Assigned Contracts with previously omitted executory contracts and/or unexpired leases ("**Additional Assigned Contracts**"), (ii) remove Assigned Contracts from the list of executory contracts and unexpired leases ultimately selected as Assigned Contracts that a Successful Bidder proposes to be assumed and assigned to it in connection with a Sale ("**Removed Assigned Contracts**"), and/or (iii) modify the previously stated Cure Payment associated with any Assigned Contracts. In the event the Debtor exercises any of these reserved rights, the Debtor will promptly serve a supplemental notice of executory contract and/or unexpired lease assumption (a "**Supplemental Assumption Notice**") on each of the counterparties to such Assigned Contracts and their counsel of record, if any, and the Consultation Parties; provided, however, the Debtor may not add an executory contract or unexpired lease to the list of Assigned Contracts that has been previously rejected by the Debtor by order of the Court. Each Supplemental Assumption Notice will include the same information with respect to listed Assigned Contracts as was included in the Contract Assumption Notice.

**Objections**: Objections, if any, to the proposed assumption and assignment or the Cure Payment proposed with respect thereto, must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed amount of the Cure Payment, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon, so

Page 14

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of a Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief** |

as to be actually received by counsel to the Debtor on or before 14 days after service of the Contract Assumption Notice (the "**Cure Objection Deadline**"), or such deadline set forth in the Supplemental Assumption Notice. The deadline to object to assumption and assignment solely with respect to the adequate assurance of future performance from the Successful Bidder, however, is the date that is two days after the conclusion of the Auction, but any such objection must be received before the start of the Sale Hearing, or such deadline set forth in the Supplemental Assumption Notice. Any party failing to timely file an objection to the cure amount, the proposed assumption and assignment of an Assigned Contract or Additional Assigned Contract listed on the Contract Assumption Notice or Supplemental Assumption Notice, as applicable, or the Sale is deemed to have consented to (a) such Cure Payment, (b) the assumption and assignment of such Assigned Contract or Additional Assigned Contract (including the adequate assurance of future performance), (c) the related relief requested in the Motion, and (d) the Sale. Such party shall be forever barred and estopped from objecting to the Cure Payment, the assumption and assignment of the Assigned Contract, or Additional Assigned Contract, adequate assurance of future performance, the relief requested in the Motion, whether applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Successful Bidder, as applicable, for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against the Debtor and the Successful Bidder, as applicable, with respect to such party's Assigned Contract or Additional Assigned Contract.

**Page 15**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of a Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief** |

---

The Debtor shall have no liability or obligation with respect to defaults relating to the Assigned Contracts arising, accruing, or relating to a period on or after the effective date of assignment, or for the payment of any cure costs.

**Other Related Relief**

Any objections to the entry of this Order and the relief granted herein that have not been withdrawn, waived, resolved or settled, and all reservations of rights included therein, are hereby expressly overruled.

Any obligations of the Debtor set forth in this Order and any Asset Purchase Agreement that are intended to be performed prior to the Sale Hearing and/or entry of the Sale Order are authorized as set forth herein.

Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

To the extent the provisions of this Order are inconsistent with the provisions of any exhibits referenced herein or with the Motion, the provisions of this Order shall control.

The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Page 1**

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (C) Approving Procedures for Selection of a Stalking Horse Bidder and Bid Protections, and (D) Granting Related Relief** |

**Exhibit 1**
**Bidding Procedures**

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-1(b)*
**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire (pro hac vice)
Turner Falk, Esquire
1120 Route 73, Suite 420
Mount Laurel, NJ 08054-5108
Telephone: (856) 795-3300
Facsimile: (856) 482-0504
E-mail:   edmond.george@obermayer.com
          michael.vagnoni@obermayer.com
          turner.falk@obermayer.com

Proposed Counsel to the Debtor
and Debtor in Possession

</td></tr>
</table>

|  |  |
|---|---|
| In re: | Chapter 11 |
| ALUMINUM SHAPES, LLC, | Case No. 21-16520 (JNP) |
| Debtor. | HEARING DATE AND TIME: ____, 2021 at ____ a.m. (ET) |

## BIDDING PROCEDURES

On August 15, 2021 Aluminum Shapes, L.L.C.(the "**Debtor**"), commenced a Chapter 11 case in the Bankruptcy Court for the District of New Jersey (the "**Court**") to pursue a sale of certain of the Debtor's Business or Assets.

On September _____, 2021, the Court entered an order [Docket No. [☐☐]] (the "**Bidding Procedures Order**")[1] approving, among other things, these bidding procedures (the "**Bidding Procedures**") and the form of asset purchase agreement ("**Asset Purchase Agreement**") to solicit bids on the Business or Assets.

These Bidding Procedures set forth, among other things, (i) the procedures for bidders to submit bids for the acquisition of the Debtor's Business or Assets pursuant to an order of the Bankruptcy Court approving such transaction (the "**Sale**"); (ii) the manner in which bidders and bids become Qualified Bidders and Qualified Bids; (iii) the process for negotiating the bids received; (iv) the process by which the Debtor is authorized to conduct the auction ("**Auction**")

---

[1]      All terms used but not otherwise defined herein shall have the meanings ascribed to them in the motion for approval of the Bidding Procedures (the "**Motion**").

for the Sale; (v) the procedure for the ultimate selection of any Successful Bidder; and (vi) the process for approval of a potential Sale at a Sale Hearing (each as defined herein).

Pursuant to these Bidding Procedures, the Debtor and its advisors, in consultation with the Committee and the DIP Lender, shall (i) determine whether any person is a Qualified Bidder (as defined below), (ii) coordinate the efforts of Potential Bidders (as defined below) in conducting their due diligence activities, (iii) receive offers from Potential Bidders, and (iv) negotiate any offers made to acquire the Business or Assets.

The key dates for the sale process are as follows:

| | |
|---|---|
| September 30, 2021 at 5:00 p.m. prevailing Eastern Time | Deadline to Submit Stalking Horse Bid |
| October 15, 2021 at 4:00 p.m. prevailing Eastern Time | Sale Objection Deadline[2] |
| October 22, 2021 at 4:00 p.m. prevailing Eastern Time | Bid Deadline - Due Date for Bids and Deposits |
| October 25, 2021 at 10:00 a.m. prevailing Eastern Time | Auction |
| October 27, 2021 at 12:00 p.m. prevailing Eastern Time | Sale Objection Response Deadline |
| | |
| At the Sale Hearing | Supplemental Limited Sale Objection Response Deadline |
| October 28, 2021 at 1:00 p.m. prevailing Eastern Time | Sale Hearing |
| November 1, 2021 | Closing |

## Due Diligence

### Access to Diligence Materials

To participate in the bidding process and to receive access to due diligence (the "**Diligence Materials**"), a party interested in acquiring the Debtor's Business or Assets must submit to the Debtor (i) an executed NDA in such form reasonably satisfactory to the Debtor, and (ii) reasonable evidence demonstrating the party's financial ability to consummate a Sale, in cash, with no financing contingencies, as reasonably determined by the Debtor. A party who qualifies for access to Diligence Materials pursuant to these Bidding Procedures shall be a "**Potential Bidder**."

