| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** *Caption in Compliance with D.N.J. LBR 9004-1(b)* OBERMAYER REBMANN MAXWELL & HIPPEL LLP Edmond M. George, Esquire Michael D. Vagnoni, Esquire (pro hac vice) Turner Falk, Esquire 1120 Route 73, Suite 420 Mount Laurel, NJ 08054-5108 Telephone: (856) 795-3300 Facsimile: (856) 482-0504 E-mail:  edmond.george@obermayer.com michael.vagnoni@obermayer.com turner.falk@obermayer.com  Counsel to the Debtor and Debtor in Possession | Order Filed on October 8, 2021 by Clerk U.S. Bankruptcy Court District of New Jersey |
| In re: ALUMINUM SHAPES, L.L.C., Debtor. | Chapter 11 Case No. 21-16520 (JNP) |

**ORDER GRANTING DEBTOR'S EXPEDITED MOTION FOR APPROVAL OF BID PROTECTIONS PURSUANT TO AN ASSET PURCHASE AGREEMENT FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, AND FOR RELATED RELIEF**

The relief set forth on the

**ORDERED.**

**DATED: October 8, 2021**

_/s/ Jerrold N. Poslusny, Jr._
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

OMC\4848-4933-2477.v2-10/7/21

Page -2-
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-16520-JNP**
**Caption of Order:** **Order Granting Debtor's Expedited Motion for Approval of Bid Protections Pursuant to an Asset Purchase Agreement for the Sale of Substantially All of the Debtor's Assets, and for Related Relief**

---

**AND NOW**, upon consideration of the Motion of Aluminum Shapes, L.L.C. (the "**Debtor**") made pursuant to sections 105, 363, 365, and 503 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006, 9007, and 9008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 6004-1 and 6004-2 of the Local Bankruptcy Rules for the District of New Jersey (the "**Local Bankruptcy Rules**"), for an Order: (i) authorizing and approving the payment of a "break up fee" and expense reimbursement (the "**Bid Protections**") to the selected Stalking Horse Bidder, CGPN, LLC (the "**Purchaser**") pursuant to an Asset Purchase Agreement entered into on September 30, 2021, (the "**APA**") between the Debtor and Purchaser: and (ii) granting related relief (the "**Motion**")[1]; and it appearing that due notice of the Motion, the APA, and the Sale have been provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, stakeholders, and all other parties in interest; and it appearing that the Court has jurisdiction over this matter; and it appearing that the legal and factual bases set forth in the Motion and attached Exhibits establish just cause for the relief granted herein; and the Court having found that the Purchaser would not bid in the absence of the Bid Protections, and in particular, the Break Up Fee; and the Court having found the Break Up Fee of two percent (2%) is reasonable under the circumstances; and for the reasons set forth on the record by the Court at the hearing held on October 7, 2021; and after due deliberation, and good cause shown:

**IT IS** on this ___ day of _____, 2021, **ORDERED** and **DECREED** as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Page -3-
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-16520-JNP**
**Caption of Order:** **Order Granting Debtor's Expedited Motion for Approval of Bid Protections Pursuant to an Asset Purchase Agreement for the Sale of Substantially All of the Debtor's Assets, and for Related Relief**

---

1. The Motion is **GRANTED** to the extent set forth herein.

2. The Bid Protections are authorized and approved as set forth in paragraph 3 below.

3. The Debtor is authorized and approved to pay to the Purchaser the Break Up Fee, two percent (2%) of the total Purchase Price (as defined in the APA); and the Debtor may reimburse the reasonable and documented out-of-pocket fees and expenses of the Purchaser up to $75,000, upon written documentation filed with the Court supporting the requested Expense Reimbursement (including any attorney's fees), which shall be subject to Court approval, pursuant to the Bid Procedures Order and the APA.

4. The Debtor shall serve a copy of the Motion (if not already served) and this Order upon: (i) the Office of the United States Trustee for Region 3; (ii) Tiger Finance, LLC; (iii) counsel to the Committee; (iv) the Internal Revenue Service; and (v) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b), by first-class mail, postage prepaid, no later than five (5) business days after the entry of Order.

5. The Court shall retain jurisdiction over this Order and any disputes relating hereto or arising herefrom.

6. Notwithstanding Bankruptcy Rule 6003, this Order shall be effective and enforceable immediately upon entry; the Court expressly finds that there is no reason for delay in the implementation of this Order.