| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** *Caption in Compliance with D.N.J. LBR 9004-1(b)* **OBERMAYER REBMANN MAXWELL & HIPPEL LLP** Edmond M. George, Esquire Michael D. Vagnoni, Esquire (pro hac vice) Turner N. Falk, Esquire 1120 Route 73, Suite 420 Mount Laurel, NJ 08054-5108 Telephone: (856) 795-3300 Facsimile: (856) 482-0504 E-mail:  edmond.george@obermayer.com           michael.vagnoni@obermayer.com           turner.falk@obermayer.com Counsel to the Debtor and Debtor in Possession | |
| In re: ALUMINUM SHAPES, L.L.C., Debtor. | Chapter 11 Case No. 21-16520-JNP |
| ALUMINUM SHAPES, L.L.C., Plaintiff, v. CONCRETE SUPPORT SYSTEMS, LLC, Defendant. | ADVERSARY NO. **COMPLAINT** |

Aluminum Shapes, L.L.C. (the "Debtor" or the "Plaintiff"), by and through its counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby complains of the Defendant, Concrete Support Systems, LLC ("Concrete Support" or the "Defendant") as follows:

4841-8237-4398

1. This is an adversary proceeding commenced by the Debtor, pursuant to §§ §§ 541 and 542, title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. This instant adversary proceeding involves the failure of Defendant, Concrete Support to pay for the items it ordered and received from the Debtor, despite the parties' four (4) year business relationship and a clear understanding that Concrete Support was required to pay for the items it requested and received from the Debtor.

3. While Concrete Support retains unpaid items valued at $321,877.44, the Debtor has not received the benefit of its bargain: payment for the items.

4. Concrete Support's retention of this benefit is an illegal and inequitable result.

5. Accordingly, the Debtor asserts the following claims against Concrete Support: (1) turnover under 11 U.S.C. § 542; (2) breach of contract; (3) quantum meruit; (4) account stated; (5) unjust enrichment; and (6) promissory estoppel.

6. Pursuant to 28 U.S.C. § 541(a), the amount of the debt due from Concrete Support, $321,877.44, is property of the Debtor's Bankruptcy estate.

7. Pursuant to 28 U.S.C. § 542(b), Concrete Support is required to pay the amount of the debt due, $321,877.44, to the Debtor for the benefit of the Debtor's Bankruptcy estate.

8. This adversary proceeding is related to the Debtor's chapter 11 case, as it will have a significant impact on the administration of the Debtor's Bankruptcy estate.

### I.    PARTIES

9. The Debtor, Aluminum Shapes, L.L.C., is a limited liability company doing business in New Jersey, with an address at 9000 River Road, Delair, New Jersey 08110.

10. On August 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the District of New Jersey, Camden Vicinage (the "Bankruptcy Court").

11. The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtor is the Plaintiff in the instant adversary proceeding.

12. No request has been made for the appointment of a trustee or examiner

13. An Official Committee of Unsecured Creditors has been established in this case.

14. Upon information and belief, Concrete Support is a limited liability company doing business in Florida, with an address at 3409 Pelican Landing Parkway, Suite #3, Bonita Springs, Florida 34134.

## II.    JURISDICTION AND VENUE

15. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b) and (e) as this matter is related to a pending bankruptcy case.

16. This adversary proceeding is related to the Debtor's Bankruptcy as the outcome of this proceeding will have an impact on the administration of the Debtor's estate.

17. This Court has jurisdiction pursuant to §157 and §1334(b) of title 28 of the United States Code, 28 U.S.C. §§ 101 et seq., and the General Order of Reference of United States District Court for the District of New Jersey.

18. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

19. This adversary proceeding is initiated under Bankruptcy Rule 7001(1), for the recovery of property belonging to the Debtor's Bankruptcy estate pursuant to 11 U.S.C. §§ 541 and 542.

20. Pursuant to Bankruptcy Rule 7012(b) non-core matters presented to this Court in this Complaint. The Debtor consents to this Court's entry of a final order in all matters in this Complaint.

