| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**<br>Edmond M. George, Esquire<br>Michael D. Vagnoni, Esquire (pro hac vice)<br>Turner N. Falk, Esquire<br>1120 Route 73, Suite 420<br>Mount Laurel, NJ 08054-5108<br>Telephone: (856) 795-3300<br>Facsimile: (856) 482-0504<br>E-mail:  edmond.george@obermayer.com<br>         michael.vagnoni@obermayer.com<br>         turner.falk@obermayer.com<br><br>Proposed Counsel to the Debtor<br>and Debtor in Possession |

| | |
|---|---|
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP |

## DEBTOR'S EXPEDITED MOTION TO SEAL

Debtor Aluminum Shapes, L.L.C. (the "Debtor") by and through undersigned proposed counsel Obermayer Rebmann Maxwell & Hippel LLP, hereby files this motion to seal the forthcoming (i) Declaration of Justin Magner in Support of Debtor's Motion for Entry of an Order Approving Debtor's Key Employee Retention Plan and Debtor's Key Employee Incentive Plan and all exhibits thereto (the "Magner Declaration"); (ii) Declaration of Solomon Rosenthal in Support of Debtor's Motion for Entry of an Order Approving Debtor's Key Employee Retention Plan and Debtor's Key Employee Incentive Plan and all exhibits thereto (the "Rosenthal Declaration" and collectively with the Magner Declaration, the "Declarations"); and (iii) Exhibits 1 and 2 attached to the Proposed Order Approving Debtor's Key Employee Retention Plan and

Debtor's Key Employee Incentive Plan (the "Proposed Order"), and respectfully states the following in support of this motion (the "Motion to Seal").

### Relief Requested

1. By this Motion to Seal, and pursuant to sections 105(a) and 107(b) of the title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), the Debtor seeks entry of an order authorizing the Debtor to file the forthcoming Declarations under seal.

### Jurisdiction And Venue

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested herein is section 107 of the Bankruptcy Code, Fed. R. Bankr. P. 9018 and Local Rule 9018-1.

5. The Debtor consents pursuant to the entry of a final order by the Court in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**Background**

6. On August 15, 2021 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its assets as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. No request has been made for the appointment of a trustee or examiner; an official committee of unsecured creditors has been established in this case.

8. The Debtor is an industry leader in the fabrication, processing, and extruding of aluminum metals and operates out of a single facility located at 9000 River Road, Delair, New Jersey (the "Business"), consisting of approximately 500,000 square feet, including a cast house, foundry, and processing area (the "Real Property"). See First Day Declaration of Jordan Meyers if Support of First Day Motions. (Bkr. DI #17)

9. As of the Petition Date, the Debtor employed approximately 111 employees, including approximately fifty (50) full-time salaried employees and 61 hourly employees (collectively, the "Employees").

10. On June 18, 2021, the Debtor engaged Cowen and Company, LLC ("Cowen") as investment banker to explore a sale of the Debtor's Business or assets (the "Assets"). Based on market feedback, the Debtor, in consultation with its advisors, has determined that a continued operation of the Business by the Debtor is not viable or achievable under the current financial circumstances.

11. Since the Petition Date, the Debtor has been engaged in negotiations to sell substantially all of its assets, either to a strategic purchaser or a real estate purchaser. To that end,

the Debtor filed a motion to approve bid procedures. This Court approved the bid procedures by a September 30, 2021 order (DI #122).

12. The Debtor's assets are presently scheduled to be auctioned on October 25, 2021.

13. While the Debtor has provided due diligence information to all interested purchasers, the Debtor submits that a strategic purchaser that will buy the Business as a going concern will likely offer the highest and best price and preserve the jobs of the Employees.

14. As set forth in the Certificate of Edmond George in Support of the Motion to Seal, attached hereto as **Exhibit "A,"** In order to attract the highest and best offer from a strategic purchaser, the Debtor desires to retain certain specific employees whose expertise is essential to the smooth operation of a going-concern Business.

15. Further, certain Employees critical to the Debtor's sale efforts must be retained to allow full exposure of the Debtor's assets to the many prospective purchasers who tour the Debtor's facility on a near daily basis.

16. In order to retain certain specific employees, the Debtor seeks to implement the proposed key employee retention plan (the "KERP") and the proposed key employee incentive plan (the "KEIP") as further detailed in the Magner Declaration and the Debtor's forthcoming Expedited Motion for Entry of an Order (i) Approving Debtor's Key Employee Retention Plan, (ii) Approving Debtor's Key Employee Incentive Plan, and (iii) Granting Related Relief (the "KERP and KEIP Motion").

17. The Rosenthal Declaration is attached to the KERP and KEIP Motion as Exhibit "A" and incorporated therein.

18. The Magner Declaration is attached to the KERP and KEIP Motion as Exhibit "B" and incorporated therein.

19. In developing the KERP and the KEIP, the Debtor worked with worked closely with Cowen in order to create a KERP and KEIP that would provide the most value to the Debtor's estate by keeping key Employees working through the sale of the Debtor.

