| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** *Caption in Compliance with D.N.J. LBR 9004-1(b)* OBERMAYER REBMANN MAXWELL & HIPPEL LLP Edmond M. George, Esquire Michael D. Vagnoni, Esquire (pro hac vice) Turner Falk, Esquire 1120 Route 73, Suite 420 Mount Laurel, NJ 08054-5108 Telephone: (856) 795-3300 Facsimile: (856) 482-0504 E-mail:  edmond.george@obermayer.com  michael.vagnoni@obermayer.com  turner.falk@obermayer.com  Proposed Counsel to the Debtor and Debtor in Possession | Order Filed on October 15, 2021 by Clerk U.S. Bankruptcy Court District of New Jersey |
| In re: ALUMINUM SHAPES, L.L.C.,    Debtor. | Chapter 11 Case No. 21-16520 (JNP) |

**ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND <u>REIMBURSEMENT OF EXPENSES TO PROFESSIONAL PERSONS</u>**

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby **ORDERED**.

**DATED: October 15, 2021**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

4830-1218-3037.v1

Debtor:            Aluminum Shapes, L.L.C.
Case No.           21-16520 (JNP)
Caption of Order:  Amended Administrative Fee Order Establishing Procedures for Allowance and payment of Interim Compensation and Reimbursement of Expenses to Professional Persons

---

Upon consideration of the motion (the "Motion")[1] of Aluminum Shapes, L.L.C., the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a) and 331 of the Bankruptcy Code and Local Rule 2016-3, for entry of an Administrative Fee Order establishing procedures for the allowance and payment of interim compensation and reimbursement of expenses to Professionals retained by Order of this Court; and the Court having jurisdiction to decide the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing, and all of the proceedings had before this Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtor, its respective estate and creditors and all parties in interest; that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms not specifically defined herein are defined as set forth in the Motion.

4830-1218-3037.v1

Debtor: Aluminum Shapes, L.L.C.
Case No. 21-16520 (JNP)
Caption of Order: Amended Administrative Fee Order Establishing Procedures for Allowance and payment of Interim Compensation and Reimbursement of Expenses to Professional Persons

---

1. The Motion is GRANTED as set forth herein.

2. Except as may otherwise be provided in an Order of this Court authorizing the retention of specific professionals, all Professionals retained in this case pursuant to section 327 and, to the extent applicable, sections 328(a) and 1103 of the Bankruptcy Code may seek interim compensation, in accordance with the following procedures:

   **(A)    The Monthly Fee Statement.**

   (a)    Not later than the 25th day of the month following the month for which compensation is sought, each Professional person seeking compensation under the administrative fee order must file and serve by electronic transmission, hand delivery, or overnight delivery, or by any means directed by the Court, a monthly fee and expense statement (the "Monthly Fee Statement") pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rules 2016-1(a) and 2016-3 for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month (the "Monthly Compensation Period") and serve a copy of such Monthly Fee Statement on the following parties:

   (i)    the Debtor: Aluminum Shapes, L.L.C., 9000 River Road, Delair, NJ 08110; Attn: Solomon Rosenthal (solomon@shapesllc.com);

   (ii)   counsel to the Debtor: Obermayer Rebmann Maxwell & Hippel LLP, 1120 Route 73, Suite 420, Mount Laurel, NJ 08054-5108; Attn: Edmond M. George, Esquire (edmond.george@obermayer.com); Michael D. Vagnoni, Esquire (michael.vagnoni@obermayer.com); and Turner Falk, Esquire (turner.falk@obermayer.com);

   (iii)  proposed counsel to the Committee: Fox Rothschild, LLP, 1301 Atlantic Ave., Suite 400, Atlantic City, NJ 08401; Attn: Michael J. Viscount, Jr., Esquire (mviscount@foxrothschild.com); Michael Herz, Esquire (mherz@foxrothschild.com); Joseph J. DiPasquale, Esquire

Page 4 of 8
Debtor: Aluminum Shapes, L.L.C.
Case No. 21-16520 (JNP)
Caption of Order: Amended Administrative Fee Order Establishing Procedures for Allowance and payment of Interim Compensation and Reimbursement of Expenses to Professional Persons

---

(jdpasquale@foxrothschild.com); and Martha B. Chovanes, Esquire (mchovanes@foxrothschild.com);

