Order Filed on October 21, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>OBERMAYER REBMANN MAXWELL & HIPPEL LLP<br>Edmond M. George, Esquire<br>Michael D. Vagnoni, Esquire (pro hac vice)<br>Turner Falk, Esquire<br>1120 Route 73, Suite 420<br>Mount Laurel, NJ 08054-5108<br>Telephone: (856) 795-3300<br>Facsimile: (856) 482-0504<br>E-mail:  edmond.george@obermayer.com<br>          michael.vagnoni@obermayer.com<br>          turner.falk@obermayer.com<br><br>Proposed Counsel to the Debtor<br>and Debtor in Possession |

| | |
|---|---|
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-16520 (JNP) |

**AMENDED ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND <u>REIMBURSEMENT OF EXPENSES TO PROFESSIONAL PERSONS</u>**

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby

**ORDERED**.

**DATED: October 21, 2021**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

4830-1218-3037.v1

| | |
|---|---|
| Debtor: | Aluminum Shapes, L.L.C. |
| Case No. | 21-16520 (JNP) |
| Caption of Order: | Amended Administrative Fee Order Establishing Procedures for Allowance and payment of Interim Compensation and Reimbursement of Expenses to Professional Persons |

---

Upon consideration of the motion (the "Motion")[1] of Aluminum Shapes, L.L.C., the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a) and 331 of the Bankruptcy Code and Local Rule 2016-3, for entry of an Administrative Fee Order establishing procedures for the allowance and payment of interim compensation and reimbursement of expenses to Professionals retained by Order of this Court; and the Court having jurisdiction to decide the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing, and all of the proceedings had before this Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtor, its respective estate and creditors and all parties in interest; that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms not specifically defined herein are defined as set forth in the Motion.

4830-1218-3037.v1

| | |
|---|---|
| Debtor: | Aluminum Shapes, L.L.C. |
| Case No. | 21-16520 (JNP) |
| Caption of Order: | Amended Administrative Fee Order Establishing Procedures for Allowance and payment of Interim Compensation and Reimbursement of Expenses to Professional Persons |

---

1. The Motion is GRANTED as set forth herein.

2. Except as may otherwise be provided in an Order of this Court authorizing the retention of specific professionals, all Professionals retained in this case pursuant to section 327 and, to the extent applicable, sections 328(a) and 1103 of the Bankruptcy Code may seek interim compensation, in accordance with the following procedures:

   **(A)** **The Monthly Fee Statement.**

   (a) Not later than the 25th day of the month following the month for which compensation is sought, each Professional person seeking compensation under the administrative fee order must file and serve by electronic transmission, hand delivery, or overnight delivery, or by any means directed by the Court, a monthly fee and expense statement (the "Monthly Fee Statement") pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rules 2016-1(a) and 2016-3 for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month (the "Monthly Compensation Period") and serve a copy of such Monthly Fee Statement on the following parties:

   (i) the Debtor: Aluminum Shapes, L.L.C., 9000 River Road, Delair, NJ 08110; Attn: Solomon Rosenthal (solomon@shapesllc.com);

   (ii) counsel to the Debtor: Obermayer Rebmann Maxwell & Hippel LLP, 1120 Route 73, Suite 420, Mount Laurel, NJ 08054-5108; Attn: Edmond M. George, Esquire (edmond.george@obermayer.com); Michael D. Vagnoni, Esquire (michael.vagnoni@obermayer.com); and Turner Falk, Esquire (turner.falk@obermayer.com);

   (iii) proposed counsel to the Committee: Fox Rothschild, LLP, 1301 Atlantic Ave., Suite 400, Atlantic City, NJ 08401; Attn: Michael J. Viscount, Jr., Esquire (mviscount@foxrothschild.com); Michael Herz, Esquire (mherz@foxrothschild.com); Joseph J. DiPasquale, Esquire

Page 4 of 8
Debtor: Aluminum Shapes, L.L.C.
Case No. 21-16520 (JNP)
Caption of Order: Amended Administrative Fee Order Establishing Procedures for Allowance and payment of Interim Compensation and Reimbursement of Expenses to Professional Persons

---

(jdpasquale@foxrothschild.com); and Martha B. Chovanes, Esquire (mchovanes@foxrothschild.com);

(iv) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; Attn: Jeffrey M. Sponder, Esquire (jeffrey.m.sponder@usdoj.gov);

(v) secured creditors;

(vi) counsel to the post-petition lender, Tiger Finance, LLC; Riemer & Braunstein LLP, Times Square Tower, Suite 2506, Seven Times Square, New York, NY 10036; Attn: Stephen E. Fox, Esquire (sfox@riemerlaw.com), Anthony B. Stumbo, Esquire (astumbo@riemerlaw.com), Donald E. Rothman, Esquire (drothman@riemerlaw.com) and McCarter & English, LLP, 100 Mulberry Street, Newark, NJ 07102; Attn: Joseph Lubertazzi, Jr., Esquire (jlubertazzi@mccarter.com) and Franklin Barbosa, Jr. Esquire (fbarbosa@mccarter.com);

(vii) all parties who have filed an entry of appearance and request for notices pursuant to Fed. R. Bankr. P. 2002; and

(viii) any other party designated by the court (collectively, the "Notice Parties").

