| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **Merchantville-Pennsauken Water Commission** <br> Karl N. McConnell   NJ 032301980 <br> 6751 Westfield Avenue <br> Pennsauken, NJ 08110 <br> (856)-470-6460 <br> (856) 472-0631 <br> Fx: 856-486-7417 <br> kmcconnell@mpwc.com <br><br> General Counsel, Attorney for Merchantville-Pennsauken Water Commission | |
| In re: <br><br> ALUMINUM SHAPES, LLC., <br><br> Debtor. | Chapter 11 <br><br> Case No.: 21-16520 (JNP) <br><br> Hearing Date: November 12, 2021, at 10:00 a.m. |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CLAIM OF MUNICIPAL GOVERNMENT AS TO WATER TAX LIEN AGAINST AND IN OPPOSITION TO THE <u>DEBTOR'S MOTION FOR THE SALE OF ITS REAL PROPERTY AND ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS ENCUMBRANCES AND OTHER INTERESTS</u>**

The Merchantville-Pennsauken Water Commission(the "Commission"), by and through its undersigned counsel, files this limited objection and reservation of rights (the "Limited Objection") to the *Debtor's Motion For (I) an Order (A) Approving the Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Certain of the Debtor's Assets Including Approval of Provisions for Designation of a Stalking Horse and Bid Protections, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof, (C) Approving Procedures for the Assumption and Assignment of Certain Executory contract and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration; and (F) Granting*

*Related Relief, and (II) an Order (A) Approving the Sale of the Debtor's Business or Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief* [Doc. No. 94] (the "Sale Motion). In support of this Limited Objection, the Commission states its Objection to Debtor's Motion to Sell Property Free and Clear of Liens under Section 363(f) ("Sale Motion") and sets forth it's reasons as follows.as follows:

## BACKGROUND

**1**. The Merchantville-Pennsauken Water Commission (MPWC) is a public body corporate and politic and a political subdivision of the State of New Jersey pursuant to N.J.S.A. 40:62-108 et seq. It is a dedicated and self-liquidating governmental water utility which does not operate to make a profit or to finance other governmental functions and is dedicated only to the supply of its citizens with water.

**2**. The Commission, in this matter, is effectively, under the statute a successor in interest to the Township of Pennsauken, as it created and consolidates with its other host communities the authority for water supply, provision, and mutual cooperation as well as taxing and condemnation authority provided to this Commission and authorized by the State under the statutory plan of its enabling Act. N.J.S.A. 40:62-108 *et seq*.

**3**. The MPWC is funded by only its own rates and fees and receives no other tax money of any kind. Therefore, any debits, delinquencies or shortfalls in its costs and operations must be made up by its other customers.

**4.** N.J.S.A. 40:62-127. <u>Water rates and regulations</u>: Charges the Commission with setting rates for water supply that are uniform for the same kind or class of service in all the municipalities supplied by it. And N.J.S.A. 40:62-141 provides in part that, that all water, services, costs, and penalties and interest:

> " . . . shall be **a lien upon such house, tenement, building or lot until the same shall be paid and satisfied**, and . . .
>
> The commission shall notify the officers or board having charge of the collection of taxes in each municipality in which the commission shall supply water to any of the inhabitants of such municipality, that the commission is supplying water to such inhabitants, and requesting said officials or board to notify all persons applying for a certificate showing municipal or other liens against property in such municipality, that the applicant must apply to the commission to ascertain the amount of water rents or other charges due to the commission, **which are by law made a lien upon the premises covered by the certificate**."

**5**. The Merchantville-Pennsauken Water Commission ("MPWC" hereafter) has Fifteen separate (15) accounts which correspond to the water connections from our system with the Aluminum Shapes facilities located at 9000 River Road, Pennsauken where the Commission provides the Twelve (12) potable water services and maintains the three (3) fire protection service connections to our main water system for the facilities at that location for the debtor.

6. The records of the Commission reflect that the MPWC has supplied the water and services to the facility at that location for over three (3) decades at least, having supplied the predecessor to the current debtor; and has supplied the current debtor, Aluminum Shapes for its entire existence at that location.

7. The Commission reads the water meters and bills its customers quarterly. Aluminum Shapes has not been completely current on its bill with the MPWC since the third quarter of 2019. The bulk of the accounts had a $0 balance last in September of 2019.

8. Since that time the Debtor, Aluminum Shapes has accumulated from the receipt and use of water and services a from that time to the date when this petition was filed by the Debtor a **total aggregate debt of $343, 213.48. The lien is that pre-petition amount.**

9. The "MPWC" is a secured creditor of Debtor Aluminum Shapes, LLC ("Debtor") by virtue of the statutory municipal tax lien on real property. N.J.S.A. 40:62-141.

