| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**Obermayer Rebmann Maxwell & Hippel LLP**<br>Edmond M. George, Esquire<br>Michael D. Vagnoni, Esquire (pro hac vice)<br>Turner N. Falk, Esquire<br>1120 Route 73, Suite 420<br>Mount Laurel, NJ 08054-5108<br>Telephone: (856) 795-3300<br>Facsimile: (856) 482-0504<br>E-mail: edmond.george@obermayer.com<br>       michael.vagnoni@obermayer.com<br>       turner.falk@obermayer.com<br><br>Counsel to the Debtor<br>and Debtor in Possession |

| | |
|---|---|
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP |

### DEBTOR'S RESPONSE TO LIMITED OBJECTION OF NEW LIFE TRANSPORT PART CENTER TO THE DEBTOR'S MOTION FOR AN ORDER APPROVING SALE OF THE DEBTOR'S ASSETS FREE OF LIENS, CLAIMS AND ENCUMBRANCES

Aluminum Shapes, L.L.C., the debtor and debtor-in-possession in the above referenced proceeding (the "Debtor", or "Shapes"), by and through its undersigned counsel, Obermayer Rebmann Maxwell &Hippel LLP, hereby files this Response to the Limited Objection Of New Life Transport Part Center To The Debtor's Motion For An Order Approving Sale Of The Debtor's Assets Free Of Liens, Claims And Encumbrances (the "Limited Objection"). The Debtor avers that the Limited Objection is without merit and must be denied. In response to the Limited Objection, the Debtor states as follows.

1. The Debtor is a manufacturer of extruded aluminum, with a principal place of business at 9000 River Road, Delair, New Jersey.

2. The Debtor is in the process of selling all of its assets, in a court approved auction scheduled for November 10th, 2021.

3. The Debtor entered into an Asset Purchase Agreement ("APA") to sell all of its assets to a Stalking Horse purchaser, CGPN, LLC.

4. Included in the sale contemplated by the APA is Debtor's interest in all of its Machinery and Equipment, which includes numerous dies used in the process of extruding aluminum. The Debtor owns dies for many customers, and maintains and repairs them for runs of materials, even if years apart.

5. In most all cases of specialized manufacturing, the Debtor constructs the dies from plans or specs provided by the buyer.

6. Shapes then engineers, and either manufactures or has a toolmaker fabricate, the die.

7. The Debtor is in possession of and the owner of certain dies used for New Life (the "Dies"). New Life purports to be a successor to Fleet Warehouse, Inc. ("Fleet"). Fleet has been a longtime customer of Shapes, and Shapes has completed hundreds of extrusions and fabrications for Fleet using the Dies.

8. New Life avers that it is the owner of the Dies.

9. New Life is mistaken, as the general Terms and Conditions of the contractual relationship between the parties is governed by Terms and Conditions to which each customer is bound before manufacturing begins.

10. As between Fleet and the Debtor, the ownership of the Dies could not be clearer.

11. As set forth in the Declaration of Solomon Rosenthal, attached hereto as **Exhibit "A"**, each customer, upon receipt of a quote for manufacturing, is provided a copy of the Debtor's

Terms and Conditions along with their Purchase Order. See Paragraph 10 of the Declaration of Solomon Rosenthal in Support of the Debtor's Response to Limited Objection of New Life Transport Part Center to the Debtor's Motion for an Order Approving Sale of the Debtor's Assets Free of Liens, Claims and Encumbrances.

12. It is clear from the Debtor's Terms and Conditions, that the Dies belong to the Debtor. The Debtor's Terms and Conditions, applicable to all customers, provided as part of its extrusion process, particularly Paragraph 11 of said Terms and Conditions, provides:

> "Equipment. **Any equipment, jigs, tools or dies which Seller specifically constructs or acquires for use on Buyer's order shall be and remain Seller's property** and in Seller's possession and control, regardless of whether some or all of the costs thereof are paid for by Buyer."

