**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-1(b)*
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire (pro hac vice)
Turner Falk, Esquire
1120 Route 73, Suite 420
Mount Laurel, NJ 08054-5108
Telephone: (856) 795-3300
Facsimile: (856) 482-0504
E-mail:   edmond.george@obermayer.com
          michael.vagnoni@obermayer.com
          turner.falk@obermayer.com

Counsel to the Debtor and Debtor in Possession

Order Filed on November 19, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

ALUMINUM SHAPES, L.L.C.,

                    Debtor.

Chapter 11

Case No. 21-16520 (JNP)

## ORDER AUTHORIZING SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES AND OTHER CLAIMS OR INTERESTS AND TRANSFERRING SUCH CLAIMS TO THE PROCEEDS OF SALE PURSUANT TO 11 U.S.C. §§ 363, 365, AND 1146, FOR WAIVER OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h), FINDING SALE IS FULLY EXEMPT FROM PAYMENT OF ANY REALTY TRANSFER TAXES AND FOR RELATED RELIEF

The relief set forth on the following pages numbered two (2) through twenty-nine (29) is hereby

ORDERED:

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

**DATED: November 19, 2021**

9762144.v5

Page -2-
**Debtor:**           **Aluminum Shapes, L.L.C.**
**Case No:**          **21-16520-JNP**
**Caption of Order:**  **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear**

---

Upon consideration of the Sale Motion filed by the Debtor Aluminum Shapes, L.L.C. (the "Debtor") seeking authorization to sell the all of its Assets (as defined in the Sale Motion), including its Real Property and FF&E (as those terms are defined in the Sale Motion) pursuant to 11 U.S.C. §§ 105, and 363, of the United States Bankruptcy Code and pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure free and clear of all liens, claims, encumbrances and other claims of interest and attaching such liens, claims, encumbrances and other claims of interest to the proceeds of sale pursuant to 11 U.S.C. §§ 363, 365, for waiver of Federal Rule of Bankruptcy Procedures 6004(h), and for related relief (the "Sale Motion");[1] and upon consideration of the pleadings filed with the Court and any evidence presented in support of the Sale Motion; and the Court having noted the appearances of parties-in-interest on the record at the hearing on the Sale Motion, and objections, if any, to the Sale Motion having been either withdrawn or overruled; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, and its creditors; and the Debtor having made good and timely service of the Sale Motion as reflected on the docket of this case; and this Court being satisfied that due notice of the Sale Motion and of the Sale has been provided by the Debtor pursuant to 11 U.S.C. § 363, and Federal Rules of Bankruptcy Procedure 2002(a)(2) and 6004(a) and (c) and this Court's Order Shortening Time Period for Notice and Setting Hearing; and this Court being satisfied that cause exists for Waiver of Federal Rules of Bankruptcy Procedure 6004(h); and the Court having found that the Purchase Price is a fair offer for the Assets, and that adequate evidence of the efforts to sell having been provided, and the Court having found that the Purchaser is a *bona fide* good faith purchaser, for value, and that the sale is necessary to allow the Debtor to effectuate a Plan of Liquidation and make further payments to creditors, and this Court being further satisfied that the sale of the Assets

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Sale Motion, the Bankruptcy Code or the Bankruptcy Rules.

9762144.v5

Page -3-
Debtor:              **Aluminum Shapes, L.L.C.**
Case No:             **21-16520-JNP**
Caption of Order:    **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear**

_____

is in the best interest of the Debtor's bankruptcy estate; and after due deliberation, the Court

enters the below Findings of Fact and Conclusions of Law.

### Findings of Fact and Conclusions of Law

1. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

2. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3. The Court has jurisdiction over this matter and over the property of the Debtor's estate, including the assets to be sold, transferred, or conveyed pursuant to the Amended and Restated Asset Purchase Agreement executed by and between the Debtor and VV 9000 LLC ("Purchaser" or "VV 9000") dated as of November 12, 2021 (together with all related documents, agreements, exhibits, schedules, and addenda thereto, and as may be amended, collectively as the "VV 9000 APA") and this Order, pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Chapter 11 Case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought in the Sale Motion and the basis for the approvals and authorizations herein are (i) sections 102, 105, 363 and 365 of the Bankruptcy Code, (ii) Bankruptcy Rules 2002, 6004, 6006, 9006 and 9014.

9762144.v5

Page -4-
Debtor:              Aluminum Shapes, L.L.C.
Case No:             21-16520-JNP
Caption of Order:    Order Granting Debtor's Motion for an Order to Sell Substantially all of
                     Debtors' Assets Free and Clear

_____

5.     On August 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under

       chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New

       Jersey (the "**Court**"). Since the Petition Date, the Debtor has continued in possession and

       management of its business and property as a debtor-in-possession pursuant to sections 1107(a) and

       1108 of the Bankruptcy Code.

6.     As evidenced by the affidavits of service filed with the Court, proper, timely, adequate, and sufficient

       notice of the Sale Motion, the Sale, and the hearing on the Sale Motion (the "Sale Hearing") has

       been provided in accordance with sections 102(1), 105(a), 363, and 365 of the Bankruptcy Code,

       Bankruptcy Rules 2002, 6004, 9006, 9007, 9008, and 9014, and the Local Bankruptcy Rules, and in

       compliance with the order establishing the bidding procedures entered by this court (the "Bidding

       Procedures Order"). Such notice was sufficient and appropriate under the particular circumstances.

       No other or further notice of the Sale Motion, the Sale, the Sale Hearing, or of the entry of this Order

       is necessary or shall be required.

7.     A reasonable opportunity to object or be heard with respect to the Sale, the Sale Motion, and the

       relief requested therein, has been afforded to all interested persons and entities, including, without

       limitation, (1) the Office of the United States Trustee for the District of New Jersey; (2) counsel to

       the Official Committee of Unsecured Creditors (the "**Committee**"); (3) counsel to Tiger Finance

       LLC ("**Tiger Capital**"); (4) counsel to the New Jersey Division of Taxation; (5) all parties known

       by the Debtor to assert a lien on any of the Assets; (6) all creditors listed in the Debtor's Schedules;

       and (7) all other parties that had filed a notice of appearance and demand for service of papers in

       this Chapter 11 Case as of the date of service (collectively, the "**Sale Notice Parties**").

