# Exhibit A

UNITED STATES OF AMERICA
OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br> Complainant, <br><br> v. <br><br> ALUMINUM SHAPES, LLC, <br><br> Respondent. | OSHRC DOCKET NOS. 17-0646, 17-1380 |

**STIPULATED SETTLEMENT**

                 SEEMA NANDA
                 Solicitor of Labor

                 JEFFREY S. ROGOFF
                 Regional Solicitor

                 SUZANNE DEMITRIO CAMPBELL
                 Senior Trial Attorney

                 ANDREW M. KATZ
                 Senior Trial Attorney

                 B. CARINA DE LA PAZ
                 Trial Attorney

                 U.S. Department of Labor
                 Attorneys for
                 MARTIN J. WALSH,
                 Secretary of Labor,
                 Complainant

POST OFFICE ADDRESS
Jeffrey S. Rogoff, Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 646-264-3674

4869-7357-2613 v1

UNITED STATES OF AMERICA
OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Complainant,<br><br>v.<br><br>ALUMINUM SHAPES, LLC,<br><br>Respondent. | OSHRC DOCKET NOS. 17-0646, 17-1380 |

**STIPULATED SETTLEMENT**

Based upon the following recital, the Complainant and the Respondent herein agree to the following as a conclusion of this matter:

1. The Secretary hereby amends the total proposed penalty of $1,922,895.00 for Docket No. 17-1380 to $961,000.00, and amends the total proposed penalty of $95,063.00 for Docket No. 17-0646 to $39,000.00, to reflect a total amended proposed penalty of $1,000,000.00. The citations are hereby affirmed, grouped, and/or vacated, and the penalty is apportioned to the citation items, as reflected in the chart below.

| CITATION & ITEM | SETTLEMENT DISPOSITION | AMENDED PROPOSED PENALTY |
|---|---|---|
| **Docket No. 17-1380** | | |
| Citation 1, Items 1a, 1b, 1c, 1d, 1e | Affirmed as serious Grouped | $13,000.00 |
| Citation 1, Items 2a, 2b, 2c, 2e | Affirmed as serious Grouped | $13,000.00 |
| Citation 1, Item 2d | Vacated | $0.00 |
| Citation 1, Item 3 | Vacated | $0.00 |
| Citation 1, Items 4, 23 | Affirmed as serious Grouped | $13,000.00 |
| Citation 1, Item 5 | Affirmed as serious | $13,000.00 |
| Citation 1, Items 6a, 6b, 6c, 7a, 7b | Affirmed as serious Grouped | $13,000.00 |

| CITATION & ITEM | SETTLEMENT DISPOSITION | AMENDED PROPOSED PENALTY |
|---|---|---|
| Citation 1, Item 8 | Affirmed as serious | $13,000.00 |
| Citation 1, Items 9a, 9b, 9c, 9d, 9e, 9f, 9g, 9h, 9i, 9j, 9k | Affirmed as serious Grouped | $13,000.00 |
| Citation 1, Items 10a, 10b | Affirmed as serious Grouped | $13,000.00 |
| Citation 1, Item 11 | Affirmed as serious | $13,000.00 |
| Citation 1, Item 12 | Vacated | $0.00 |
| Citation 1, Items 13, 14a, 14b | Affirmed as serious Grouped with repeated violations in Citation 3, Items 8, 9b, 10a, 10b, 11 | $0.00 (grouped) |
| Citation 1, Items 15, 16, 17, 18a, 18b, 18c, 19, 20 | Affirmed as serious Grouped | $13,000.00 |
| Citation 1, Items 21a, 21b, 21c, 21d, 22 | Affirmed as serious Grouped | $13,000.00 |
| Citation 1, Items 24a, 24b, 24c, 25 | Affirmed as serious Grouped | $13,000.00 |
| Citation 2, Items 1a, 1b | Affirmed as willful Grouped | $100,000.00 |
| Citation 2, Items 2a, 2b, 3, 4 | Affirmed as willful Grouped | $100,000.00 |
| Citation 2, Items 5a, 5b, 5c, 5d | Vacated | $0.00 |
| Citation 2, Items 6a, 6b, 6c | Vacated | $0.00 |
| Citation 2, Items 7a, 7b, 7c, 8 | Affirmed as willful Grouped | $100,000.00 |
| Citation 3, Items 1, 2, 3 | Affirmed as repeated Grouped | $100,000.00 |
| Citation 3, Items 4a, 4b, 5, 17 | Affirmed as repeated Grouped | $100,000.00 |
| Citation 3, Item 6 | Affirmed as repeated | $100,000.00 |
| Citation 3, Items 7, 9a, 12, 13, 15a, 15b | Vacated | $0.00 |
| Citation 3, Items 8, 9b, 10a, 10b, 11; Citation 1, Items 13, 14a, 14b | Affirmed as repeated Grouped with serious violations in Citation 1, Items 13, 14a, 14b | $100,000.00 |
| Citation 3, Items 14, 16 | Affirmed as repeated Grouped | $100,000.00 |
| Citation 4, Item 1 | Affirmed as other-than-serious | $5,000.00 |
| **Docket No. 17-0646** | | |
| Citation 1, Item 1 | Affirmed as serious | $13,000.00 |
| Citation 1, Item 2 | Affirmed as serious | $13,000.00 |

3

| CITATION & ITEM | SETTLEMENT DISPOSITION | AMENDED PROPOSED PENALTY |
|---|---|---|
| Citation 2, Item 1 | Amended to serious Affirmed | $13,000.00 |
| **TOTAL** | | **$1,000,000** |

No other changes are being made to the citations and penalties except as outlined above. Because Respondent is in bankruptcy, the amended proposed penalty shall be affirmed, but shall not be paid or collected except as provided in Paragraph 10 below.

