# Exhibit A

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**<br>Edmond M. George, Esquire<br>Michael D. Vagnoni, Esquire (pro hac vice)<br>Turner Falk, Esquire<br>1120 Route 73, Suite 420<br>Mount Laurel, NJ 08054-5108<br>Telephone: (856) 795-3300<br>Facsimile: (856) 482-0504<br>E-mail:  edmond.george@obermayer.com<br>           michael.vagnoni@obermayer.com<br>           turner.falk@obermayer.com<br><br>Proposed Counsel to the Debtor<br>and Debtor in Possession | **Order Filed on October 8, 2021**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>                                  Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP |

### ORDER AUTHORIZING RETENTION OF
### COWEN AND COMPANY, LLC AS INVESTMENT BANKER

The relief set forth on the following pages, numbered two (2) through seven (7) is hereby

**ORDERED.**

**DATED: October 8, 2021**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Page -2-
**Debtor:** Aluminum Shapes, L.L.C.
**Case No:** 21-16520-JNP
**Caption of Order:** Order Authorizing Retention of Cowen and Company, LLC as Investment Banker

---

Upon the applicant, <u>Aluminum Shapes, L.L.C.'s (the "Applicant" or "Debtor")</u>, request for authorization to retain <u>Cowen and Company, LLC ("Cowen") as Investment Banker</u>, it is hereby ORDERED:

1. The Application is GRANTED to the extent set forth herein.

2. The Debtor is authorized, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, as modified by section 1107(b) thereof, to employ and retain Cowen & Company, LLC ("Cowen") as its investment banker, nunc pro tunc to the Petition Date.

3. The terms and conditions set forth in the June 18, 2021 engagement letter and Schedule 1 (the "Engagement Letter") are approved to the extent set forth herein.

4. Cowen shall file interim and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Trustee Guidelines and any applicable orders of the Court (collectively, the "Fee Guidelines"), provided, however, that the fee applications filed by Cowen shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to any other standard of review set forth in section 330 of the Bankruptcy Code.

5. Notwithstanding the preceding paragraph of this Order and any provision to the contrary in the Application or the Engagement Letter, the United States Trustee (the "U.S. Trustee"), shall have the right to object to Cowen's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code.

Page -3-
**Debtor:** Aluminum Shapes, L.L.C.
**Case No:** 21-16520-JNP
**Caption of Order:** Order Authorizing Retention of Cowen and Company, LLC as Investment Banker

___

6. Notwithstanding anything to the contrary in this Order, upon the closing of any transaction, any applicable fee due to Cowen shall be paid subject to Cowen filing a fee application seeking approval of the payment of its fees and expenses.

7. The requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Trustee Guidelines and any other orders and procedures of this Court, including D.N.J. LBR 2016-1, are hereby modified such that Cowen shall provide reasonably detailed summary time records in one (1) hour increments, which records shall indicate total hours incurred by each professional for each day and provide a brief description of the nature of the work performed.

8. No fees shall be nonrefundable or earned upon receipt in consideration of Cowen's acceptance of the engagement, except by Order of the Court.

9. Cowen is entitled to reimbursement by the Debtor for reasonable expenses incurred in this Chapter 11 Case subject to the terms and conditions set forth in the Engagement Letter and as provided by this Order. However, all rights are reserved to object to any request for reimbursement of expenses, including but not limited to any request for the reimbursement of legal fees of Cowen's outside counsel.

10. None of the fees payable to Cowen shall constitute a "bonus" or fee enhancement under applicable law, except where authorized by this Order.

