| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br><br>**FOX ROTHSCHILD LLP**<br>49 Market Street<br>Morristown, NJ 07960<br>Michael J. Viscount, Esq.<br>Martha B. Chovanes, Esq.<br>Joseph J. DiPasquale, Esq<br>Michael R. Herz, Esq.<br>mviscount@foxrothschild.com<br>mchovanes@foxrothschild.com<br>jdipasquale@foxrothschild.com<br>mherz@foxrothschild.com<br>Telephone: (973) 992-4800<br>Facsimile: (973) 992-9125<br>*Counsel to the Aluminum Shapes Liquidating Trust* | Order Filed on August 18, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP<br><br>Hon. Jerrold N. Poslusny, Jr. |

**ORDER APPROVING STIPULATION REGARDING MEDIATION OF D&O LITIGATION CLAIMS AND IMPLEMENTATION OF CERTAIN MEDIATION PROCEDURES AND PROTECTIONS BY AND AMONG (I) ADVISORY TRUST GROUP, LLC, (II) CERTAIN FORMER MANAGERS, MEMBERS, OFFICERS, AND/OR CONTROL PERSONS OF THE DEBTOR, (III) PRIMARY INSURER, AND <u>(IV) EXCESS INSURER</u>**

The relief set forth on the following page, numbered two (2), is hereby **ORDERED**.

**DATED: August 18, 2023**

*/s/ Jerrold N. Poslusny, Jr.*
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

148411891.1

Page 2 of 2
DEBTOR:    Aluminum Shapes, L.L.C.
CASE NO:   21-16520-JNP
CAPTION:   Order Approving Stipulation Regarding Mediation of D&O Litigation and Implementation of Certain Mediation Procedures and Protections By and Among (I) Advisory Trust Group, LLC, (II) Certain Former Managers, Members, Officers, and/or Control Persons of the Debtor, (III) Primary Insurer, and (IV) Excess Insurer

**THIS MATTER** having been brought before the Court upon the application (the "Application") of Advisory Trust Group, LLC, the liquidating trustee (the "Liquidating Trustee") for Aluminum Shapes, L.L.C. (the "Debtor"), the debtor in the above-captioned chapter 11 case, by and through its counsel, Fox Rothschild LLP for entry of an order approving the stipulation annexed hereto as Exhibit A (the "Stipulation"), entered into by and among (i) the Liquidating Trustee; (ii) Solomon A. Rosenthal, Doug Bathauer, Robert Otterbein, Charles Pok a/k/a Seong Lok Charles Pok, Jacky Cheung, and Lisa W. Johnson in their capacities as the former managers, members, officers, and/or control persons of Aluminum Shapes LLC (together, the "Former D&Os"); (iii) Chubb Group of Insurance Companies/Federal Insurance Company (the "Primary Insurer"); and (iv) XL Specialty Insurance Company (the "Excess Insurer," and together with the Liquidating Trustee, Former D&Os, and Primary Insurer, the "Parties"), regarding meditation of director and officer litigation claims, including the implementation of certain mediation procedures and protections; and the Parties having consented to the relief set forth in the Stipulation as evidenced by the subscribed consents of their counsel or representatives thereto; and the Court having jurisdiction over the matter pursuant to 28 U.S.C. §§157(b) and 1334(b); and the Court having found sufficient cause for entry of this Order approving the Stipulation, it is hereby

**ORDERED** that the Stipulation is approved, the terms of which are incorporated herein by reference; and it is further

**ORDERED** that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order and the Stipulation.

148411891.1

# EXHIBIT A

108765474.v1

| | |
|---|---|
| In Re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>               Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP<br><br>Hon. Jerrold N. Poslusny, Jr. |

**STIPULATION REGARDING MEDIATION OF D&O LITIGATION CLAIMS AND IMPLEMENTATION OF CERTAIN MEDIATION PROCEDURES AND PROTECTIONS BY AND AMONG (I) ADVISORY TRUST GROUP, LLC (II) CERTAIN FORMER MANAGERS, MEMBERS, OFFICERS, AND/OR CONTROL PERSONS OF THE DEBTOR, (III) PRIMARY INSURER, AND (IV) EXCESS INSURER**

This Stipulation Regarding Mediation of D&O Litigation Claims and Implementation of Certain Mediation Procedures and Protections (the "Stipulation") is entered into by and among (i) Advisory Trust Group, LLC (the "Liquidating Trustee") of the Aluminum Shapes Liquidating Trust (the "Liquidating Trust"); (ii) Solomon A. Rosenthal, Doug Bathauer, Robert Otterbein, Charles Pok a/k/a Seong Lok Charles Pok, Jacky Cheung, and Lisa W. Johnson in their capacities as the former managers, members, officers, and/or control persons of Aluminum Shapes LLC (together, the "Former D&Os"); (iii) Chubb Group of Insurance Companies/Federal Insurance Company (the "Primary Insurer"); and (iv) XL Specialty Insurance Company (the "Excess Insurer," and together with the Liquidating Trustee, Former D&Os, and Primary Insurer, the "Parties").

