> **THIS OMNIBUS OBJECTION SEEKS TO EXPUNGE CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OMNIBUS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULES A THROUGH H ATTACHED TO THE PROPOSED ORDER SUBMITTED HEREWITH.**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**FOX ROTHSCHILD LLP**<br>1301 Atlantic Avenue<br>Midtown Building, Suite 400<br>Atlantic City, NJ 08401-7212<br>Michael J. Viscount, Esq.<br>Martha B. Chovanes, Esq.<br>Joseph J. DiPasquale, Esq.<br>mviscount@foxrothschild.com<br>mchovanes@foxrothschild.com<br>jdipasquale@foxrothschild.com<br>Telephone: (609) 348-4515<br>Facsimile: (609) 348-6834<br><br>*Counsel to the Liquidating Trust* | |
| In Re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>                              Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP<br><br>Hon. Jerrold N. Poslusny, Jr.<br><br>Hearing Date: January 9, 2024<br>Hearing Time: 11:00 a.m. (EST)<br><br>Objection Deadline: January 2, 2024 |

### THE LIQUIDATING TRUST'S FIRST OMNIBUS OBJECTION
### FOR ENTRY OF AN ORDER EXPUNGING CERTAIN CLAIMS

The Liquidating Trust for Aluminum Shapes L.L.C., (the "Liquidating Trust") by and through its counsel, Fox Rothschild LLP, hereby submits this first omnibus objection (the "Objection") for entry of an order substantially in the form submitted herewith (the "Proposed Order") pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy

151629805

Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-2 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), expunging the claims listed on Schedules A through H to the Proposed Order. In support of the Objection, the Liquidating Trust submits the *Certification of Robert N. Michaelson in Support of the Liquidating Trust's First Omnibus Objection for Entry of an Order Expunging Certain Claims* (the "Certification") filed contemporaneously herewith, and respectfully states as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal and statutory predicates for the relief sought herein are sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-2.

### II. BACKGROUND

**A. The Chapter 11 Case**

4. On August 15, 2021 (the "Petition Date"), Aluminum Shapes L.L.C. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

5. Effective as of August 30, 2021, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed five members to the Committee pursuant to section 1102(a) of the Bankruptcy Code (the "Committee"). The members of the Committee are: (i) Public Service Electric and Gas Company, (ii) Energy Power Investment Company, LLC (EPIC), (iii) Indigo Global, LLP, (iv) Nathan H. Kelman, Inc., and (v) Southeastern Extrusion & Tool, Inc.

6. On May 19, 2022, the Court entered the *Order Approving The Disclosure Statement On An Interim Basis; (II) Scheduling A Combined Hearing On Final Approval Of The Disclosure Statement And Plan Confirmation And Deadlines Related Thereto; (III) Approving The Confirmation Hearing Notice; And (IV) Granting Related Relief* [Docket No. 521] (the "Conditional Approval and Solicitation Procedures Order") which approved and scheduled a hearing to approve the confirmation of *The Official Committee of Unsecured Creditors Plan of Liquidation* [Docket No. 511] (the "Plan").

7. The confirmation hearing (the "Confirmation Hearing") with respect to the Plan was held on August 11, 2022 at 10:00 a.m. (ET), and the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, and (II) Confirming the Official Committee of Unsecured Creditors' Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 619] (the "Confirmation Order").

**B.   The Claims Process**

8. On September 12, 2021, the Debtor filed its Schedules of Assets and Liabilities and Statements of Financial Affairs [Docket No. 91] (together, the "Schedules and Statements"). Among other things, the Schedules and Statements set forth the claims of known creditors against the Debtor as of the Petition Date, based upon the Debtor's books and records (the "Scheduled Claims").

9. The Court entered orders setting deadlines for filing claims against the Debtor and its estate of October 25, 2021 at 11:59 p.m. (prevailing Eastern Time) (the "General Bar Date") and February 11, 2022 at 11:59 p.m. (prevailing Eastern Time) for governmental units (the

151629805

"Governmental Bar Date").[1] The Court also entered an order on March 18, 2022 setting the deadline to file administrative claims [Docket No. 450] (the "Administrative Claims Bar Date").

10. Approximately 700 proofs of claim (the "Filed Claims" and together with the Scheduled Claims, the "Claims") were filed in this Chapter 11 Case. Claims in excess of $20 million have been asserted against the Debtor.

11. As part of the Committee's ongoing review of the Filed Claims, the Committee filed two omnibus claims objections.

12. The Liquidating Trust has reviewed the claims listed on Schedules A through H to the Proposed Order and has concluded that each such claim should be expunged for the reasons set forth therein.

### III.    OBJECTION

13. "Pursuant to Bankruptcy Code § 502(a), a claim that is properly filed under [Bankruptcy] Rule 3001 and Bankruptcy Code § 501 is deemed allowed *unless a party in interest objects*." *In re New Century TRS Holdings*, 2014 WL 1466444, at *6 (Bankr. D. Del. Apr. 10, 2014) (citing 11 U.S.C. § 502(a)) (emphasis added). Bankruptcy Rule 3007 provides that an objection to a proof of claim must be in writing, and that the claimant must be provided with not fewer than thirty (30) days' notice of the hearing to be held in respect of such objection. *See* Fed. R. Bankr. P. 3007(a). Objections of up to one hundred (100) claims may be joined in an omnibus objection. *See* Fed. R. Bankr. P. 3007(d).

14. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that if true, would support a finding that the debtor is legally liable to the claimant. *In re*

---

[1] Pursuant to the Order Rejecting Certain Executory Contracts and Unexpired Leases [Docket No. 334], the Rejection Claims Bar Date is 30 days from the date the applicable rejection order is entered on the docket.

*Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). "Bankruptcy Rule 3001(f) provides that a proof of claim executed and filed in accordance with the rules of procedure constitutes *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). A proof of claim that lacks the supporting documentation required by Rule 3001 does not receive the presumption of *prima facie* validity. Rather, the claimant maintains the burden of proving his or her claim by a preponderance of the evidence." *See In re New Century TRS Holdings, Inc.*, 2014 WL 1466444, at *6 (Bankr. D. Del. April 10, 2014); *see also In re Allegheny*, 954 F.2d at 173-74 (explaining that when an objecting party presents evidence to rebut a claim's prima facie validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence). The burden of persuasion with respect to the claim is always on the claimant. *See, e.g., Biolitec, AG v. Cyganowski (In re Biolitec, Inc.)*, No. 13-cv-5864, 2013 WL 6795400, *3 (D.N.J. Dec. 16, 2013) (citing *Allegheny*, 954 F.2d at 174).

A.    **Amended Claims**

15.    As set forth in the Certification, the Liquidating Trust's professionals have reviewed the claims included on **Schedule A** to the Proposed Order. Each of these claims should be disallowed and expunged because they have been amended by later filed claims.

B.    **Duplicate Claims**

16.    Further, as set forth in the Certification, the Liquidating Trust's professionals have reviewed the claims on **Schedule B** to the Proposed Order and each of these claims is a duplicate of a previously filed claim. As such, each of these claims should be disallowed and expunged.

### C. Contingent/ Unliquidated

17. The claims attached on **Schedule C** are listed as contingent, unliquidated. The Liquidating Trust can find no support in Debtor's records for these claims, and as such, they should be disallowed and expunged for the reasons listed.

### D. Lack of Support

18. Each of the claims listed on **Schedule D** are claims that fail to attach support or sufficient support for the amounts requested. Further, the Liquidating Trust has not found evidence of these claims in Debtor's records, and as such, the claims should be disallowed and expunged for the reasons stated.

### E. No Liability Claims

18. Each of the claims listed in **Schedule E** are claims that fail to provide supporting documentation to demonstrate that the amount requested is due to the Claimant or such claims have already been satisfied and no monies are owed to the Claimant. Accordingly, the Liquidating Trust requests that such claims be disallowed and expunged for the reasons stated.

### F. Late Filed Claims

19. The Court entered orders setting the General Bar Date of October 25, 2021 at 11:59 p.m. and the Governmental Bar Date of February 11, 2022 at 11:59 p.m. The Court also entered an order [Docket No. 450] setting the Administrative Claims Bar Date of March 18, 2022.

20. The claimants listed on **Schedule F** failed to file their claims by the relevant Bar Dates and, as such, the claims are filed late. Accordingly, the Liquidating Trust requests that such late filed claims be disallowed and expunged.

151629805

G.  **Modified Claims/ Reclassification Claims**

21.  The claims listed in **Schedule G** are claims that need to be modified, either with respect to the classification of the claim or in amount. Specifically, the claims lack supporting documentation to demonstrate that they are secured or priority claims or a claim entitled to post-judgment interest. Accordingly, the Liquidating Trust requests that these claims be modified for the reasons stated.

H.  **Satisfied Claims**

22.  Each of the Claims listed in **Schedule H** are claims which have been satisfied. Specifically, the Debtor has provided all of the supporting documentation to have the debts forgiven. However, the SBA has still not provided documentation of such forgiveness.

23.  In accordance with Local Rule 3007-2, the Liquidating Trust simultaneously will provide each claimant affected by this Objection with a copy of this Objection and attached Notice substantially conforming to the "Notice of Objection to Your Claim."

24.  For the foregoing reasons, the Committee respectfully requests that the Court enter the Proposed Order finding that the claims listed on **Schedules A through H** to the Proposed Order, be expunged as set forth therein.

### IV.  RESPONSES TO THIS OBJECTION

25.  Filing and Service of Responses: To contest this Objection, a claimant must file and serve a written response (the "Response"), so that it is actually received by the Clerk of the Court and the parties listed in the following paragraph no later than January 2, 2024 (the "Response Deadline"). Claimants should locate their names and claims on **Schedules A through H** to the Proposed Order and carefully review the Proposed Order and the corresponding schedules. All

7

Responses must address the grounds upon which the Committee objects to a particular claim. If Responses are received, a hearing to consider the Objection (the "Hearing") may be held on **January 9, 2024 at 11:00 a.m. (ET)**, before the Honorable Jerrold N. Poslusny Jr., United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, 400 Cooper Street, 4th Floor, Courtroom 4C, Camden, NJ 08101, or such other physical or virtual location as may be determined by the Court.

