| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**FOX ROTHSCHILD LLP**<br>1301 Atlantic Avenue<br>Midtown Building, Suite 400<br>Atlantic City, NJ 08401-7212<br>Michael J. Viscount, Esq.<br>Martha B. Chovanes, Esq.<br>Joseph J. DiPasquale, Esq.<br>mviscount@foxrothschild.com<br>mchovanes@foxrothschild.com<br>jdipasquale@foxrothschild.com<br>Telephone:  (609) 348-4515<br>Facsimile:   (609) 348-6834<br><br>*Counsel to the Aluminum Shapes Liquidating Trust* | Order Filed on January 16, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP<br><br>Hon. Jerrold N. Poslusny, Jr. |

**CORRECTED ORDER SUSTAINING THE LIQUIDATING TRUST'S FIRST OMNIBUS CLAIMS OBJECTION FOR ENTRY OF AN ORDER EXPUNGING, MODIFYING AND/OR RECLASSIFYING CERTAIN CLAIMS**

      The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED**.

**DATED: January 16, 2024**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

148918146.5

Page 2
DEBTOR:     Aluminum Shapes, L.L.C.
CASE NO:    21-16520-JNP
CAPTION:    Order Sustaining The Liquidating Trust's First Omnibus Objection For Entry Of An Order Expunging, Modifying And/Or Reclassifying Certain Claims

**THIS MATTER** having been opened before the Court upon the fourth omnibus objection (the "Objection")[1] of the Liquidating Trust of Aluminum Shapes L.L.C. (the "Liquidating Trust") in the above-captioned chapter 11 case, seeking entry of an order pursuant to sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-2, expunging, modifying and/or reclassifying the claims listed on **Schedules A through H** hereto for the reasons set forth in the Objection; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Objection being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Objection has been given and that no other or further notice is necessary; and upon the record herein; and the Court having determined that the relief sought by the Objection is in the best interest of the Debtor's estate and creditors; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. Each of the Claims listed on **Schedules A through H** attached to this Order are hereby expunged, modified and/or reclassified to unsecured claims as set forth therein, provided that the Remaining Claims set forth on Schedules A and B shall survive and shall not be expunged.

3. The Liquidating Trustee is authorized to take any action necessary or appropriate to give effect to this Order and the relief granted herein.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

2

148918146.5

Page 3
DEBTOR:     Aluminum Shapes, L.L.C.
CASE NO:    21-16520-JNP
CAPTION:    Order Sustaining The Liquidating Trust's First Omnibus Objection For Entry Of An Order Expunging, Modifying And/Or Reclassifying Certain Claims

4. The Liquidating Trustee withdraws its objection to claim number 30048, claim number 30064, and claim number 82. It also withdraws its objection to claim number 10039 which was withdrawn by the Department of Labor, and claim number 83, which will be amended by the IRS/Department of Treasury.

5. The hearing on the Liquidating Trust's claim number 10055 (Customer's Bank) and claim number 17 (Wells Fargo Bank) shall be adjourned to February 6, 2024.

6. The rights of parties, including the Liquidating Trustee, are reserved with respect to the pursuit of claims or causes of action to recover money paid, if any, by the Debtor to the Claimants listed on **Schedules A through H** attached to this Order.

7. The Debtor's claims and noticing agent is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

8. Nothing in the Objection or this Order shall be deemed or construed to (a) constitute an admission as to the validity or priority of any claim against the Debtor, (b) an implication or admission that any particular claim is of a type specified or defined in this Order or the Objection, and/or (c) constitute a waiver of the Liquidating Trust's or the Debtor's rights to dispute any claim on any other grounds.

9. The objection to each claim addressed in the Objection and as set forth in **Schedules A though H** attached hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim that is the subject of the Objection and this Order. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that

148918146.5

Case 21-16520-JNP    Doc 760    Filed 01/16/24    Entered 01/16/24 13:12:34    Desc Main
Document    Page 4 of 4

Page 4
DEBTOR:     Aluminum Shapes, L.L.C.
CASE NO:    21-16520-JNP
CAPTION:    Order Sustaining The Liquidating Trust's First Omnibus Objection For Entry Of An Order Expunging, Modifying And/Or Reclassifying Certain Claims

involves such claimant and shall not stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Objection and this Order.

10. The requirement set forth in Local Rule 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Objection or otherwise waived.

11. Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

148918146.5