The Debtor will afford any Potential Bidder the time and opportunity to conduct reasonable due diligence, as determined by the Debtor, including reasonable access to management and its professionals, access to the electronic data room and other information that a Potential Bidder may

---

[2]    This deadline applies to all objections to the Sale Motion as well as the Sale of the Business or Assets with the exception of objections solely related to the identity of the Successful Bidder and adequate assurance of future performance by the Successful Bidder.

126501411.3
126529772.1
OMC\4818-2083-1228.v1-9/23/21

reasonably request; provided, however, that the Debtor shall not be obligated to furnish any due diligence information after the Bid Deadline to any party that has not submitted a Qualified Bid (as defined below). The availability of additional due diligence to a Qualified Bidder will cease on the date of the Auction; provided, however, that the Successful Bidder shall be permitted to continue to conduct due diligence until the closing of the Sale (subject to the terms of the Successful Bidder Asset Purchase Agreement (as defined below)). The Debtor reserves the right to withhold any Diligence Materials that the Debtor determines are business-sensitive or otherwise not appropriate for disclosure to a Potential Bidder who is a competitor of the Debtor or is affiliated with any competitor of the Debtor. Neither the Debtor nor their representatives shall be obligated to furnish information of any kind whatsoever to any person that is not determined to be a Potential Bidder.

Each Potential Bidder will be deemed to acknowledge and represent it (a) has had an opportunity to conduct any and all due diligence regarding the Debtor's Assets and liabilities that are the subject of the Auction prior to making any such bid, (b) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the assets in making its bid, and (c) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise regarding the Debtor's assets or liabilities, or the completeness of any information provided in connection therewith, except as expressly stated in these Bidding Procedures.

All due diligence requests must be directed to the Debtor's investment banker, Cowen and Company, LLC., Attn: Lorie Beers (lorie.beers@cowen.com), Justin Magner (Justin.magner@cowen.com), or Carl Comstock (carl.comstock@cowen.com).

**Due Diligence from Potential Bidders**

Each Potential Bidder shall comply with all reasonable requests for additional information and due diligence access by the Debtor or its advisors regarding the ability of such Potential Bidder to consummate its transaction.

## Designation of Stalking Horse Bidder

The Debtor is authorized, but not obligated to (i) designate one or more Potential Bidders to act as a Stalking Horse Bidder(s) in connection with the Auction and enter into a stalking horse agreement (a "**Stalking Horse Agreement**") with such Stalking Horse Bidder. The designation and selection of a Stalking Horse Bidder shall be made, if at all, by the Debtor in consultation with the Committee and the DIP Lender. In connection with any Stalking Horse Agreement the Debtor may agree to reimburse the reasonable and documented out-of-pocket fees and expenses up to $75,000.00 (the "**Expense Reimbursement**,") which expenses will be filed with the Court for review and subject to Court approval. Further, within two (2) days of any designation of a Stalking Horse Bidder, the Debtor may seek to have a Break-Up Fee for such Stalking Horse Bidder approved by the Court (the "**Break-Up Fee**" and with the Expense Reimbursement, the "**Bid Protections**") upon notice to all creditors. Any Break-Up Fee that is approved by the Court may be paid at Closing and be deemed an administrative expense claim. The aggregate amount that

126501411.3
126529772.1
OMC\4818-2083-1228.v1-9/23/21

may be paid to any or all Stalking Horse Bidders on account of the Bid Protections, if approved by the Court, shall not exceed three percent (3%) of the proposed Purchase Price.

Parties interested in becoming the Stalking Horse Bidder for Debtor's Business or Assets are encouraged to submit a Stalking Horse Bid with a completed APA with modifications, if any, as compared to the APA attached hereto, to the Debtor **no later than 5:00 p.m. (prevailing Eastern Time) on September 30, 2021,** in writing (each a "**Stalking Horse Indication of Interest**"). Stalking Horse APA's should also be sent to the Debtor's investment banker, Cowen and Company, LLC, Attn: Lorie Beers (lorie.beers@cowen.com), Justin Magner (Justin.magner@cowen.com), or Carl Comstock, (carl.comstock@cowen.com).

To the extent the Debtor, in consultation with the Committee and the DIP Lender, designates a Stalking Horse Bidder and enters into a Stalking Horse Agreement, the Debtor shall promptly upon execution of a Stalking Horse Agreement, and in no event more than two (2) calendar days following such execution, file with the Bankruptcy Court, a notice that contains information about the Stalking Horse Bidder, the Stalking Horse Bid, and attaches the proposed Stalking Horse Agreement.

## Bid Deadline

The Debtor shall assist Potential Bidders (as defined below) in conducting their respective due diligence investigations and shall accept Bids (as defined below) until **October 22, 2021 at 4:00 p.m. (prevailing Eastern Time)** (the "**Bid Deadline**") to acquire the Business or Assets.

**The submission of a bid by the Bid Deadline shall constitute a binding and irrevocable offer to acquire the assets specified in such bid.** Any party that does not submit a bid by the Bid Deadline will not be allowed to (i) submit any offer after the Bid Deadline or (ii) participate in any Auction.

No later than the Bid Deadline, a Potential Bidder that desires to make a bid to consummate the Sale shall deliver written copies of its Bid (as defined below) in electronic format to: (i) the Debtor, c/o Solomon Rosenthal, the Debtor's Chief Executive (solomon@shapesllc) (ii) counsel for the Debtor, Obermayer Rebmann Maxwell &Hippel LLP (edmond.george@obermayer.com) (iii) investment banker to the Debtor, Lorie Beers (lorie.beers@cowen.com), Justin Magner (Justin.magner@cowen.com) or Carl Comstock (carl.comstock@cowen.com); (iv) counsel to the Committee, Fox Rothschild LLP, Martha B. Chovanes at  (mchovanes@foxrothschild.com and Joseph J. DiPasquale at (jdipasquale@foxrothschild.com); and (v) counsel for the DIP Lender, Anthony Stumbo, Esquire (AStumbo@riemerlaw.com).

The Debtor may extend the Bid Deadline without further order of the Bankruptcy Court, following consultation with the Consultation Parties, subject to providing notice to all Potential Bidders and the Stalking Horse Bidders, if any, and the Consultation Parties.

## Determination of Qualified Bid Status

To be eligible for consideration as a Qualified Bid and to participate in the Auction, each Potential Bidder must deliver to the Debtor, its counsel and its advisors, the DIP Lender's counsel and the Committee's Counsel, a written, irrevocable, signed offer (each, a "**Bid**") that must be determined by the Debtor, in its business judgment, and in consultation with the Committee and the DIP Lender, to satisfy each of the following conditions:[3]

**Good Faith Offer**: Each Bid must constitute a good faith, bona fide offer to purchase all or certain of the Business or Assets.