### III.    BACKGROUND

21. The Debtor is an industry leader in the fabrication, processing, and extruding of aluminum metals for use in, *inter alia*, the swimming pool, trucking, trailer, and outdoor storage industries.

22. Upon information and belief, Concrete Support is a manufacturer and seller of, among other products, aluminum shoring systems.

23. In order to manufacture its aluminum shoring systems Concrete Support requires aluminum extrusions performed only by the Debtor.

24. For over four (4) years, from 2018 to 2021, Concrete Support purchased from the Debtor, aluminum extrusions.

25. When Concrete Support purchased extrusions from the Debtor, the Debtor produced the materials in New Jersey and delivered them to Concrete Support in Florida.

26. On delivery of the aluminum extrusions, the Debtor gave Concrete Support an invoice reflecting the cost of the order.

27. Until April of 2021, Concrete Support timely paid the invoices for the delivered goods.

28. Beginning in April of 2021, Concrete Support began ordering aluminum extrusions from the Debtor, and refusing to pay for them without justification.

29. From April to June of 2021, Concrete Support continued ordering aluminum extrusions, which the Debtor delivered on time and in accordance with its contractual obligations.

30. Concrete Support accepted theses extrusions without rejection, and used them for its benefit.

31. Concrete Support did not pay for the extrusions ordered and delivered between April to June of 2021 (the "Unpaid Extrusions").

32. Concrete Support owes the Debtor $321,877.44, all of which is attributable to the Unpaid Extrusions.

33. The Debtor correctly invoiced Concrete Support for the Unpaid Extrusions, but Concrete Support failed to pay (the "Unpaid Invoices"). True and correct copies of the Unpaid Invoices are attached as **Exhibit "A."**

34. Over the course of the proceeding five (5) months, the Debtor has demanded that Concrete Support pay the outstanding sum owed, namely, $321,877.44, but Concrete Support has failed and refused to pay.

35. On September 29, 2021, following months of silence and non-repayment, counsel for the Debtor sent a demand letter to Concrete Support, indicating that is in default of its contractual obligation to pay the Debtor $321,877.44.

36. As of the filing of this Complaint, Concrete Support has failed and refused to pay the Debtor for the Unpaid Extrusions; and, as reflected in the Unpaid Invoices, Concrete Support owes the Debtor $321,877.44.

37. Pursuant to 28 U.S.C. § 541(a), the amount of the debt due from Concrete Support on the Unpaid Invoices, $321,877.44, is property of the Debtor's Bankruptcy estate.

38. Pursuant to 28 U.S.C. § 542(b), Concrete Support is required to pay the amount of the debt due on the Unpaid Invoices, $321,877.44, to the Debtor for the benefit of the Debtor's Bankruptcy estate.

## FIRST COUNT

## TURNOVER UNDER 11 U.S.C. § 542

39. All previous paragraphs of this Complaint are incorporated as though set forth at length herein.

40. Pursuant to 11 U.S.C. § 542(b), an entity that owes a debt that has matured, and which is property of the debtor's bankruptcy estate, must pay that debt to the debtor for the benefit of the debtor's bankruptcy estate.

41. The debt owed by Concrete Support for the Unpaid Extrusions, as evidenced by the Unpaid Invoices, has matured and is payable to the Debtor.

42. The debt owed by Concrete Support for the Unpaid Extrusions, as evidenced by the Unpaid Invoices, is property of the Debtor's Bankruptcy estate pursuant to 11 U.S.C. § 541(a).

43. Concrete Support is wrongfully retaining monies that are property of the Debtor's Bankruptcy estate.

44. Concrete Support must pay the debt owed on the Unpaid Invoices, $321,877.44, to the Debtor, for the benefit of the Debtor's Bankruptcy estate.

**WHEREFORE**, the Debtor, Aluminum Shapes, L.L.C., respectfully requests the entry of a judgment, pursuant to 11 U.S.C. §§ 541 and 542, against the Defendant, Concrete Support Systems, LLC, for the sum of $321,877.44 and all other relief the Court deems equitable and just.