20. To demonstrate the facts giving rise to the Debtor's entitlement to the relief sought in the KERP and KEIP Motion, the Debtor needs to support it with the Magner Declaration, which contains and describes Cowen's process in designing the KERP and the KEIP.

21. This process included conducting confidential research.

22. The Magner Declaration goes into great detail in describing this process, which includes discussing and divulging both confidential research Cowen conducted, and sensitive calculations and computations used by Cowen in designing the KERP and the KEIP.

23. Exhibits 1 and 2 attached to the Proposed Order contain the same sensitive calculations and computations, and confidential research as the Magner Declaration.

24. Additionally, to demonstrate the facts giving rise to the Debtor's entitlement to the relief sought in the KERP and KEIP Motion, the Debtor needs to support it with the Rosenthal Declaration, which contains and describes the roles certain Employees have within the Debtor and certain Employees' connections with each other.

25. These descriptions contain information with respect to matters that the Debtor believes to be confidential and potentially scandalous and/or defamatory.

26. The Rosenthal Declaration goes into great detail regarding these matters, which are essential to the Court's understand and evaluation of the KERP and the KEIP.

27. There is no reasonably practicable way to demonstrate the Debtor's entitlement to relief without the filing of this confidential information.

28. There is no reasonably practicable way to file the Declarations in a partially-redacted manner, as the confidential information is inherently intertwined with nearly every paragraph of the Declarations

### Basis For Relief

29. Section 107(b)(1) requires the Court to protect confidential research from public disclosure. 11 U.S.C. § 107(b)(1) ("On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .").

30. Similarly, Section 107(b)(2) requires the Court to protect information regarding scandalous or defamatory matters from public disclosure. 11 U.S.C. § 107(b)(2) ("On request of a party in interest, the bankruptcy court shall . . . protect a person with respect to scandalous or defamatory matter. . . .").

31. In regards to section 107(b)(1), including confidential research, "the court is required to protect a requesting interested party and has no discretion to deny the application." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994).

32. Confidential research does not need to be commercial in nature to be protected under section 107(b)(1); it simply needs to be "confidential" and "research" in the common meaning of both words. See, Marigrove, Inc. v. Pinto (In re Aereas), 644 F. App'x 959, 962 (11th Cir. 2016).

33. In regards to section 107(b)(2), including information with respect to defamatory or scandalous matters, courts "can insure that its records are not used to promote public scandal through publication of… details…." See Orion Pictures, 21 F.3d at 27 (citing to Nixon v. Warner Commc'ns, 435 U.S. 589, 597 (1978)).

34. In order to establish that information regarding a matter is defamatory or scandalous, it only must be established that such information is either false or potentially false. <u>Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)</u>, 657 F.3d 1008 (9th Cir. 2011).

35. The movant is not required to demonstrate "good cause" to file the relevant document(s) under seal. Rather, if the material falls within one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." <u>See Orion Pictures</u>, 21 F.3d at 27.

36. Sufficient cause exists for the Court to grant the relief requested in this Motion to Seal as the Magner Declaration contains confidential research belonging to Cowen.

37. Sufficient cause exists for the Court to grant the relief requested in this Motion to Seal as Exhibits 1 and 2 attached to the Proposed Order contain the same sensitive calculations and computations, and confidential research as the Magner Declaration.

38. Sufficient cause exists for the Court to grant the relief requested in this Motion to Seal as the Rosenthal Declaration contains information with respect to a scandalous and/or defamatory matter.

39. The Debtor is required, by its fiduciary responsibilities, to seek the relief requested in the KERP and KEIP Motion and supported by the Declarations.

40. The Motion and the Declarations must be filed as soon as possible, so the Debtor will request expedited consideration of this Motion to Seal by a separate application.

41. For the foregoing reasons, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to file the Magner Declaration and Rosenthal Declaration under seal, and to provide a copy thereof solely to the U.S. Trustee and the Committee Professionals.

## **CONCLUSION**

42. The Debtor respectfully requests that this Court enter an order granting the Motion to Seal, and such other and further relief as may be just and proper.

Dated:  October 19, 2021      By:   */s/ Edmond M. George*
　　　　　　　　　　　　　　　　　Edmond M. George, Esquire
　　　　　　　　　　　　　　　　　Michael D. Vagnoni, Esquire (*pro hac vice*)
　　　　　　　　　　　　　　　　　Turner N. Falk, Esquire
　　　　　　　　　　　　　　　　　OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
　　　　　　　　　　　　　　　　　1120 Route 73, Suite 420
　　　　　　　　　　　　　　　　　Mount Laurel, NJ 08054-5108
　　　　　　　　　　　　　　　　　Telephone: (856) 795-3300
　　　　　　　　　　　　　　　　　Facsimile: (856) 482-0504
　　　　　　　　　　　　　　　　　E-mail: edmond.george@obermayer.com
　　　　　　　　　　　　　　　　　E-mail:  michael.vagnoni@obermayer.com
　　　　　　　　　　　　　　　　　Email:  turner.falk@obermayer.com
　　　　　　　　　　　　　　　　　*Proposed Counsel to Chapter 11 Debtor*
　　　　　　　　　　　　　　　　　*Aluminum Shapes, L.L.C.*