(iv) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; Attn: Jeffrey M. Sponder, Esquire (jeffrey.m.sponder@usdoj.gov);

(v) secured creditors;

(vi) counsel to the post-petition lender, Tiger Finance, LLC; Riemer & Braunstein LLP, Times Square Tower, Suite 2506, Seven Times Square, New York, NY 10036; Attn: Stephen E. Fox, Esquire (sfox@riemerlaw.com), Anthony B. Stumbo, Esquire (astumbo@riemerlaw.com), Donald E. Rothman, Esquire (drothman@riemerlaw.com) and McCarter & English, LLP, 100 Mulberry Street, Newark, NJ 07102; Attn: Joseph Lubertazzi, Jr., Esquire (jlubertazzi@mccarter.com) and Franklin Barbosa, Jr. Esquire (fbarbosa@mccarter.com);

(vii) all parties who have filed an entry of appearance and request for notices pursuant to Fed. R. Bankr. P. 2002; and

(viii) any other party designated by the court (collectively, the "Notice Parties").

Each Professional may file its first Monthly Fee Statement on or before October 25, 2021, which shall include the partial monthly period from the Petition Date through and including September 30, 2021.

(b) All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines established by the Office of the United States Trustee (the "UST Guidelines").

(c) All timekeepers must contemporaneously maintain time entries, in increments of tenths (1/10th) of an hour, for each individual.

4830-1218-3037.v1

Page 5 of 8
Debtor:              Aluminum Shapes, L.L.C.
Case No.             21-16520 (JNP)
Caption of Order:    Amended Administrative Fee Order Establishing Procedures for
                     Allowance and payment of Interim Compensation and Reimbursement
                     of Expenses to Professional Persons

---

**(B)** **Objections.**

(a) An objection (the "Objection") to a Monthly Fee Statement must be filed and served on the Notice Parties not later than fourteen (14) days after service of the Monthly Fee Statement (the "Objection Deadline"). The Objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include: (i) the Debtor's failure to timely file monthly operating reports; and (ii) the Debtor's failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

**(C)** **Payments.**

(a) On the expiration of the Objection Deadline, the Professional may file and serve on the Notice Parties a *Certification of No Objection* or *Certification of Partial Objection,* whichever is applicable, after which the Debtor is authorized to pay each Professional and amount (the "Actual Interim Payment") equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Statement or (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to an Objection. The Professional may seek authorization as part of the next interim or final fee application to receive the remaining 20% of fees not subject to an Objection.

(b) If the Professional resolves an Objection and if the Professional files and serves on the Notice Parties a statement indicating that the Objection is withdrawn and describing the terms of the resolution, the Debtor may pay as set forth above that portion of the Monthly Fee Statement which is no longer subject to an Objection. If the Debtor receives an Objection to a particular Monthly Fee Statement, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (a) above.

(c) If the parties are unable to reach a resolution of the Objection not later than fourteen (14) days after the deadline for filing an Objection under paragraph (B) above, the Professional may either (i) file a response to the Objection together with a request for payment of the fees and expenses to which the Objection applies; or (ii) forgo payment of those fees and expense until the next interim or final fee application or another date directed by the Court.

Page 6 of 8
Debtor:              Aluminum Shapes, L.L.C.
Case No.             21-16520 (JNP)
Caption of Order:    Amended Administrative Fee Order Establishing Procedures for Allowance and payment of Interim Compensation and Reimbursement of Expenses to Professional Persons

---

(d)     The service of an Objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. The decision by any party not to object to a Monthly Fee Application shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

**(D)    Interim Application.**

(a)     Beginning with the period from the Petition Date to November 30, 2021, and continuing at four-month intervals or at such other intervals convenient to the Court (the "Interim Fee Period"), each Professional seeking approval for its interim fee application shall file with the Court and serve on the Notice Parties an interim application for allowance of compensation and reimbursement of expenses, pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and D.N.J. LBR 2016-1, of the compensation and reimbursement of expenses sought in the Monthly Fee Statements filed during the Interim Fee Period (an "Interim Fee Application").

(b)     The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and applicable Third Circuit Law.

(c)     Each Professional must file and serve on the Notice Parties its Interim Fee Application within 45 days of the conclusion of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expense. The first Interim Fee Application shall cover the time between the Petition Date of August 15, 2021 through and including November 30, 2021 and shall be filed no later than January 14, 2022. Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Interim Fee Application is submitted.