Each Professional may file its first Monthly Fee Statement on or before October 25, 2021, which shall include the partial monthly period from the Petition Date through and including September 30, 2021.

(b) All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines established by the Office of the United States Trustee (the "UST Guidelines").

(c) All timekeepers must contemporaneously maintain time entries, in increments of tenths (1/10th) of an hour, for each individual.

4830-1218-3037.v1

Debtor:           Aluminum Shapes, L.L.C.
Case No.          21-16520 (JNP)
Caption of Order: Amended Administrative Fee Order Establishing Procedures for
Allowance and payment of Interim Compensation and Reimbursement
of Expenses to Professional Persons

---

**(B)** **Objections.**

(a)    An objection (the "Objection") to a Monthly Fee Statement must be filed and served on the Notice Parties not later than fourteen (14) days after service of the Monthly Fee Statement (the "Objection Deadline"). The Objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include: (i) the Debtor's failure to timely file monthly operating reports; and (ii) the Debtor's failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

**(C)** **Payments.**

(a)    On the expiration of the Objection Deadline, the Professional may file and serve on the Notice Parties a *Certification of No Objection* or *Certification of Partial Objection,* whichever is applicable, after which the Debtor is authorized to pay each Professional and amount (the "Actual Interim Payment") equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Statement or (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to an Objection. The Professional may seek authorization as part of the next interim or final fee application to receive the remaining 20% of fees not subject to an Objection.

(b)    If the Professional resolves an Objection and if the Professional files and serves on the Notice Parties a statement indicating that the Objection is withdrawn and describing the terms of the resolution, the Debtor may pay as set forth above that portion of the Monthly Fee Statement which is no longer subject to an Objection. If the Debtor receives an Objection to a particular Monthly Fee Statement, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (a) above.

(c)    If the parties are unable to reach a resolution of the Objection not later than fourteen (14) days after the deadline for filing an Objection under paragraph (B) above, the Professional may either (i) file a response to the Objection together with a request for payment of the fees and expenses to which the Objection applies; or (ii) forgo payment of those fees and expense until the next interim or final fee application or another date directed by the Court.

4830-1218-3037.v1

| | |
|---|---|
| Debtor: | Aluminum Shapes, L.L.C. |
| Case No. | 21-16520 (JNP) |
| Caption of Order: | Amended Administrative Fee Order Establishing Procedures for Allowance and payment of Interim Compensation and Reimbursement of Expenses to Professional Persons |

---

(d)     The service of an Objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. The decision by any party not to object to a Monthly Fee Application shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

**(D)     Interim Application.**

(a)     Beginning with the period from the Petition Date to November 30, 2021, and continuing at four-month intervals or at such other intervals convenient to the Court (the "<u>Interim Fee Period</u>"), each Professional seeking approval for its interim fee application shall file with the Court and serve on the Notice Parties an interim application for allowance of compensation and reimbursement of expenses, pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and D.N.J. LBR 2016-1, of the compensation and reimbursement of expenses sought in the Monthly Fee Statements filed during the Interim Fee Period (an "<u>Interim Fee Application</u>").

(b)     The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and applicable Third Circuit Law.

(c)     Each Professional must file and serve on the Notice Parties its Interim Fee Application within 45 days of the conclusion of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expense. The first Interim Fee Application shall cover the time between the Petition Date of August 15, 2021 through and including November 30, 2021 and shall be filed no later than January 14, 2022**.** Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Interim Fee Application is submitted.

| | |
|---|---|
| Debtor: | Aluminum Shapes, L.L.C. |
| Case No. | 21-16520 (JNP) |
| Caption of Order: | Amended Administrative Fee Order Establishing Procedures for Allowance and payment of Interim Compensation and Reimbursement of Expenses to Professional Persons |

(d)     The service of an Objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any Interim Fee Application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Application shall not be a waiver of any kind or prejudice that party's right to object to any Interim Fee Application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

(e)     The pendency of a fee application or a Court order that payment of compensation or reimbursement of expenses is improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the further payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

(f)     Neither (i) the payment of or the failure to pay in whole or in part monthly interim compensation and reimbursement of expenses nor, (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses for the Professionals.

3.     All retained law firms shall provide any and all interim and final fee applications in "LEDES" format to the United States Trustee.

4.     The Debtor shall include all payments to Professionals on its monthly operating reports, detailed so as to state the amount paid to Professionals.

5.     All time periods set forth in this Order shall be determined in accordance with Bankruptcy Rule 9006(a).

6.     All fees and expenses paid to the Professionals are subject to disgorgement until final allowance by the Court.

7.     The Debtor is authorized to take all actions necessary to carry out this Order.

Debtor:            Aluminum Shapes, L.L.C.
Case No.           21-16520 (JNP)
Caption of Order:  Amended Administrative Fee Order Establishing Procedures for Allowance and payment of Interim Compensation and Reimbursement of Expenses to Professional Persons

---

8. A true and correct copy of this Order shall be served on the Notice Parties within seven (7) days hereof.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.