10. Debtor filed the instant bankruptcy case on August 15, 2021 ("Petition Date").
    Case 21-16520-JNP Doc 209 Filed 10/26/21 Entered 10/26/21 12:12:18 Desc Main
    Document Page 1 of 3.

11. Debtor is the owner of real property located at 9000 River Rd., Pennsauken, New Jersey ("Real Property").

12. Debtor's Schedules value the Real Property at $20,900,000.00. The Real Property is

not subject to any mortgages.

13. The Real Property is subject to municipal liens and property tax liens of approximately $1.4 million.

14. The value of the Real Property is sufficient to pay the MPWC's secured tax lien in full.

15. The MPWC has filed its claim, Claim No. 14, on September 2, 2021, in the amount of $343,213.48 representing the total balance due.

16. The MPWC amended its Claim No.14-2 on October 13, 2021, to correct the docket entry when it became clear that due to a computer error not all the executed documents for the claim were of record with the court.

17. The Debtor Sale Motion proposes to sell all or substantially all assets of Debtor, including the Real Property.

18. On September 30, 2021, the Court approved the bidding procedures for the Sale.

19. The deadline for bids was October 22, 2021.

20. The auction was held on October 25, 2021.

21. Pursuant to 11 U.S.C. § 363(f), a debtor-in-possession may only sell property of the estate free and clear of liens only if:

1) applicable non-bankruptcy law permits the sale free and clear;

2) the lienholder consents;

3) the property will be sold for a price greater than all aggregate liens on the property;

4) the lien is in bona fide dispute; or

5) the lienholder could be compelled in a legal or equitable proceeding to accept monetary satisfaction of the lien.

22. The **MPWC does not consent** to the sale of the Real Property free and clear of its municipal water tax lien.

23. It is unclear that the public entity has the ability or the authority to even agree to consent to such a waiver; and if it did, it would only be if sufficient security for such were posted for the claimed lien amount to be paid in full.

24. There is no non-bankruptcy law that would permit Debtor to sell the Real Property free and clear of the MPWC's municipal water tax lien.

25. Frankly, such a notion of extinguishing superior secured tax liens was so contrary to the code and to the notion of priority claims, that it was not until now contemplated by this municipal entity that Debtor was endeavoring to accomplish this. It remains unclear.

26. Debtor has not established the existence of any bona fide dispute with respect to the water tax lien in this matter and they have never asserted one or acted as if one existed.

27. In fact, the MPWC records do not reflect that the Debtor has disputed any of the relevant invoices or bills presented by the MPWC in this matter and we record all such

disputes, even oral ones. Indeed, all the invoices and bills relevant here are based on annually adjusted rates and modern radio read monitored meters which are rarely in error and identify when they are inaccurate or in failure.

28. Moreover, the absence of any dispute by Debtor is evidenced by the fact that the Debtor has completely and without comment paid in full all of its post-petition invoices to date.

29. There is no legal or equitable proceeding that could compel the MPWC to accept monetary satisfaction of the water tax lien.

30. To put this debt into perspective for the MPWC, in my almost 27 years with the Commission this lien and debt is over three times (3x) larger than any other lien or claim that I have seen in my time here. However, to better explain the impact, if the cost of this claim were forced to be absorbed by the entire remaining balance of residential rate users in the MPWC system throughout Merchantville, Pennsauken, Cherry Hill and Camden it would approximately equate to a per house increase of $26.40 per house in a system where some people, particularly seniors, pay the MPWC little more than that amount on a quarterly basis, and if receiving the low-income senior discount do not pay that much per quarter.

31. The auction in this case took place on October 25, 2021; however, Debtor has not filed the results on the docket and therefore, the MPWC files this Objection to

protect its rights in the event the proposed distribution of proceeds does not include payment of its claim in full. Moreover, I am advised by experienced counsel who specialize in Bankruptcy work in this district that this is not normally perceived to include municipal liens and that title companies do not release as to such liens.

Wherefore, The Merchantville-Pennsauken Water Commission. respectfully requests that Debtor's Motion to Sell be denied unless the MPWC's water tax claim is paid in full or that there is some guarantee that security for such payment is posted or placed in escrow.

    Respectfully submitted,
        Karl N. McConnell
        General Counsel
        Merchantville-Pennsauken Water Commission
        6751 Westfield Avenue, Pennsauken NJ 08110
        856-470-6460
        kmcconnell@mpwc.com

8