13. The Terms and Condition also appear prominently on the Debtor's web site.

14. As further stated by Mr. Rosenthal, this practice is the industry standard and used across the fabrication industry.

15. There is no bailment of consignment agreement between New Life and the Debtor or the Debtor's DIP Lender Tiger Finance, LLC ("Tiger").

16. As part of the DIP Loan approved by this Court, Tiger has liens on all of the Debtor's Assets (as defined in the Sale Motion). See DIP Order [D.I. 116].

17. Further, the Dies are part of the Assets to be conveyed to the successful purchaser, and part of the Purchase Price, and listed on the Debtor's APA as an Asset to be transferred.

18. Accordingly, based upon the Terms and Condition, the contractual relationships of the parties, as well as the custom and practice in the industry, the Dies unquestionably belong to the Debtor.

OMC\4882-9465-7792.v1-10/20/21

19. New Life will undoubtedly argue that its correspondence Dated June 26, 2020 (the "Letter") changes ownership from Shapes to New Life. See Exhibit "A" to the Limited Objection. [D.I. 178]. This is an unsupported position.

20. First, Fleet never owned the Dies in the first instance, so it could not transfer them to anyone. Second, the Letter was merely intended to inform the Debtor that Fleet was selling its business, and that future orders would come from New Life.

21. Indeed the language in the acknowledgement states: ". . .after confirmation of a final sale, all future orders for parts using such tooling and/or dies will be issued by New Life." Accordingly, nothing in the Letter requests or confirms transfer of the dies from the Debtor to New Life. Again, the Letter was simply informing the Debtor that after closing, orders would come from New Life, not Fleet.

22. Had New Age or Fleet actually believed they owned the Dies, they would have claimed physical possession, so they could be used elsewhere. This never occurred.

23. The Letter itself merely states that Fleets interest in the Dies (whatever interest that is[1]) is being transferred to New Age. Nothing in the Letter seeks to amend the Terms and Conditions, or vary the contractual terms between the Debtor and Fleet/New Age. Nor is there anything in the Letter that divests the Debtor of its ownership interests in the Dies, as provided in its contract terms with Fleet/New Age.

24. Further, even if the Letter did give up the Debtor's ownership, which it did not, the Letter was signed by the Debtor's VP of Sales, not a person authorized to transfer ownership of the Dies to New Life.

---

[1] The Debtor avers that New Age's only interest in the Dies is the right to protect tis alleged intellectual property, if any.

25. As set forth in the Rosenthal Declaration, the Debtor's Vice President of Sales is not authorize to bind the Debtor in the sale or transfer of its assets, which may only occur by the consent of the Managers.

26. The Debtor concedes that the intellectual property contained in the Dies, to the extent proprietary and protected as part of the New Life's IP rights, may not be used by the Debtor or purchaser.  Notwithstanding this fact, the Dies are a physical Asset and listed by the Debtor as owned.

27. The Debtor intends to sell the Dies at the Auction (if an Auction is required under the Bid Procedures), with the instruction that they may not be used.  However, the Dies have value to the Debtor.

28. Accordingly, New Life has no interest in the Dies, and the Limited Objection must be overruled.

WHEREFORE, the Debtor prays this court enter an order in the form attached, overruling the Limited Objections, and providing for the Debtor to sell the Dies free and clear of all claims and encumbrances pursuant to the Sale Motion.

Respectfully submitted,

Dated: November 10, 2021    By:    */s/ Edmond M. George*
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire (*pro hac vice*)
Turner N. Falk, Esquire
OBERMAYER REBMANN MAXWELL &
HIPPEL, LLP
1120 Route 73, Suite 420
Mount Laurel, NJ  08054-5108
Telephone: (856) 795-3300
Facsimile: (856) 482-0504
*Counsel to Chapter 11 Debtor,
Aluminum Shapes, L.L.C.*

OMC\4882-9465-7792.v1-10/20/21