9762144.v5

Page -5-
Debtor:              Aluminum Shapes, L.L.C.
Case No:             21-16520-JNP
Caption of Order:    **Order Granting Debtor's Motion for an Order to Sell Substantially all of
                     Debtors' Assets Free and Clear**

---

8.      Pursuant to the VV 9000 APA the Debtor agreed to sell the assets (as set forth in the VV 9000 APA, the "**Acquired Assets**") to VV 9000 LLC free and clear of all liens, claims, encumbrances and interests of any kind.

9.      Other parties interested in bidding on the Acquired Assets were provided, upon request, sufficient information to make an informed judgment on whether to bid on the Acquired Assets.

10.     The Acquired Assets constitute property of the Debtor's estate and title thereto is vested in the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code.

11.     The Debtor has demonstrated a sufficient basis and compelling circumstances requiring it to enter into the VV 9000 APA and sell the Acquired Assets under section 363 of the Bankruptcy Code, and such actions are an appropriate exercise of the Debtor's business judgment and in the best interests of the Debtor, its estate, and its creditors as the VV 9000 APA constitutes the highest or best offer for the Acquired Assets.

12.     The Bidding Procedures set forth in the Bidding Procedures Order were non- collusive, created and followed in good faith by VV 9000 and substantively and procedurally fair to all parties.

13.     The Debtor and its professionals have complied, in good faith, with the Bidding Procedures Order in all respects. As demonstrated by (i) any testimony and other evidence proffered or adduced at the Sale Hearing or submitted through any declaration or otherwise prior to the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, through marketing efforts and a competitive sale process conducted in accordance with the Bidding Procedures Order, the Debtor (a) afforded interested potential purchasers a full, fair, and reasonable opportunity to qualify as

Page -6-
Debtor:                Aluminum Shapes, L.L.C.
Case No:               21-16520-JNP
Caption of Order:      **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear**

bidders and submit their highest or otherwise best offer for the Acquired Assets and (b) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Acquired Assets.

14.    Purchaser's offer to acquire the Acquired Assets, upon the terms and conditions as accepted by the Debtor in the VV 9000 APA, (i) is the highest and best offer received by the Debtor for the Acquired Assets, (ii) is fair and reasonable, (iii) is in the best interests of the Debtor's creditors and estate, (iv) constitutes full and adequate consideration and reasonably equivalent value for the Acquired Assets, and (v) will provide a greater recovery for the Debtor's creditors and other interested parties than would be provided by any other practically available alternative. The Purchaser is the Successful Bidder for the Acquired Assets in accordance with the Bidding Procedures Order; provided, however, the Purchaser shall not be obligated to close until all applicable conditions to Closing as set forth in the VV 9000 APA have been satisfied or waived as provided in the VV 9000 APA.

15.    The Bidding Procedures enabled the Debtor to obtain the highest value for the Acquired Assets for the Debtor and its estate under the circumstances herein.

16.    The Purchaser is not an insider of the Debtor as that term is defined in section 101 of the Bankruptcy Code. As such, the Purchaser is a buyer in good faith, as that term is used in the Bankruptcy Code, and the decisions thereunder, and is entitled to the protections of section 363(m) of the Bankruptcy Code with respect to all of the Acquired Assets. The VV 9000 APA was negotiated and entered into in good faith and without collusion or fraud of any kind.

17.    The Purchaser has not engaged in collusion or any conduct that would otherwise control or tend to

Page -7-
Debtor:                Aluminum Shapes, L.L.C.
Case No:               21-16520-JNP
Caption of Order:      **Order Granting Debtor's Motion for an Order to Sell Substantially all of
Debtors' Assets Free and Clear**

---

control the sale price as between or among potential bidders and, therefore, has not violated section

363(n) of the Bankruptcy Code. Neither the Debtor nor the Purchaser have engaged in any conduct

that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application

of or implicate section 363(n) of the Bankruptcy Code to the VV 9000 APA or to the consummation

of the Sale. The Purchaser is entitled to all of the protections and immunities of section 363(m) of

the Bankruptcy Code.

18.    The Debtor has full corporate power and authority to execute the VV 9000 APA and all other

documents contemplated thereby (collectively, the "**Closing Documents**"), and the sale of the

Acquired Assets has been duly and validly authorized by all necessary corporate authority by the

Debtor to consummate the transactions contemplated by the Closing Documents. No consents or

approvals, other than as may be expressly provided for in this Order or the VV 9000 APA are

required by the Debtor to consummate the Sale.

19.    The Debtor has advanced sound business reasons for seeking to enter into the transaction

contemplated in the Closing Documents and to sell the Acquired Assets, as more fully set forth in

the Sale Motion and in the Auction Transcript, and as demonstrated at the Sale Hearing, and it is a

reasonable exercise of the Debtor's business judgment to sell the Acquired Assets and to

consummate the transactions contemplated by the Closing Documents. Notwithstanding any

requirement for approval or consent by any person, the transfer of the Acquired Assets to the

Purchaser is a legal, valid, and effective transfer of the Acquired Assets.

20.    The terms and conditions of the Closing Documents, including the consideration to be realized by

the Debtor pursuant thereto, are fair and reasonable, and the transactions contemplated thereby are

Page -8-
Debtor:                Aluminum Shapes, L.L.C.
Case No:               21-16520-JNP
Caption of Order:      **Order Granting Debtor's Motion for an Order to Sell Substantially all of
                       Debtors' Assets Free and Clear**

---

in the best interests of the Debtor's estate.

21.    Except as otherwise provided in the VV 9000 APA, the Acquired Assets are being sold on an as-is,

where-is basis, free and clear of all Environmental Claims (as defined in the VV 9000 APA)

mortgages, restrictions, hypothecations, charges, indentures, loan agreements, instruments, leases,

licenses, options, deeds of trust, security interests, conditional sale or other title retention

agreements, pledges, liens (including, without limitation, mechanics', materialmens', and other

consensual and non- consensual liens and statutory liens), judgments, demands, encumbrances,

rights of first refusal, offsets, contracts, recoupment, rights of recovery, claims for reimbursement,

contribution, indemnity, exoneration, products liability, alter-ego, environmental, pension, or tax,

decrees of any court or foreign or domestic governmental entity, or charges of any kind or nature, if

any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or

other exercise of any attributes of ownership, debts arising in any way in connection with any

agreements, acts, or failures to act, of the Debtor or the Debtor's predecessors or affiliates, claims

(as that term is used in the Bankruptcy Code), reclamation claims, obligations, liabilities, demands,

guaranties, options, rights, contractual, or other commitments, restrictions, interests, and matters of

any kind and nature, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or

unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or

disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured,

material or non-material, disputed or undisputed, whether arising prior to or subsequent to the

commencement of the bankruptcy case, and whether imposed by agreement, understanding, law,

equity or otherwise, including claims otherwise arising under doctrines of successor liability

(collectively, "**Liens, Claims, Encumbrances, and Interests**").