3.      Based upon the above, the Respondent withdraws its notice of contest as to the citations and proposed penalties as modified.

4.      Respondent affirmatively states and Complainant acknowledges that:

a) The violations alleged in the Complaint have been abated, or will be abated as outlined in Paragraphs 5 and 6 below.

b)  Respondent will continue to comply with the Occupational Safety and Health Act and the regulations promulgated thereunder.

5.      On or before December 15, 2021, Respondent will submit an attestation specifying how each of the conditions described in the citations affirmed in Paragraph 2 above has been abated if any of Respondent's employees are still exposed to those conditions. If employees are no longer working, and are not expected to work, where they can be exposed to the cited conditions, then the attestation shall so state.  If the facility is put back into use as an aluminum foundry, the cited conditions must be abated before employees are exposed to them, and an updated attestation shall be submitted within thirty days of resuming operations.

6.      Respondent has already undertaken, or shall undertake before December 15, 2021, the following enhanced abatement. Respondent's continuing obligation to implement this abatement is contingent on the facility operating as an aluminum foundry.

4

a) Developing and implementing a Safety and Health Program that includes core elements in OSHA's Recommended Practices for Safety and Health Guidelines, https://www.osha.gov/shpguidelines/. These core elements include:

   i. A demonstrated commitment to workplace health and safety;

   ii. Involvement of employees in the development and implementation of the Safety and Health Program;

   iii. A system to identify safety and health hazards within Aluminum Shapes' facility;

   iv. A system to control safety and health hazards within Aluminum Shapes' facility;

   v. Training and education provisions related to the Safety and Health Program for all employees, including managers; and

   vi. Continued evaluation of the effectiveness of the Safety and Health Program.

b) Hiring a full time safety professional with demonstrated experience in ensuring compliance with OSHA's Lockout/Tagout and Permit Required Confined Space standards;

c) Development of a Lockout/Tagout Program by a third-party consultant, as well as the implementation of and review of such program;

d) Development of a Permit Required Confined Space Program by a third-party consultant, as well as the implementation of and review of such program;

e) PPE assessment for all Aluminum Shapes employees by a third party consultant, including an implementation plan;

f) Development and implementation of machine-specific guarding for process equipment, and;

g) Implementation of policies and procedures for increased management commitment and management accountability for compliance with OSHA standards, including identification of

5

a specific Aluminum Shapes manager who is ultimately responsible for the company's safety and health programs, as well as giving specific managers authority to stop unsafe behavior.

h) Any and all appropriate training, which must be provided to each employee in a language that the employee understands, and provided by a consultant who speaks that language.

7. Documentation of compliance with Paragraphs 5 and 6 above shall be submitted via email to the Marlton OSHA Area Office, Paula Dixon-Roderick, Area Director, at Dixon-Roderick.Paula@dol.gov.

8. The citations are hereby amended to include the terms of this Stipulated Settlement as required abatement of the underlying conditions referred to in the citation.

9. Respondent represents and certifies that it is unable to post a copy of the executed settlement agreement where affected employees may see it, because the company has ceased business operations and no longer has employees.

10. Because Respondent is in bankruptcy, the amended proposed penalty of $1,000,000 shall not be paid or collected except as provided for by the bankruptcy proceedings. The Secretary of Labor will file an amended Proof of Claim reflecting the $1,000,000 penalty. The Secretary will also file a stipulation in the bankruptcy matter, capping distribution on his Proof of Claim to $200,000 until and unless all other unsecured claims in the same class are fully paid. In the event that all other unsecured claims in the same class are fully paid and more money is available to pay claims in that class, the Secretary's claim will then be paid up to the full amount of $1,000,000. (If the bankruptcy is dismissed with prejudice before distribution, the Secretary will pursue his claim as permitted by law.)

11.     If the worksite at 9000 River Road, Delair, New Jersey, which OSHA inspected in these matters becomes the property of another entity pursuant to the bankruptcy process, Respondent will notify that entity of this Stipulated Settlement and provide a copy of same to that entity.

12.     Each party hereby agrees to bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

13.     None of the foregoing agreements, statements, stipulations and actions taken by respondent shall be deemed an admission by respondent of the allegations contained within the citations, notifications of penalty and the complaint herein. The agreements, statements, stipulations, findings and actions taken herein are made for the purpose of settling this matter amicably and they shall not be used for any purpose, except for proceedings and matters arising under the Occupational Safety and Health Act.

14.     Respondent withdraws its notice of contest in this matter, and agrees that the citations, penalties, and abatement measures (as set forth and amended herein by this Stipulated Settlement) shall become a final order of the Commission on the same date that the Order Terminating Proceeding becomes a final order, as set forth in the Notice of Docketing issued by the Executive Secretary of the Commission.

15.     Respondent shall, within three (3) business days of the execution of this Stipulation of Settlement, file a Motion under Federal Rule of Bankruptcy Procedure 9010 with the Bankruptcy Court, seeking Bankruptcy Court approval of this Stipulation of Settlement.

DATED:    December 2 2021
               New York, New York

By: _____

Matthew W. Horn
Smith Amundsen, LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
*Attorneys for Respondent*
ALUMINUM SHAPES, LLC

SEEMA NANDA
Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

By: _____
Suzanne Demitrio Campbell
Senior Trial Attorney

Andrew M. Katz
Senior Trial Attorney

B. Carina De La Paz
Trial Attorney

U.S. Department of Labor
Office of the Solicitor, Region II
201 Varick Street, Room 983
New York, NY 10014
*Attorneys for Martin J. Walsh,
Secretary of Labor, Complainant*

8

4869-7357-2613 v1