11. The indemnification provisions in the Engagement Letter and Schedule 1 are approved, subject during the pendency of this Chapter 11 Case to the following:

**Page -4-**
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-16520-JNP**
**Caption of Order:** **Order Authorizing Retention of Cowen and Company, LLC as Investment Banker**

---

a) Cowen shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter, unless the indemnification, contribution or reimbursement is approved by the Court;

b) Notwithstanding any provision of the Engagement Letter to the contrary, the Debtor shall have no obligation to indemnify Cowen, or provide contribution or reimbursement to Cowen, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Cowen's fraud, breach of the Engagement Letter, gross negligence, willful misconduct, bad faith or self-dealing to which the Debtor has not consented; (ii) for a contractual dispute in which the Debtor alleges breach of Cowen's obligations to maintain the confidentiality of non-public information, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtor's consent prior to a judicial determination as to Cowens's fraud, breach of the Engagement Letter, gross negligence, willful misconduct, bad faith or uncontested self-dealing but determined by this Court, after notice and a hearing, to be a claim or expense for which Cowen should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order;

c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Case (that order having become a final order no longer subject to appeal)

Page -5-
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-16520-JNP**
**Caption of Order:** **Order Authorizing Retention of Cowen and Company, LLC as Investment Banker**

---

and (ii) the entry of an order closing this Chapter 11 Case, Cowen believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Cowen must file an application therefor in this Court, and the Debtor may not pay any such amounts to Cowen before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Cowen for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify, or make contributions or reimbursements to Cowen. All parties in interest shall retain the right to object to any demand by Cowen for indemnification, contribution and/or reimbursement.

12. Any limitations on any amounts to be contributed by the parties pursuant to the Engagement Letter shall be eliminated during the pendency of this case.

13. In the event Cowen seeks to use any of its affiliates to perform services for the Debtor, the Debtor shall seek the separate retention of any such affiliates.

14. For the avoidance of doubt, all pro-rated Monthly Retainer payments received by Cowen after the close of a Transaction shall, upon the receipt of a Financing Fee, Restructuring Fee or a Sale Fee, be credited against any such fees.

Page -6-
**Debtor:**         **Aluminum Shapes, L.L.C.**
**Case No:**         **21-16520-JNP**
**Caption of Order:**    **Order Authorizing Retention of Cowen and Company, LLC as Investment Banker**

---

15. Notwithstanding anything to the contrary in the Engagement Letter, the definition of "Indemnified Person" in the Engagement Letter is hereby modified to refer solely to Cowen.

16. The limitation of liability section in Schedule 1 attached to the Engagement Letter is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

17. The services provided by Cowen are set forth in the Application. Cowen shall not duplicate any of the services to be provided by Berwyn Capital Interests as restructuring agent.

18. Any additional services provided by Cowen which were not provided for in the Application shall require further Court approval. In addition, section 5j of the Application and paragraph 2j of the Engagement Letter that provide "[r]ender such other financial advisory services as may from time to time be agreed upon by Cowen and the Debtor" will require further Court approval.

19. To the extent that there may be any inconsistency between the terms of the Application, the Certification of Lorrie Beers, the Engagement Letter, and this Order, the terms of this Order shall govern.

20. During the pendency of this Chapter 11 Case, Section 4g of the Engagement Agreement is null and void.

21. Cowen will give a one hundred percent (100%) credit on any monthly flat fees payable after October 31, 2021 against the Sale Fee as defined in the engagement letter attached to the Modified Application.

**Page -7-**
**Debtor:** **Aluminum Shapes, L.L.C.**
**Case No:** **21-16520-JNP**
**Caption of Order:** **Order Authorizing Retention of Cowen and Company, LLC as Investment Banker**

---

22. The monthly flat fees payable for any partial month in which Cowen is retained will be pro-rated.

23. During the pendency of this Chapter 11 Case, Cowen irrevocably consents to the jurisdiction of this Court and waives any objections as to venue or forum non-conveniens.

24. Pursuant to the Engagement Letter, no Financing Fee is due to Cowen as a result of the debtor-in-possession financing provided by Tiger Capital.

25. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

26. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

27. Notwithstanding anything to the contrary in the Application, Certification or Agreement, Cowen shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Cowen's fee applications in this case.