**Recitals**

WHEREAS, on August 15, 2021, Aluminum Shapes LLC a/k/a Shapes LLC f/k/a Delair Aluminum, LLC (the "Debtor" or "Company") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), Case No. 21-16520-JNP (the "Bankruptcy Case");

148280937.2

WHEREAS, on September 29, 2021, the bankruptcy court entered a *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506 and 507 and Fed. R. Bankr. P. 2002, 4001, 6003, 6004 and 9014 (I) Authorizing Debtor to Obtain Post-Petition Financing, (II) Granting Liens and Superpriority Claims, (III) Authorizing Use of Cash Collateral, and (IV) Modifying the Automatic Stay* (D.E. 116 - the "Final DIP Order");

WHEREAS, pursuant to paragraph 27 of the Final DIP Order, the Official Committee of Unsecured Creditors of the Debtor (the "Committee") was "vested and conferred with standing and authority to pursue any cause of action belonging to the Debtor or its estate in respect of …. D&O Claims";

WHEREAS, "D&O Claims" were defined in the Final DIP Order as "any recoveries by settlement or otherwise, in respect of fiduciary duty claims or causes of action to which the Debtor (or any successor or assign) may be entitled to assert against its directors and officers, including in respect to any proceeds recovered under any applicable insurance policies";

WHEREAS, pursuant to the Final DIP Order, the Committee investigated D&O claims and served the Debtor and the Former D&Os with a *Notice Of D&O Claims And Demand To Give Notice For Tender Of Insurance Policy Limits & Assertion Of Claims Under Policies* on November 30, 2021 (the "Committee D&O Demand");

WHEREAS, in response to the Committee D&O Demand, the Former D&Os sought coverage for the claims from the Primary Insurer under Policy No. 8255-5284 and from the Excess Insurer under Policy Nos. ELU172149-20 and ELU172175-20 issued to the Company (hereinafter the "Chubb Policy" and the "XL Policy," respectively, or collectively, the "D&O Policies");

WHEREAS, the D&O Policies are claims-made, wasting asset insurance policies:

2

WHEREAS, on December 4, 2021, the Excess Insurer acknowledged receipt of the Committee D&O Demand and reserved all rights and defenses under the XL Policy or applicable law with respect thereto;

WHEREAS, on December 14, 2021, the Primary Insurer accepted the Committee D&O Demand as a claim under the Chubb Policy, indicated it will provide coverage under the Chubb Policy to the Former D&Os, subject to a reservation of rights;

WHEREAS, the Official Committee of Unsecured Creditors of the Debtor filed a Plan of Liquidation (D.E. 511 - the "Chapter 11 Plan") in the Bankruptcy Case on May 17, 2022;

WHEREAS, section 3.2 of the Chapter 11 Plan provided for the creation of a Liquidating Trust for the benefit of the Debtors' creditors upon the effective date of the plan;

WHEREAS, section 3.2 of the Chapter 11 Plan designated the Liquidating Trustee as a representative of the Debtor's estate with exclusive standing and authority to pursue and settle "Causes of Action" assigned and transferred to the Liquidating Trust including "Avoidance Actions" and "D&O Claims" (as each term and phrase is defined in the Chapter 11 Plan) (the "D&O Litigation Claims");

WHEREAS, on August 11, 2022, the Bankruptcy Court entered an Order confirming the Chapter 11 Plan, approving the above-referenced provisions concerning the Liquidating Trust, and retaining jurisdiction over any matters arising out of, or related to, the Bankruptcy Case and Chapter 11 Plan (D.E. 619 - the "Confirmation Order");

WHEREAS, the Chapter 11 Plan became effective in accordance with its terms on August 24, 2022;

WHEREAS, Advisory Trust Group, LLC is the Liquidating Trustee and fiduciary responsible for administering the Liquidating Trust;

3

WHEREAS, the Parties have agreed it is in their best interests to participate in an early stage mediation conference ("Mediation Conference") in connection with the D&O Litigation Claims subject to certain agreed upon mediation procedures ("Mediation Procedures") and mediation protections ("Mediation Protections").