26. Every Response must be filed and served so as to be <u>actually received</u> by the Response Deadline by counsel for the Committee: (i) Michael J. Viscount, Esq. (mviscount@foxrothschild.com), 1301 Atlantic Avenue, Suite 400, Midtown Building, Atlantic City, NJ 08401; (ii) Martha B. Chovanes, Esq. (mchovanes@foxrothschild.com), 2000 Market Street, 20th Floor, Philadelphia, PA 19103; and (iii) Joseph J. DiPasquale (jdipasquale@foxrothschild.com), 49 Market Street, Morristown, NJ 07960, at least **seven (7) days** prior to the aforesaid hearing date.

27. <u>Content of Responses</u>: Every Response to this Objection must contain, at a minimum, the following:

    (a) a caption with the name of the Court, the Debtor's name and case number, the title of this Objection, and the name of the responding claimant;

    (b) a concise statement setting forth the reasons why a particular claim should not be modified for the reasons set forth in this Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing this Objection at the Hearing;

    (c) the claim number(s), if any, to which your Response is directed, and all documentation or other evidence of the claim in question, to the extent not already included with the claimant's proof of claim, upon which the claimant will rely in opposing this Objection at the Hearing;

    (d) the name, address, and telephone number of the person(s) (who may be the claimant or a legal representative) possessing ultimate authority to

    reconcile, settle, or otherwise resolve the claim on behalf of the claimant; and

  (e)  the name, address, and telephone number of the person(s) (who may be the claimant or a legal representative) to whom the Committee should serve any reply to the Response.

28.  <u>Timely Response Required; Hearing; Replies</u>: If a Response is properly and timely filed and served in accordance with the above procedures, the Liquidating Trustee will endeavor to reach a consensual resolution with the responding claimant. If no consensual resolution is reached, the Court will conduct a hearing with respect to this Objection and the Response on the date and time indicated above, or such other date and time as parties filing Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any hearing on the Objection.

29.  <u>Adjournment of Hearing</u>: The Liquidating Trustee reserves the right to adjourn the Hearing on any disputed claim included in this Objection at or prior to the Hearing.

30.  If a claimant whose claim is subject to this Objection and who is served with it, fails to file and serve a timely Response in compliance with the foregoing procedures, the Liquidating Trustee will present to the Court an appropriate order <u>without further notice to such claimant</u>.

## V.  RESERVATION OF RIGHTS

31.  The Liquidating Trustee hereby reserves the right to object in the future to any of the claims that are the subject of this Objection on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Without limiting the generality of the foregoing, the Liquidating Trust specifically reserves the right to file additional papers in support of this Objection or take other appropriate actions, including to:

9

(a) respond to any allegation or defense that may be raised in a Response filed in accordance with the Objection by or on behalf of any of the claimants or other interested parties;

(b) object further to any disputed claim for which a claimant provides (or attempts to provide) additional documentation or substantiation; and

(c) object further to any disputed claim based on additional information that may be discovered upon further review by the Committee or through discovery pursuant to the applicable provisions of the Bankruptcy Rules.

The Liquidating Trustee also specifically reserves all affirmative claims against the claimants who filed the claims listed on the schedules to the Proposed Order, including with respect to any adversary proceedings commenced, or that may in the future be commenced, against such claimants.

### VI. SEPARATE CONTESTED MATTERS

32. Each of the claims objected to by the Liquidating Trust constitutes a separate contested matter under Bankruptcy Rule 9014. The Liquidating Trust respectfully requests that any order entered by the Court with respect to an objection asserted in this Objection shall be deemed a separate order with respect to each claim.

### VII. WAIVER OF MEMORANDUM OF LAW

33. The Liquidating Trust respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal bases upon which the Liquidating Trust relies are incorporated herein and the Objection does not raise any novel issues of law.

### VIII. NOTICE

34. Notice of this Objection has been provided by electronic transmission, telecopy, e-mail, or regular mail to: (i) the U.S. Trustee; (ii) counsel to the Debtor; (iii) those parties who have

151629805

filed a notice of appearance and request for service of pleadings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002; and (iv) each of the claimants that have asserted claims listed on Schedules A through H to the Proposed Order and/or their counsel. In light of the relief requested herein, the Liquidating Trust respectfully submits that no other or further notice is required.

## IX. PRIOR APPLICATIONS

35. No previous application for the relief requested herein has been made to this or any other Court.

## X. CONCLUSION

**WHEREFORE**, the Committee respectfully requests that the Court enter the Proposed Order and grant such other and further relief as is just and proper.

        **FOX ROTHSCHILD LLP**
        *Counsel to the Liquidating Trust*

        By: */s/ Martha B. Chovanes*
            Michael J. Viscount, Esq.
            Martha B. Chovanes, Esq.
            Joseph J. DiPasquale, Esq.

Dated: December 5, 2023