**Good Faith Deposit**: Each Bid must be accompanied by a deposit in the amount of 7.5% of the Purchase Price (as defined in the Modified Asset Purchase Agreement (as defined below)), before any reductions for assumed liabilities (the "**Good Faith Deposit**"). The Good Faith Deposit shall come in the form of a wire transfer, certified check or other form acceptable to the Debtor, in consultation with the Consultation Parties. Each Good Faith Deposit will be deposited and held in one or more non-interest-bearing escrow accounts by the Debtor but shall not become property of the Debtor's estate absent further Order of the Bankruptcy Court. Requests for wire instructions should be directed to Debtor's counsel at edmond.george@obermayer.com or michael.vagnoni@obermayer.com .

**Executed Agreement**: Each Bid must include an executed agreement (a "**Modified Asset Purchase Agreement**") and any necessary transaction documents, signed by an authorized representative of such Potential Bidder, pursuant to which the Potential Bidder proposes to effectuate the acquisition of all of the assets of the Debtor. Each Bid must also include a copy of the Modified Asset Purchase Agreement marked against the Asset Purchase Agreement to show all changes requested by the Potential Bidder (including those related to the assumption and assignment of executory contracts and unexpired leases, and other material terms such that the Debtor may determine how such Bid compares to the terms of the Asset Purchase Agreement and competing Bids). Each Modified Asset Purchase Agreement must provide a commitment to close within two (2) business days after all closing conditions are met.

**Purchase Price**: Each Bid must clearly identify the purchase price to be paid (the "**Purchase Price**").

**Cash Requirements**: Each Bid must provide for the payment of any applicable break-up fee that is approved by the Court, in cash in full.

**Designation of Assigned Contracts and Leases**: A Bid must identify any and all executory contracts and unexpired leases of the Debtor that the Potential Bidder wishes to be assumed pursuant to a Sale. A Bid must specify whether the Debtor or

---

[3] The Debtor may, in consultation with the Consultation Parties, waive any of the following requirements for a Bid to constitute a Qualified Bid to the extent reasonably necessary to promote bids and a robust auction so long as any such waiver is not materially inconsistent with these Bidding Procedures.

126501411.3
126529772.1
OMC\4818-2083-1228.v1-9/23/21

the Potential Bidder will be responsible for any cure costs associated with such assumption.

**Designation of Assumed Liabilities**: A Bid must identify all liabilities which the Potential Bidder proposes to assume.

**Corporate Authority**: A Bid must include written evidence reasonably acceptable to the Debtor and the Consultation Parties demonstrating appropriate corporate authorization to consummate the proposed Sale; provided that, if the Potential Bidder is an entity specially formed for the purpose of effectuating the Sale, then the Potential Bidder must furnish written evidence reasonably acceptable to the Debtor of the approval of the Sale by the equity or interest holder(s) of such Potential Bidder.

**Disclosure of Identity of Potential Bidder**: A Bid must fully disclose the identity of each entity that will be bidding for or purchasing the Business or Assets or otherwise participating in connection with such Bid (including the identity of any parent companies of such entity), and the complete terms of any such participation, including any connections, agreements, arrangements or understandings with the Debtor, the DIP Lender, or any other known, potential, prospective bidder, or Potential Bidder, or any officer, director, or member of the Debtor.

**Disclosure of Connections**: A Bid must fully disclose any connections or agreements with the Debtor or their affiliates, any other known Potential Bidder and/or any officer or director or member of the Debtor.

**Proof of Financial Ability to Perform**: A Bid must include written evidence that the Debtor may reasonably conclude, in consultation with their advisors and the Consultation Parties, demonstrates that the Potential Bidder has the necessary financial wherewithal to timely consummate a Sale including the amount of any Overbid and must further contain information that can be publicly filed and/or disseminated providing adequate assurance of future performance of all executory contracts and unexpired leases to be assumed and assigned in such Sale. Such information must include the following:

(i)     contact names and numbers for verification of financing sources;

(ii)    written evidence of the Potential Bidder's internal resources and proof of any debt funding commitments from a recognized banking institution and, if applicable, equity commitments in an aggregate amount equal to the cash portion of such Bid or the posting of an irrevocable letter of credit from a recognized banking institution issued in favor of the Debtor in the amount of the cash portion of such Bid, in each case, as are needed to close the Sale;

(iii)   the Potential Bidder's most current audited (if any) and latest unaudited financial statements or, if the bidder is an entity formed for the purpose of making a bid, the current audited (if any) and

6

latest unaudited financial statements of the equity holder(s) of the bidder or such other form of financial disclosure, and a guaranty from such equity holder(s);

(iv)    a description of the Potential Bidder's pro forma capital structure; and

(v)    any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtor demonstrating that such Potential Bidder has the ability to promptly close the Sale.

**Conditions/Contingencies**: Except as provided in the Asset Purchase Agreement, a Bid must not be subject to material conditions or contingencies to closing, including without limitation obtaining financing, internal approvals or further due diligence.

**Bid Irrevocable**: A Bid must provide that it is irrevocable until two (2) business days after the closing of the Sale. Each Potential Bidder further agrees that its Bid, if not chosen as the Successful Bidder, shall serve, without modification, as a Backup Bidder (as defined below) as may be designated by the Debtor at the Sale Hearing, in the event the Successful Bidder fails to close as provided in the Successful Bidder's Asset Purchase Agreement, as modified, if at all, and the Sale Order.

**As-Is, Where-Is**: A Bid must include the following disclaimer: EXCEPT AS EXPRESSLY SET FORTH IN THIS AGREEMENT OR ANY ANCILLARY DOCUMENT DELIVERED BY DEBTOR PURSUANT TO THIS AGREEMENT (I) THE DEBTOR MAKES NO REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, AT LAW OR IN EQUITY, RELATING TO THE BUSINESS, THE ASSETS OR THE ASSUMED LIABILITIES, INCLUDING ANY REPRESENTATION OR WARRANTY AS TO VALUE, MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR FOR ORDINARY PURPOSES, OR ANY OTHER MATTER, (II) THE DEBTOR MAKES NO, AND HEREBY DISCLAIM ANY, OTHER REPRESENTATION OR WARRANTY REGARDING THE BUSINESS, THE ASSETS OR THE ASSUMED LIABILITIES, AND (III) THE BUSINESS OR ASSETS AND THE ASSUMED LIABILITIES ARE CONVEYED ON AN "AS IS, WHERE IS" BASIS AS OF THE CLOSING, AND THE PURCHASER SHALL RELY UPON ITS OWN EXAMINATION THEREOF. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EXCEPT AS EXPRESSLY SET FORTH IN THIS AGREEMENT OR ANY ANCILLARY DOCUMENT DELIVERED BY THE DEBTOR PURSUANT TO THIS AGREEMENT, THE DEBTOR MAKES NO REPRESENTATION OR WARRANTY REGARDING ANY BUSINESS OTHER THAN THE BUSINESS, ANY ASSETS OTHER THAN THE ASSETS OR ANY LIABILITIES OTHER THAN THE ASSUMED LIABILITIES, AND NONE SHALL BE IMPLIED AT LAW OR IN EQUITY.