## SECOND COUNT

## BREACH OF CONTRACT

45. All previous paragraphs of this Complaint are incorporated as though set forth at length herein.

46. In accordance with Concrete Support's request, the Debtor produced and delivered the Unpaid Extrusions to Concrete Support in Florida.

47. Concrete Support accepted the Unpaid Extrusions without rejection, and used them for its benefit.

48. The Debtor invoiced Concrete Support for the Unpaid Extrusions, but Concrete Support has failed to pay the Unpaid Invoices.

49. The Debtor demanded payment of the Unpaid Invoices from Concrete Support, but Concrete Support has failed to pay the Unpaid Invoices.

50. As evidenced by the Unpaid Invoices, Concrete Support owes the Debtor $321,877.44 for the Unpaid Extrusions.

**WHEREFORE**, the Debtor, Aluminum Shapes, L.L.C., respectfully requests the entry of a judgment against the Defendant, Concrete Support Systems, LLC, for the sum of $321,877.44 and all other relief the Court deems equitable and just.

## THIRD COUNT

## QUANTUM MERUIT

51. All previous paragraphs of this Complaint are incorporated as though set forth at length herein.

52. Concrete Support received a benefit amounting to $321,877.44—the price of the Unpaid Extrusions.

53. Concrete Support understood that the Unpaid Extrusions were not gifts and that the Debtor expected payment for the Unpaid Extrusions, as detailed in the Unpaid Invoices.

54. Concrete Support understood that, when it ordered the Unpaid Extrusions, the Debtor would expend time, effort, and resources in producing and delivering the Unpaid Extrusions.

55. Concrete Support failed to pay for the Unpaid Extrusions.

56. Despite its failure to pay, Concrete Support retained the Unpaid Extrusions, resulting in a benefit to it of $321,877.44, even though Concrete Support understood it had an obligation to pay the $321,877.44, as detailed in the Unpaid Invoices.

57. The Debtor is entitled to the reasonable value of the Unpaid Extrusions and the time, effort, and resources expended in producing and delivering the Unpaid Extrusions, which, as of September 29, 2021, is $321,877.44.

58. Concrete Support has improperly retained the benefit of the Unpaid Extrusions and the time, effort, and resources expended in producing and delivering the Unpaid Extrusions to its benefit and to the detriment of the Debtor, unlawfully and in violation of the Debtor's rights.

59. The Debtor demanded that Concrete Support pay the outstanding sums owed, but Concrete Support disregarded all such demands for repayment.

60. The Debtor provided the Unpaid Extrusions to Concrete Support in good faith and with the understanding and agreement that Concrete Support would pay the Unpaid Invoices.

61. Concrete Support's improper retention of the benefit of the Unpaid Extrusions and the time, effort, and resources expended in producing and delivering the Unpaid Extrusions has harmed the Debtor in the amount of $321,877.44.

62. Concrete Support would be unjustly enriched by retaining the Unpaid Extrusions without paying for the same.

63. The reasonable value of the Unpaid Extrusions is $321,877.44.

**WHEREFORE**, the Debtor, Aluminum Shapes, L.L.C., respectfully requests the entry of a judgment against the Defendant, Concrete Support Systems, LLC, for the sum of $321,877.44 and all other relief the Court deems equitable and just.

## FOURTH COUNT

## ACCOUNT STATED

64. All previous paragraphs of this Complaint are incorporated as though set forth at length herein.

65. Concrete Support ordered the Unpaid Extrusions from the Debtor.

66. On receipt of its order, the Debtor manufactured and delivered the Unpaid Extrusions to Concrete Support.

67. When it delivered the Unpaid Extrusions, the Debtor provided Concrete Support with an invoice, outlining the monies Concrete Support owed to the Debtor for the Unpaid Extrusions.

68. By virtue of their past dealings and its acceptance of the products, Concrete Support agreed to pay the Debtor in exchange for the Debtor's production and delivery of the ordered materials.

69. From April to June 2021, Concrete Support ordered the Unpaid Extrusions from the Debtor, all of which were manufactured and delivered.

70. Concrete Support failed to pay for the Unpaid Extrusions, as evidenced by the Unpaid Invoices.

71. On multiple occasions, the Debtor made demand for the outstanding sums owed, namely, $321,877.44; however, Concrete Support failed and refused to pay these sums.