Debtor: Aluminum Shapes, L.L.C.
Case No. 21-16520 (JNP)
Caption of Order: Amended Administrative Fee Order Establishing Procedures for Allowance and payment of Interim Compensation and Reimbursement of Expenses to Professional Persons

---

(d) The service of an Objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any Interim Fee Application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Application shall not be a waiver of any kind or prejudice that party's right to object to any Interim Fee Application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

(e) The pendency of a fee application or a Court order that payment of compensation or reimbursement of expenses is improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the further payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

(f) Neither (i) the payment of or the failure to pay in whole or in part monthly interim compensation and reimbursement of expenses nor, (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses for the Professionals.

3. All retained law firms shall provide any and all interim and final fee applications in "LEDES" format to the United States Trustee.

4. The Debtor shall include all payments to Professionals on its monthly operating reports, detailed so as to state the amount paid to Professionals.

5. All time periods set forth in this Order shall be determined in accordance with Bankruptcy Rule 9006(a).

6. All fees and expenses paid to the Professionals are subject to disgorgement until final allowance by the Court.

7. The Debtor is authorized to take all actions necessary to carry out this Order.

Page 8 of 8
Debtor: Aluminum Shapes, L.L.C.
Case No. 21-16520 (JNP)
Caption of Order: Amended Administrative Fee Order Establishing Procedures for Allowance and payment of Interim Compensation and Reimbursement of Expenses to Professional Persons

---

8. A true and correct copy of this Order shall be served on the Notice Parties within seven (7) days hereof.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

4830-1218-3037.v1

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 21-16520-JNP |
| Aluminum Shapes, L.L.C. | Chapter 11 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-1 | User: admin | Page 1 of 3 |
| Date Rcvd: Oct 18, 2021 | Form ID: pdf903 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 20, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Aluminum Shapes, L.L.C., 9000 River Road, Delair, NJ 08110-3204 |
| aty | + Michael D Vagnoni, Obermayer Rebmann Maxwell & Hippel, LLP, 1120 Route 73, Suite 420, Mount Laurel, NJ 08054-5109 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 20, 2021      Signature:      /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 18, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Andrew Katz | on behalf of Defendant Martin J. Walsh katz.andrew@dol.gov |
| Anthony B. Stumbo | on behalf of Creditor Tiger Finance  LLC astumbo@riemerlaw.com |
| Buffy L. Wilson | on behalf of Interested Party New Jersey Department of Environmental Protection buffy.wilson@law.njoag.gov |
| David L. Deratzian | on behalf of Unknown Role Type Nathan H. Kelman  Inc. david@employmentlaw-lv.com |
| Deirdre E. Burke | on behalf of Creditor Tiger Finance  LLC dburke@mccarter.com |
| Donald K. Ludman | |

Case 21-16520-JNP    Doc 191    Filed 10/20/21    Entered 10/21/21 00:12:50    Desc
Imaged Certificate of Notice    Page 10 of 11

| District/off: 0312-1 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Oct 18, 2021 | Form ID: pdf903 | Total Noticed: 2 |