Page -9-
Debtor:                  **Aluminum Shapes, L.L.C.**
Case No:                 **21-16520-JNP**
Caption of Order:        **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear**

---

**22.** The transfer of the Acquired Assets to the Purchaser is a legal, valid, and effective transfer of the Acquired Assets, and, except as may otherwise be provided in the VV 9000 APA, shall vest the Purchaser with all rights, titles, and interests to the Acquired Assets free and clear of any and all Liens, Claims, Encumbrances, and Interests. All such Liens, Claims, Encumbrances, and Interests are to continue in and attach to the Sale Proceeds, in the order of their priority, with the same validity, force, and effect which they had as against the Acquired Assets prior to the entry of this Order and subject to any claims and defenses the Debtor or other parties may possess with respect thereto. Except as specifically provided in the VV 9000 APA or this Order, the Purchaser shall not assume or become liable for any Liens, Claims, Encumbrances, and Interests relating to the Acquired Assets being sold by the Debtor.

**23.** Liens for the real estate taxes, water and sewer shall attach to the sale proceeds, and the uncontested amount due thereon will be paid from the sale proceeds at the closing of the Sale (the "**Closing**").

**24.** The transfer of the Acquired Assets to the Purchaser, free and clear of all Liens, Claims, Encumbrances, and Interests, will not result in any undue burden or prejudice to any holders of any Liens, Claims, Encumbrances, and Interests as all such Liens, Claims, Encumbrances, and Interests of any kind or nature whatsoever shall continue in and attach to the Sale Proceeds, if any, in the order of their priority, with the same validity, force, and effect that they now have as against the Acquired Assets and subject to any claims and defenses the Debtor or other parties may possess with respect thereto. All persons having Liens, Claims, Encumbrances, or Interests of any kind or nature whatsoever against or in any of the Debtor or the Acquired Assets shall be forever barred, estopped, and permanently enjoined from pursuing or asserting such Liens, Claims, Encumbrances, and

9762144.v5

Page -10-
**Debtor:**          **Aluminum Shapes, L.L.C.**
**Case No:**         **21-16520-JNP**
**Caption of Order:** **Order Granting Debtor's Motion for an Order to Sell Substantially all of
Debtors' Assets Free and Clear**

---

Interests against the Purchaser, any of its assets, property, successors or assigns, or the Acquired Assets.

25.  The Debtor may sell the Acquired Assets free and clear of all Liens, Claims, Encumbrances, and Interests of any kind or nature whatsoever, because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied. Those holders of Liens, Claims, Encumbrances, and Interests who did not object, or who withdrew their objections, to the sale of the Acquired Assets and the Sale Motion, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. All objections to the Sale Motion have been resolved as provided herein or overruled. Any objections to the Sale made by holders of Liens, Claims, Encumbrances, and Interests fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Liens, Claims, Encumbrances, and Interests continue in and attach to the Sale Proceeds in the order of their priority, with the same validity, force, and effect which they had as against the Acquired Assets prior to the entry of this order and subject to any claims and defenses the Debtors or other parties may possess with respect thereto.

26.  Not selling the Acquired Assets free and clear of all Liens, Claims, Interests, and Encumbrances would adversely impact the Debtor's estate, and the sale of Acquired Assets other than one free and clear of all Liens, Claims, Encumbrances, and Interests would be of substantially less value to the Debtor's estate.

27.  To the greatest extent allowed by applicable law, the transactions contemplated under the VV 9000 APA do not amount to a consolidation, merger, or *de facto* merger of the Purchaser and the Debtor and/or the Debtor's estate, there is no substantial continuity between the Purchaser and the Debtor,

9762144.v5

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear** |

there is no common identity between the Debtor and the Purchaser, there is no continuity of enterprise between the Debtor and the Purchaser, the Purchaser is not a mere continuation of the Debtor or its estate, and the Purchaser does not constitute a successor to the Debtor or its estate. Except to the extent, if any, that the liabilities of the Debtor are Assumed Liabilities under the VV 9000 APA, the Purchaser shall have no obligations with respect to any liabilities of the Debtor.

28. The sale of the Acquired Assets outside of a plan of reorganization neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtor. The Sale does not constitute a *sub rosa* chapter 11 plan.

29. The total consideration provided by the Purchaser for the Acquired Assets is the highest and best offer received by the Debtor, and the Purchase Price and the assumption of the Assumed Liabilities constitutes (i) reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act, and (iii) reasonably equivalent value, fair consideration, and fair value under any other applicable laws of the United States, any state, territory, or possession, or the District of Columbia, for the Acquired Assets.

30. Article 6 of the Uniform Commercial Code governing bulk sale transfers and New Jersey's Bulk Sale Transfer Tax Act, N.J.S.A. 54:50-38 et seq, are not applicable to the sale of the Acquired Assets to the Purchaser and the sale of the Acquired Assets contemplated herein is further exempt from realty transfer taxes pursuant to N.J.S.A. 46:15-10(g) and section 1107 of the Bankruptcy Code, and are further exempt from any law imposing a stamp tax or similar tax under section 1146 of the Bankruptcy Code.

Now, therefore, based upon all of the foregoing,

Page -12-

| | |
|---|---|
| Debtor: | **Aluminum Shapes, L.L.C.** |
| Case No: | **21-16520-JNP** |
| Caption of Order: | **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear** |

---

### IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

31.   The relief requested in the Sale Motion is GRANTED as set forth herein. The Sale Motion complies with all aspects of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules.

32.   To the extent any objection, response, or request for continuance was not otherwise withdrawn, waived, or settled, it, and all reservations of rights contained therein, is overruled and denied. Except as set forth herein, without limiting the foregoing, all objections and/or statements to the Sale Motion and the Sale have all been resolved, withdrawn, or overruled in their entirety.