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Liquidating Trustee, Former D&Os, Primary Insurer and Excess Insurer as follows:

### The Mediation Procedures

1. To facilitate the mediation process in connection with the Mediation Conference, and subject to the Mediation Protections and entry of an Order approving this Stipulation, the Parties agree to the following Mediation Procedures:

    a. On or before September 29, 2023, the Liquidating Trustee shall provide the Former D&Os, Primary Insurer and Excess Insurer with a confidential and privileged draft complaint and supporting documents and/or analyses in connection with the D&O Litigation Claims and damages ("Trustee Initial Mediation Submissions"); provided, however, that the Liquidating Trustee may supplement such submissions prior to or at the Mediation Conference.

    b. Upon request by the Former D&Os, Primary Insurer and/or Excess Insurer at any time after entry of an Order approving this Stipulation (but no later than 15 days after receipt of the Trustee Initial Mediation Submissions), the Liquidating Trustee shall provide the Former D&Os, Primary Insurer, and/or Excess Insurer with (i) access to the Debtor's hard copy documents and records in its possession, custody, or control as currently maintained, (ii) access to the Debtor's electronically stored information ("ESI") in its

4

    possession, custody, and control as currently maintained, and (iii) access to hard copy and electronic documents and records within the Liquidating Trustee's possession, custody, or control as currently maintained involving the business, operations, and/or financial affairs of the Debtor, provided, however, that to the extent the Liquidating Trustee or its counsel received certain Protected Materials (defined below) from third parties pursuant to an executed confidentiality agreement or subject to confidentiality restrictions, the Former D&Os, Primary Insurer and/or Excess Insurer will not receive access to such Protected Materials unless and until: (i) they agree in writing to be bound under the terms and conditions of any applicable confidentiality agreement(s) or restrictions; and (ii) receipt of written consent by the party asserting the confidential status of the Protected Materials to allow the dissemination of same by the Liquidating Trustee.

c.     Within 14 days of entry of an Order approving this Stipulation, the Former D&Os, Primary Insurer and/or Excess Insurer shall provide the Liquidating Trustee with copies of all official insurance related coverage correspondence, including reservation of rights or other coverage letters and communications relating to the D&O Litigation Claims.

d.     On or before November 13, 2023, the Former D&Os, Primary Insurer and/or Excess Insurer shall provide the Liquidating Trustee with one or more responsive mediation statements, supporting documents and/or analyses setting forth any asserted defenses to the D&O Litigation Claims ("Defense Response Mediation Submissions"); provided, however, that the

5

148280937.2

    Former D&Os, Primary Insurer and/or Excess Insurer may supplement such submissions prior to or at the Mediation Conference.

e. On or before December 1, 2023, the Liquidating Trustee may, in its sole and absolute discretion, provide the Former D&Os, Primary Insurer, and Excess Insurer with a reply mediation statement and supporting documents and/or analyses in connection with the D&O Litigation Claims ("<u>Trustee Reply Mediation Submissions</u>"); provided, however, that the Liquidating Trustee may supplement such submissions prior to or at the Mediation Conference.

f. On December 4, 2023, the Parties shall participate in the Mediation Conference with Jed Melnick of JAMS NYC serving as mediator ("<u>Mediator</u>"). The Mediation Conference shall be conducted via the Zoom remote video conferencing platform.

g. One representative of and counsel for each of the Parties, including each of the Former D&Os, the Primary Insurer and Excess Insurer, with full authority to settle on behalf of each respective Party, shall attend the Mediation Conference; provided, however, that if any of the Former D&Os have given their counsel advance full authority to settle and fully negotiate a settlement on their behalf, such Former D&Os shall not be required to attend the Mediation Conference, but shall be available via telephone or otherwise during the duration of the Mediation Conference.

h. The Mediator's fees and costs including, without limitation, pre-mediation deposit, shall be split equally and shared by the Liquidating Trustee, on the

6

        one hand, and by the Former D&Os, Primary Insurer, and/or Excess Insurer, on the other hand.

    i.    The Parties shall provide the Trustee Initial Mediation Submissions, Defense Response Mediation Submissions, and Trustee Reply Mediation Submissions (if any), to the Mediator along with any other information or submissions as requested by the Mediator.

    j.    The Mediator shall preside over the Mediation Conference with full authority to determine the nature and order of presentations and rules that will apply.

### The Mediation Protections

2.    To facilitate the mediation process in connection with the Mediation Conference, and subject to the entry of an Order approving this Stipulation, the Parties agree to the following Mediation Protections:

    a.    All communications, documents, information, work product, and mediation statements and materials to be exchanged between the Parties in connection with the Mediation Conference and Mediation Procedures (the "Protected Materials") shall be and shall remain subject to any and all applicable privileges, confidentiality, and other protections, including but not limited to attorney-client privilege, accountant-client privilege, work product protection, mediation privilege, privilege afforded to settlement communications under applicable law, confidentiality protections, and clawback protections (the "Privileges and Protections").