126501411.3
126529772.1
OMC\4818-2083-1228.v1-9/23/21

**Time Frame for Closing**: A Bid by a Potential Bidder must be reasonably likely to be consummated, if selected as the Successful Bid, within a time frame acceptable to the Debtor, but in no event beyond **November 1, 2021.**

**Consent to Jurisdiction**: Each Potential Bidder must (i) submit to the jurisdiction of the Bankruptcy Court to enter an order or orders, which shall be binding in all respects, in any way related to the Debtor, the Bidding Procedures, the Auction, any Modified Asset Purchase Agreement, or the construction and enforcement of documents relating to any Sale, (ii) waive any right to a jury trial in connection with any disputes relating to the Debtor the Bidding Procedures, the Auction, any Modified Asset Purchase Agreement, or the construction and enforcement of documents relating to any Sale, and (iii) commit to the entry of a final order or judgment in any way related to the Debtor, the Bidding Procedures, the Auction, any Modified Asset Purchase Agreement, or the construction and enforcement of documents relating to any Sale if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

**Bid Protections**: Except with respect to a Stalking Horse Bid which has received Court approval for a break-up fee, a Bid must not entitle the Potential Bidder to any break-up fee, termination fee, transaction fee, expense reimbursement, or any similar type of payment or reimbursement and, by submitting a Bid, the Potential Bidder waives the right to pursue a substantial contribution claim under 11 U.S.C. § 503 related in any way to the submission of its Bid or participation in any Auction. Each Potential Bidder presenting a Bid will bear its own costs and expenses (including legal fees) in connection with any proposed Sale.

**Representations and Warranties**: A Bid must include the following representations and warranties:

    (i)    a statement that the Potential Bidder has had an opportunity to conduct any and all due diligence regarding the applicable assets prior to submitting its Bid;

    (ii)    a statement that the Potential Bidder has relied solely upon its own independent review, investigation, and/or inspection of any relevant documents and the assets in making its Bid and did not rely on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the assets or the completeness of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the Potential Bidder's Modified Agreement ultimately accepted and executed by the Debtor;

    (iii)    a statement that the Potential Bidder agrees to serve as Back-Up Bidder, if its Bid is selected as the next highest or next best bid after the Successful Bid with respect to the applicable assets;

(iv)     a statement that the Potential Bidder has not engaged in any collusion with respect to the submission of its Bid;

(v)     a statement that all proof of financial ability to consummate a Sale Transaction in a timely manner and all information provided to support adequate assurance of future performance is true and correct; and

(vi)     a statement that the Potential Bidder agrees to be bound by the terms of the Bidding Procedures.

<u>**Review of Bids; Designation of Qualified Bids**</u>

A Bid received from a Potential Bidder that meets the above requirements, as determined by the Debtor, in consultation with the Consultation Parties, shall constitute a "**Qualified Bid**" for such assets (and such Potential Bidder, a "**Qualified Bidder**"); provided that if the Debtor receives a Bid prior to the Bid Deadline that is not a Qualified Bid, the Debtor may provide the Potential Bidder with the opportunity to cure or remedy any deficiencies prior to the Bid Deadline.

Pursuant to that certain "*Order Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 364, And 507 And Fed. R. Bankr. P. 2002, 4001 And 9014 (I) Authorizing Debtors And Debtors In Possession To Obtain Postpetition Financing, (II) Authorizing Use Of Cash Collateral, (III) Granting Liens And Super-Priority Claims, (IV) Granting Adequate Protection To Prepetition Secured Lenders; (V) Modifying the Automatic Stay; and (VI) Scheduling a Final Hearing*", dated September 15, 2017 [D.R. No. 93] (the "**Interim DIP Order**"), the DIP Lender was granted the right, pursuant to Section 363(k) of the Bankruptcy Code and the DIP Financing Agreements (as defined in the Interim DIP Order) to credit bid the full amount of the DIP Obligations (as defined in the Interim DIP Order) to acquire the Debtor's Assets and/or Business. The DIP Lender is therefore a Qualified Bidder under these Bidding Procedures and may submit such Bid or Overbid in cash, cash equivalents or other forms of consideration, including a credit bid, either in whole or in part, consistent with section 363(k) of the Bankruptcy Code up to the full allowed amount of its secured claims. Anything in these Bidding Procedures to the contrary notwithstanding, the DIP Lender shall not be required to deliver a Deposit. For the avoidance of doubt, the DIP Lender may only credit bid the amount of debt outstanding to the Debtor.

All information disclosed by any Bidder in connection with all of the preceding requirements will be made available by the Debtor to the Consultation Parties promptly upon the Debtor's receipt thereof but in any event no later than twelve (12) hours following the earlier of receipt of a Bid and the Bid Deadline.

Within two (2) business days after the Bid Deadline, and following consultation with the Consultation Parties, the Debtor and its advisors will determine which Potential Bidders are Qualified Bidders and will notify the Potential Bidders whether Bids submitted constitute Qualified Bids so as to enable such Qualified Bidders to bid at the Auction. Any Bid that is not deemed a Qualified Bid will not be considered by the Debtor. To the extent there is any dispute regarding whether a bidder is a Qualified Bidder, such dispute may be raised with the Bankruptcy Court on an expedited basis prior to the commencement of the Auction.

126501411.3
126529772.1
OMC\4818-2083-1228.v1-9/23/21

Prior to the Auction, the Debtor and its advisors will evaluate Qualified Bids and identify the Qualified Bid that is, in the Debtor's reasonable business judgment, and following consultation with the Consultation Parties, the highest or otherwise best bid (the "**Starting Bid**"). In making such determination, the Debtor will take into account, among other things, the execution risk attendant to any submitted bids. Within twenty-four (24) hours of such determination, but in no event later than twenty-four (24) hours before the start of the Auction, the Debtor will (i) notify the Consultation Parties as to which Qualified Bid is the Starting Bid, and (ii) distribute copies of the Starting Bid to each Qualified Bidder who has submitted a Qualified Bid and the Consultation Parties.

If any Bid is determined by the Debtor not to be a Qualified Bid, the Debtor will refund such Potential Bidder's Good Faith Deposit on or within ten (10) business days after the Bid Deadline.

By submitting its Bid, each Potential Bidder is agreeing with each other Potential Bidder to abide by and honor the terms of these Bidding Procedures and agrees not to submit a Bid or seek to reopen the Auction after the Auction.

Without the written consent of the Debtor, a Qualified Bidder may not modify, amend, or withdraw its Qualified Bid, except for proposed amendments to increase the Purchase Price or otherwise improve the terms of the Qualified Bid for the Debtor during the period that such Qualified Bid remains binding as specified herein; provided, that any Qualified Bid may be improved at the Auction as set forth in these Bidding Procedures.