72. Concrete Support's failure to pay for the Unpaid Extrusions, the account stated, has harmed the Debtor in the amount of $321,877.44.

**WHEREFORE**, the Debtor, Aluminum Shapes, L.L.C., respectfully requests the entry of a judgment against the Defendant, Concrete Support Systems, LLC, for the sum of $321,877.44 and all other relief the Court deems equitable and just.

## FIFTH COUNT

## UNJUST ENRICHMENT

73. All previous paragraphs of this Complaint are incorporated as though set forth at length herein.

74. Concrete Support received a benefit in the amount of $321,877.44—the price of the Unpaid Extrusions.

75. Concrete Support understood that the Unpaid Extrusions were not gifts and that the Debtor expected payment for those items, as detailed in the Unpaid Invoices.

76. Concrete Support failed to pay for the Unpaid Extrusions.

77. Concrete Support retained the Unpaid Extrusions, resulting in a benefit to it in the amount of $321,877.44, even though Concrete Support understood it had an obligation to pay the $321,877.44, as detailed in the Unpaid Invoices.

78. Concrete Support has been unjustly enriched by the retention of the benefits of the Unpaid Extrusions.

79. Concrete Support's retention of the Unpaid Extrusions, which amounts to a benefit of $321,877.44, without repayment the Debtor would be inequitable.

80. The Debtor is entitled to the reasonable value of the Unpaid Extrusions, which, as of September 29, 2021, is $321,877.44.

81. Concrete Support has retained the benefit of the Unpaid Extrusions to its benefit and to the detriment of the Debtor, unlawfully and in violation of the Debtor's rights.

82. The Debtor has demanded that Concrete Support pay the Unpaid Invoices, but Concrete Support has disregarded all such demands for repayment.

83. Concrete Support's improper retention of the benefit of the Unpaid Extrusions, which are valued at $321,877.44, has harmed the Debtor in the amount of $321,877.44.

**WHEREFORE**, the Debtor, Aluminum Shapes, L.L.C., respectfully requests the entry of a judgment against the Defendant, Concrete Support Systems, LLC, for the sum of $321,877.44 and all other relief the Court deems equitable and just.

## SIXTH COUNT

## PROMISSORY ESTOPPEL

84. All previous paragraphs of this Complaint are incorporated as though set forth at length herein.

85. In exchange for the Debtor producing and delivering the Unpaid Extrusions, Concrete Support promised to pay Unpaid Invoices as they came due.

86. This promise is shown by the course of dealing the Debtor and Concrete Support established over the past four years, by which Concrete Support would pay the Debtor for any purchased extrusions in accordance with the invoices the Debtor produced to it.

87. Concrete Support was aware of the Debtor's reliance on this promise.

88. The Debtor relied on Concrete Support's promise to pay the Unpaid Invoices as they came due when it chose to produce and deliver the Unpaid Extrusions.

89. The Debtor relied on Concrete Support's promise to pay the Unpaid Invoices as they came due to its own detriment in the amount of $321,877.44.

11

90. The Debtor has demanded that Concrete Support pay the Unpaid Invoices, but Concrete Support has disregarded all such demands for repayment.

91. The Debtor's reliance on Concrete Support's promise has harmed the Debtor in the amount of $321,877.44.

**WHEREFORE**, the Debtor, Aluminum Shapes, L.L.C., respectfully requests the entry of a judgment against the Defendant, Concrete Support Systems, LLC, for the sum of $321,877.44 and all other relief the Court deems equitable and just.

Dated: October 13, 2021       By:    */s/ Edmond M. George*
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire (*pro hac vice*)
Turner N. Falk, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
1120 Route 73, Suite 420
Mount Laurel, NJ 08054-5108
Telephone: (856) 795-3300
Facsimile: (856) 482-0504
E-mail: edmond.george@obermayer.com
michael.vagnoni@obermayer.com
turner.falk@obermayer.com
*Counsel to Chapter 11 Debtor*
*Aluminum Shapes, L.L.C.*