| | |
|---|---|
| | on behalf of Creditor Pollution Control Financing Authority of Camden County dludman@brownconnery.com kray@brownconnery.com |
| Douglas J. Smillie | |
| | on behalf of Creditor Talen Energy Marketing LLC dsmillie@flblaw.com, ccharlton@flblaw.com |
| Edmond M. George | |
| | on behalf of Debtor Aluminum Shapes L.L.C. edmond.george@obermayer.com, michael.vagnoni@obermayer.com;Lucille.acello@obermayer.com;helen.belair@obermayer.com;turner.falk@obermayer.com;colleen.schmidt@obermayer.com |
| Edmond M. George | |
| | on behalf of Plaintiff Aluminum Shapes L.L.C. edmond.george@obermayer.com, michael.vagnoni@obermayer.com;Lucille.acello@obermayer.com;helen.belair@obermayer.com;turner.falk@obermayer.com;colleen.schmidt@obermayer.com |
| Franklin Barbosa, Jr | |
| | on behalf of Creditor Tiger Finance LLC fb@spsk.com |
| Gregory Peterson | |
| | on behalf of Creditor UGI Energy Services Inc. gpeterson@dyerpeterson.com |
| Jeffrey M. Sponder | |
| | on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov jeffrey.m.sponder@usdoj.gov |
| Jerrold S. Kulback | |
| | on behalf of Interested Party Energy Power Investment Company LLC jkulback@archerlaw.com chansen@archerlaw.com |
| John R. Morton, Jr. | |
| | on behalf of Creditor Ford Motor Credit Company LLC ecfmail@mortoncraig.com mortoncraigecf@gmail.com |
| Jordan Seth Blask | |
| | on behalf of Creditor Cygnus Manufacturing Company jblask@fbtlaw.com agilbert@fbtlaw.com;agilbert@ecf.courtdrive.com |
| Joseph Lubertazzi, Jr. | |
| | on behalf of Creditor Tiger Finance LLC jlubertazzi@mccarter.com |
| Joseph J. DiPasquale | |
| | on behalf of Attorney Official Committee of Unsecured Creditors Jdipasquale@foxrothschild.com cbrown@foxrothschild.com |
| Joseph M. Garemore | |
| | on behalf of Creditor Pollution Control Financing Authority of Camden County jgaremore@brownconnery.com |
| Joseph S. D'amico, Jr. | |
| | on behalf of Creditor Public Service Electric and Gas Company jsdamico@flblaw.com |
| Joseph S. D'amico, Jr. | |
| | on behalf of Creditor Talen Energy Marketing LLC jsdamico@flblaw.com |
| Karl N. McConnell | |
| | on behalf of Creditor Merchantville-Pennsauken Water Commission kmcconnell@mpwc.com jhershey@mpwc.com |
| Martha Baskett Chovanes | |
| | on behalf of Attorney Official Committee of Unsecured Creditors mchovanes@foxrothschild.com rsolomon@foxrothschild.com;brian-oneill-fox-5537@ecf.pacerpro.com |
| Matthew David Areman | |
| | on behalf of Creditor Teamsters Local 107 as Bargaining Agent for Unionized Laid Off Employees of Debtor mareman@markowitzandrichman.com |
| Matthew David Areman | |
| | on behalf of Creditor Teamsters Local 837 Health & Welfare Fund mareman@markowitzandrichman.com |
| Matthew David Areman | |
| | on behalf of Creditor Teamsters Local 837 401(k) Plan mareman@markowitzandrichman.com |
| Melissa A. Pena | |
| | on behalf of Creditor New Life Transport Parts Center mapena@norris-law.com pfreda@nmmlaw.com |
| Michael Kwiatkowski | |
| | on behalf of Creditor Public Service Electric and Gas Company mkwiatkowski@cullenanddykman.com mkwiatkowski@msek.com |
| Michael J. Viscount, Jr. | |
| | on behalf of Attorney Official Committee of Unsecured Creditors mviscount@foxrothschild.com rsolomon@foxrothschild.com;ksenese@foxrothschild.com |
| Michael R. Herz | |
| | on behalf of Attorney Official Committee of Unsecured Creditors mherz@foxrothschild.com cbrown@foxrothschild.com |
| Peter C. Hughes | |
| | on behalf of Creditor Dilworth Paxson LLP phughes@dilworthlaw.com cct@dilworthlaw.com |

Case 21-16520-JNP    Doc 191    Filed 10/20/21    Entered 10/21/21 00:12:50    Desc
Imaged Certificate of Notice    Page 11 of 11

| District/off: 0312-1 | User: admin | Page 3 of 3 |
|---|---|---|
| Date Rcvd: Oct 18, 2021 | Form ID: pdf903 | Total Noticed: 2 |

Rebecca K. McDowell
    on behalf of Creditor Eastern Lift Truck Co. Inc. rmcdowell@slgcollect.com

Robert W. Keyser
    on behalf of Creditor BB 316 Investments LLC rkeyser@taylorandkeyser.com

Steven E. Fox
    on behalf of Creditor Tiger Finance LLC sfox@riemerlaw.com, dromanik@riemerlaw.com

Suzanne Demitrio Campbell
    on behalf of Defendant Martin J. Walsh campbell.suzanne@dol.gov

Suzanne Demitrio Campbell
    on behalf of Creditor Martin J. Walsh campbell.suzanne@dol.gov

Turner Falk
    on behalf of Plaintiff Aluminum Shapes L.L.C. turner.falk@obermayer.com, coleen.schmidt@obermayer.com

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 37