33.   Notice of the Sale Hearing was fair and reasonable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and the Local Bankruptcy Rules, and the orders of the Court.

### APPROVAL OF SALE

34.   Purchaser's offer for the Acquired Assets constitutes the highest and best offer for the Acquired Assets, and the terms and conditions of the VV 9000 APA (including all schedules and exhibits affixed thereto), and the transactions contemplated thereby, are hereby authorized and approved in all respects.

35.   The sale of the Acquired Assets and the consideration provided by the Purchaser under the Successful Bid, the VV 9000 APA, and this Order, are fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

36.   The Purchaser is hereby granted and is entitled to all of the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code.

37.   Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are

9762144.v5

Page -13-
Debtor:                    **Aluminum Shapes, L.L.C.**
Case No:                   **21-16520-JNP**
Caption of Order:          **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear**

---

hereafter reversed, modified, or vacated by a subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any transfer under the VV 9000 APA or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal), and notwithstanding any reversal, modification, or vacatur, shall be governed in all respects by the provisions of this Order and the Closing Documents, as the case may be.

38.    The Debtor is hereby authorized to fully assume, perform under, consummate, and implement the terms of the Closing Documents, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Successful Bid, the VV 9000 APA, this Order, and the sale of the Acquired Assets contemplated thereby, including, without limitation, deeds, assignments, and other instruments of transfer, and to take all further actions as may reasonably be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser, or reducing to possession any or all of the Acquired Assets or Assumed Liabilities, as may be necessary or appropriate to the performance of the Debtor's obligations as contemplated by the VV 9000 APA, without any further corporate action or orders of the Court. The Purchaser shall have no obligation to proceed with the consummation of the Sale (the "**Closing**") until all conditions precedent to its obligations to do so under the terms of the VV 9000 APA have been met, satisfied, or waived.

39.    The Debtor and each other person or entity having duties or responsibilities under the VV 9000 APA, any agreements related thereto, or this Order, and each of its and their respective directors, officers, employees, members, agents, representatives, and attorneys, are authorized and empowered (a) to carry out all of the provisions of the Successful Bid, the VV 9000 APA, and any related agreements, (b) to issue, execute, deliver, file, and record, as appropriate, the documents evidencing

9762144.v5

Page -14-
Debtor:                    Aluminum Shapes, L.L.C.
Case No:                   21-16520-JNP
Caption of Order:          **Order Granting Debtor's Motion for an Order to Sell Substantially all of
                           Debtors' Assets Free and Clear**

---

and consummating the Sale, and any related agreements, (c) to take any and all actions contemplated

by the Successful Bid, the VV 9000 APA, any related agreements, or this Order, and (d) to issue,

execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases,

indentures, mortgages, mortgage satisfactions, deeds, bills of sale, assignments, leases, or other

agreements or documents and to perform such other acts and execute and deliver such other

documents, as are consistent with, and necessary or appropriate to implement, effectuate, and

consummate, the Successful Bid, the VV 9000 APA, any related agreements, and this Order and the

transactions contemplated thereby and hereby, all without further application to, or order of, the

Court or further action by their respective directors, officers, employees, members, agents,

representatives, and attorneys, and with like effect as if such actions had been taken by unanimous

action of the respective directors, officers, employees, members, agents, representatives, and

attorneys of such entities.

40.    The Debtor is further authorized and empowered to file or cause to be filed with the secretary of

state of any state or other applicable officials of any applicable governmental units, any and all

certificates, agreements, or amendments the Debtor or the Purchaser deem necessary or appropriate

to effectuate the transactions contemplated by the Successful Bid, the VV 9000 APA, any related

agreements, and this Order, including amended and restated certificates or articles of incorporation

and by-laws or certificates or articles of amendment, and to take or cause to be taken all such other

actions, filings, or recordings as may be required under appropriate provisions of the applicable laws

of all applicable governmental units or as the Purchaser or any of the officers of the Debtor may

determine are necessary or appropriate. The execution of any such document or the taking of any

such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to

Page -15-

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear** |

so act. Without limiting the generality of the foregoing, this Order shall constitute all approvals and

consents, if any, required by the corporation laws of the State of New Jersey, and all other applicable

business corporation, trust, and other laws of the applicable governmental units with respect to the

implementation and consummation of the Successful Bid, the Bill of Sale, any related agreements

and this Order, and the transactions contemplated thereby and hereby; provided that nothing herein

shall constitute a waiver by the Purchaser of any of the conditions contained in the VV 9000 APA.

41.    Effective as of the Closing, (a) the sale of the Acquired Assets by the Debtor to the Purchaser shall

constitute a legal, valid, binding and effective transfer of the Acquired Assets notwithstanding any

requirement for approval or consent by any person and vests the Purchaser with all rights, titles, and

interests in and to the Acquired Assets, free and clear of all Liens, Claims, Encumbrances, and

Interests of any nature or kind whatsoever, pursuant to section 363(f) of the Bankruptcy Code. All

Liens, Claims, Encumbrances, and Interests (including without limitation Liens, Claims,

Encumbrances, and Interests of Tiger Capital, other lienholders or any real estate, water and sewer

taxes and liens) shall continue in and attach to the Sale Proceeds in the order of their priority, with

the same validity, force, and effect which they had as against the Acquired Assets prior to the entry

of this Order and subject to any claims and defenses the Debtor, the Committee or other parties may

possess with respect thereto, and (b) the assumption of any Assumed Liabilities by the Purchaser

constitutes a legal, valid, and effective delegation of any Assumed Liabilities to the Purchaser and

divests the Debtor, on and after the Closing Date (as hereinafter defined), of all liability with respect

to any Assumed Liabilities.