7

148280937.2

    b.    The production or exchange of Protected Materials shall not be deemed a waiver of the Privileges and Protections in any circumstance, including but not limited to, in connection with the D&O Litigation Claims, any present or future proceedings, contested matters, or litigation amongst, between, or involving any of the Parties, or otherwise.

    c.    To the extent that the Liquidating Trustee or its counsel received certain Protected Materials from third parties pursuant to an executed confidentiality agreement or subject to confidentiality restrictions, the Former D&Os, Primary Insurer, and/or Excess Insurer will not receive access to such Protected Materials unless and until: (i) they agree in writing to be bound under the terms and conditions of any applicable confidentiality agreement(s) or restrictions; and (ii) receipt of written consent by the party asserting the confidential status of the Protected Materials to allow the dissemination of same by the Liquidating Trustee.

    d.    The Parties shall not disclose, provide, or produce Protected Materials to any third party except as otherwise directed by the Bankruptcy Court or agreed upon, in writing, by the Party that provided or produced such Protected Materials; provided, however, that the Parties may provide the Protected Materials to their respective counsel and professionals retained in connection with the Mediation Conference and Mediation Procedures (the "Party Professionals"), but such Party Professionals shall similarly not disclose, provide, or produce Protected Materials to any third party except as otherwise directed by the Bankruptcy Court or agreed upon, in writing,

8

       by the Party that provided or produced such Protected Materials.

   e. The Parties and Party Professionals shall comply with any written request or demand for return or destruction of all or certain Protected Materials provided by the Party making such request or demand.

   f. Any mediation privilege and/or privilege afforded to settlement communications under applicable law shall be in effect and govern all aspects of the Mediation Conference and Mediation Procedures including the exchange of all communications, documents, information, work product, and mediation statements and materials leading up to, during, and after the Mediation Conference (in the event negotiations continue following the conclusion of the scheduled Mediation Conference). Conduct or statements made in the course of the mediation proceedings shall constitute "conduct or a statement made during compromise negotiations" within the meaning of Rule 408 of the Federal Rules of Evidence and shall not be admitted or otherwise disclosed to any court or arbitrator.

  3. Upon entry of an Order approving this Stipulation, the terms of this Stipulation shall remain in effect until further Order of the Bankruptcy Court; provided, however, that the Parties may agree in writing to modify the terms of this Stipulation without further Stipulation or Order of the Bankruptcy Court.

  4. This Stipulation may be executed by counsel for the Parties on behalf of and with their respective clients' authority, by original signature or affixing or approving affixing of electronic signature, with electronic signatures having the same force and effect as original signatures. The undersigned each represent that they are authorized to execute this Stipulation on

behalf of the respective Parties for whom they have signed.

5. This Stipulation shall be governed by the laws of the State of New Jersey and applicable federal law, without giving effect to any choice of law or conflict of law provision or rule that would cause the application of the laws of any other jurisdiction.

6. The Bankruptcy Court shall retain jurisdiction over the interpretation and enforcement of this Stipulation and any disputes concerning the terms of this Stipulation.

Dated: August __, 2023.

| FOX ROTHSCHILD LLP<br><br>By: */s/ Robert F. Elgidely*<br>Robert F. Elgidely (Admitted *Pro Hac Vice*)<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 2750<br>Miami, Florida 33131<br>Tel: (305) 442-6543<br>Email: relgidely@foxrothschild.com<br><br>*Counsel for the Liquidating Trustee* | **WHITEFORD TAYLOR & PRESTON LLP**<br><br>By:*/s/ Ronald W. Crouch*<br>Ronald W. Crouch (Admitted *Pro Hac Vice*)<br>11 Stanwix Street, Suite 1400<br>Pittsburgh, Pennsylvania 15222<br>Tel: (412) 618-5600<br>Email: MRoeschenthaler@whitefordlaw.com<br>JDVorsteg@whitefordlaw.com<br>RCrouch@whitefordlaw.com<br><br>and<br><br>**ZWEIBACK FISET & ZALDUENDO**<br><br>By:*/s/ Michael Zweiback*<br>Michael Zweiback (CA Bar No. 143549)<br>315 W. 9th Street, Suite 1200<br>Los Angeles, California 90015<br>Tel: (213) 266-5171<br>Email: Michael.Zweiback@zfzlaw.com<br><br>*Counsel for the Former D&Os* |
|---|---|
| For the Primary Insurer:<br><br>By:*/s/ Marc A. Schwab*<br>Marc A. Schwab<br>Senior Claims Specialist<br>Private, Not for Profit & Health Care<br> D & O and Managed Care E & O<br>82 Hopmeadow Street<br>Simsbury, Connecticut 06070 | For the Excess Insurer:<br><br>By:*/s/ David Samuels*<br>David Samuels<br>XL Specialty Insurance Company<br>100 Constitution Plaza<br>Hartford, Connecticut 06103 |