## Auction

If two or more Qualified Bids are received by the Bid Deadline, the Debtor will conduct an auction (the "**Auction**") to determine the highest or otherwise best Qualified Bid. This determination shall take into account any factors the Debtor, in consultation with the Consultation Parties, reasonably deems relevant to the value of the Qualified Bid to the estate and may include, but are not limited to, the following: (a) the amount and nature of the consideration, including any assumed liabilities; (b) the number, type and nature of any changes to the Asset Purchase Agreement requested by each Qualified Bidder; (c) the extent to which such modifications or provisions are likely to delay closing of the sale of the Debtor's Assets and the cost to the Debtor of such modifications or delay; (d) the total consideration to be received by the Debtor; (e) the likelihood the Qualified Bidder can close the transaction timely; and (f) any other qualitative or quantitative factor the Debtor deems reasonably appropriate under the circumstances (collectively, the "**Bid Assessment Criteria**"). Notwithstanding anything herein to the contrary, the Debtor, in consultation with the Consultation Parties, may select a combination of Qualified Bids for the Business or substantially all of or Assets, in any combination that yields the highest or best value for the Debtor's estate.

If no Qualified Bid (other than the Stalking Horse Bid, if any) is received by the Bid Deadline, the Debtor will not conduct the Auction, and shall file a notice with the Bankruptcy Court indicating that no Auction will be held.

10

## **Procedures for Auction**

If the Debtor receives two or more Qualified Bids, the Auction shall take place on **October 25, 2021 at 10:00 a.m. (EST)** at the offices of Obermayer Rebmann Maxwell & Hippel LLP, 1500 Market Street , Suite 3400, Philadelphia, PA 19102, or such other place and time as determined by the Debtor, in consultation with the Consultation Parties. The Auction may be postponed, adjourned or cancelled as the Debtor deems appropriate, in consultation with the Consultation Parties, provided the Debtor provides notice of such postponement or adjournment and the time and place for the commencement of the Auction. The Auction shall be conducted according to the following procedures:

### **Participation**

Only the Debtor, its Advisors, the Consultation Parties, and any Qualified Bidder that has submitted a Qualified Bid, in each case, along with their representatives and counsel, or such other parties as the Debtor shall determine shall attend the Auction and only such Qualified Bidders will be entitled to make any Bids at the Auction.

### **The Debtor Shall Conduct the Auction**

The Debtor and its professionals shall direct and preside over the Auction and the Auction shall be transcribed. Other than as expressly set forth herein, the Debtor may conduct the Auction in the manner it reasonably determine will result in the highest or otherwise best Qualified Bid, in consultation with the Consultation Parties. The Debtor shall provide each participant in the Auction with a copy of the Modified Asset Purchase Agreement associated with the Starting Bid. In addition, at the start of the Auction, the Debtor shall describe the terms of the Starting Bid. Each Qualified Bidder participating in the Auction must confirm, both before and after the Auction, that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the assets described herein, and (b) has reviewed, understands and accepts the Bidding Procedures.

All Qualified Bidders may submit further Bids, along with a markup or a further markup of the applicable Asset Purchase Agreement. The Auction will be conducted in rounds. At any time, a Qualified Bidder may request that the Debtor announce the then current highest and best bid. If requested, the Debtor shall use reasonable efforts to clarify any and all questions any Qualified Bidder may have regarding the Debtor's announcement of the Starting Bid or the then current and highest bid.

The Debtor, in consultation with the Consultation Parties, may announce at the Auction additional procedural rules that are reasonable under the circumstances for conducting the Auction so long as such rules are not inconsistent with the Bidding Procedures.

### **Overbids**

An "Overbid" is any bid made at the Auction subsequent to the Debtor's announcement of the respective Starting Bid. Any Overbid for purposes of this Auction must comply with the following conditions:

11

**Minimum Overbid Increments**: Any Overbid after and above the respective Starting Bid or any subsequent Overbid shall be made in increments valued at not less than $100,000 (and, in the event Bid Protections were approved for a Stalking Horse Bidder, the Overbid shall be no less than the value of the Bid Protections, if any, plus a value equal to $100,000). The Debtor reserves the right to increase any subsequent increments, after the first Overbid.

**Remaining Terms Are the Same as for Qualified Bids**: Except as modified herein, an Overbid at the Auction must comply with the conditions for a Qualified Bid set forth above, provided, however, that (i) the Bid Deadline shall not apply and (ii) no additional Good Faith Deposit shall be required beyond the Good Faith Deposit previously submitted by a Qualified Bidder, provided that the Successful Bidder shall be required to make a representation at the end of the Auction that it will provide any additional deposit necessary so that its Good Faith Deposit is equal to the amount of seven and one half percent (7.5%) of the Purchase Price contained in the Successful Bid. Any Overbid must include, in addition to the amount and the form of consideration of the Overbid, a description of all changes requested by the Qualified Bidder to the Asset Purchase Agreement or a previously submitted Modified Asset Purchase Agreement, in connection therewith (including any changes to the designated assigned executory contracts and unexpired leases and assumed liabilities). Any Overbid must remain open and binding on the Qualified Bidder until and unless the Debtor accepts a higher or otherwise better Overbid from another Qualified Bidder (except, to the extent required hereby, to serve as the Backup Bid). At the Debtor's discretion, to the extent not previously provided, a Qualified Bidder submitting an Overbid at the Auction must submit, as part of its Overbid, written evidence (in the form of financial disclosure or credit-quality support information reasonably acceptable to the Debtor) reasonably demonstrating such Qualified Bidder's ability to close the Sale proposed by such Overbid.

## Announcement and Consideration of Overbids

**Announcement of Overbids**: The Debtor shall announce at the Auction the material terms of each Overbid, the total amount of consideration offered in each such Overbid, the basis for calculating such total consideration and such other terms as the Debtor reasonably determines will facilitate the Auction.

**Consideration of Overbids**: Subject to the deadlines set forth herein, the Debtor reserves the right in its reasonable business judgment and in consultation with the Consultation Parties, to make one or more continuances of the Auction to, among other things facilitate discussions between the Debtor and Qualified Bidders or allow a Qualified Bidder to consider how it wishes to proceed.

## Closing the Auction

126501411.3
126529772.1
OMC\4818-2083-1228.v1-9/23/21

The Auction shall continue until there is on or more Qualified Bid(s) that the Debtor determines in its reasonable business judgment, in consultation with the Consultation Parties, is the highest or otherwise best Qualified Bid at the Auction. Thereafter, the Debtor shall select such Qualified Bid as the overall highest or otherwise best Qualified Bid (such Bid, the "**Successful Bid**," the Qualified Bidder submitting such Successful Bid, the "**Successful Bidder**" and the Qualified Bidder's purchase agreement, the "**Successful Bidder Asset Purchase Agreement**"). In making this decision, the Debtor shall consider the Bid Assessment Criteria in consultation with the Consultation Parties.