**TRANSFER OF ASSETS**

42.    Except to the extent specifically provided in the VV 9000 APA, upon the Closing, the Debtor shall

Page -16-

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear** |

---

be, and hereby is, authorized, empowered, and directed, pursuant to sections 105, 363(b), and 363(f) of the Bankruptcy Code, to sell the Acquired Assets to the Purchaser, on an as-is, where-is basis. The sale of the Acquired Assets vests the Purchaser with all right, title, and interest to the Acquired Assets free and clear of any and all Liens, Claims, Encumbrances, and Interests (including, without limitation, real estate, corporate, sales, use water and sewer taxes and any liens arising therefrom) and other liabilities and claims, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity, or otherwise. All such Liens, Claims, Encumbrances, and Interests (including any real estate, corporate and sales and sewer taxes and any liens arising therefrom) shall continue in and attach to the Sale Proceeds with the same priority, validity, force, and effect, if any, as they now have in or against the Acquired Assets, subject to all claims and defenses the Debtor, the Committee or other parties may possess with respect thereto. The Sale Motion shall be deemed to provide sufficient notice as to the sale of the Acquired Assets free and clear of Liens, Claims, Encumbrances, and Interests in accordance with all applicable Local Bankruptcy Rules. Following the date of the Closing (the "**Closing Date**"), no holder of any Liens, Claims, Encumbrances, and Interests in the Acquired Assets may interfere with the Purchaser's use and enjoyment of the Acquired Assets based on or related to such Liens, Claims, Encumbrances, and Interests, or any actions that the Debtor may take in its Chapter 11 Case and no person may take any action to prevent, interfere with, or otherwise enjoin consummation of the transactions contemplated in or by the Closing Documents or this Order.

Page -17-
Debtor:            Aluminum Shapes, L.L.C.
Case No:          21-16520-JNP
Caption of Order:  Order Granting Debtor's Motion for an Order to Sell Substantially all of
                   Debtors' Assets Free and Clear

---

43.  The provisions of this Order authorizing the sale of the Acquired Assets free and clear of Liens,

Claims, Encumbrances, and Interests, shall be self-executing, and neither the Debtor nor the

Purchaser shall be required to execute or file releases, mortgage satisfactions, termination

statements, assignments, consents, or other instruments (collectively as the "**Instruments**") in order

to effectuate, consummate, and implement the provisions of this Order, although the Purchaser

pursuant to this Order is empowered and authorized to file any such Instruments it deems advisable

or appropriate to provide confirmation and notification of the transfer of the Acquired Assets free

and clear of Liens, Claims, Encumbrances, and Interests and this Order shall be sufficient authority

for the Purchaser to execute any such Instruments on behalf of Debtor or any party asserting such a

Lien, Claim, Encumbrance or Interest.  All such Liens, Claims, Encumbrances, and Interests are to

attach to the Sale Proceeds in the order of their priority, with the same validity, force, and effect

which they had as against the Acquired Assets prior to the entry of this order and subject to any

claims and defenses the Debtor, the Committee or other parties may possess with respect thereto.

44.  On or before the Closing Date, the Debtor's creditors are authorized and directed to execute such

documents and take all other actions as may be necessary to release any Liens, Claims,

Encumbrances, and Interests of any kind against the Acquired Assets, as such Liens, Claims,

Encumbrances, and Interests may have been recorded or may otherwise exist. If any person or entity

that has filed financing statements or other documents or agreements evidencing any Liens, Claims,

Encumbrances, and Interests in or against the Acquired Assets shall not have delivered to the Debtor

prior to the Closing after request therefor, in proper form for filing and executed by the appropriate

parties, termination statements, instruments of satisfaction, or releases of all such Liens, Claims,

Encumbrances, and Interests that the person or entity has with respect to the Acquired Assets, the

Page -18-
Debtor:                Aluminum Shapes, L.L.C.
Case No:               21-16520-JNP
Caption of Order:      Order Granting Debtor's Motion for an Order to Sell Substantially all of
                       Debtors' Assets Free and Clear

---

Debtor or the Purchaser, may, in their sole option and at their sole discretion, execute and file on

behalf and in the stead of such party any such document as may be necessary to evidence the

discharge of any Liens, Claims, Encumbrances, and Interests.

45.  All of the Debtor's interests in the Acquired Assets to be acquired by the Purchaser under the VV

9000 APA shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to

and vested in the Purchaser. Upon the occurrence of the Closing, this Order shall be considered and

constitute for any and all purposes a full and complete general assignment, conveyance, and transfer

of the Acquired Assets acquired by the Purchaser under the Closing Documents transferring good

and marketable, indefeasible title and interest in the Acquired Assets to the Purchaser.

46.  Except as otherwise expressly provided in the VV 9000 APA, all persons or entities, presently or on

or after the Closing Date, in possession of some or all of the Acquired Assets are directed to

surrender possession of the Acquired Assets to the Purchaser on the Closing Date or at such time

thereafter as the Purchaser may request.

47.  The Sale and Transactions contemplated herein are exempt from realty transfer taxes pursuant to

N.J.S.A. 46:15-10(g) and § 1107 of the Bankruptcy Code, and are further exempt from any law

imposing a stamp tax or similar tax under § 1146 of the Bankruptcy Code.

48.  Article 6 of the Uniform Commercial Code governing bulk sale transfers and New Jersey's Bulk

Sale Transfer Tax Act, N.J.S.A. 54:50-38 *et seq,* (the "**Bulk Sale Tax Act**")are not applicable to the

sale of the Assets to the Purchaser. In the event that notwithstanding the entry of this Order, the State

of New Jersey or any subdivision thereof asserts a claim against the Purchaser or the Acquired Assets

for any such taxes which are the subject of the New Jersey's Bulk Sale Transfer Act (each as a "**Bulk

Sale Tax Claim**"), the Debtor and its estate shall have the sole and exclusive obligation to pay or

9762144.v5

| Debtor: | Aluminum Shapes, L.L.C. |
|---|---|
| Case No: | 21-16520-JNP |
| Caption of Order: | Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear |

contest such Bulk Sale Tax Claim. The Debtor shall pay or contest same in full within ten (10) Business Days of notification by Purchaser to counsel for the Debtor, the Committee, Tiger and the Office of the United States Trustee that any such Bulk Sale Tax Claim has been made against it or the Acquired Assets and until any such contest is resolved by issuance of a tax clearance determination by the State of New Jersey, Division of Taxation, Debtor shall secure its payment obligation by an escrow established under the provisions of the Bulk Sale Tax Act and associated regulations, policies and procedures of the State of New Jersey.

**ADDITIONAL PROVISIONS**

49. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Closing Documents and this Order.

50. To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the Acquired Assets (or the operation of the Acquired Assets) sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of this Chapter 11 Case or the consummation of the Sale.