The Auction shall close when the Successful Bidder submits fully executed sale and transaction documents memorializing the terms of the Successful Bid. Promptly following the Debtor's selection of the Successful Bid and the conclusion of the Auction, the Debtor shall announce the Successful Bid and Successful Bidder and shall file with the Bankruptcy Court notice of the Successful Bid and Successful Bidder.

The Debtor shall not consider any Bids submitted after the conclusion of the Auction. For the avoidance of doubt, nothing in these Bidding Procedures shall prevent the Debtor from exercising its fiduciary duties under applicable law to maximize the value obtained for the Business or Assets.

**Designation of Backup Bidder**

Notwithstanding anything in the Bidding Procedures to the contrary, if an Auction is conducted, the Qualified Bidder with the next highest or otherwise best Bid at the Auction, as determined by the Debtor, in the exercise of its business judgment and in consultation with the Consultation Parties, will be designated as the backup bidder (the "**Backup Bidder**"). The Backup Bidder shall be required to keep its initial Bid (or if the Backup Bidder submitted one or more Overbids at the Auction, the Backup Bidder's final Overbid) (the "**Backup Bid**") open and irrevocable until the date that is two days after the closing of the transaction with the Successful Bidder.

Following the Sale Hearing, if the Successful Bidder fails to consummate an approved transaction, the Backup Bidder will be deemed to maintain the new prevailing bid, and the Debtor will be authorized, but not required, without further order of the Bankruptcy Court, to consummate the Sale with the Backup Bidder.

**Sale Is As Is/Where Is**

Except as otherwise provided in the Successful Bidder Asset Purchase Agreement or the Sale Order, the Business or Assets or any other assets of the Debtor sold pursuant to the Bidding Procedures, shall be conveyed at the closing of a transaction with a Successful Bidder in their then-present condition, "**AS IS, WITH ALL FAULTS, AND WITHOUT ANY WARRANTY WHATSOEVER, EXPRESS OR IMPLIED.**" Except as may be set forth in the Successful Bidder Asset Purchase Agreement or the Sale Order, the Business or Assets are sold free and clear of any and all liens, claims, interests, restrictions, charges and encumbrances of any kind or nature to the fullest extent permissible under the Bankruptcy Code, with such liens, claims, interests,

13

restrictions, charges, and encumbrances to attach to the net proceeds of sale with the same validity and with the same priority.

**Sale Objections and Hearing**

A hearing to consider approval of the Successful Bid (the "**Sale Hearing**") is scheduled to take place on **October 28, 2021 at 1:00 p.m. (EST)** before the Honorable Jerrold N. Poslusny, Jr., U.S.B.J., at the United States Bankruptcy Court for the District of New Jersey, Mitchell H. Cohen U.S. Courthouse, Courtroom 4C, 400 Cooper Street 4th Floor, Camden New Jersey 08101, or at such time thereafter as counsel may be heard. At the Sale Hearing, the Debtor will present the Successful Bid to the Bankruptcy Court for approval; provided, however, to the extent that the Successful Bid is to be implemented pursuant to a Plan, the Sale Hearing shall be used as a status conference.

Objections to the Sale (each, a "**Sale Objection**"), shall (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party; (iii) state with particularity the basis and nature of any objection, and provide proposed language that, if accepted and incorporated by the Debtor, would obviate such objection; (iv) conform to the Bankruptcy Rules and the Local Rules; (v) be filed with the Court (a) by registered users of the Court's case filing system, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Court; and (vi) be served upon the Objection Notice Parties (as defined in the in the Bidding Procedures Order) by **October 27, 2021 at 12:00 p.m. (prevailing Eastern Time)** (the "**Sale Objection Deadline**"); provided, that the Debtor may extend the Sale Objection Deadline, as the Debtor deems appropriate in the exercise of their reasonable business judgment and in consultation with the Consultation Parties. If a timely Sale Objection cannot otherwise be resolved by the parties, such objection shall be heard by the Court at the Sale Hearing.

Each Successful Bidder shall appear at the Sale Hearing and be prepared to have a representative(s) testify in support of its Successful Bid and such Successful Bidder's ability to close in a timely manner and provide adequate assurance of its future performance under any and all executory contracts and unexpired leases to be assumed and/or assigned as part of the proposed transaction.

Any party who fails to file with the Court and serve on the Objection Notice Parties a Sale Objection by the Sale Objection Deadline may be forever barred from asserting, at the Sale Hearing or thereafter, any Sale Objection to the relief requested in the Motion with regard to a Successful Bidder, or to the consummation and performance of a Sale contemplated by a purchase or investment agreement between the Debtor and each Successful Bidder, including the transfer of the Assets to such Successful Bidder, free and clear of all liens, claims, encumbrances, and other interests pursuant to section 1141(c) of the Bankruptcy Code.

## <u>Return of Good Faith Deposits of Qualified Bidders</u>

The Good Faith Deposits of all Qualified Bidders shall be held in one or more non-interest-bearing escrow accounts by the Debtor but shall not become property of the Debtor's estate absent

<div align="center">14</div>

further order of the Bankruptcy Court. The Good Faith Deposit of any Qualified Bidder that is neither the Successful Bidder nor the Backup Bidder shall be returned to such Qualified Bidder not later than five (5) business days after the Sale Hearing. If the Backup Bidder is not designated the Successful Bidder, the Good Faith Deposit of the Backup Bidder, if any, shall be returned to the Backup Bidder on the date that is the Outside Backup Date. In the case of a breach or failure to perform on the part of the Successful Bidder (including any Backup Bidder designated as a Successful Bidder), the remaining portion of the defaulting Successful Bidder's Good Faith Deposit shall be forfeited to the Debtor as liquidated damages, in addition to any and all rights, remedies and/or causes of action that may be available to the Debtor at law or in equity, and, the Debtor shall be free to consummate the proposed transaction at the next highest price bid at the Auction by a Qualified Bidder, without the need for an additional hearings or orders of the Courts. The Debtor reserves the right to seek all available damages, including specific performance, from any defaulting Successful Bidder (including any Backup Bidder designated as a Successful Bidder) in accordance with the terms of the Bidding Procedures. If the Successful Bidder timely closes the Sale transaction, its Good Faith Deposit shall be credited towards the purchase price.

## The Consultation Parties

Throughout the bidding process, the Debtor and its advisors will regularly and timely consult with, (i) Tiger Finance, LLC, as the Debtor's post-petition secured lender; and (ii) the Committee, and (iii) with respect to each of the forgoing (i) through (ii), their respective advisors (collectively, the "**Consultation Parties**" and each, a "**Consultation Party**") as explicitly provided for in the Bidding Procedures; provided, however, that the Debtor shall not be required to consult with any Consultation Party (and its advisors) that becomes a Qualified Bidder.