51. The Purchaser has not assumed or is otherwise not obligated for any of the Debtor's liabilities other than the Assumed Liabilities and as otherwise set forth in the VV 9000 APA. Consequently, all persons, Governmental Units (as defined in sections 101(27) and 101(41) of the Bankruptcy Code), and all holders of Liens, Claims, Encumbrances, and Interests based upon or arising out of liabilities which are not Assumed Liabilities are each hereby enjoined from taking any action against the Purchaser or the Acquired Assets, including asserting any setoff, offset, right of subrogation, or recoupment of any kind, to recover any Liens, Claims, Encumbrances, and Interests or on account

9762144.v5

Page -20-

| | |
|---|---|
| **Debtor:** | **Aluminum Shapes, L.L.C.** |
| **Case No:** | **21-16520-JNP** |
| **Caption of Order:** | **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear** |

of any liabilities of the Debtor other than Assumed Liabilities, if any, whether or not the Purchaser is using the Debtor's billing numbers or licenses after the Closing Date.

52.    Nothing in this Order including, but not limited to, in paragraphs 21, 24, 25, 42, 51, 55 and 56 or the VV 9000 APA releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Order.  Nothing in this Order or the VV 9000 APA authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order divests any tribunal with jurisdiction to assert its police or regulatory power. Similarly, no provision of this Order, the Bidding Procedures Order, the VV 9000 APA, or the Transaction Documents, shall relieve the Purchaser, including its successors and/or assigns, from any post-Closing obligations or responsibilities, if any, imposed under applicable "Environmental Law" for any "Environmental Condition" on or emanating from the "Real Property" (as those terms are used in the VV 9000 APA) that impact the real property owned by the Pollution Control Financing Authority of Camden County, located at 9600 River Road, Pennsauken, New Jersey (the "Landfill"), including its successors and/or assigns relating only to the Landfill.

53.    Notwithstanding anything to the contrary in the Motion, the APA, the Bidding Procedures, the Assumption Procedures, the Bidding Procedures Order, any Contract Assumption Notice or Supplemental Assumption Notice, any purchase agreement, or this Order, other than that certain environmental liability policy number G24870388 issued by ACE American Insurance Company to Aluminum Shapes L.L.C. for the periods May 1, 2013 through May 1, 2022 (the "ACE

Page -21-
Debtor:                    **Aluminum Shapes, L.L.C.**
Case No:                   **21-16520-JNP**
Caption of Order:          **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear**

---

Environmental Policy") which shall be assigned to the Purchaser pursuant to Section 2.1(g) of the APA, none of the insurance policies or any related agreements issued at any time by ACE American Insurance Company, Federal Insurance Company, Century Indemnity Company, successor to CCI Insurance Company, successor to the Insurance Company of North America and each of their U.S.-based affiliates and successors (collectively, but exclusive of the ACE Environmental Policy, the "Chubb Insurance Contracts"), or any proceeds, rights, benefits, claims, rights to payments and/or recoveries under the Chubb Insurance Contracts shall be sold, assigned or otherwise transferred to the Purchaser in connection with the Sale.

54. To the greatest extent allowed by applicable law, the Purchaser is not a "successor" to the Debtor or its estate by reason of any theory of law or equity, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of the Debtor and/or its estate including, but not limited to, any bulk sales law, successor liability, liability or responsibility for any claim against the Debtor or against an insider of the Debtor, or similar liability except as otherwise expressly provided in the VV 9000 APA, and the Sale Motion contains sufficient notice of such limitation.

55. Except to the extent expressly set forth in the VV 9000 APA, pursuant to sections 105 and 363 of the Bankruptcy Code, all persons and entities, including, but not limited to, the Debtor, the Committee, all debt security holders, equity security holders, the Debtor's employees or former employees, governmental, tax and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding a Lien, Claim, Encumbrance, and Interest of any kind or nature whatsoever against, in, or with respect to the Debtor or the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-

| Page -22- | |
|---|---|
| Debtor: | Aluminum Shapes, L.L.C. |
| Case No: | 21-16520-JNP |
| Caption of Order: | Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear |

contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Acquired Assets, the operation of the Debtor's business prior to the Closing Date or the transfer of the Acquired Assets to the Purchaser, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Lien, Claim, Encumbrance, and Interest, whether by payment, setoff, offset, recoupment, subrogation or otherwise, directly or indirectly, against the Purchaser or any affiliates, successors, or assigns thereof and each of their respective current and former members, officers, directors, managed funds, investment advisors, attorneys, employees, partners, affiliates, financial advisors, and representatives (each of the foregoing in its individual capacity), or the Acquired Assets.

56.     Other than as provided for in the VV 9000 APA, the Purchaser shall have no obligations with respect to any liabilities of the Debtor, and the Debtor is deemed to release and forever discharge the Purchaser and any of its affiliates, successors, and assigns from any and all claims, causes of action, obligations, liabilities, demands, losses, costs, and expenses of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, relating to the Sale, except for liabilities and obligations under the VV 9000 APA.

57.     The Successful Bid, the VV 9000 APA, and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtor, in consultation with the Committee and Tiger Capital, and the Purchaser without further action or order of the Court; *provided*, *however*, any such waiver, modification, amendment, or supplement is not material and substantially conforms to, and effectuates, the Successful Bid, the VV 9000 APA, and any related agreements.

58.     The failure specifically to include any particular provisions of the Successful Bid, the VV 9000 APA, or any related agreements in this Order shall not diminish or impair the effectiveness of such

Page -23-
Debtor:                          Aluminum Shapes, L.L.C.
Case No:                       21-16520-JNP
Caption of Order:       **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear**

---

provision, it being the intent of the Court, the Debtor and the Purchaser that the Successful Bid, the VV 9000 APA, and any related agreements are authorized and approved in their entirety, except as provided herein, with such amendments thereto as may be made by the parties in accordance with this Order prior to Closing.

59. To the extent any provisions of this Order conflict with the terms and conditions of the VV 9000 APA, this Order shall govern and control.