The Debtor shall promptly provide copies of all Bids (as defined below) and Non-Binding Indications of Interest received by the Debtor to the Consultation Parties, but in no event later than the next calendar day after such Bid or Non-Binding Indications of Interest is received.

## Reservation of Rights of the Debtor

Except as otherwise provided in the Bidding Procedures or the Bidding Procedures Order, the Debtor reserves the right as it may reasonably determine to be in the best interest of its estate and in the exercise of its fiduciary duty, in consultation with the Consultation Parties, to: (a) determine which bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; (d) reduce the Overbid amount; (e) reject any Bid that is (1) inadequate or insufficient, (2) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (3) contrary to the best interests of the Debtor and its estate; (f) impose additional terms and conditions with respect to all potential bidders; (g) extend the deadlines set forth herein; and (h) continue or cancel the Auction and/or Sale Hearing in open court without further notice.

Notwithstanding anything to the contrary contained herein, nothing in the Bidding Procedures will prevent the Debtor from considering any and all transactions, including, but not limited to, proposals to sponsor a plan of reorganization.

126501411.3
126529772.1
OMC\4818-2083-1228.v1-9/23/21

Notwithstanding anything to the contrary contained herein, nothing in the Bidding Procedures will prevent the Debtor from exercising its fiduciary duties under applicable law.

16

**<u>Exhibit 2</u>**
**Sale Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-1(b)*
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire (pro hac vice)
Turner Falk, Esquire
1120 Route 73, Suite 420
Mount Laurel, NJ 08054-5108
Telephone: (856) 795-3300
Facsimile: (856) 482-0504
E-mail:    edmond.george@obermayer.com
              michael.vagnoni@obermayer.com
              turner.falk@obermayer.com

Proposed Counsel to the Debtor
and Debtor in Possession

| | |
|---|---|
| In re:<br><br>ALUMINUM SHAPES, LLC,<br><br><div align=center>Debtor.</div> | Chapter 11<br><br>Case No. 21-16520 (JNP) |

## <u>NOTICE OF AUCTION AND SALE HEARING PLEASE TAKE NOTICE OF THE FOLLOWING:</u>

1.      On August 15, 2021, the above-captioned Debtor and debtor in possession (the "**Debtor**"), filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**").

2.      On September 14, 2021, in connection with the proposed sale (the "**Sale**") of the Debtor's Business or certain assets (the "**Assets**") of the Debtor at an auction for the Assets (the "**Auction**"), the Debtor filed a motion (the "Motion"), seeking, among other things, (i) entry of an order (the "**Bidding Procedures Order**")[1] approving the bidding procedures (the "**Bidding Procedures**") governing the Sale; (ii) establishing procedures for the assignment and assumption of executory contracts and unexpired leases (the "**Assumption and Assignment Procedures**"); and (iii) granting related relief [Docket No.94].

3.      On _____, 2021, the Bankruptcy Court entered the Bidding Procedures Order [Docket No._____].  Pursuant to the Bidding Procedures Order, if two or more Qualified

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Bidding Procedures Order.

Bids are received before the Bid Deadline, the Debtor will conduct the Auction to determine the highest or otherwise best Qualified Bid, beginning on **October 25, 2021 10:00 a.m. (EST)** at the offices of Obermayer Rebmann Maxwell & Hippel LLP, 1500 Market Street, Suite 3400, Philadelphia, PA 19102 or such other place and time as the Debtor shall notify all Qualified Bidders that have submitted Qualified Bids and any official committee appointed in the Debtor's Chapter 11 case and their counsel. Only the Debtor (and its professionals and advisors), the Consultation Parties, and parties that have submitted a Qualified Bid, as set forth in the Bidding Procedures Order, **by no later than October 22, 2021 at 4:00 p.m. (EST)** (the "**Bid Deadline**") may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Debtor's Assets must submit their competing bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

4.      A hearing to approve the Sale (the "**Sale Hearing**") will be held on **October 28, 2021 at 1:00 p.m. (EST)** before the Honorable Jerrold N. Poslusny, Jr., U.S.B.J. at the United States Bankruptcy Court for the District of New Jersey, Mitchell H. Cohen Courthouse, 400 Cooper Street, Camden, New Jersey 08101, Courtroom 4C, or at such time thereafter as counsel may be heard, unless otherwise continued by the Debtor pursuant to terms of the Bidding Procedures.

5.      Objections, if any, to the Motion and the Sale of the Assets to a Successful Bidder, including objections related solely to the identity of the Successful Bidder and adequate assurance of future performance by a Successful Bidder, must be made by <u>**October 27, 2021 at 12:00 p.m., prevailing Eastern Time**</u> (the "**Sale Objection Deadline**"). All objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court no later than the Sale Objection Deadline or the Supplemental Limited Sale Objection Deadline, as applicable, and served on (i) counsel for the Debtor, and (ii) any other entity on the Master Service List. ***Any party who fails to timely file an objection to entry of the Sale Order (i) shall be forever barred from objecting thereto, (ii) shall be deemed to consent to the sale of the Assets as approved by the Sale Order, and (iii) shall be deemed to "consent" for purposes of Section 363 (f)(2) of the Bankruptcy Code.***

6.      This Notice and the Sale Hearing is subject to the fuller terms and conditions of the Bidding Procedures Order, which shall control in the event of any conflict, and the Debtor encourages parties-in-interest to review such document in its entirety. Parties interested in receiving more information regarding the sale of all the Assets and/or copies of any related document, including the Motion, or the Bidding Procedures Order, may make a written request to counsel for the Debtor, Obermayer Rebmann Maxwell Hippel LLP, c/o Edmond M George, Esquire (edmond.george@obermayer.com) or Michael D. Vagnoni, Esquire (michael.vagnoni@obermayer.com)  In addition, copies of the Motion, the Bidding Procedures Order and this Notice can be found through PACER on the Court's website, https://ecfnjb.uscourts.gov/ (registration required).

Respectfully Submitted,

Dated: September 23, 2021          By: */s/ Edmond M. George*
                                   Edmond M. George, Esquire
                                   Michael D. Vagnoni, Esquire (*pro hac vice*)
                                   Turner N. Falk, Esquire
                                   OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
                                   1120 Route 73, Suite 420
                                   Mount Laurel, NJ 08054-5108
                                   Telephone: (856) 795-3300
                                   Facsimile: (856) 482-0504
                                   E-mail:  edmond.george@obermayer.com
                                            michael.vagnoni@obermayer.com
                                            turner.falk@obermayer.com
                                   *Proposed Counsel to Chapter 11 Debtor, Aluminum*
                                   *Shapes, L.L.C.*

126501411.3
126529772.1
OMC\4818-2083-1228.v1-9/23/21

**<u>Exhibit 3</u>**
**Contract Assumption Notice**

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-1(b)*
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire (pro hac vice)
Turner Falk, Esquire
1120 Route 73, Suite 420
Mount Laurel, NJ 08054-5108
Telephone: (856) 795-3300
Facsimile: (856) 482-0504
E-mail:   edmond.george@obermayer.com
          michael.vagnoni@obermayer.com
          turner.falk@obermayer.com

Proposed Counsel to the Debtor
and Debtor in Possession

</td></tr>
</table>

|  |  |
|---|---|
| In re: | Chapter 11 |
| ALUMINUM SHAPES, LLC, | Case No. 21-16520 (JNP) |
| Debtor. | HEARING DATE AND TIME: ____, 2021 at ____ a.m. (ET) |

### ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

PLEASE TAKE NOTICE THAT:

1.     On August 15, 2021, the above-captioned debtor and debtor in possession (the "**Debtor**"), filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**").