60. CGPN, LLC ("CGPN"), the Debtor's selected stalking horse bidder, was not the successful purchaser of the Assets at the auction and therefore, pursuant to the Court's Order Granting the Debtor's Motion for Approval of Bid Protections [D.I. 158], CGPN is entitled to receive its Break Up Fee totaling $400,000.00 at closing; and the Debtor may reimburse the reasonable and documented out-of-pocket fees and expenses of CGPN up to $75,000, upon written documentation filed with the Court supporting the requested Expense Reimbursement (including any attorney's fees), and upon further Order of the Bankruptcy Court

61. This Order and the VV 9000 APA shall be binding upon and govern the acts of all persons and entities, including without limitation, the Debtor and the Purchaser, their respective successors and permitted assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Debtor's estate or any trustee appointed in an applicable chapter 7 case if the chapter 11 case is converted from chapter 11, all creditors of the Debtor (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Acquired Assets. This Order shall survive and remain

Page -24-
Debtor:              **Aluminum Shapes, L.L.C.**
Case No:             **21-16520-JNP**
Caption of Order:    **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear**

enforceable in accordance with its terms following any dismissal of this chapter 11 Case or any subsequent chapter 7 case of the Debtor.

62.    The provisions of this Order are nonseverable and mutually dependent.

63.    Nothing in any order of the Court or contained in any plan of reorganization or liquidation confirmed in this Chapter 11 Case, or in any subsequent or converted case of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code, shall conflict with or derogate from the provisions of the Successful Bid, the VV 9000 APA, or the terms of this Order.

64.    Notwithstanding Bankruptcy Rules 6004, 6006, and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the Sale Motion shall be deemed to provide sufficient notice of the Debtor's request for relief from stay. In the absence of any person's or entity's obtaining a stay pending appeal, the Debtor and the Purchaser are free to close under the Successful Bid, the VV 9000 APA, and this Order at any time, subject to the terms of the VV 9000 APA. In the absence of any person or entity obtaining a stay pending appeal, if the Debtor and the Purchaser close under the VV 9000 APA, the Purchaser shall be deemed to be acting in "good faith" and shall be entitled to the protections of section 363(m) of the Bankruptcy Code as to all aspects of the transactions under and pursuant to the VV 9000 APA if this Order or any authorization contained herein is reversed or modified on appeal.

65.    This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order, the Bidding Procedures Order, and the VV 9000 APA in all respects and to decide any disputes concerning this Order and the VV 9000 APA, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Successful Bid, the VV 9000 APA, and this Order including, but not limited to, the interpretation of the terms, conditions, and provisions hereof and thereof, the

9762144.v5

Page -25-
Debtor:               **Aluminum Shapes, L.L.C.**
Case No:              **21-16520-JNP**
Caption of Order:     **Order Granting Debtor's Motion for an Order to Sell Substantially all of
                      Debtors' Assets Free and Clear**

status, nature, and extent of the Acquired Assets, and all issues and disputes arising in connection

with the relief authorized herein, inclusive of those concerning the transfer of the Acquired Assets

free and clear of all Liens, Claims, Encumbrances, and Interests.

66.   Subject to the terms of the VV 9000 APA, the Purchaser shall, upon the request of the Debtor or the

Committee, allow the Debtor and its successor under a chapter 11 plan (the "**Debtor Successor**")

reasonable access to, and copies of, the books, records and if same are employed by Purchaser,

personnel of the Debtor existing as of the Closing Date, so as to enable the Debtor, the Debtor

Successor and the Committee to administer the Chapter 11 Case, including, without limitation, to

prepare and file a plan of liquidation and accompanying disclosure statement, and to prepare and file

federal, state, and local tax returns.

67.   Both the Debtor and New Life Transport Parts Center ("New Life") assert competing ownership

interests in certain dies utilized by the Debtor for fabrication of aluminum products for New Life as

identified in the Certification of Dennis Martineau in Support of New Life's Limited Objection to

the Debtor's Sale Motion [D.N. 178-1] (the "Dies"). The dies relating to work for New Life shall

be segregated by the Debtor and not be transferred to the Purchaser pursuant to this Sale Order. If

the Debtor, the Purchaser and New Life can reach a resolution of the disputed issues, a further order

will be entered with respect to the dies. If an agreement cannot be reached, an evidentiary hearing

will be scheduled to determine the disputed issues. All parties reserve their respective interests,

rights, claims and defenses with respect to the Dies pending that hearing.

68.    At the time of closing, the proceeds of the sale of the Assets shall be paid to the Debtor, with all valid liens

attaching to the proceeds of sale. On the Closing Date, the Debtor shall pay: (a) all costs attendant with

closing on the sale of the Assets; and (b) all "DIP Obligations" owed to Tiger Capital (as provided for in

9762144.v5

| | |
|---|---|
| Page -26- | |
| Debtor: | **Aluminum Shapes, L.L.C.** |
| Case No: | **21-16520-JNP** |
| Caption of Order: | **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear** |

the Final DIP Financing Order [Doc 116] as amended by the Order Modifying the Final DIP Financing

Order [Doc.230] (collectively, the "**DIP Order**"), including without limitation, (i) all principal, interest, and

fees, and (ii) if the Committee's Challenge (defined herein below) has not been sooner resolved, the funding

by the Debtor of a deposit in the amount of $250,000 with Tiger Capital into the Pre-Petition Indemnity

Account (as defined in, and provided for in the DIP Order); provided however, notwithstanding any other

provision contained in the Credit Agreement or any other Order of this Court, the foregoing payments to

Tiger Capital shall not be a release or defense with regard to the Committee's challenge of Tiger Capital's

lien as set forth in Adversary Proceeding No. 21-01458 (the "**Committee's Challenge**"). To the extent that

claims of lienholders other than Tiger Capital are subject to objection, the Debtor shall segregate the moneys

from the proceeds of the sale for such disputed lienholders until the claims have been allowed by final Order

by this Court. The remaining proceeds will be held by the Debtor in the DIP account and distributed to

wind down the Debtor, pursuant to a budget approved by the Debtor and the Committee, pursuant to further

Order of the Court, and/or in accordance with a confirmed Plan of Liquidation.

69.     In the event that the Purchaser has not on or before Closing, reached agreement with the die owners which

filed objections to the sale regarding the sale of their dies to the Purchaser, Purchaser and Debtor (with the

input of the Committee) shall reach an agreement as to the amount the purchase price shall be reduced at

Closing. Nothing herein shall waive any parties' rights, claims and defenses regarding the dies in dispute and

all such rights, claims and defenses are hereby reserved and preserved. Further, nothing herein shall preclude

the Purchaser and Debtor (with the input of the Committee) from structuring any agreed upon accommodation

regarding the dies.