2.     On September 14, 2021, in connection with the proposed sale (the "**Sale**") of the Debtor's Business or assets (the "**Assets**") of the Debtor at an auction for the Debtor's Business or Assets (the "**Auction**"), the Debtor filed a motion (the "**Motion**"), seeking, among other things, (i) entry of an order (the "**Bidding Procedures Order**")[6] approving the bidding procedures (the "**Bidding Procedures**") governing the Sale; (ii) establishing procedures for the assignment and

---

[6] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Bidding Procedures Order.

2

assumption of executory contracts and unexpired leases (the "**Assumption and Assignment Procedures**"); and (iii) granting related relief [Docket No. 94].

3.      Pursuant to the Bidding Procedures Order, the Debtor hereby provides notice that they are seeking to assume and assign to the Successful Bidder the executory contracts and/or unexpired leases (each, an "**Assigned Contract**") listed on **Exhibit A** attached hereto.

4.      When the Debtor assumes and assigns an Assigned Contract to which you are a party, on the closing date of the Sale, or as soon thereafter as practicable, the Successful Bidder will pay you the amount the Debtor's records reflect is owing for prepetition arrearages as set forth on **Exhibit A** (the "**Cure Payment**"). The Debtor's records reflect that all post-petition amounts owing under your Assigned Contract have been paid and will continue to be paid in the ordinary course of business until the assumption and assignment of the Assigned Contract, and that other than the Cure Payment, if any, there are no other defaults under the Assigned Contract.

5.      Inclusion of an executory contract or unexpired lease as an Assigned Contract on **Exhibit A** is not a guarantee that such executory contract or unexpired lease will ultimately be assumed and assigned to the Successful Bidder. Should it be determined that the Assigned Contract to which you are a party will not be assumed and assigned, you will be notified in writing.

6.      Under the terms of the Bidding Procedures, the Successful Bidder may modify the list of Assigned Contracts on **Exhibit A** at any time prior to one (1) business days prior to Closing (the "**Designation Deadline**"), and the Debtor reserves the right at any time before the closing of a Sale, to (i) supplement the list of Assigned Contracts with previously omitted executory contracts, (ii) remove Assigned Contracts from the list of executory contracts ultimately selected as Assigned Contracts that a Successful Bidder proposes be assumed and assigned to it in connection with a Sale, and/or (iii) modify the previously stated Cure Payment associated with any Assigned Contracts. In the event the Debtor exercises any of these reserved rights, the Debtor will promptly serve a supplemental notice of contract assumption (a "**Supplemental Assumption Notice**"); provided, however, the Debtor may not add an executory contract or unexpired lease to the list of Assigned Contracts that has been previously rejected by the Debtor by Order of the Court.

7.      Objections, if any, to the proposed Cure Payment or assumption and assignment must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed amount of the Cure Payment, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon, so as to be actually received by proposed counsel to the Debtor on or before **14 days after service of this Contract Assumption Notice** (the "**Cure Objection Deadline**"), or such deadline set forth in the applicable Supplemental Assumption Notice. The deadline to object to assumption and assignment solely with respect to the adequate assurance of future performance shall be the date that is two business days before the start of the Sale Hearing; provided, however, and for the avoidance of doubt, the deadline to object to the Cure Payment shall not be extended.

<div align="center">3</div>

8.      If an objection to the Cure Payment or assumption and assignment is timely filed and not resolved by the parties, a hearing with respect to the objection will take place in the United States Bankruptcy Court for the District of New Jersey, Mitchell H. Cohen U.S. Courthouse, 400 Cooper Street, Camden,  New Jersey 08101, Courtroom 4C, at the Sale Hearing to be held at **1:00 p.m. (prevailing Eastern Time) on October 28, 2021,** or at a later hearing, as determined by the Debtor. A hearing regarding the Cure Payment, if any, may be continued at the discretion of the Debtor until after the Closing.

9.      **Any party failing to timely file an objection to the Cure Payment, the proposed assumption and assignment of an Assigned Contract or Additional Assigned Contract listed on the Contract Assumption Notice or Supplemental Assumption Notice, or the Sale will be deemed to have consented to (a) such Cure Payment, (b) the assumption and assignment of such Assigned Contract or Additional Assigned Contract (including the adequate assurance of future performance), (c) the related relief requested in the Motion, and (d) the Sale. Such party will be forever barred and estopped from objecting to the Cure Payments, the assumption and assignment of the Assigned Contract, or Additional Assigned Contract, the adequate assurance of future performance or the relief requested in the Motion, whether applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Successful Bidder for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against the Debtor and the Successful Bidder with respect to such party's Assigned Contract or Additional Assigned Contract.**

10.      After the Auction, the Debtor will file, but not serve, a notice that identifies the Successful Bidder. The Debtor and/or the Successful Bidder reserve all of their rights, claims and causes of action with respect to the Assigned Contracts listed on **Exhibit A** hereto. Notwithstanding anything to the contrary herein, the proposed assumption and assignment of each of the Assigned Contracts listed on **Exhibit A** hereto (a) shall not be an admission as to whether any such Assigned Contract was executory or unexpired as of the Petition Date or remains executory or unexpired post-petition within the meaning of Bankruptcy Code section 365; and (b) shall be subject to the Debtor's and/or any Successful Bidder's right to conduct further diligence with respect to the Cure Payment of each Assigned Contract and to modify such Cure Payment accordingly. In the event that the Debtor and/or any Successful Bidder determine that your Cure Payment should be modified, you will receive a notice, which will provide for additional time to object to such proposed modification.

Respectfully Submitted,

Dated: September 23, 2021        By: */s/ Edmond M. George*
                                 Edmond M. George, Esquire
                                 Michael D. Vagnoni, Esquire (*pro hac vice*)
                                 Turner N. Falk, Esquire
                                 OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
                                 1120 Route 73, Suite 420

4

Mount Laurel, NJ 08054-5108
Telephone: (856) 795-3300
Facsimile: (856) 482-0504
E-mail:  edmond.george@obermayer.com
   michael.vagnoni@obermayer.com
   turner.falk@obermayer.com
*Proposed Counsel to Chapter 11 Debtor, Aluminum*
*Shapes, L.L.C.*

126501411.3
126529772.1
OMC\4818-2083-1228.v1-9/23/21