70.     At Closing, Purchaser shall deposit the sum of $375,000.00 (the "**Holdback**") into a joint escrow account to

be held by the Purchaser's title company pursuant to an escrow agreement mutually agreeable to the Debtor,

the Committee and the Purchaser. In the event that there are any unpaid fees or costs, or penalties or fines

Page -27-
Debtor:              Aluminum Shapes, L.L.C.
Case No:             21-16520-JNP
Caption of Order:    **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear**

---

for violations, assessed by the NJDEP attributable to acts or omissions by Debtor, SLLC Oldco, or their agents or contractors at the Property prior to Closing under NJDEP case numbers LSR 120001, LSR 120002 and/or LSR 190002 (the "**Remediation Assessments**"), and NJDEP will not accept payment for such Remediation Assessments from the funding currently held by NJDEP established by SLLC Oldco in 2012 (the "**2012 Case Remediation Security**") and established by the Debtor in 2019 (the "**2019 Case Remediation Security**"), the Holdback shall be used exclusively to pay such Remediation Assessments. The Debtor, the Committee and Purchaser will work together cooperatively to promptly resolve the Remediation Assessments with the NJDEP such that the resolution will not impact Purchaser's use of the Acquired Assets nor create any post-Closing liabilities, and to avoid (or minimize), to the extent possible, issuance by NJDEP of an administrative order and civil administrative penalty assessment relating to or arising from the Remediation Assessments. Upon resolution of any portion of the Remediation Assessments, any funds in the Holdback attributable to the issue resolved shall promptly be paid to Debtor. However, notwithstanding anything to the contrary in this paragraph, no funds in the 2019 Case Remediation Security may be used to pay any portion of the Remediation Assessments except for $16,096.07 attributable to outstanding annual remediation fees and remediation funding source surcharge fees. In the event that insufficient funds are in the Holdback to pay all such Remediation Assessments which are to be paid from the Holdback in accordance with this paragraph, any such amounts still to be paid, shall be paid by and be the sole and exclusive obligation of the Debtor and its estate.

71.    Unless paid at the Closing, with regard to amounts assessed or assessable by the Camden County Municipal Utilities Authority and/or NJDEP (the "**Discharge Permit Agencies**") attributable to acts or failures to act or omissions by the Debtor or its agents prior to Closing in connecton with industrial discharge and storm water permits (the "**Discharge Agency Assessments**"), the Debtor, the Committee and Purchaser will work together cooperatively to promptly resolve the Discharge Agency Assessments with the Discharge Permit

Page -28-
Debtor:              **Aluminum Shapes, L.L.C.**
Case No:             **21-16520-JNP**
Caption of Order:    **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear**

---

Agencies such that the resolution will not impact Purchaser's use of the Acquired Assets nor create any post-Closing liabilities, and to avoid (or minimize), to the extent possible, issuance by Discharge Permit Agencies of an administrative order and civil administrative penalty assessment relating to or arising from the Discharge Agency Assessments, and any such amounts determined to be due by the Debtor shall be paid from the Holdback or if insufficient funds remain in the Holdback, shall be the paid by and be the sole and exclusive obligation of the Debtor and its estate.

72.    Notwithstanding the provisions of Section 5.8 of the APA, and subject to the terms of the following sentence: (a) in lieu of Seller establishing a new remediation funding source at Closing, Seller and Purchaser shall cooperate to reach an agreement with NJDEP under which Purchaser replaces Seller as Grantor under the Remediation Trust Fund Agreement by and between Aluminum Shapes LLC and Provident Bank dated December 12, 2019 (the "**2019 RTF**"), attaining all rights of Grantor as set forth in such agreement (the "Transfer") conditioned on Purchaser filing documentation with NJDEP in which it assumes responsibility as the party responsible to conduct remediation of the Site pursuant to the Industrial Site Recovery Act ("**ISRA**"), N.J.S.A. 13:1K-6 et seq., including without limitation in an ISRA Remediation Certification form, for the following ISRA cases: E2019178702 and E2021203337; and (b) unless and until either the Transfer occurs or Closing (as referenced in the next sentence) occurs, Seller shall remain responsible for completing the investigation and remediation of the Real Property and the property at 8600 River Road, Pennsauken, NJ required under ISRA, and Purchaser shall not assume responsibility for such work. If Seller, Purchaser and NJDEP do not effect the Transfer on or before December 15, 2021, the terms of the preceding sentence shall become null and void, and the parties shall abide by the terms of Section 5.8 of the APA with December 16 2021 being deemed as the date on which Closing occurs under that paragraph. Further, until either the Transfer occurs or the new remediation funding source is established, Debtor and the Creditors' Committee agree that sufficient funds received by Debtor from the Purchaser under the APA shall remain segregated and

9762144.v5

Page -29-
**Debtor:**             **Aluminum Shapes, L.L.C.**
**Case No:**            **21-16520-JNP**
**Caption of Order:**   **Order Granting Debtor's Motion for an Order to Sell Substantially all of Debtors' Assets Free and Clear**

---

ear marked to fund the new remediation funding source so that the provisions of this paragraph can be effected with full force.

73.     Good and sufficient reasons for approval of the Agreement have been articulated, and the relief requested in the Sale Motion is in the best interest of the Debtor, its estate, the creditors and other parties in interest.

74.     The Debtor has demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the approval of the Sale other than in the ordinary course of business under 11 U.S.C. § 363(b) in that, among other things, the immediate consummation of the Sale with the Purchaser is necessary and appropriate to maximize the value of the Debtor's estate. Entry of an order approving the VV 9000 APA and all the provisions thereof is a necessary condition precedent to the Purchaser consummating the transactions set forth in the VV 9000 APA.

75.     The Purchase Price shall be paid by the Purchasers to the Debtor in cash or by wire transfer at the Closing.

76.     The Sale must be approved and consummated promptly in order to maximize the value of the Debtor's estate. Time is of the essence in consummating the Sale.

77.     The Debtor shall serve this Order on the United States Attorney, the United States Attorney General, and the Office of the Attorney General of New Jersey and file a certificate of service of same.